# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARRIEONA BEAL, <br>     *Plaintiff*, <br> v. <br> ARMSTRONG CONTAINERS, INC.; E.I. DUPONT DENEMOURS & CO.; THE ATLANTIC RICHFIELD CO.; THE SHERWIN-WILLIAMS CO.; and HATTIE & JERRY MITCHELL, <br>     *Defendants*. | Case No. _____ |

## THE SHERWIN-WILLIAMS COMPANY'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of all rights and defenses, Defendant The Sherwin-Williams Company ("Sherwin-Williams") removes this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin.

In originally filing this action in Circuit Court, Plaintiff Arrieona Beal fraudulently joined Defendants Hattie and Jerry Mitchell (together, the "Landlord Defendants") to defeat federal subject-matter jurisdiction and block removal. Subsequent investigation and discovery demonstrate that suit was filed on Plaintiff's behalf against the Landlord Defendants and judgment was entered over a decade ago on the same claims alleged here. Having previously resolved her claims, Plaintiff is barred from pursuing the same cause of action against the Landlord Defendants again in this case. Nor has Plaintiff made any attempt to develop a case against the Landlord Defendants, who are only in this lawsuit to help Plaintiff avoid diversity jurisdiction in federal court. Their citizenship, therefore, is irrelevant, and complete diversity exists between Plaintiff and all properly joined Defendants.

In further support of removal, Sherwin-Williams provides this "short and plain statement" of this Court's removal jurisdiction. 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

I.   **FACTUAL BACKGROUND**

   A.   **Plaintiff's counsel previously maneuvered cases into federal court.**

   1.   Between 2010 and 2014, Plaintiff's counsel filed lawsuits in this Court on behalf of more than 150 plaintiffs against former manufacturers of white lead carbonate pigments ("WLCs"), including Sherwin-Williams and the other manufacturers named in this lawsuit (together, the "Manufacturer Defendants").

   2.   Those filings included cases that plaintiffs had previously filed in state court, then voluntarily dismissed to refile in this Court. *See Sifuentes v. Am. Cyanamid*, No. 10-75 (E.D. Wis.); *Allen v. Am. Cyanamid*, No. 11-55 (E.D. Wis.) (certain plaintiffs); *Trammell v. Am. Cyanamid*, No. 14-1423 (E.D. Wis.).

   3.   The lawsuits alleged that, many decades ago, the Manufacturer Defendants made WLCs as an ingredient for residential paints; WLCs can still be found in older housing; and the plaintiff was injured after being exposed to WLCs from deteriorated lead paint. *See generally, e.g.*, Exhibit 1, Doc. 27 (Amended Complaint).

   4.   None of the claims that Plaintiff's counsel filed in federal court made allegations against the landlords with actual responsibility for maintaining the properties where exposure allegedly occurred. Instead, each named only the Manufacturer Defendants as defendants and asserted federal jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity.

   5.   After a trial in three of those cases, the Seventh Circuit ruled that the lack of any duty to warn at the time of plaintiffs' alleged exposure to WLCs compelled judgment against

those plaintiffs on *all* claims. *Burton v. E.I. du Pont de Nemours & Co., Inc.*, 994 F.3d 791 (7th Cir. 2021).

6. On May 20, 2021, following the Seventh Circuit's ruling, the Manufacturer Defendants moved for summary judgment against all plaintiffs in all remaining federal cases. This Court granted those motions in full and entered judgment for all of the Manufacturer Defendants on all claims in all federal cases on March 3, 2022. *Burton v. Am. Cyanamid Co.*, ___ F. Supp. 3d ___, 2022 WL 623895 (E.D. Wis. 2022).

**B.     Plaintiff filed this lawsuit in Wisconsin Circuit Court and named the Landlord Defendants with the intent of preventing removal.**

7. On June 2, 2021, while the Manufacturer Defendants' motion for summary judgment on all remaining federal claims was pending, Plaintiff's counsel filed this case in Circuit Court. The initial Complaint focused on Plaintiff's alleged injury from exposure to WLCs, but did not name any of the Manufacturer Defendants as a defendant. *See generally* Exhibit 1, Doc. 3.

8. Instead, the Complaint purported to state claims solely against the Landlord Defendants, Hattie and Jerry Mitchell, whom Plaintiff alleges are also residents of Wisconsin. *Id.* ¶¶ 2-3. Plaintiff effectuated service on the Landlord Defendants on June 10, 2021, while the Mitchells were the only defendants in the case. *See* Exhibit 1, Docs. 10-11 (Affidavits of Service).

9. After completing service on the Landlord Defendants, Plaintiff filed an Amended Complaint. The Amended Complaint continues to allege a claim of negligence against the Mitchells, but also names the Manufacturer Defendants as parties and adds all of the risk-contribution allegations regarding the manufacture of WLCs pleaded in all of the prior cases Plaintiff's counsel has filed in every other case under *Thomas*. *See* Exhibit 1, Doc. 27.

10. Plaintiff's counsel is aware from past cases that the Manufacturer Defendants are diverse from Plaintiff. The Amended Complaint alleges that each Manufacturer Defendant is incorporated and maintains its principal place of business outside of Wisconsin. *See id*. ¶¶ 4-7.

11. By serving the Landlord Defendants before naming the Manufacturer Defendants, Plaintiff ensured that the latter could not remove the case before any putatively nondiverse party was joined.

12. By continuing to allege a claim against the putatively nondiverse Landlord Defendants, Plaintiff seeks to frustrate removal on federal diversity grounds.

## II. REMOVAL IS PROPER

### A. The Court should not consider the citizenship of the fraudulently joined Landlord Defendants.

13. In assessing federal jurisdiction over this action, the Court should not consider the citizenship of the Landlord Defendants, for two reasons.

#### 1. Plaintiff cannot recover against the Landlord Defendants.

14. "[A]n out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). That is the case here.

15. This lawsuit involves the same Plaintiff, the same alleged injury, occurring at the same residence, and during the same time period as three prior actions filed against the Landlord Defendants, Jerry and Hattie Mitchell.

16. On February 25, 2022, the Manufacturer Defendants obtained copies of court records from a series of lawsuits filed in the Small Claims Division of the Milwaukee County

Circuit Court. Those records, and additional records obtained later, illustrate the litigation history between Plaintiff and the Landlord Defendants.

17. On January 22, 2010, Plaintiff's father, Darnell Beal, filed an action against the Landlord Defendants on the grounds that "Arrieona Beal resided at 1017 N. 29th Street in 2001, where she contracted lead poisoning." Exhibit 2 (Complaint, Case No. 10SC002208). The only note of proceedings in the file indicates that the case was "dismissed." *Id*. (File).

18. Mr. Beal tried again with a second action against the Landlord Defendants in May 2011. Here too, he alleged that "[w]hen we … live[d] at 1017 N. 29 St …. my daughter Arrieona Beal got lead poisoning. Hattie and Jerry Mitchell owned that house at that time." Exhibit 3 (Complaint, Case No. 11SC013744). The Sheriff's Office was unable to locate Jerry Mitchell for service, there is no indication of service on Hattie Mitchell, and neither of the Landlord Defendants appeared at the hearing. *Id*. (Process Report & Certification). The note of proceedings in the case file indicates that the case was then "dismissed." *Id*. (File).

19. Mr. Beal tried again two months later, filing another action against the Landlord Defendants on the grounds that "my daughter caught lead poison in Ms. Hatti and Jerry [Mitchell's] house at 1017 N. 29th St." While the brief statement of facts references Plaintiff's sister, Mr. Beal filed the action "for Arrieona Beal" as well. Exhibit 4 (Complaints, Case No. 11SC019223). The Sheriff's Office effectuated service on both Mitchells. *Id*. (Process Report).

20. All parties to Case No. 11SC019223 appeared in court on August 1, 2011, before the Hon. Paul R. Van Grunsven of the Milwaukee County Circuit Court. *Id*. (Small Claims Court Record).

21. But unlike the prior two lawsuits that were dismissed, the Circuit Court appears to have entered judgment in this third suit. This time, the note of proceedings in the case file

indicated: "See Judgment Roll," *id*. (File), and the action was dismissed following the hearing. *Id*. (Small Claims Court Record).

22. Following the resolution of Case No. 11SC019223, Mr. Beal did not file any other claims against the Landlord Defendants based on Plaintiff's alleged lead exposure.

23. The apparent judgment precludes additional litigation between Plaintiff and the Landlord Defendants, as the lawsuit that Sherwin-Williams now removes involves the same residence, the same Plaintiff, the same alleged lead poisoning, during the same time period, against the same Landlord Defendants as the prior lawsuit filed on Plaintiff's behalf. *Compare* Exhibits 2, 3, and 4 *with* Exhibit 1, Doc. 27 ¶ 10 (alleging lead exposure from Plaintiff's residence at 1017 N. 29th St. between the years 2001 and 2003); *see Larson v. Ross*, 2010 WL 307925, *1-2 (Wis. Ct. App. Jan., 28, 2010) (precluding claim on the basis of a small claims court judgment on the same claim); *Cty. of Portage v. Hintz*, 2008 WL 4511882, *2-5 (Wis. Ct. App. Oct. 9, 2008) (same).

24. Upon information and belief, the resolution of Case No. 11SC019223 resolved all claims Plaintiff could have brought against the Landlord Defendants arising from her alleged exposure to WLCs at 1017 N. 29th St. Accordingly, Plaintiff cannot now establish a cause of action against Hattie and Jerry Mitchell, and the citizenship of the in-state Landlord Defendants cannot be considered for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332. *Morris*, 718 F.3d at 666; *see also Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011).

**2. Plaintiff has no intention of proceeding against the Landlord Defendants.**

25. Fraudulent joinder also applies when the facts and circumstances indicate that a plaintiff has no intention of pursuing a potentially valid claim against the nondiverse defendant. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) ("[J]oinder is fraudulent if there is … no real

intention in good faith to prosecute the action against the defendant or seek a joint judgment." (marks and citation omitted)); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 825 (E.D. Va. 2005) (same).

26. Over the last twelve years, Plaintiff's counsel has litigated in this Court risk-contribution claims under *Thomas* and against the Manufacturer Defendants on behalf of approximately 150 individual plaintiffs. In none of those cases did counsel simultaneously pursue claims against a property owner.

27. The risk-contribution framework on which counsel relies in pursuing claims against the Manufacturer Defendants does not apply to property owners. Landlords have separate duties to tenants under Wisconsin law to avoid lead hazards in rental properties, and comparatively fewer resources with which to satisfy any judgment. *See Antwaun A. v. Heritage Mut. Ins. Co.*, 596 N.W.2d 456 (Wis. 1999); *see also* Exhibit 1, Doc. 27 ¶ 2 (alleging the Landlord Defendants in this case violated their duties under *Antwaun*).

28. Landlords' duties also are not unique to WLCs, the only product at issue in *Thomas*. Nor is there any need to relax the requirements for proof of causation for claims against landlords, as there is no question about who is responsible for failing to maintain a residence and avoid lead hazards. Were Plaintiff's counsel to simultaneously try claims against the Manufacturer Defendants and landlords, it would introduce competing legal standards and force counsel to dilute their proof against the Manufacturer Defendants and simultaneously attribute fault to less resourceful parties.

29. Plaintiff's counsel has been working with the Beal family (and collecting information relating to the Beal children's lead poisoning claims) since at least 2007—prior to

the time when the Beal parents filed claims against the Landlord Defendants on Plaintiff's behalf.  Exhibit 5 (Invoice).

30. Since filing this lawsuit more than nine months ago, Plaintiff has not served any discovery on the Landlord Defendants or taken any known steps to develop her claims against those individuals.

31. In contrast, the Manufacturer Defendants have pursued discovery.  Plaintiff's responses to that discovery falsely indicate there were no prior legal actions between the Mitchells and the Beal family.  *See* Exhibit 6 (Response to Interrogatory 9, stating: "Plaintiff denies making any previous personal injury claim or instituting any legal proceeding of any kind, either on her own or by another Person acting on Plaintiff's behalf.").

32. Similarly, the Manufacturer Defendants' written discovery asked the Landlord Defendants to identify any legal action to which they were a party that also involved the Beal family.  On March 11, 2022, the Landlord Defendants served unsigned, unsworn interrogatory responses stating only that the Landlord Defendants "have commenced 104 eviction proceedings related to their properties" and that they "do not believe eviction proceedings were commenced against the Beals."  Exhibit 7 (Response to Interrogatory 12).  The responses failed to identify the claims discussed in Paragraphs 17 to 21 above.

33. The Manufacturer Defendants sought an explanation from the Landlord Defendants, but have received no substantive response to date.

34. In addition, in their March 11, 2022 responses to the Manufacturer Defendants' discovery requests, the Landlord Defendants explained that both of Plaintiff's parents signed "a waiver related to the possible existence of lead paint" in 2000 or 2001.  Exhibit 7 (Response to Interrogatory 10).

35. Upon information and belief, the only reasons the Landlord Defendants were named as—and remain—co-defendants with the Manufacturer Defendants are: (a) to prevent the Manufacturer Defendants from removing the case immediately after they were served with the Amended Complaint; and (b) because the one-year deadline for removal in 28 U.S.C. § 1446(c)(1) has not yet expired.

**B. Among the properly joined parties, the Court has jurisdiction pursuant to Section 1332.**

36. "The fraudulent joinder doctrine . . . permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants . . . .'" *Stone v. Corrigan Bros., Inc.*, 2020 WL 6544778, at *2 (S.D. Ill. Nov. 6, 2020) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Upon disregarding the citizenship of the Landlord Defendants, this case meets the diversity and amount-in-controversy requirements for jurisdiction pursuant to 28 U.S.C. § 1332.

37. The Amended Complaint alleges that "Plaintiff is a citizen of the State of Wisconsin." Exhibit 1, Doc. 27 ¶ 3.

38. Each of the Manufacturer Defendants is alleged (correctly) to be incorporated in another state and to maintain its principal place of business outside of Wisconsin. *See* 28 U.S.C. § 1332(c)(1) (corporations are deemed to be citizens of "every State … by which it has been incorporated and of the State … where it has its principal place of business").

39. Defendant Armstrong Containers, Inc. is alleged to be incorporated in Delaware and to maintain its principal place of business in Georgia. Exhibit 1, Doc. 27 ¶ 4.

40. Defendant E. I. du Pont de Nemours and Company is alleged to be incorporated in Delaware and to maintain its principal place of business in Delaware. *Id*. ¶ 5.

41. Defendant The Atlantic Richfield Company is alleged to be incorporated in Delaware and to maintain its principal place of business in Illinois. *Id.* ¶ 6.[1]

42. Sherwin-Williams is alleged to be incorporated in Ohio and to maintain its principal place of business in Ohio. *Id.* ¶ 7.

43. In multiple actions, both the Seventh Circuit and this Court have previously asserted subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 over cases between Wisconsin plaintiffs and the Manufacturer Defendants.

44. The amount in controversy in this action also exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1332(a) (establishing federal jurisdiction in diversity cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

45. Wisconsin law does not require that Plaintiff's Amended Complaint plead a specific amount in controversy, and Plaintiff has not identified in her pleadings the amount of damages she seeks. *See* Exhibit 1, Doc. 27 at p. 17 (seeking damages "in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory"); *see also* 28 U.S.C. § 1446(c)(2)(A)(ii) and (B) (the court may look to the preponderance of the evidence to establish the amount in controversy where the pleading is not required to state the amount).

46. The Amended Complaint alleges—and Manufacturer Defendants deny—that Plaintiff has "suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological

---

[1] Although Plaintiff alleges The Atlantic Richfield Company's principal place of business as Illinois, on information and belief the principal place of business is actually Texas. In either case, the relevant point is that The Atlantic Richfield Company is not a citizen of Wisconsin for diversity purposes.

deficits, past and future hospital and medical expenses, and impairment of Plaintiff's ability to learn, live and enjoy life." Exhibit 1, Doc. 27 ¶ 36.

47. In a consolidated trial of three other cases filed by Plaintiff's counsel on behalf of individuals alleging harm from childhood exposure to WLCs, a jury awarded $2 million to each plaintiff, before the Seventh Circuit vacated and set those verdicts aside on appeal and directed entry of judgment in full for Sherwin-Williams. *See Burton*, 994 F.3d at 802.

48. A preponderance of the evidence thus plausibly establishes that the amount in controversy in this case exceeds $75,000. *See Webb v. Frawley*, 858 F.3d 459, 462 (7th Cir. 2017) ("[A] defendant's 'estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.'" (citation omitted)).

49. Accordingly, this case meets all requirements for federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

**C.      Removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.**

50. Removal also complies with the requirements of 28 U.S.C. §§ 1441 and 1446.

51. The United States District Court for the Eastern District of Wisconsin is the "district court of the United States for the district and division embracing" the Milwaukee County Circuit Court, which is where this action was pending prior to removal. 28 U.S.C. § 1441(a).

52. This Notice is signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a).

53. A copy of the Milwaukee County Circuit Court docket is attached to this Notice, along with copies of all process, pleadings, and orders served upon defendants in the action. *See id.*; *see also generally* Exhibit 1.

54. None of the properly joined and served Defendants in this action is a citizen of the State of Wisconsin. *See* 28 U.S.C. § 1441(b)(2) (limiting the forum-defendant rule to "properly joined and served" defendants); *see also* Moore's Federal Practice § 107.55 (fraudulently joined defendants do not count for purposes of the forum-defendant rule in Section 1441(b)(2)).

55. Removal is also timely. The case stated by the initial pleading was not removable because the Landlord Defendants were alleged to be citizens of the same state as Plaintiff and of the forum state. The circumstances establishing the fraudulent joinder of the Landlord Defendants that permits setting aside their citizenship for purposes of removal were not known to Sherwin-Williams until it received "other paper" in discovery in this matter on and after February 25, 2022. 28 U.S.C. § 1446(b)(3).

56. That other paper includes: (a) the attached records from Plaintiff's prior actions against the Landlord Defendants, which Sherwin-Williams did not receive until February 25, 2022, and later; and (b) the Landlord Defendants' discovery responses, which Sherwin-Williams did not receive until March 11, 2022.

57. All properly joined Defendants consent to removal. *See* Exhibit 8 (Consent Form). Removal does not require consent from the fraudulently joined Landlord Defendants. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added)); *Eaglestar Intertrade Ltd. v. Dafin Asset Fin. Ltd.*, 2006 WL 8443572, at *3 n.4 (E.D. Wis. Nov. 28, 2006) ("[T]he consent of an improperly served defendant is not required for removal.").

58. This action commenced in the Wisconsin County Circuit Court when the initial Summons and Complaint were filed on June 2, 2021. *See* Exhibit 1, Doc. 3. Accordingly, the

case is being removed less "than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

59. Contemporaneous with this filing, Sherwin-Williams is providing written notice of removal to all parties and is filing a copy of this Notice with the clerk of the Milwaukee County Circuit Court. *See* 28 U.S.C. § 1446(d). Proof of that filing will be filed promptly with this Court.

### III. CONCLUSION

60. For the foregoing reasons, Sherwin-Williams removes this action from the Milwaukee County Circuit Court to this Court.

Dated: March 25, 2022

Respectfully submitted,

/s/ *Andrew T. Stoker*
Jennifer Brinkman Flannery
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Telephone: (404) 521-3939
Fax: (404) 581-8330
Email: jbflannery@jonesday.com

Jeffrey K. Spoerk (Wis. 1005405)
Andrew T. Stoker (Wis. 1104067)
QUARLES & BRADY LLP
411 E Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202
Telephone: (414) 277-5000
Email: jeff.spoerk@quarles.com
Email: andrew.stoker@quarles.com

Leon F. DeJulius, Jr.
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3830
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com

Tracy K. Stratford
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Fax: (216) 579-0212
Email: tkstratford@jonesday.com

José A. Isasi, II
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Email: jisasi@jonesday.com

Anderson T. Bailey
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Fax: (412) 394-7959
Email: atbailey@jonesday.com

***Attorneys for Defendant The Sherwin-Williams Company***

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2022, I caused true and correct copies of the foregoing Notice of Removal and all exhibits thereto to be served on all counsel of record in the matter of *Arrieona Beal v. Armstrong Containers et al.*, No. 2021CV003276 (Cir. Ct. Milwaukee Cty.), electronically and, upon the Defendants Hattie and Jerry Mitchell and the counsel listed below via first-class U.S. mail, postage prepaid:

| *Defendants Hattie and Jerry Mitchell:* | *Counsel for Plaintiff:* |
|---|---|
| Hattie and Jerry Mitchell<br>2904 W. State Street<br>Milwaukee, WI 53208 | Fidelma L. Fitzpatrick<br>Motley Rice, LLC<br>Cedar Street, Suite 100<br>Providence, RI 02903<br><br>Peter G. Earle<br>839 N. Jefferson Street, Suite 300<br>Milwaukee, WI 53202<br><br>Victor C. Harding<br>Warshafsky, Rotter, Tarnoff & Bloch<br>839 N. Jefferson Street, Suite 300<br>Milwaukee, WI 53202<br><br>Neil T. Leifer<br>20 Marion Street, Unit 2<br>Brookline, MA 02446<br><br>Edward A. Wallace<br>Wallace Miller<br>111 W. Jackson Blvd., Suite 1700<br>Chicago, IL 60604 |

.

    /s/ *Andrew T. Stoker*
Counsel for The Sherwin-Williams Company