# EXHIBIT 1
# Part 1
# Documents 1-141

FILED
06-02-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE |

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

HATTIE MITCHELL
2904 WEST STATE STREET
MILWAUKEE WI 53208

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: June 2, 2021

FILED

06-02-2021

John Barrett

Clerk of Circuit Court

2021CV003276

Honorable Pedro Colon-18

Branch 18

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE**

Arrieona Beal vs. Hattie Mitchell et al     **Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

JERRY MITCHELL
2904 WEST STATE STREET
MILWAUKEE WI 53208

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: June 2, 2021

**FILED**
**06-02-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

        Plaintiff,

v.

    Code:  30107

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208,

        Defendants.

---

## SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The court may reject or disregard an Answer that does not follow the requirements of the statutes.  The Answer must be sent or delivered to the court, whose address is:

<div align="center">

Clerk of Milwaukee Circuit Court
901 N. 9th Street
Milwaukee, WI 53233

</div>

and to Warshafsky, Rotter, Tarnoff & Bloch, S.C., plaintiff(s)' attorneys, whose address is:  839 North Jefferson Street, Suite 300, Milwaukee, Wisconsin 53202.

<div align="center">1</div>

If you do not provide a proper Answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property. You may have an attorney help or represent you.

Dated:  June 2, 2021

>WARSHAFSKY, ROTTER,
>TARNOFF & BLOCH, S.C.
>Attorneys for Plaintiffs
>
>*Electronically signed by Victor C. Harding*
>
>_____
>Victor C. Harding
>State Bar No. 01001754
>
>839 North Jefferson Street, Ste. 300
>Milwaukee, WI 53202
>(414) 276-4970  /  Fax:  (414) 276-5533
>email:  vich@warshafsky.com

**FILED**
**06-02-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

          Plaintiff,

  v.

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208;

          Defendants.

---

## COMPLAINT

---

Now comes the above-named Plaintiff, by her attorneys, for a cause of action against the above-named defendants, and alleges and shows to the Court as follows:

### I.    PARTIES

1.    The Plaintiff files this action pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 228 Wis.2d 44 (WI 1999). asserting her right to relief arising from her lead poisoning while residing as a child at the premises located at 1017 North 29th Street, said rights of relief giving rise to numerous common questions of law and fact as alleged below.

2.    Arrieona Beal was a resident of the State of Wisconsin at all times material to the Allegations in this Complaint, and currently resides at 2709 N. 44th Street, Milwaukee, WI. Plaintiff is a citizen of the State of Wisconsin. Plaintiff previously occupied the residence at 1017 N. 29th Street Milwaukee, WI, which contained surfaces which were coated with paint containing

3

white lead carbonate pigment. At the time that Plaintiff resided at said premises, the Plaintiff was exposed to and did ingest said white lead carbonate and the Plaintiff continued to be poisoned by the ongoing ingestion of said white lead carbonate pigments. Said lead poisoning caused a peak elevated blood lead level of 20 on December 3, 2002.

3. Hattie and Jerry Mitchell, herein after "Landlords", are adult residents of the State of Wisconsin, residing at 2904 W State St., Milwaukee, WI, and at all times material owned, maintained, supervised, and had control of the property located at 1017 N. 29th Street, Milwaukee, WI, said property having been constructed in approximately 1895, said date of construction being prior to 1978.

## I.    THE FACTS

4. Prior to her birth on August 28, 2001, Arieona Beal's family rented the property located at 1017 N. 29th Street, Milwaukee, WI. Thereafter, the premises were occupied by the minor Plaintiff and her parents until and after her subsequent elevated blood lead level on October 28, 2003.

5. During the period that the minor Plaintiff resided at 1017 N. 29th Street, Milwaukee, WI, the surfaces of the residence had previously been coated with residential paint products containing white lead carbonate pigment, including but not limited to pre-mixed paints and white lead-in-oil, thereby causing the minor Plaintiff to be exposed to and to ingest said white lead carbonate. The presence of white lead carbonate on the painted surfaces of 1017 N. 29th Street, Milwaukee, WI during the time that the minor Plaintiff resided in said premises was unreasonably dangerous because the hidden risks of exposing children to white lead carbonate causes the childhood disease of lead poisoning, as well as additional severe and permanent

4

injuries, including but not limited to learning disabilities, decrements in intelligence, and deficits in a wide range of neuropsychological functioning, including visual motor skills, fine motor skills, verbal skills, attention and concentration, memory, comprehension and impulse control. Exposure of children to white lead carbonate can also cause coma, seizure and death.

6.    Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate is still present in and on many homes throughout the State, including the premises located at 1017 N. 29th Street, Milwaukee, WI, during the times that the Plaintiff was exposed to and ingested white lead carbonate pigment.

7.    Beginning in 2002, the minor Plaintiff sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI, and contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.

8.  The minor Plaintiff's landlords, HATTIE AND JERRY MITCHELL, knew, or in the course of exercising ordinary care should have known, that white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises This knowledge was obtained or should have been obtained prior to the minor Plaintiff's occupancy of said premises, as well as on numerous occasions during the course of minor Plaintiff's tenancy in said premises and remediated.

9.    HATTIE AND JERRY MITCHELL did not test for the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street,

Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

10.  HATTIE AND JERRY MITCHELL did not warn or otherwise provide notice to the parents of the minor Plaintiff of the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

11.  HATTIE AND JERRY MITCHELL did not abate the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

12.    The Plaintiff ingested white lead carbonate derived from all paint layers containing white lead carbonate pigments at the residence located at 1017 N. 29th Street, Milwaukee, WI, and said white lead carbonate was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.  All the layers of paint containing white lead carbonate pigments, household dust and soil around the periphery of said residence containing said white lead carbonate combined to create a unified and indivisible risk of harm to the Plaintiff.

13.  As a direct and proximate result of these and other wrongful actions by HATTIE AND JERRY MITCHELL, the Plaintiff has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, and impairment of Plaintiff's ability to learn, live and enjoy life, all in an unspecified amount pursuant to Wisconsin Statutes.

6

## <u>CAUSE OF ACTION</u>
### Negligence of the Landlords

14.   HATTIE AND JERRY MITCHELL, failed to exercise ordinary care and were negligent with regard to allowing the presence of paint containing white lead carbonate at the residence located at 1017 N. 29th St. Milwaukee, WI prior to and during the entire time that the minor Plaintiff resided at said property and was exposed to and ingested the white lead carbonate therein.

15.  Landlords' negligence included, but was not limited to, the manner in which they failed to maintain the premises and remediate the hazard resulting in the minor Plaintiff sustaining injury.

16.  Landlords were also negligent for failure to instruct or warn minor Plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) in order that minor Plaintiff's parents could take steps to protect their child or chose to live elsewhere.

17.  The negligence of the Landlords was a substantial contributing factor and a cause of the minor Plaintiff's injuries, all to his damage in sums to be deemed fair and reasonable by the trier of fact.

WHEREFORE the Plaintiff demands judgment against HATTIE AND JERRY MITCHELL, jointly and severally, as follows:

7

1.  For the Plaintiff in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory damages;

2.  For pre-judgment and post-judgment interest, together with the costs, disbursements of this action;

3.  For any other remedy the court deems just and equitable under the circumstances.

DATED at Milwaukee, Wisconsin this 2nd day of June, 2021.

> WARSHAFSKY, ROTTER,
> TARNOFF & BLOCH, S.C.
> Attorneys for Plaintiff
>
> By:     /s/ Victor C. Harding, Esq.
>         Victor C. Harding
>         State Bar No.:  01001754
>         839 North Jefferson Street, Ste. 300
>         Milwaukee, WI  53202
>         414-276-4970  /  Fax: 414-276-5533
>         Email:  vich@warshafsky.com
>
> *Attorneys for Plaintiffs*

8

**FILED**
**06-03-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 18

ARRIEONA BEAL,

          Plaintiff,

                               Case No.: 2021-CV-003276

   v.

                               Judge: Hon. Pedro Colon

HATTIE AND JERRY MITCHELL,

          Defendants.

---

## PLAINTIFF'S MOTION FOR EX PARTE ORDER

---

NOW COMES the plaintiff above-captioned, by her attorneys, WARSHAFSKY, ROTTER, TARNOFF & BLOCH, S.C., and respectfully moves the Court for an ex parte Order enjoining the defendants from razing the structure/home at 1017 North 29th Street. This motion is supported by Affidavit. There is no brief in support of motion.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2021.

                   WARSHAFSKY, ROTTER,
                   TARNOFF & BLOCH, S.C.
                   Attorneys for Plaintiff

                   Victor C. Harding
                   State Bar No. 01001754

                   839 North Jefferson Street #300
                   Milwaukee, WI 53202
                   (414) 276-4970 / Fax: (414) 276-5533

mik

FILED
06-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 18

ARRIEONA BEAL,

              Plaintiff,

v.

    Case No.: 2021-CV-003276

HATTIE AND JERRY MITCHELL,

    Judge: Hon. Pedro Colon

              Defendants.

## EX PARTE ORDER

Based upon the plaintiff's motion for an order enjoining the defendants from razing the structure/home at 1017 North 29th Street, with supporting affidavit of Victor C. Harding;

IT IS HEREBY ORDERED that the defendants are hereby enjoined from razing the structure/home until this matter may be heard by the Court on _____.

**FILED**
**06-03-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 18

ARRIEONA BEAL,

      Plaintiff,

    v.                                Case No.: 2021-CV-003276

HATTIE AND JERRY MITCHELL,         Judge: Hon. Pedro Colon

      Defendants.

---

## AFFIDAVIT OF VICTOR C. HARDING

STATE OF WISCONSIN    )
                          ) SS.
MILWAUKEE COUNTY    )

Victor C. Harding, being first duly sworn upon oath deposes and says as follows:

1. He is one of the attorneys representing the plaintiff and is authorized to prepare this affidavit on her behalf.

2. It is asserted in the Complaint that the plaintiff Arrieona Beal was injured by ingesting white lead carbonate paint as an infant/child when she resided at 1017 N. 29th Street.

3. The defendants were at all times material hereto and are the owners of 1017 N. 29th Street.

4. In or about January of 2021, a fire occurred in the structure/home. The plaintiff has been advised that the home suffered extensive damage and is probably beyond repair.

- 1 -

5.   Attached hereto and marked as Exhibit A is a copy of the Department of Neighborhood Services Enforcement Order following an inspection on May 18, 2021. The order to correct to either repair or raze must be completed in the near term.

6.   The plaintiff, pursuant to Wis. Stat. § 804.09, seeks an entry upon land in order to have an expert inspect the paint throughout the home and take samples in order to establish that white lead carbonate paint existed in the home during the plaintiff's infancy/childhood.

7.   This affidavit is prepared in support of the plaintiff's motion for an ex parte order enjoining the defendants from razing the structure/home until they may complete an entry upon land for inspection and sampling.

_____
Victor C. Harding

Subscribed and sworn to before me this
3rd day of June, 2021.

_____
Notary Public, State of Wisconsin
My commission expires: 5-26-23

mik



**Department of Neighborhood Services**
Enforcement Section
**841 N. Broadway**
**Milwaukee, WI 53202**

Inspection Date
05/18/2021
ORD-21-05963

City of Milwaukee

---

## INSPECTION REPORT AND ORDER TO CORRECT CONDITION

Department Copy

**Re: 1017 N 29TH ST**

---

Taxkey #: 388-1724-000

A recent inspection of the premises at the above address revealed conditions that violate the Milwaukee Code of Ordinances. You are hereby ordered to correct each violation listed below by date indicated.

**Correct By Date: 05/25/2021**

1 ) Clean vacant building. Remove fire debris from west side of building

**Correct By Date: 06/18/2021**

2 ) A permit is required to repair or raze and remove a structure that is fire-damaged. You are required to obtain a permit

within the next 30 days to repair or raze and remove the fire-damaged structure. 200-24-1

**Correct By Date: 06/18/2021**

3 ) A quadruple fee is charged for a permit when a building is repaired or razed and removed without a permit. If a permit

is not applied for within 30 days, a quadruple permit fee will be charged. 200-32-3-a

**Correct By Date: 11/18/2021**

4 ) You are hereby ordered to repair the fire damage to the exterior of the structure. The general welfare of the residents of

the city requires that the exterior of structures, whether vacant or occupied, shall be kept in a good state of repair and

maintained by the owner or operator in such a way as to protect the safety, health and welfare of the occupants and

public and to prevent the blighting of city neighborhoods. 275-32-1

For any additional information, please phone Inspector **Brian Kraus at 414-286-8003 or**

**bkraus@milwaukee.gov** between the hours of **8:00 a.m. to 10:00 a.m. Monday through Friday.** Violations can also be viewed on our website at www.milwaukee.gov/lms.

Per Commissioner of Neighborhood Services By -

*Brian Kraus*

---

**OFFICIAL NOTICE OF VIOLATION**
*The City of Milwaukee - Department of Neighborhood Services*

- 1 -



PLAINTIFF'S EXHIBIT

A

Serial #: ORD-21-05963
Inspection Date: 05/18/2021
Inspector

**Recipients:**

JERRY W MITCHELL, 2904 W STATE ST HATTIE M MITCHELL, MILWAUKEE, WI 53208-8342

FAILURE TO COMPLY

Failure to correct the violations noted herein within the time set, or failure to comply with the order as modified by an appellant board and maintain compliance, may subject you to prosecution and to daily penalties of $150.00 to $10,000 in the manner provided in Section 200-19.

Also, any infraction of this order may result in a citation under Section 200-12-5 of the Milwaukee Code of Ordinances Volume II.

RIGHT TO APPEAL

You may file an appeal within 20 days. The Milwaukee Code of Ordinances requires that a written appeal of this order be received within 20 days of service of this order. If service of this order is made by mail, the appeal shall be received within 30 days or by the compliance date plus 5 days not to exceed 30 days. There is a fee for filing this appeal.

**Violations (excluding zoning violations – Chapter 295) must be appealed to the Code Appeals Secretary, Municipal Building, 1st Floor, 841 N. Broadway, Milwaukee, Wisconsin 53202, phone 414 286-2543.**

Violations of Chapter 295 of the Milwaukee Code of Ordinances must be appealed to the Board of Zoning Appeals, 809 N. Broadway, 1st floor, Milwaukee, Wisconsin 53202, phone 414-286-2501. All appeal applications must include the required information outlined in sec. 295-311-6.

**If an appeal is pursued, it is your responsibility, as the recipient of this order, to file with the appropriate department. Please contact the inspector that issued this order if you are unclear on this issue. Filling an appeal with the incorrect department may render your appeal null and void.**

TENANT RENT WITHHOLDING

Uncorrected violations on properties may allow tenants to deposit their rent in an escrow account in the Department of Neighborhood Services under Section 200-22. The Commissioner may withdraw monies from such escrow accounts to make repairs to protect the health, safety and welfare of tenants.

**REINSPECTION FEES**

In accordance with Section 200-33-48, a fee may be charged for any reinspection, except no fee shall be charged for the final reinspection when compliance is recorded. **The fee is $177.80 for the first reinspection, $355.60 for the second and all subsequent reinspections. These fees include a 1.6% training and technology surcharge. Reinspection fees shall be a lien upon the real estate where the reinspections were made and shall be assessed and collected as a special tax.** If you wish to contest the assessment of a reinspection fee, contact the inspector, and, if necessary, the inspector's supervisor. If no agreement is reached, an appeal form will be mailed to you, which you can complete and send to the City's Administrative Review Appeals Board. Any question regarding the actual appeal process, please contact the Administrative Review Appeals Board at (414) 286-2221. Please be aware that there is a fee required when filing an appeal.

TRADUCCION EN ESPAÑOL

Si Ud, necesite ayuda para la traducción, de esta información, comuníquese con el 'Centro Hispano' Council for

---

**OFFICIAL NOTICE OF VIOLATION**

*The City of Milwaukee - Department of Neighborhood Services*

- 2 -

2585

Serial #: ORD-21-05963
Inspection Date: 05/18/2021

the Spanish Speaking, Inc., 614 W. National Avenue, Milwaukee, WI 53204.  Teléfono: (414) 384-3700 o
Community Advocates, 728 N. James Lovell St., Milwaukee WI, 53233, Teléfono: (414) 449-4777

LUS HMOOB

Yog koj xav tau kev pab txhais cov lus no, thov hu mus rau koomhaum Hmong/American Friendship
Association, 3824 West Vliet Street, Milwaukee, WI 53208, xovtooj yog (414) 344-6575.

**OFFICIAL NOTICE OF VIOLATION**

*The City of Milwaukee - Department of Neighborhood Services*

- 3 -

2585



**Department of Neighborhood Services**
Enforcement Section
**841 N. Broadway**
**Milwaukee, WI  53202**

Inspection Date
05/18/2021
ORD-21-05963

---

INSPECTION REPORT AND ORDER TO CORRECT CONDITION

---

JERRY W MITCHELL
HATTIE M MITCHELL
2904 W STATE ST
MILWAUKEE WI 53208-8342

**Re: 1017 N 29TH ST**

---

Taxkey #: 388-1724-000

A recent inspection of the premises at the above address revealed conditions that violate the Milwaukee Code of Ordinances.  You are hereby ordered to correct each violation listed below by date indicated.

**Correct By Date: 05/25/2021**

1 ) Clean vacant building.  Remove fire debris from west side of building

**Correct By Date: 06/18/2021**

2 ) A permit is required to repair or raze and remove a structure that is fire-damaged. You are required to obtain a permit
within the next 30 days to repair or raze and remove the fire-damaged structure. 200-24-1

**Correct By Date: 06/18/2021**

3 ) A quadruple fee is charged for a permit when a building is repaired or razed and removed without a permit. If a permit
is not applied for within 30 days, a quadruple permit fee will be charged. 200-32-3-a

**Correct By Date: 11/18/2021**

4 ) You are hereby ordered to repair the fire damage to the exterior of the structure. The general welfare of the residents of
the city requires that the exterior of structures, whether vacant or occupied, shall be kept in a good state of repair and
maintained by the owner or operator in such a way as to protect the safety, health and welfare of the occupants and
public and to prevent the blighting of city neighborhoods. 275-32-1

For any additional information, please phone Inspector **Brian Kraus at 414-286-8003 or**
**bkraus@milwaukee.gov** between the hours of **8:00 a.m. to 10:00 a.m. Monday through Friday.**  Violations
can also be viewed on our website at www.milwaukee.gov/lms.

Per Commissioner of Neighborhood Services By -

*Brian Kraus*
Inspector

---

**OFFICIAL NOTICE OF VIOLATION**
*The City of Milwaukee - Department of Neighborhood Services*

- 1 -

2585

Serial #: ORD-21-05963
Inspection Date: 05/18/2021

**Recipients:**
JERRY W MITCHELL, 2904 W STATE ST HATTIE M MITCHELL, MILWAUKEE, WI 53208-8342

FAILURE TO COMPLY

Failure to correct the violations noted herein within the time set, or failure to comply with the order as modified by an appellant board and maintain compliance, may subject you to prosecution and to daily penalties of $150.00 to $10,000 in the manner provided in Section 200-19.

Also, any infraction of this order may result in a citation under Section 200-12-5 of the Milwaukee Code of Ordinances Volume II.

RIGHT TO APPEAL

You may file an appeal within 20 days.  The Milwaukee Code of Ordinances requires that a written appeal of this order be received within 20 days of service of this order.  If service of this order is made by mail, the appeal shall be received within 30 days or by the compliance date plus 5 days not to exceed 30 days.  There is a fee for filing this appeal.

**Violations (excluding zoning violations - Chapter 295) must be appealed to the Code Appeals Secretary, Municipal Building, 1st Floor, 841 N. Broadway, Milwaukee, Wisconsin 53202, phone 414 286-2543.**

Violations of Chapter 295 of the Milwaukee Code of Ordinances must be appealed to the Board of Zoning Appeals, 809 N. Broadway, 1st floor, Milwaukee, Wisconsin 53202, phone 414-286-2501.  All appeal applications must include the required information outlined in sec. 295-311-6.

**If an appeal is pursued, it is your responsibility, as the recipient of this order, to file with the appropriate department.  Please contact the inspector that issued this order if you are unclear on this issue.  Filling an appeal with the incorrect department may render your appeal null and void.**

TENANT RENT WITHHOLDING

Uncorrected violations on properties may allow tenants to deposit their rent in an escrow account in the Department of Neighborhood Services under Section 200-22.  The Commissioner may withdraw monies from such escrow accounts to make repairs to protect the health, safety and welfare of tenants.

**REINSPECTION FEES**

In accordance with Section 200-33-48, a fee may be charged for any reinspection, except no fee shall be charged for the final reinspection when compliance is recorded.  **The fee is $177.80 for the first reinspection, $355.60 for the second and all subsequent reinspections.  These fees include a 1.6% training and technology surcharge.  Reinspection fees shall be a lien upon the real estate where the reinspections were made and shall be assessed and collected as a special tax.**  If you wish to contest the assessment of a reinspection fee, contact the inspector, and, if necessary, the inspector's supervisor.  If no agreement is reached, an appeal form will be mailed to you, which you can complete and send to the City's Administrative Review Appeals Board.  Any question regarding the actual appeal process, please contact the Administrative Review Appeals Board at (414) 286-2221.  Please be aware that there is a fee required when filing an appeal.

TRADUCCION EN ESPAÑOL

Si Ud, necesite ayuda para la traducción, de esta información, comuniquese con el 'Centro Hispano' Council for the Spanish Speaking, Inc., 614 W. National Avenue, Milwaukee, WI 53204.  Teléfono: (414) 384-3700 o

**OFFICIAL NOTICE OF VIOLATION**
*The City of Milwaukee - Department of Neighborhood Services*

- 2 -

2585

Serial #: ORD-21-05963
Inspection Date: 05/18/2021

Community Advocates, 728 N. James Lovell St., Milwaukee WI, 53233, Teléfono: (414) 449-4777

LUS HMOOB

Yog koj xav tau kev pab txhais cov lus no, thov hu mus rau koomhaum Hmong/American Friendship Association, 3824 West Vliet Street, Milwaukee, WI 53208, xovtooj yog (414) 344-6575.

---

**OFFICIAL NOTICE OF VIOLATION**

*The City of Milwaukee - Department of Neighborhood Services*

2585

FILED
06-04-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Motion hearing**

| Date<br>06-10-2021 | Time<br>10:00 am | Location<br>Milwaukee County Courthouse - Room 412 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Pedro Colon-18 | | 901 N. Ninth Street<br>Milwaukee WI 53233 |
| **Re**<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**PLEASE DO NOT APPEAR IN COURT**

This hearing is being held via video and/or telephone conferencing.  You may join this hearing by video or phone

BY VIDEO:  https://zoom.us/join
BY PHONE:  1-312-626-6799 US (Chicago)

Join Zoom Meeting
https://wicourts.zoom.us/j/81227928732?pwd=KytkMkdDS1ZxdWpyelQzZHB2UlJhUT09

Meeting ID: 812 2792 8732
Passcode: 352963
One tap mobile
+13126266799,,81227928732# US (Chicago)

If you have questions or problems connecting to zoom hearing, please call court at (414) 278-4519.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: June 4, 2021

| DISTRIBUTION | Address | Service Type |
| --- | --- | --- |
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Hattie Mitchell | 2904 West State Street, Milwaukee, WI 53208 | Mail Notice |
| Jerry Mitchell | 2904 West State Street, Milwaukee, WI 53208 | Mail Notice |

**This form shall not be modified. It may be supplemented with additional material.**

FILED
06-04-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY

ARRIEONA BEAL,

             Plaintiff,

HATTIE AND JERRY MITCHELL,                    Case No.:  21-CV-3276

             Defendants.                              Judge:  Hon. Pedro Colon

---

### Notice of Motion for Ex Parte Order

---

TO:    HATTIE MITCHELL AND JERRY MITCHELL

PLEASE TAKE NOTICE, that on the 10th day of June, 2021 at 10:00 A.M. of said day or as soon thereafter as counsel may be heard, the plaintiffs will move before the Honorable Pedro Colon for an ex parte order enjoining the defendants from razing the structure/home at 1017 North 29th Street, Milwaukee.

DATED at Milwaukee, Wisconsin, Friday, June 4, 2021.

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiffs

*Electronically signed by Victor C. Harding, Esq.*

_____

Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street #300
Milwaukee, WI  53202
414-276-4970  /  Fax:  414-276-5533
email:  vich@warshafsky.com

**DATE DECLINED: June 4, 2021**

FILED
06-10-2021
John Barrett
Clerk of Circuit Court
2021CV003276

Raze order has not been issued by the city of Milwaukee and as such there is not order by the City or otherwise to raze the property.

<u>Electronically declined by Honorable Pedro A. Colon</u>
Circuit Court Judge

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 18

---

ARRIEONA BEAL,

      Plaintiff,

     v.

HATTIE AND JERRY MITCHELL,

     Defendants.

Case No.:  2021-CV-003276

Judge:  Hon. Pedro Colon

---

### EX PARTE ORDER

---

    Based upon the plaintiff's motion for an order enjoining the defendants from razing the structure/home at 1017 North 29th Street, with supporting affidavit of Victor C. Harding;

    IT IS HEREBY ORDERED that the defendants are hereby enjoined from razing the structure/home until this matter may be heard by the Court on _____.

**FILED**
**06-28-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**Milwaukee County Circuit Court**

ARRIEONA BEAL

          Plantiff

    v.

JERRY MITCHELL

          Defendant

**Case No.:21CV003276**

## AFFIDAVIT OF SUBSTITUTED PERSONAL SERVICE

### SUBSTITUTED PERSONAL SERVICE & NOT SUCCESSFUL PERSONAL SERVICE ATTEMPTS PRIOR TO SUBSTITUTED PERSONAL SERVICE**

That I, **Charles A Creuzer** hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing documents are true and do affirm I am a competent person over 18 years of age and not a party to this action

That on 6/10/2021 at 9:00 AM at 2904 W STATE ST, MILWAUKEE, WI 53208 I served JERRY MITCHELL with the following list of documents: **SUMMONS AND COMPLAINT; ELECTRONIC FILING NOTICE,NOTICE OF HEARING,NOTICE OF MOTION FOR EX PARTE ORDER** by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with HATTIE MITCHELL whose relationship is CORESIDENT, and is over the age of fourteen years old.

Attempted at 2904 W STATE ST MILWAUKEE, WI 53208 **On 6/9/2021 at 4:22 PM**
**Results: NO ANSWER**

Attempted at 2904 W STATE ST MILWAUKEE, WI 53208 **On 6/9/2021 at 8:30 PM**
**Results: NO ANSWER**

Attempted at 2904 W STATE ST MILWAUKEE, WI 53208 **On 6/10/2021 at 9:00 AM**
**Results: SUBJECT NOT AVAILABLE...RESTING**

Final Results: 6/10/2021 at 9:00 AM

That the fee for this Service is  $ .00

Charles A Creuzer
State Process Service, Inc
11430 West Bluemound Rd, 11
Wauwatosa, WI 53226
(414) 256-7000

Order #:P325395
Their File 653418

Subscribed and sworn before me, a Notary
Public. this 11th day of June. 2021

Gladys Hernandez
Notary Public



**FILED**
**06-28-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**Milwaukee County Circuit Court**

ARRIEONA BEAL

Case No.:21CV003276

Plantiff

v.

HATTIE MITCHELL

Defendant

## AFFIDAVIT OF PERSONAL SERVICE

I, **Charles A Creuzer** being duly sworn that I am an adult resident of Wisconsin and I am not a party to the legal action of the attached document(s) which was/were personally served upon the below named party and endorsed as required by Wis. Stats. 801(10)(2).

That on 6/10/2021 at 9:00 AM at 2904 W STATE ST, MILWAUKEE, WI 53208 I served HATTIE MITCHELL with the following list of documents: **SUMMONS AND COMPLAINT; ELECTRONIC FILING NOTICE,NOTICE OF HEARING,NOTICE OF MOTION FOR EX PARTE ORDER** by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with HATTIE MITCHELL.

Final Results: 6/10/2021 at 9:00 AM

That the fee for this Service is  $ .00

Charles A Creuzer
State Process Service, Inc
11430 West Bluemound Rd, 11
Wauwatosa, WI 53226
(414) 256-7000

Subscribed and sworn before me, a Notary Public. this 11th day of June. 2021

Gladys Hernandez
Notary Public
My Commision expires on: 4/12/2023

Order #:P325396
Their File 653417



FILED
07-21-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

ARRIEONA BEAL,

      Plaintiff,

                                          Case No.: 2021CV3276

v.                                       Case Code: 30107

HATTIE AND JERRY MITCHELL,

      Defendants.

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COME** the Defendants, Hattie and Jerry Mitchell, by and through their attorneys, Borgelt, Powell, Peterson & Frauen, S.C., on the merits *only*, and hereby Answer the Complaint of the Plaintiff, Arrieona Beal, as follows:

1.     Paragraph 1 states conclusions of law for which no response is required. To the extent a response is required to Paragraph 1, these answering Defendants lack knowledge or information sufficient to form a belief as to the matters asserted; therefore deny the same and put Plaintiff to her strict proof thereon.

2.     Answering Paragraph 2, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

3.     Answering Paragraph 3, these answering Defendants admit that Hattie and Jerry Mitchell are adult residents of the State of Wisconsin, residing at 2904 W. State Street, Milwaukee, Wisconsin 53208. These answering Defendants lack knowledge or information sufficient to form

a belief as to the truth of any and all remaining allegations contained therein and therefore deny the same and put Plaintiff to her strict proof thereon.

4.      Answering Paragraph 4, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

5.      Answering Paragraph 5, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

6.      Answering Paragraph 6, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

7.      Answering Paragraph 7, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

8.      Answering Paragraph 8, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

9.      Answering Paragraph 9, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

10.     Answering Paragraph 10, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

11.     Answering Paragraph 11, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

12.     Answering Paragraph 12, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

13.     Answering Paragraph 13, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

14.     Answering Paragraph 14, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

15.     Answering Paragraph 15, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

16.     Answering Paragraph 16, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

17.     Answering Paragraph 17, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore deny the same and put the Plaintiff to her strict proof thereon.

## AFFIRMATIVE DEFENSES

As and for separate Affirmative Defenses, the Defendants allege and show to the Court as follows:

1.     Upon information and belief, Plaintiff has failed to state a claim upon which relief may be granted.

2.     Upon information and belief, there has been improper or incomplete service of process over these answering Defendants.

3.     Upon information and belief, this Court lacks personal jurisdiction over these answering Defendants.

4.     Upon information and belief, the Plaintiff's damages, if any, were caused by intervening or superseding causes.

5.     Upon information and belief, the Plaintiff's damages, if any, may have been caused by the actions or inactions of the Plaintiff.

6.     Upon information and belief, the Plaintiff's damages, if any, may have been caused by the actions or inactions of others, for whom these answering Defendants are not responsible.

7.     Upon information and belief, the injuries and damages, if any, suffered by the Plaintiff may have predated and pre-existed the accident herein complained of.

8.      Upon information and belief, the Plaintiff may have failed to mitigate her damages.

4

9.     Upon information and belief, the Plaintiff may have failed to name the necessary parties to this action.

10.     Upon information and belief, this action may be barred by the appropriate statute of limitations.

11.     For the purpose of following the applicable Wisconsin Statutes that obligate a defendant to preserve defenses in law or fact and/or affirmative defenses, allege all of the defenses and affirmative defenses required to be pled under §802.02(3) and §802.06(2), Wis. Stats. for the purpose of avoiding waiver of any such defenses, and further reserve the right to assert additional defenses and affirmative defenses as they are discovered during the course of this action.

**WHEREFORE**, the Defendants, Hattie and Jerry Mitchell, by and through their attorneys, Borgelt, Powell, Peterson & Frauen, S.C., on the merits *only*, demand judgment as follows:

A.  That the Plaintiff's Complaint be dismissed on the merits and with judgment in favor of these Defendants;

B.  That these Defendants be awarded statutory costs and attorneys' fees; and

C.  That this Court grants whatever additional just and equitable relieve that it deems proper.

### DEFENDANTS DEMAND A TRIAL BY A JURY OF TWELVE

Dated this 21st day of July, 2021

P.O. ADDRESS
The Pabst Boiler House
1243 N. 10th Street
Suite 300
Milwaukee, WI 53205
Tel: (414) 276-3600
Fax: (414) 276-0172

**BORGELT, POWELL, PETERSON & FRAUEN, S.C.**
Attorneys for Defendants, Hattie and Jerry Mitchell (merits counsel *only*)

***Electronically Signed By:***

***Andrea P. Goode***

_____
Andrea P. Goode (SBN 1049522)

5

FILED
07-21-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

---

ARRIEONA BEAL,

      Plaintiff,

                            Case No.: 2021CV3276

v.                                  Case Code: 30107

HATTIE AND JERRY MITCHELL,

      Defendants.

---

## NOTICE OF APPEARANCE

---

      **PLEASE TAKE NOTICE** that Borgelt, Powell, Peterson & Frauen, S.C., by Attorney

Andrea P. Goode, has been retained by and appears for the Defendants, Hattie and Jerry Mitchell,

on the merits *only*, in the above-referenced action and requests that all future notices and pleadings

be served upon the undersigned through the Court's Electronic Notification or, in the alternative,

at the address set forth below.

      Dated this 21st day of July, 2021

                        **BORGELT, POWELL, PETERSON & FRAUEN, S.C.**
                        Attorneys for Defendants, Hattie and Jerry Mitchell (merits
                        counsel *only*)

                        ***Electronically Signed By:***

                        ***Andrea P. Goode***

                        _____
                        Andrea P. Goode (SBN 1049522)
                        agoode@borgelt.com

<u>P.O. ADDRESS</u>
The Pabst Boiler House
1243 N. 10th Street
Suite 300
Milwaukee, WI 53205
Tel: (414) 276-3600
Fax: (414) 276-0172

**FILED**
**08-02-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Scheduling conference**

| Date 09-07-2021 | Time 01:30 pm | Location Milwaukee County Courthouse - Room 412 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Pedro Colon-18 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

If this hearing is to be held by Zoom, the Clerk of Court will send out information on joining the hearing by ZOOM video-conferencing before the date of the hearing.

TO RESCHEDULE THIS DATE ARRANGE A CONFERENCE CALL WITH ALL PARTIES AND THE CLERK.

COMPLETE AND FILE THE SCHEDULING CONFERENCE DATA SHEET ONE WEEK PRIOR TO THE SCHEDULING CONFERENCE.  THE FORM IS AVAILABLE ON THE MILWAUKEE COUNTY WEB SITE.

Please call 414-278-4519, if you have any questions.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: August 2, 2021

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |

This form shall not be modified. It may be supplemented with additional material.

FILED
08-05-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

---

ARRIEONA BEAL,

         Plaintiff,

                                  Case No. 21-CV-3276

vs.

                                  Case Code:  30107

HATTIE AND JERRY MITCHELL,

         Defendants.

---

### NOTICE OF APPEARANCE

---

**PLEASE TAKE NOTICE** that KASDORF, LEWIS & SWIETLIK, S.C., by Michael S. Murray, has been retained by and appears for the Defendants, Hattie and Jerry Mitchell, in the above-referenced matter.  Copies of all pleadings should be served upon us via the Circuit Court E-filing system or by U.S. Mail at the address below.

Dated at Milwaukee, Wisconsin this 5th day of August, 2021.

                     KASDORF, LEWIS & SWIETLIK, S.C.
                     Attorneys for Defendants, Hattie and Jerry Mitchell


                     By: *Electronically signed by Michael S. Murray*
                         Michael S. Murray
                         State Bar No. 1008851
                         mmurray@kasdorf.com

MAILING ADDRESS:
One Park Plaza, 5th Floor
11270 W. Park Place
Milwaukee, WI 53224-3639
Phone:  414.577.4000 / Fax:  414.577.4400

**FILED**
**08-16-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

--------------------------------------------------------------------------------------------------------------------------------

ARRIEONA BEAL,

        Plaintiff,                    Case No. 21-CV-3276

vs.

                                       Code No.  30107

HATTIE AND JERRY MITCHELL

        Defendants,

and,

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Proposed Intervening Defendant.

--------------------------------------------------------------------------------------------------------------------------------

### AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S
### NOTICE OF MOTION AND MOTION TO INTERVENE, BIFURCATE AND STAY

--------------------------------------------------------------------------------------------------------------------------------

PLEASE TAKE NOTICE that on September 15, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard, the proposed intervening defendant, American Family Mutual Insurance Company, by its attorneys, Emile Banks & Associates, LLC, will move the Court, the Honorable Pedro Colon presiding, in his courtroom at the Milwaukee County Courthouse, for an Order granting American Family's motion to intervene in this action, and also granting American Family's motion to bifurcate the insurance coverage issues from the liability and damage issues, and to stay the proceedings related to the liability and damage issues until the coverage issues involving American Family have been resolved.

This motion is based upon the attached Brief, as well as all other papers and pleadings on file herein.

Dated this 16th day of August, 2021.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Proposed Intervening
Defendant, American Family Mutual
Insurance Company

*electronically signed Vicki L. Arrowood*

By: _____
VICKI L. ARROWOOD
State Bar No. 1009473

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI 53226
(414) 777-0000

2

FILED
08-16-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

---

ARRIEONA BEAL,

        Plaintiff,

vs.

HATTIE AND JERRY MITCHELL

        Defendants,

and,

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Proposed Intervening Defendant.

Case No. 21-CV-3276

Code No. 30107

---

### BRIEF IN SUPPORT OF AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION TO INTERVENE, BIFURCATE AND STAY

---

This brief is filed on behalf of the proposed intervening defendant, American Family Mutual Insurance Company, and is in support of its motion to intervene in the lawsuit, bifurcate the coverage and liability/damage issues, and stay the liability and damage issues until the coverage issues in the case have been resolved.

## FACTUAL BACKGROUND

The plaintiff Arrieona Beal has filed this lawsuit against the defendants Hattie and Jerry Mitchell seeking to recover for damages she alleges that she sustained from lead poisoning while residing as a child at the premises located at 1017 North 29th Street in Milwaukee. According to Ms. Beal, the defendants Hattie and Jerry Mitchell "at all times material owned, maintained, supervised, and had control of the property located at 1017 North 29th Street" in Milwaukee.

Ms. Beal alleges that prior to her birth on August 28, 2001, her family rented the property located at 1017 North 29th Street. "Thereafter, the premises were occupied by the minor plaintiff

and her parents until and after her subsequent elevated blood level on October 28, 2013." Ms. Beal alleges that beginning in 2002, she sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 North 29th Street in Milwaukee.

The plaintiff's Complaint alleges a negligence claim against the defendants as the landlords and owners of the property located at 1017 North 29th Street in Milwaukee. Following the filing of the lawsuit, the defendants tendered the defense of the plaintiff's claim against them to their insurer American Family Mutual Insurance Company. However, a question has arisen as to whether American Family provides insurance coverage for Ms. Beal's claims against the defendants.

## ARGUMENT

### I.     AMERICAN FAMILY SHOULD BE ALLOWED TO INTERVENE IN THIS CASE.

Wisconsin Statute § 803.09(1) states in relevant part that,

> Upon timely motion, anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair and impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

In this case, there is a question as to whether the defendants are covered under any policy of insurance issued by American Family for the claims asserted against them by Ms. Beal. Specifically, there is a question as to whether American Family had any policy of insurance in effect at the time that Ms. Beal was living at the property located at 1017 North 29th Street. In addition, American Family's policy contains an exclusion for lead liability.

2

While Hattie and Jerry Mitchell are parties to the lawsuit, American Family has not been named a party. Therefore, at this time, no party is representing the insurance coverage interests of American Family in this case. If the case proceeds without a ruling on whether American Family does or does not have an obligation to provide insurance coverage under the facts of this case, American Family's right to have that issue addressed by a court may be impaired. Therefore, American Family requests that the court allow it to be added as an intervening defendant in this lawsuit so that it may address insurance coverage defenses in the context of this lawsuit.

## II.     BIFURCATION AND STAY IS THE PROPER PROCEDURE FOR ADDRESSING INSURANCE COVERAGE ISSUES.

When a lawsuit involves both insurance coverage issues and underlying liability issues, "the insurer should not only request a bifurcated trial on the issues of coverage and liability, but it should also move to stay any proceedings on liability until the issue of coverage is resolved." *Elliott v. Donohue*, 169 Wis. 2d 310, 318, 485 N.W.2d 403 (1992). Wisconsin courts have encouraged insurance carriers to follow this procedure, because in doing so, the insurance company runs no risk of breaching its duty to defend. *Newhouse v. Citizens Sec. Mut. Inc. Co.*, 176 Wis. 2d 824, 836, 501 N.W.2d (1993).

In addition, following the procedure of bifurcating merits and coverage issues, and placing a stay on the merits issues, minimizes the possibility of an insurance company providing a defense under circumstances where it is determined that the insurance company has no obligation to pay for the defense of the insured. In *Mowry v. Badger State Mut. Cas. Co.*, 129 Wis. 2d 496, 528-29, 385 N.W.2d 171 (1986), the court recognized that following this procedure makes sense, because it helps avoid the possibility of an insurance company providing an insured with a "free" defense, under circumstances where it is ultimately determined that the insurance company has no duty to defend.

3

In this case, American Family may be able to demonstrate that its policy does not cover any of the claims asserted against the defendants Hattie and Jerry Mitchell by the plaintiff Arrieona Beal. Therefore, American Family requests that this Court bifurcate the coverage issues from the liability and damages issues in this case, and stay all proceedings with respect to the liability and damage issues so that American Family can present its coverage defenses to the court through a Motion for Declaratory Judgment/Summary Judgment. Placing a stay on liability and damage issues while the coverage issues are being developed and then ruled upon by the court is consistent with the procedural recommendations identified in the case law cited above.

## **CONCLUSION**

Based upon the foregoing, American Family Mutual Insurance Company respectfully requests that it be permitted to intervene in this case. American Family further requests that any coverage issues in this case be bifurcated, and a stay be placed on all issues associated with liability and damages until American Family's insurance coverage position has been addressed by the court.

Dated this 16th day of August, 2021.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Proposed Intervening
Defendant, American Family Mutual
Insurance Company

*electronically signed Vicki L. Arrowood*

By: _____
VICKI L. ARROWOOD
State Bar No. 1009473

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI  53226
(414) 777-0000

4

FILED
08-16-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

---

ARRIEONA BEAL,

        Plaintiff,                            Case No. 21-CV-3276

vs.
                                            Code No.  30107

HATTIE AND JERRY MITCHELL

        Defendants,

and,

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Intervening Defendant.

---

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S
INTERVENOR COMPLAINT FOR DECLARATORY JUDGMENT**

---

        NOW COMES the intervening defendant American Family Mutual Insurance Company, by its attorneys, Emile Banks & Associates, LLC, and as and for its Intervenor Complaint for Declaratory Judgment, alleges and shows to the court as follows:

        1.      American Family Mutual Insurance Company is a domestic insurance company licensed to do business in the State of Wisconsin, with a home office address of 6000 American Parkway, Madison, Wisconsin 53783.  American Family is in the business of, among other things, writing and selling policies of insurance to homeowners in Wisconsin.

        2.      That upon information and belief, the plaintiff Arrieona Beal is an adult resident of the State of Wisconsin, who currently resides at 2709 North 44th Street, Milwaukee, Wisconsin.  That upon information and belief, Ms. Beal's date of birth is August 28, 2001.

3.     That upon information and belief, the defendant Hattie Mitchell is an adult resident of the State of Wisconsin who currently resides at 2904 West State Street, Milwaukee, Wisconsin.

4.     That upon information and belief, the defendant Jerry Mitchell is an adult resident of the State of Wisconsin who currently resides at 2904 West State Street, Milwaukee, Wisconsin.

5.     That upon information and belief, at all times materials to this litigation, the defendants Hattie and Jerry Mitchell owned a property located at 1017 North 29th Street, Milwaukee, Wisconsin.

6.     The plaintiff Arrieona Beal has alleged that while she resided at the property owned by the defendants located at 1017 North 29th Street in Milwaukee, she was exposed to and ingested white lead carbonate pigment that was present on the premises.

7.     The plaintiff Arrieona Beal alleges that beginning in 2002, she sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 North 29th Street in Milwaukee.

8.     The plaintiff Arrieona Beal has alleged that as a result of sustaining lead poisoning from ingesting white lead carbonate, she has suffered the injury of lead poisoning, as well as severe and permanent sequelae which includes great pain of body and mind and significant neuro-psychological deficits, and an impairment to her ability to learn, live, and enjoy life.  The plaintiff seeks to recover compensatory damages for her injuries.

9.     The plaintiff Arrieona Beal has alleged that the defendants were negligent in their maintenance of the property located at 1017 North 29th Street in Milwaukee, Wisconsin, they were negligent in remediating the hazard located on the property, and they were also negligent

2

for failing to instruct or warn the plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) so that the plaintiff's parents could take steps to protect the plaintiff or choose to live elsewhere.

10. That American Family issued to the defendants a Businessowners Policy, policy number 48XM358901. However, coverage under this policy is subject to all of the terms of the policy, including the forms, options, and endorsements made a part thereof.

11. That American Family issued its first Businessowners Policy to the defendants Hattie and Jerry Mitchell, with said policy having an effective date of January 10, 2007.

12. That American Family did not issue any Businessowners Policy to the defendants Hattie and Jerry Mitchell prior to January 10, 2007.

13. The defendants Hattie and Jerry Mitchell have tendered the defense of this lawsuit that the plaintiff Arrieona Beal has filed against them to their Businessowners insurer, American Family Mutual Insurance Company.

14. American Family Mutual Insurance Company has agreed to defend Hattie and Jerry Mitchell under a Reservation of Rights for the claims asserted against them by the plaintiff Arrieona Beal.

15. That an issue has arisen as to whether there is coverage under the American Family Businessowners Policy that was issued to the defendants and first went into effect on January 10, 2007 for any of the claims alleged against the defendants in Milwaukee County Circuit Court, Case No. 21-CV-3276.

16. That there is a question as to whether the Complaint filed by the plaintiff Arrieona Beal asserts a claim against defendants Hattie and Jerry Mitchell for damages that are covered

under the Businessowners Policy that American Family issued to defendants Hattie and Jerry Mitchell.

17.    That there is a question as to whether any of the exclusions contained in the Businessowners Policy that American Family issued to the defendants Hattie and Jerry Mitchell, including, but not limited to, a lead paint liability exclusion, applies so as to preclude coverage for the claims alleged in the plaintiff Arrieona Beal's Complaint

18.    That American Family owes no duty to defend or indemnify defendants Hattie and Jerry Mitchell for any of the claims alleged against them in Milwaukee County Circuit Court, Case No. 21-CV-3276.

19.    That American Family seeks a declaration by the court, pursuant to Wis. Stat. § 806.04, that it has no duty to defend or indemnify defendants Hattie and Jerry Mitchell for any of the claims alleged against them in Milwaukee County Circuit Court, Case No. 21-CV-3276.

20.    That the issues presented in this declaratory judgment action, namely the interpretation of American Family's insurance policies, meet all of the requirements for a declaratory judgment action as set forth in Wis. Stat. § 806.04, and the laws of the State of Wisconsin, with the result that this matter may be properly resolved under the Uniform Declaratory Judgment Act.

21.    That American Family is an "interested" party as that term is defined in Wis. Stat. § 806.04(2), with respect to the interpretation of its insurance policy, and therefore, may properly bring this action pursuant to the Uniform Declaratory Judgment Act.

22.    That all interested parties have been joined in this action pursuant to, and in compliance with, Wis. Stat. § 806.04(11).

WHEREFORE, the intervening defendant American Family Mutual Insurance Company, seeks an interpretation of its insurance policy, and demands judgment in the form of a declaration by the court that it owes no duty to defend or indemnify the defendants Hattie and Jerry Mitchell in Milwaukee County Circuit Court, Case No. 21-CV-3276.  American Family further seeks an award of costs, attorney fees, and whatever other relief the court deems just and proper.

Dated this 16th day of August, 2021.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Intervening Defendant,
American Family Mutual Insurance Co.

*electronically signed Vicki L. Arrowood*

By: _____
VICKI L. ARROWOOD
State Bar No. 1009473

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI  53226
(414) 777-0000

5

**FILED**
**08-18-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

ARRIEONA BEAL,

        Plaintiff,

    v.

HATTIE AND JERRY MITCHELL,

        Defendants.

Case No.:  2021-CV-003276

Judge:  Hon. Pedro Colon

---

## NOTICE OF APPEARANCE

---

      PLEASE TAKE NOTICE that the undersigned is retained by and appears for the plaintiff, ARRIEONA BEAL, in the above-entitled action, and hereby demands that a copy of all pleadings and correspondence subsequent hereto be served upon the undersigned via the Circuit Court E-filing system or by U.S. Mail at the address below.

      Dated:  Wednesday, August 18, 2021

LAW OFFICE OF PETER EARLE
Attorneys for Plaintiffs

*Electronically signed by Peter G. Earle*

By: _____

Peter G. Earle
State Bar No.:  1012176
839 N. Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-1076
email:  peterearle1950@gmail.com



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sheila L. Williams<br>The Sherwin-Williams Company<br>101 Prospect Avenue, N.W.<br>Cleveland, OH 44115-1093 |

| | |
|---|---|
| **Entity:** | The Sherwin-Williams Company<br>Entity ID Number 2470034 |
| **Entity Served:** | The Sherwin-Williams Co |
| **Title of Action:** | Arrieona Beal vs. Armstrong Containers, Inc |
| **Matter Name/ID:** | Arrieona Beal vs. Armstrong Containers, Inc (11523635) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Milwaukee County Circuit Court, WI |
| **Case/Reference No:** | 2021CV003276 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 08/27/2021 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Victor C. Harding<br>414-276-4970 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,

    v.

ARMSTRONG CONTAINERS, INC.
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801;

E.I.DUPONT DENEMOURS & CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE ATLANTIC RICHFIELD CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE SHERWIN-WILLIAMS CO.
By its Registered Agent
Corporation Service Company
8040 Excelsior Drive Suite 400
Madison, WI 53717; and

HATTIE AND JERRY MITCHELL
2904 W. State Street
Milwaukee, WI 53208;

               Defendants.

---

## AMENDED SUMMONS

THE STATE OF WISCONSIN:
To each person named above as a defendant:

1

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Amended Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Amended Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Amended Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court whose address is:

> Clerk of Circuit Court
> Milwaukee County Circuit Court
> 901 N. Ninth Street
> Milwaukee, WI 53233

and to Warshafsky, Rotter, Tarnoff & Bloch, S.C., plaintiff's attorney's whose address is: 839 N. Jefferson Street, Suite 300, Milwaukee, WI 53202.

If you do not provide a proper Answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property. You may have an attorney help or represent you.

Dated:  August 24, 2021

<div style="margin-left: 40%;">

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

By:    */s/ Victor C. Harding, Esq.*
Victor C. Harding
State Bar No.: 01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI 53202
414-276-4970 / Fax: 414-276-5533
Email: vich@warshafsky.com

Peter G. Earle, Esq.
State Bar No.: 1012176
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
peterearle1950@gmail.com
*Attorneys for Plaintiffs*

</div>

2

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

ARRIEONA BEAL,

      Plaintiff,

  v.

ARMSTRONG CONTAINERS, INC.
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801;

E.I.DUPONT DENEMOURS & CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE ATLANTIC RICHFIELD CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE SHERWIN-WILLIAMS CO.
By its Registered Agent
Corporation Service Company
8040 Excelsior Drive Suite 400
Madison, WI 53717; and

HATTIE AND JERRY MITCHELL
2904 W. State Street
Milwaukee, WI;

      Defendants.

---

## AMENDED COMPLAINT

---

3

Now comes the above-named Plaintiff, by her attorneys, for a cause of action against the above-named defendants, and alleges and shows to the Court as follows:

1. Incorporate by reference as if fully set forth herein all of the allegations contained in the Plaintiff's original Complaint, a copy of which is attached hereto and marked as Exhibit A.

## I.    PARTIES

2. The Plaintiff files this action pursuant to the risk contribution theory as adopted and applied by the Wisconsin Supreme Court in *Thomas v. Mallett,* 2005 WI 129, to cases of childhood lead poisoning resulting from ingestion of white lead carbonate contained in premixed paints and white lead in oil produced and marketed for residential applications in Milwaukee, Wisconsin, and pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 228 Wis.2d 44 (WI 1999). asserting her right to relief arising out of the same series of transactions and occurrences and said rights of relief giving rise to numerous common questions of law and fact as alleged below.

3. Arrieona Beal was a resident of the State of Wisconsin at all times material to the Allegations in this Complaint, and currently resides at 2709 N. 44th Street, Milwaukee, WI. Plaintiff is a citizen of the State of Wisconsin. Plaintiff previously occupied the residence at 1017 N. 29th Street Milwaukee, WI, which contained surfaces which were coated with paint containing white lead carbonate pigment that were produced and marketed, *inter* alia, by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. At the time that Plaintiff resided at said premises, the Plaintiff was exposed to and did ingest said white lead carbonate and the Plaintiff continued to be poisoned by the ongoing ingestion of said white lead carbonate pigments. Said lead poisoning caused a peak elevated blood lead level of 20 in 2003.

4

4. Armstrong Containers, Inc. ("Armstrong"), is being sued in its capacity as the successor-in-interest to the John R. MacGregor Co. and the MacGregor Lead Company, and is a Delaware corporation with its principal place of business in Georgia, with its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Armstrong has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

5. E.I. DuPont DeNemours & Company ("DuPont"), is a Delaware corporation with its principal place of business in Delaware, with its registered agent as C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. DuPont has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

6. The Atlantic Richfield Company ("ARCO"), the successor-in-interest to International Smelting and Refine company, Anaconda Lead Products Company, Anaconda Sales Company, Anaconda Copper Mining Company and International Lead Refining Company, is a Delaware corporation with its principal place of business in Illinois, with its registered agent as C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. ARCO has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

7. The Sherwin-Williams Company ("Sherwin-Williams"), is an Ohio corporation with its principal place of business in Ohio, with its registered agent Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717. Sherwin-Williams has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

8. At all pertinent times, Armstrong, DuPont, ARCO and Sherwin-Williams (hereafter referred to collectively as "Industry Defendants") together with their agents, servants,

5

employees, alter egos, and predecessor corporations, manufactured, produced, marketed, promoted, supplied, distributed and/or sold white lead carbonate pigments for use in residential paints and coatings in the State of Wisconsin, including the municipality of Milwaukee, as well as surrounding communities.

9.  Hattie and Jerry Mitchell, herein after "Landlords", are adult residents of the State of Wisconsin, residing at 2904 W. State Street, Milwaukee, WI 53208 and at all times material owned, maintained, supervised, and had control of the property located at 1017 N. 29th Street, Milwaukee, WI 53208, said property having been constructed in approximately 1895, said date of construction being prior to 1978.

## I.    THE FACTS

10. Prior to her birth on August 28, 2001, Arieona Beal's family rented the property located at 1017 N. 29th Street, Milwaukee, WI.  Thereafter, the premises were occupied by the minor Plaintiff and her parents until and after her subsequent elevated blood lead level on October 28, 2003. Prior to her lead poisoning, neither the minor Plaintiff nor her parents were aware that the premises at 1017 N. 29th Street contained household dust which had been contaminated with white lead carbonate derived from the painted surfaces of both the interior and exterior of said premises.

11. During the period that the minor Plaintiff resided at 1017 N. 29th Street, Milwaukee, WI, the surfaces of the residence had previously been coated with residential paint products containing white lead carbonate pigment, including but not limited to pre-mixed paints and white lead-in-oil, thereby causing the minor Plaintiff to be exposed to and to ingest said white lead carbonate.

12. White lead carbonate was and is inherently defective and unreasonably

6

dangerous when produced and marketed for use as a pigment in residential paint coatings.

13. Specifically, white lead carbonate pigment manufactured, produced, marketed, promoted, supplied, distributed and/or sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. is unreasonably dangerous because the hidden risks and dangers of exposing children to white lead carbonate causes the childhood disease of lead poisoning, as well as additional severe and permanent injuries, including but not limited to learning disabilities, decrements in intelligence, and deficits in a wide range of neuropsychological functioning, including visual motor skills, fine motor skills, verbal skills, attention and concentration, memory, comprehension and impulse control. Exposure of children to white lead carbonate can also cause coma, seizure and death.

14. Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate is still present in and on many homes throughout Wisconsin, including the premises located at 1017 N. 29th Street, Milwaukee, WI, during the times that the Plaintiff was exposed to and ingested white lead carbonate pigment.

15. Beginning in 2002, the minor Plaintiff sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI and contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.

16. The minor Plaintiff's landlords, HATTIE AND JERRY MITCHELL, knew, or in the course of exercising ordinary care should have known, that white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street,

7

Milwaukee, WI was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises This knowledge was obtained or should have been obtained prior to the minor Plaintiff's occupancy of said premises, as well as on numerous occasions during the course of minor Plaintiff's tenancy in said premises and remediated.

17. HATTIE AND JERRY MITCHELL did not test for the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

18. All of the white lead carbonate residential paint pigments manufactured, produced, marketed, promoted, supplied, distributed and/or sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. were functionally interchangeable, physically indistinguishable, identically defective, and unreasonably dangerous.

19. Plaintiff is unable to identify the specific manufacturer, producer, and/or marketer of the white lead carbonate pigment present in the residence in which she was exposed and in which she ingested said pigments. Plaintiff's inability to identify the manufacturer, supplier and/or distributor of the white lead carbonate pigment was not and is not the fault of the Plaintiff.

20. The white lead carbonate pigments manufactured, produced, marketed, and sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. were in a condition not contemplated by the ultimate consumer and were dangerous to an extent beyond that which was contemplated by the ordinary consumer.

8

21.   The Plaintiff ingested white lead carbonate derived from all paint layers containing white lead carbonate pigments at the residence located at 1017 N. 29th Street, Milwaukee, WI, and said white lead carbonate was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.  All the layers of paint containing white lead carbonate pigments combined to create a unified and indivisible risk of harm to the Plaintiff.

22.   Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate pigments are still present in and on many homes, schools, hospitals and other public and private buildings throughout the State of Wisconsin, including the residence at which the Plaintiff was exposed to and ingested lead derived from white lead carbonate pigments.

23.   ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO.,  and THE SHERWIN-WILLIAMS CO.  knew and/or should have known since at least the early 1900s that white lead carbonate pigments are hazardous to human health, and in particular to children.  For example, in an 1881 booklet entitled "Paints and Painting," Sherwin-Williams wrote:

> *"While it is true that carbonate of lead possesses some of the best elements of paint, it is also true that in other respects it is defective."*

In another example, in its employee newsletter for the month of January 1900, Sherwin-Williams published the following statement:

> *"It is also familiarly known that white lead is a deadly cumulative poison, while zinc is innocuous.  It is true, therefore, that any paint is poisonous in proportion to the percentage of lead contained in it. This noxious quality becomes serious in a paint which disintegrates and is blown about by the wind . . ."*

In another example, in its employee newsletter for the month of May, 1915, Sherwin-Williams published the following statement:

9

> *"White lead...has some fatal defects, chief of which is the tendency to 'chalk' off after exposure for a year or two."*

In an additional example, on June 2, 1969, an internal memo from the Sherman-Williams' executive office in Cleveland recognized that the lead poisoning of children is a condition that exists in poverty-stricken areas in many cities in the U.S. and:

> *"The primary problem is health, including permanent mental impairment of youngsters from too much lead. It is particularly important with children from 1 to 3 years of age."*

The 1969 memo noted that 4% of hospital admissions at a New York hospital were of children suffering from acute lead poisoning and that:

> *"On a national basis, the total number of children afflicted is very high indeed. With some 9-18,000 in New York City alone, the national figure has been estimated at somewhere between 112,000 to 225,000."*

The 1969 memo concluded that:

> *"As to a solution to the problem, a very simple statement, but very difficult to carry out, would be to remove the source of the lead or put it behind barriers so that the children could not get to it."*

24. Each Industry Defendant also knew and/or should have known that, at all relevant times, there existed safer alternatives to the use of white lead carbonate as a pigment for residential paints and coatings.

25. Despite their knowledge that white lead carbonate pigment was unreasonably dangerous and hazardous to human health, each of the Industry Defendants continued to manufacture, process, market, promote, supply, distribute and/or sell white lead carbonate pigments, failed to warn of the hazardous nature of white lead carbonate pigment, and failed to adequately test white lead carbonate pigments.

26. Each of the Industry Defendants also contributed to the creation of risk of harm to children when it failed to disclose the hazardous nature of white lead carbonate pigments and

10

instead marketed and represented its paint products containing white lead carbonate pigments as safe.

27. Specifically, the Industry Defendants engaged in promotional campaigns that failed to disclose the dangers of using white lead carbonate pigments in residential paints and coatings and of exposing children to paint and coatings products containing white lead carbonate. Further the Industry Defendants marketed paints and coatings containing white lead carbonate pigments as products that fostered health and well-being and that could be used safely on interior and exterior surfaces where the presence of children was likely.

28. Despite the knowledge of each of the Industry Defendants regarding the hazards of white lead carbonate when used as a pigment in residential paint, each failed to disclose the dangers of using white lead carbonate pigments in residential paints and coatings and of exposing children to paint and coatings products containing white lead carbonate pigments.

29. Instead, for decades the Industry Defendants marketed white lead carbonate as a safe product that fostered health and well-being and promoted white lead as a pigment for use in areas inhabited by children.

30. Each of the Industry Defendants also contributed to the creation of the risk of harm to the Plaintiff through participation in trade associations such as the Lead Industries Association ("LIA") and the National Paint, Varnish & Lacquer Association (NPVLA), and said activity included, *inter alia*, marketing white lead carbonate as a pigment in paint through misleading advertisements and promotions.

31. Furthermore, the Industry Defendants contemplated that the paint products they manufactured, including those containing white lead carbonate pigments might cause personal injuries for which they may be liable. For example, on January 28, 1936, the National Paint, Varnish and Lacquer Association, Inc. (NPVLA), advised various Industry Defendants,

11

including Sherwin-Williams and E.I. DuPont, that:

> *"during the past few years many claims for bodily injury, illness or death have been brought against members of the paint industry from causes claimed to have arisen through the use of the products of the industry and advised that a type of insurance has been developed to protect members of the industry against this [h]azard."*

The NPVLA further advised that:

> *" the Scientific Section of the Association had been urging the adoption of caution labels for the past twenty years, the that the Association had received little cooperation for members of the industry in this particular field."*

32. The LIA is not a party because it is presently under the protection of the bankruptcy laws in the United States. From at least 1928 through the events material to allegations of this complaint, the LIA was the agent, servant, employee, alter ego, aider and abettor of one or more of the Industry Defendants and acted individually and/or within the scope of its agency, servitude and employment in promoting and marketing white lead carbonate products used as a pigment in paints and coatings for residential use in the State of Wisconsin during the relevant time period.

33. Through the LIA and NPVLA, each of the Industry Defendants also sought to suppress all unfavorable information and publicity about white lead carbonate pigments without regard for the truth of such information and despite its own contrary knowledge about the severe hazards posed by white lead carbonate when used as a pigment in paint.

34. As a result of the intentional, negligent and other wrongful conduct of the Industry Defendants in manufacturing, processing, marketing, promoting, supplying, distributing, and/or selling white lead carbonate residential paint pigments, said defective and unreasonably dangerous product was present in and on the residence at which the Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraphs of this Complaint.

35. At all relevant times, the conduct of the Industry Defendants was malicious and in

reckless and/or intentional disregard for the rights of the Plaintiff.

36. As a direct and proximate result of these and other wrongful actions by the Industry Defendants, the Plaintiff has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, past and future hospital and medical expenses, and impairment of Plaintiff's ability to learn, live and enjoy life, all in an unspecified amount pursuant to Wisconsin Statutes.

## FIRST CAUSE OF ACTION
### Negligence of the Landlords

37. Landlords failed to exercise ordinary care and were negligent with regard to allowing the presence of exposed lead paint at the residence located at 1017 N. 29th St. Milwaukee, WI prior to and during the entire time that the minor Plaintiff resided at said property and was exposed to lead pigments therein.

38. Landlords' negligence included, but was not limited to, the manner in which they failed to maintain the premises and remediate the hazard resulting in the minor Plaintiff sustaining injury.

39. Landlords were also negligent for failure to instruct or warn minor Plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) in order that minor Plaintiff's parents could take steps to protect their child or chose to live elsewhere.

40. At all relevant times, the negligent conduct of the Landlords was malicious, reckless, and/or in total disregard of the rights of the minor Plaintiff, warranting the assessment of punitive and exemplary damages in sums to be determined fair and reasonably by the trier of fact.

41. The negligence of the Landlords was a substantial contributing factor and a cause of the

13

minor Plaintiff's injuries, all to his damage in sums to be deemed fair and reasonable by the trier of fact.

## SECOND CAUSE OF ACTION
### General Negligence Liability of the Industry Defendants

42. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

43. The Industry Defendants, knew and/or should have known that white lead carbonate when used as a pigment in residential paints and coatings was harmful to children coming into contact with it, in particular, the Industry Defendants knew that when residential paint containing white lead carbonate disintegrated through ordinary use, it combined with ordinary household dust thereby creating a hidden danger of lead poisoning for children inhabiting said premises.

44. Despite the knowledge that white lead carbonate pigments posed an unreasonable risk to the health and welfare of children exposed thereto, the Industry Defendants continued to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments which were used in and on each of the residences at which each Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraphs of this Complaint.

45. At all times material hereto, the Industry Defendants were under an obligation of due care to refrain from any act which would cause foreseeable harm to others.

46. The Industry Defendants also owed a heightened duty of care because their conduct directly impacted the health and welfare of children.

47. The Industry Defendants breached their duties by engaging in conduct that posed an unreasonable risk of harm, including by continuing to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments for use in residential paints and coatings when they knew, or in the exercise of ordinary care, should have known that white lead carbonate

14

in paint would deteriorate into ordinary household dust and that said contaminated household dust was harmful to children and other persons coming into contact with it.

48. The negligence of the Industry Defendants was a factor that substantially contributed to the lead poisoning and other injuries caused to each of the Plaintiffs by the ingestion of white lead carbonate.

## THIRD CAUSE OF ACTION
### Strict Liability Failure to Warn of the Industry Defendants

49. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

50. The Industry Defendants have at all times material to this action been engaged in the business of manufacturing, promoting, selling, distributing, and/or supplying white lead carbonate pigments which were used in the painting, staining, construction of, and the maintenance and remodeling of the residence at which the Plaintiff ingested white lead carbonate pigments.

51. The white lead carbonate pigments that the Plaintiff was exposed to were in essentially the same condition as the pigments were in before leaving the control of each of the Industry Defendants.

52. At the time that the white lead carbonate pigments left the possession and control of the Industry Defendants, the pigments were a defective and unreasonably dangerous product because the Industry Defendants failed to provide an adequate warning, and when used in the manner in which the pigments were intended by the Industry Defendants and/or for the purpose that it was reasonably foreseeable that the pigments may have been used, the pigments caused substantial and severe injuries to the Plaintiff.

53. The defective condition of the white lead carbonate manufactured, marketed, promoted,

15

supplied, distributed and/or sold by Industry Defendants was a factor that substantially contributed to the Plaintiff's injuries.

## FOURTH CAUSE OF ACTION
### Negligent Failure to Warn of the Industry Defendants

54. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

55. The Industry Defendants knew and/or should have known that white lead carbonate when used as a pigment in residential paints and coatings was harmful to children coming into contact with it.

56. Despite the knowledge that white lead carbonate pigments posed an unreasonable risk to the health and welfare of children exposed thereto, the Industry Defendants continued to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments of the type which were used in and on the residence at which the Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraph of this Complaint.

57. At all times material hereto, the Industry Defendants were under an obligation of due care to refrain from any act which could cause foreseeable to others.

58. The Industry Defendants breached their duties by engaging in conduct that posed an unreasonable risk of harm. including, among other things:

    a.  selling white lead carbonate pigments without an adequate warning to the general public, including but not limited to, consumers, ultimate users, subsequent occupants of residential premises painted with paint products containing said white lead carbonate, retailers, wholesalers, third party paint manufacturers, and other intermediaries, of the dangerous characteristics thereof;

    b.  Continuing to fail to adequately warn the general public of the dangerous

16

characteristics of white lead carbonate pigments following the sale of its product through the present time;

c. Failing to adequately test white lead carbonate for use in residential paints and coatings; and/or

d. Continuing to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments for use in residential paints and coatings after having failed to adequately warn when they knew, or

in the exercise of ordinary care, should have known that white lead carbonate was harmful to children and other persons coming into contact with it.

59. The negligent failure to warn of the Industry Defendants was a factor that substantially contributed to the lead poisoning and other injuries caused to the Plaintiff by ingestion of white lead carbonate.

WHEREFORE the Plaintiff demands judgment against Landlords and each Industry Defendant, jointly and severally, as follows:

1. For the Plaintiff in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory;

2. For pre-judgment and post-judgment interest, together with the actual and statutory costs disbursements and attorney fees of this action;

3. For any other remedy the court deems just and equitable under the circumstances.

DATED at Milwaukee, Wisconsin this 24th day of August, 2021.

\* \* \* \* \* \*

**PLAINTIFF HEREBY DEMANDS THAT THIS ACTION BE TRIED TO A JURY OF TWELVE**

17

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

By:    /s/ Victor C. Harding, Esq.
Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-4970  /  Fax: 414-276-5533
Email:  vich@warshafsky.com

Peter G. Earle, Esq.
State Bar No.: 1012176
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
peterearle1950@gmail.com

*Attorneys for Plaintiffs*

18

# EXHIBIT A

FILED
06-02-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

      Plaintiff,

                           Code: 30107

v.

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208,

      Defendants.

---

## SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a defendant:

      You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

      Within 45 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is:

<div align="center">
Clerk of Milwaukee Circuit Court<br>
901 N. 9th Street<br>
Milwaukee, WI 53233
</div>

and to Warshafsky, Rotter, Tarnoff & Bloch, S.C., plaintiff(s)' attorneys, whose address is: 839 North Jefferson Street, Suite 300, Milwaukee, Wisconsin 53202.

<div align="center">1</div>

If you do not provide a proper Answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property. You may have an attorney help or represent you.

Dated: June 2, 2021

> WARSHAFSKY, ROTTER,
> TARNOFF & BLOCH, S.C.
> Attorneys for Plaintiffs
>
> *Electronically signed by Victor C. Harding*
>
> _____
> Victor C. Harding
> State Bar No. 01001754
>
> 839 North Jefferson Street, Ste. 300
> Milwaukee, WI 53202
> (414) 276-4970 / Fax: (414) 276-5533
> email: vich@warshafsky.com

2

**FILED**
**06-02-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

        Plaintiff,

  v.

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208;

        Defendants.

---

## COMPLAINT

---

Now comes the above-named Plaintiff, by her attorneys, for a cause of action against the above-named defendants, and alleges and shows to the Court as follows:

### I.    PARTIES

1.    The Plaintiff files this action pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 228 Wis.2d 44 (WI 1999). asserting her right to relief arising from her lead poisoning while residing as a child at the premises located at 1017 North 29th Street, said rights of relief giving rise to numerous common questions of law and fact as alleged below.

2.    Arrieona Beal was a resident of the State of Wisconsin at all times material to the Allegations in this Complaint, and currently resides at 2709 N. 44th Street, Milwaukee, WI. Plaintiff is a citizen of the State of Wisconsin. Plaintiff previously occupied the residence at 1017 N. 29th Street Milwaukee, WI, which contained surfaces which were coated with paint containing

3

white lead carbonate pigment. At the time that Plaintiff resided at said premises, the Plaintiff was exposed to and did ingest said white lead carbonate and the Plaintiff continued to be poisoned by the ongoing ingestion of said white lead carbonate pigments. Said lead poisoning caused a peak elevated blood lead level of 20 on December 3, 2002.

3. Hattie and Jerry Mitchell, herein after "Landlords", are adult residents of the State of Wisconsin, residing at 2904 W State St., Milwaukee, WI, and at all times material owned, maintained, supervised, and had control of the property located at 1017 N. 29th Street, Milwaukee, WI, said property having been constructed in approximately 1895, said date of construction being prior to 1978.

## I.     THE FACTS

4.     Prior to her birth on August 28, 2001, Arieona Beal's family rented the property located at 1017 N. 29th Street, Milwaukee, WI. Thereafter, the premises were occupied by the minor Plaintiff and her parents until and after her subsequent elevated blood lead level on October 28, 2003.

5. During the period that the minor Plaintiff resided at 1017 N. 29th Street, Milwaukee, WI, the surfaces of the residence had previously been coated with residential paint products containing white lead carbonate pigment, including but not limited to pre-mixed paints and white lead-in-oil, thereby causing the minor Plaintiff to be exposed to and to ingest said white lead carbonate. The presence of white lead carbonate on the painted surfaces of 1017 N. 29th Street, Milwaukee, WI during the time that the minor Plaintiff resided in said premises was unreasonably dangerous because the hidden risks of exposing children to white lead carbonate causes the childhood disease of lead poisoning, as well as additional severe and permanent

4

injuries, including but not limited to learning disabilities, decrements in intelligence, and deficits in a wide range of neuropsychological functioning, including visual motor skills, fine motor skills, verbal skills, attention and concentration, memory, comprehension and impulse control. Exposure of children to white lead carbonate can also cause coma, seizure and death.

6. Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate is still present in and on many homes throughout the State, including the premises located at 1017 N. 29th Street, Milwaukee, WI, during the times that the Plaintiff was exposed to and ingested white lead carbonate pigment.

7. Beginning in 2002, the minor Plaintiff sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI, and contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.

8. The minor Plaintiff's landlords, HATTIE AND JERRY MITCHELL, knew, or in the course of exercising ordinary care should have known, that white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises This knowledge was obtained or should have been obtained prior to the minor Plaintiff's occupancy of said premises, as well as on numerous occasions during the course of minor Plaintiff's tenancy in said premises and remediated.

9. HATTIE AND JERRY MITCHELL did not test for the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street,

Case 2:22-cv-00378-PP    Filed 03/25/22    Page 72 of 399    Document 1-1

Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

10. HATTIE AND JERRY MITCHELL did not warn or otherwise provide notice to the parents of the minor Plaintiff of the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

11. HATTIE AND JERRY MITCHELL did not abate the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

12. The Plaintiff ingested white lead carbonate derived from all paint layers containing white lead carbonate pigments at the residence located at 1017 N. 29th Street, Milwaukee, WI, and said white lead carbonate was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises. All the layers of paint containing white lead carbonate pigments, household dust and soil around the periphery of said residence containing said white lead carbonate combined to create a unified and indivisible risk of harm to the Plaintiff.

13. As a direct and proximate result of these and other wrongful actions by HATTIE AND JERRY MITCHELL, the Plaintiff has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, and impairment of Plaintiff's ability to learn, live and enjoy life, all in an unspecified amount pursuant to Wisconsin Statutes.

6

**CAUSE OF ACTION**
**Negligence of the Landlords**

14.  HATTIE AND JERRY MITCHELL, failed to exercise ordinary care and were negligent with regard to allowing the presence of paint containing white lead carbonate at the residence located at 1017 N. 29th St. Milwaukee, WI prior to and during the entire time that the minor Plaintiff resided at said property and was exposed to and ingested the white lead carbonate therein.

15.  Landlords' negligence included, but was not limited to, the manner in which they failed to maintain the premises and remediate the hazard resulting in the minor Plaintiff sustaining injury.

16.  Landlords were also negligent for failure to instruct or warn minor Plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) in order that minor Plaintiff's parents could take steps to protect their child or chose to live elsewhere.

17.  The negligence of the Landlords was a substantial contributing factor and a cause of the minor Plaintiff's injuries, all to his damage in sums to be deemed fair and reasonable by the trier of fact.

WHEREFORE the Plaintiff demands judgment against HATTIE AND JERRY MITCHELL, jointly and severally, as follows:

7

1. For the Plaintiff in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory damages;

2. For pre-judgment and post-judgment interest, together with the costs, disbursements of this action;

3. For any other remedy the court deems just and equitable under the circumstances.

DATED at Milwaukee, Wisconsin this 2nd day of June, 2021.

> WARSHAFSKY, ROTTER,
> TARNOFF & BLOCH, S.C.
> Attorneys for Plaintiff
>
> By:   /s/ Victor C. Harding, Esq.
>       Victor C. Harding
>       State Bar No.: 01001754
>       839 North Jefferson Street, Ste. 300
>       Milwaukee, WI 53202
>       414-276-4970 / Fax: 414-276-5533
>       Email: vich@warshafsky.com
>
> *Attorneys for Plaintiffs*

8

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al        **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Scheduling conference**

| Date 09-07-2021 | Time 01:30 pm | Location Milwaukee County Courthouse - Room 412 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Pedro Colon-18 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**PLEASE DO NOT APPEAR IN COURT**

This hearing is being held via video and/or telephone conferencing.  You may join this hearing by video or phone

BY VIDEO:  https://zoom.us/join
BY PHONE:  1-312-626-6799 US (Chicago)

Join Zoom Meeting
https://wicourts.zoom.us/j/84601173118?pwd=bzRvaTlBcGtZWEJXbDFmK2JQVnlVUT09

Meeting ID: 846 0117 3118
Passcode: 734043
One tap mobile
+13126266799,,84601173118# US (Chicago)

If you have questions or problems connecting to zoom hearing, please call court at (414) 278-4519.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: August 24, 2021

This form shall not be modified. It may be supplemented with additional material.

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |

**This form shall not be modified. It may be supplemented with additional material.**

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE**

Arrieona Beal vs. Hattie Mitchell et al          **Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

HATTIE MITCHELL
2904 WEST STATE STREET
MILWAUKEE WI 53208

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE**

Arrieona Beal vs. Hattie Mitchell et al                    **Electronic Filing
                                                            Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

JERRY MITCHELL
2904 WEST STATE STREET
MILWAUKEE WI 53208

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee
County Circuit Court office. The electronic filing system is designed to allow for fast, reliable
exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through
the court electronic filing website. A document filed electronically has the same legal effect as
a document filed by traditional means. Electronic parties are responsible for serving
non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at
**http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a
$20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for
Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are
indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you
will need to enter the following code on the eFiling website while opting in as an electronic
party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents
by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are
authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm,
agency, corporation, or other group. Non-attorney individuals representing the interests of a
business, such as garnishees, must file by traditional means or through an attorney or filing
agent. More information about who may participate in electronic filing is found on the court
website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at
414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

ARMSTRONG CONTAINERS, INC.
1209 ORANGE ST
BY ITS REGISTERED AGENT THE CORPORATION TRUST CO
WILMINGTON DE 19801

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE**

Arrieona Beal vs. Hattie Mitchell et al        **Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

E.I. DUPONT DENEMOURS & CO.
301 S. BEDFORD ST. SUITE 1
BY ITS REGISTERED AGENT CT CORPORATION SYSTEM
MADISON WI 53703

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE |
|---|---|---|

**FILED**
**08-24-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Filing
Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

THE ATLANTIC RICHFIELD COMPANY
301 S. BEDFORD ST. SUITE 1
BY ITS REGISTERED AGENT CT CORPORATION SYSTEM
MADISON WI 53703

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

**STATE OF WISCONSIN**　　　**CIRCUIT COURT**　　　**MILWAUKEE**

Arrieona Beal vs. Hattie Mitchell et al | **Electronic Filing Notice**

Case No. 2021CV003276
Class Code: Other-Personal Injury

THE SHERWIN WILLIAMS COMPANY
8040 EXCELSIOR DR. SUITE 400
BY ITS REGISTERED AGENT CORPORATION SERVICE CO
MADISON WI 53717

Case number 2021CV003276 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8bd508**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 25, 2021

**FILED**
**08-24-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

ARRIEONA BEAL,

            Plaintiff,

  v.

ARMSTRONG CONTAINERS, INC.
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801;

E.I.DUPONT DENEMOURS & CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE ATLANTIC RICHFIELD CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE SHERWIN-WILLIAMS CO.
By its Registered Agent
Corporation Service Company
8040 Excelsior Drive Suite 400
Madison, WI 53717; and

HATTIE AND JERRY MITCHELL
2904 W. State Street
Milwaukee, WI 53208;

            Defendants.

---

## AMENDED SUMMONS

---

THE STATE OF WISCONSIN:
To each person named above as a defendant:

1

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you.  The Amended Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Amended Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Amended Complaint.  The court may reject or disregard an Answer that does not follow the requirements of the statutes.  The Answer must be sent or delivered to the court whose address is:

Clerk of Circuit Court
Milwaukee County Circuit Court
901 N. Ninth Street
Milwaukee, WI 53233

and to Warshafsky, Rotter, Tarnoff & Bloch, S.C., plaintiff's attorney's whose address is: 839 N. Jefferson Street, Suite 300, Milwaukee, WI 53202.

If you do not provide a proper Answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.  You may have an attorney help or represent you.

Dated:  August 24, 2021

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

By:    /s/ *Victor C. Harding, Esq.*
Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-4970  /  Fax: 414-276-5533
Email:  vich@warshafsky.com

Peter G. Earle, Esq.
State Bar No.: 1012176
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
peterearle1950@gmail.com
*Attorneys for Plaintiffs*

2

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

ARRIEONA BEAL,

      Plaintiff,

  v.

ARMSTRONG CONTAINERS, INC.
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801;

E.I.DUPONT DENEMOURS & CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE ATLANTIC RICHFIELD CO.
By its Registered Agent
CT Corporation System
301 S. Bedford Street Suite 1
Madison, WI 53703;

THE SHERWIN-WILLIAMS CO.
By its Registered Agent
Corporation Service Company
8040 Excelsior Drive Suite 400
Madison, WI 53717; and

HATTIE AND JERRY MITCHELL
2904 W. State Street
Milwaukee, WI;

      Defendants.

---

## AMENDED COMPLAINT

---

3

Now comes the above-named Plaintiff, by her attorneys, for a cause of action against the above-named defendants, and alleges and shows to the Court as follows:

1.  Incorporate by reference as if fully set forth herein all of the allegations contained in the Plaintiff's original Complaint, a copy of which is attached hereto and marked as Exhibit A.

## I.     PARTIES

2.  The Plaintiff files this action pursuant to the risk contribution theory as adopted and applied by the Wisconsin Supreme Court in *Thomas v. Mallett,* 2005 WI 129, to cases of childhood lead poisoning resulting from ingestion of white lead carbonate contained in premixed paints and white lead in oil produced and marketed for residential applications in Milwaukee, Wisconsin, and pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 228 Wis.2d 44 (WI 1999). asserting her right to relief arising out of the same series of transactions and occurrences and said rights of relief giving rise to numerous common questions of law and fact as alleged below.

3.  Arrieona Beal was a resident of the State of Wisconsin at all times material to the Allegations in this Complaint, and currently resides at 2709 N. 44th Street, Milwaukee, WI. Plaintiff is a citizen of the State of Wisconsin. Plaintiff previously occupied the residence at 1017 N. 29th Street Milwaukee, WI, which contained surfaces which were coated with paint containing white lead carbonate pigment that were produced and marketed, *inter* alia, by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. At the time that Plaintiff resided at said premises, the Plaintiff was exposed to and did ingest said white lead carbonate and the Plaintiff continued to be poisoned by the ongoing ingestion of said white lead carbonate pigments. Said lead poisoning caused a peak elevated blood lead level of 20 in 2003.

4

4.  Armstrong Containers, Inc. ("Armstrong"), is being sued in its capacity as the successor-in-interest to the John R. MacGregor Co. and the MacGregor Lead Company, and is a Delaware corporation with its principal place of business in Georgia, with its registered agent as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Armstrong has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

5.  E.I. DuPont DeNemours & Company ("DuPont"), is a Delaware corporation with its principal place of business in Delaware, with its registered agent as C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.  DuPont has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

6.  The Atlantic Richfield Company ("ARCO"), the successor-in-interest to International Smelting and Refine company, Anaconda Lead Products Company, Anaconda Sales Company, Anaconda Copper Mining Company and International Lead Refining Company, is a Delaware corporation with its principal place of business in Illinois, with its registered agent as C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. ARCO has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

7.  The Sherwin-Williams Company ("Sherwin-Williams"), is an Ohio corporation with its principal place of business in Ohio, with its registered agent Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.  Sherwin-Williams has and does substantial business in the City and County of Milwaukee, State of Wisconsin.

8.  At all pertinent times, Armstrong, DuPont, ARCO and Sherwin-Williams (hereafter referred to collectively as "Industry Defendants") together with their agents, servants,

5

employees, alter egos, and predecessor corporations, manufactured, produced, marketed, promoted, supplied, distributed and/or sold white lead carbonate pigments for use in residential paints and coatings in the State of Wisconsin, including the municipality of Milwaukee, as well as surrounding communities.

9. Hattie and Jerry Mitchell, herein after "Landlords", are adult residents of the State of Wisconsin, residing at 2904 W. State Street, Milwaukee, WI 53208 and at all times material owned, maintained, supervised, and had control of the property located at 1017 N. 29th Street, Milwaukee, WI 53208, said property having been constructed in approximately 1895, said date of construction being prior to 1978.

## I.    THE FACTS

10. Prior to her birth on August 28, 2001, Arieona Beal's family rented the property located at 1017 N. 29th Street, Milwaukee, WI.  Thereafter, the premises were occupied by the minor Plaintiff and her parents until and after her subsequent elevated blood lead level on October 28, 2003. Prior to her lead poisoning, neither the minor Plaintiff nor her parents were aware that the premises at 1017 N. 29th Street contained household dust which had been contaminated with white lead carbonate derived from the painted surfaces of both the interior and exterior of said premises.

11. During the period that the minor Plaintiff resided at 1017 N. 29th Street, Milwaukee, WI, the surfaces of the residence had previously been coated with residential paint products containing white lead carbonate pigment, including but not limited to pre-mixed paints and white lead-in-oil, thereby causing the minor Plaintiff to be exposed to and to ingest said white lead carbonate.

12. White lead carbonate was and is inherently defective and unreasonably

6

dangerous when produced and marketed for use as a pigment in residential paint coatings.

13. Specifically, white lead carbonate pigment manufactured, produced, marketed, promoted, supplied, distributed and/or sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. is unreasonably dangerous because the hidden risks and dangers of exposing children to white lead carbonate causes the childhood disease of lead poisoning, as well as additional severe and permanent injuries, including but not limited to learning disabilities, decrements in intelligence, and deficits in a wide range of neuropsychological functioning, including visual motor skills, fine motor skills, verbal skills, attention and concentration, memory, comprehension and impulse control. Exposure of children to white lead carbonate can also cause coma, seizure and death.

14. Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate is still present in and on many homes throughout Wisconsin, including the premises located at 1017 N. 29th Street, Milwaukee, WI, during the times that the Plaintiff was exposed to and ingested white lead carbonate pigment.

15. Beginning in 2002, the minor Plaintiff sustained lead poisoning from ingesting white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street, Milwaukee, WI and contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.

16. The minor Plaintff's landlords, HATTIE AND JERRY MITCHELL, knew, or in the course of exercising ordinary care should have known, that white lead carbonate derived from painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street,

7

Milwaukee, WI was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises This knowledge was obtained or should have been obtained prior to the minor Plaintiff's occupancy of said premises, as well as on numerous occasions during the course of minor Plaintiff's tenancy in said premises and remediated.

17. HATTIE AND JERRY MITCHELL did not test for the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

18. All of the white lead carbonate residential paint pigments manufactured, produced, marketed, promoted, supplied, distributed and/or sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. were functionally interchangeable, physically indistinguishable, identically defective, and unreasonably dangerous.

19. Plaintiff is unable to identify the specific manufacturer, producer, and/or marketer of the white lead carbonate pigment present in the residence in which she was exposed and in which she ingested said pigments. Plaintiff's inability to identify the manufacturer, supplier and/or distributor of the white lead carbonate pigment was not and is not the fault of the Plaintiff.

20. The white lead carbonate pigments manufactured, produced, marketed, and sold by ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO., and THE SHERWIN-WILLIAMS CO. were in a condition not contemplated by the ultimate consumer and were dangerous to an extent beyond that which was contemplated by the ordinary consumer.

8

21.   The Plaintiff ingested white lead carbonate derived from all paint layers containing white lead carbonate pigments at the residence located at 1017 N. 29th Street, Milwaukee, WI, and said white lead carbonate was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises.  All the layers of paint containing white lead carbonate pigments combined to create a unified and indivisible risk of harm to the Plaintiff.

22.  Although the use of all leaded pigments was banned in the United States in 1978, white lead carbonate pigments are still present in and on many homes, schools, hospitals and other public and private buildings throughout the State of Wisconsin, including the residence at which the Plaintiff was exposed to and ingested lead derived from white lead carbonate pigments.

23.  ARMSTRONG CONTAINERS, INC., E.I.DUPONT DENEMOURS & CO., THE ATLANTIC RICHFIELD CO.,  and THE SHERWIN-WILLIAMS CO.  knew and/or should have known since at least the early 1900s that white lead carbonate pigments are hazardous to human health, and in particular to children.  For example, in an 1881 booklet entitled "Paints and Painting," Sherwin-Williams wrote:

> **"While it is true that carbonate of lead possesses some of the best elements of paint, it is also true that in other respects it is defective."**

In another example, in its employee newsletter for the month of January 1900, Sherwin-Williams published the following statement:

> **"It is also familiarly known that white lead is a deadly cumulative poison, while zinc is innocuous.  It is true, therefore, that any paint is poisonous in proportion to the percentage of lead contained in it. This noxious quality becomes serious in a paint which disintegrates and is blown about by the wind . . ."**

In another example, in its employee newsletter for the month of May, 1915, Sherwin-Williams published the following statement:

9

> *"White lead...has some fatal defects, chief of which is the tendency to 'chalk' off after exposure for a year or two."*

In an additional example, on June 2, 1969, an internal memo from the Sherman-Williams' executive office in Cleveland recognized that the lead poisoning of children is a condition that exists in poverty-stricken areas in many cities in the U.S. and:

> *"The primary problem is health, including permanent mental impairment of youngsters from too much lead. It is particularly important with children from 1 to 3 years of age."*

The 1969 memo noted that 4% of hospital admissions at a New York hospital were of children suffering from acute lead poisoning and that:

> *"On a national basis, the total number of children afflicted is very high indeed. With some 9-18,000 in New York City alone, the national figure has been estimated at somewhere between 112,000 to 225,000."*

The 1969 memo concluded that:

> *"As to a solution to the problem, a very simple statement, but very difficult to carry out, would be to remove the source of the lead or put it behind barriers so that the children could not get to it."*

24. Each Industry Defendant also knew and/or should have known that, at all relevant times, there existed safer alternatives to the use of white lead carbonate as a pigment for residential paints and coatings.

25. Despite their knowledge that white lead carbonate pigment was unreasonably dangerous and hazardous to human health, each of the Industry Defendants continued to manufacture, process, market, promote, supply, distribute and/or sell white lead carbonate pigments, failed to warn of the hazardous nature of white lead carbonate pigment, and failed to adequately test white lead carbonate pigments.

26. Each of the Industry Defendants also contributed to the creation of risk of harm to children when it failed to disclose the hazardous nature of white lead carbonate pigments and

10

instead marketed and represented its paint products containing white lead carbonate pigments as safe.

27. Specifically, the Industry Defendants engaged in promotional campaigns that failed to disclose the dangers of using white lead carbonate pigments in residential paints and coatings and of exposing children to paint and coatings products containing white lead carbonate.  Further the Industry Defendants marketed paints and coatings containing white lead carbonate pigments as products that fostered health and well-being and that could be used safely on interior and exterior surfaces where the presence of children was likely.

28. Despite the knowledge of each of the Industry Defendants regarding the hazards of white lead carbonate when used as a pigment in residential paint, each failed to disclose the dangers of using white lead carbonate pigments in residential paints and coatings and of exposing children to paint and coatings products containing white lead carbonate pigments.

29. Instead, for decades the Industry Defendants marketed white lead carbonate as a safe product that fostered health and well-being and promoted white lead as a pigment for use in areas inhabited by children.

30. Each of the Industry Defendants also contributed to the creation of the risk of harm to the Plaintiff through participation in trade associations such as the Lead Industries Association ("LIA") and the National Paint, Varnish & Lacquer Association (NPVLA), and said activity included, *inter alia*, marketing white lead carbonate as a pigment in paint through misleading advertisements and promotions.

31. Furthermore, the Industry Defendants contemplated that the paint products they manufactured, including those containing white lead carbonate pigments might cause personal injuries for which they may be liable.  For example, on January 28, 1936, the National Paint, Varnish and Lacquer Association, Inc. (NPVLA), advised various Industry Defendants,

11

including Sherwin-Williams and E.I. DuPont, that:

> *"during the past few years many claims for bodily injury, illness or death have been brought against members of the paint industry from causes claimed to have arisen through the use of the products of the industry and advised that a type of insurance has been developed to protect members of the industry against this [h]azard."*

The NPVLA further advised that:

> *" the Scientific Section of the Association had been urging the adoption of caution labels for the past twenty years, the that the Association had received little cooperation for members of the industry in this particular field."*

32. The LIA is not a party because it is presently under the protection of the bankruptcy laws in the United States. From at least 1928 through the events material to allegations of this complaint, the LIA was the agent, servant, employee, alter ego, aider and abettor of one or more of the Industry Defendants and acted individually and/or within the scope of its agency, servitude and employment in promoting and marketing white lead carbonate products used as a pigment in paints and coatings for residential use in the State of Wisconsin during the relevant time period.

33. Through the LIA and NPVLA, each of the Industry Defendants also sought to suppress all unfavorable information and publicity about white lead carbonate pigments without regard for the truth of such information and despite its own contrary knowledge about the severe hazards posed by white lead carbonate when used as a pigment in paint.

34. As a result of the intentional, negligent and other wrongful conduct of the Industry Defendants in manufacturing, processing, marketing, promoting, supplying, distributing, and/or selling white lead carbonate residential paint pigments, said defective and unreasonably dangerous product was present in and on the residence at which the Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraphs of this Complaint.

35. At all relevant times, the conduct of the Industry Defendants was malicious and in

12

reckless and/or intentional disregard for the rights of the Plaintiff.

36. As a direct and proximate result of these and other wrongful actions by the Industry Defendants, the Plaintiff has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, past and future hospital and medical expenses, and impairment of Plaintiff's ability to learn, live and enjoy life, all in an unspecified amount pursuant to Wisconsin Statutes.

## FIRST CAUSE OF ACTION
### Negligence of the Landlords

37. Landlords failed to exercise ordinary care and were negligent with regard to allowing the presence of exposed lead paint at the residence located at 1017 N. 29th St. Milwaukee, WI prior to and during the entire time that the minor Plaintiff resided at said property and was exposed to lead pigments therein.

38. Landlords' negligence included, but was not limited to, the manner in which they failed to maintain the premises and remediate the hazard resulting in the minor Plaintiff sustaining injury.

39. Landlords were also negligent for failure to instruct or warn minor Plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) in order that minor Plaintiff's parents could take steps to protect their child or chose to live elsewhere.

40. At all relevant times, the negligent conduct of the Landlords was malicious, reckless, and/or in total disregard of the rights of the minor Plaintiff, warranting the assessment of punitive and exemplary damages in sums to be determined fair and reasonably by the trier of fact.

41. The negligence of the Landlords was a substantial contributing factor and a cause of the

13

minor Plaintiff's injuries, all to his damage in sums to be deemed fair and reasonable by the trier of fact.

## SECOND CAUSE OF ACTION
### General Negligence Liability of the Industry Defendants

42. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

43. The Industry Defendants, knew and/or should have known that white lead carbonate when used as a pigment in residential paints and coatings was harmful to children coming into contact with it, in particular, the Industry Defendants knew that when residential paint containing white lead carbonate disintegrated through ordinary use, it combined with ordinary household dust thereby creating a hidden danger of lead poisoning for children inhabiting said premises.

44. Despite the knowledge that white lead carbonate pigments posed an unreasonable risk to the health and welfare of children exposed thereto, the Industry Defendants continued to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments which were used in and on each of the residences at which each Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraphs of this Complaint.

45. At all times material hereto, the Industry Defendants were under an obligation of due care to refrain from any act which would cause foreseeable harm to others.

46. The Industry Defendants also owed a heightened duty of care because their conduct directly impacted the health and welfare of children.

47. The Industry Defendants breached their duties by engaging in conduct that posed an unreasonable risk of harm, including by continuing to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments for use in residential paints and coatings when they knew, or in the exercise of ordinary care, should have known that white lead carbonate

14

in paint would deteriorate into ordinary household dust and that said contaminated household dust was harmful to children and other persons coming into contact with it.

48. The negligence of the Industry Defendants was a factor that substantially contributed to the lead poisoning and other injuries caused to each of the Plaintiffs by the ingestion of white lead carbonate.

## THIRD CAUSE OF ACTION
### Strict Liability Failure to Warn of the Industry Defendants

49. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

50. The Industry Defendants have at all times material to this action been engaged in the business of manufacturing, promoting, selling, distributing, and/or supplying white lead carbonate pigments which were used in the painting, staining, construction of, and the maintenance and remodeling of the residence at which the Plaintiff ingested white lead carbonate pigments.

51. The white lead carbonate pigments that the Plaintiff was exposed to were in essentially the same condition as the pigments were in before leaving the control of each of the Industry Defendants.

52. At the time that the white lead carbonate pigments left the possession and control of the Industry Defendants, the pigments were a defective and unreasonably dangerous product because the Industry Defendants failed to provide an adequate warning, and when used in the manner in which the pigments were intended by the Industry Defendants and/or for the purpose that it was reasonably foreseeable that the pigments may have been used, the pigments caused substantial and severe injuries to the Plaintiff.

53. The defective condition of the white lead carbonate manufactured, marketed, promoted,

15

supplied, distributed and/or sold by Industry Defendants was a factor that substantially contributed to the Plaintiff's injuries.

### FOURTH CAUSE OF ACTION
### Negligent Failure to Warn of the Industry Defendants

54. The Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

55. The Industry Defendants knew and/or should have known that white lead carbonate when used as a pigment in residential paints and coatings was harmful to children coming into contact with it.

56. Despite the knowledge that white lead carbonate pigments posed an unreasonable risk to the health and welfare of children exposed thereto, the Industry Defendants continued to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments of the type which were used in and on the residence at which the Plaintiff ingested lead derived from white lead carbonate pigments as alleged in the preceding paragraph of this Complaint.

57. At all times material hereto, the Industry Defendants were under an obligation of due care to refrain from any act which could cause foreseeable to others.

58. The Industry Defendants breached their duties by engaging in conduct that posed an unreasonable risk of harm. including, among other things:

    a. selling white lead carbonate pigments without an adequate warning to the general public, including but not limited to, consumers, ultimate users, subsequent occupants of residential premises painted with paint products containing said white lead carbonate, retailers, wholesalers, third party paint manufacturers, and other intermediaries, of the dangerous characteristics thereof;

    b. Continuing to fail to adequately warn the general public of the dangerous

16

characteristics of white lead carbonate pigments following the sale of its product through the present time;

c.   Failing to adequately test white lead carbonate for use in residential paints and coatings; and/or

d.   Continuing to manufacture, promote, sell, distribute, and/or supply white lead carbonate pigments for use in residential paints and coatings after having failed to adequately warn when they knew, or

in the exercise of ordinary care, should have known that white lead carbonate was harmful to children and other persons coming into contact with it.

59. The negligent failure to warn of the Industry Defendants was a factor that substantially contributed to the lead poisoning and other injuries caused to the Plaintiff by ingestion of white lead carbonate.

WHEREFORE the Plaintiff demands judgment against Landlords and each Industry Defendant, jointly and severally, as follows:

1.   For the Plaintiff in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory;

2.   For pre-judgment and post-judgment interest, together with the actual and statutory costs disbursements and attorney fees of this action;

3.   For any other remedy the court deems just and equitable under the circumstances.

DATED at Milwaukee, Wisconsin this 24th day of August, 2021.

* * * * * *

**PLAINTIFF HEREBY DEMANDS THAT THIS ACTION BE TRIED TO A JURY OF TWELVE**

17

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

By:     /s/ Victor C. Harding, Esq.
        Victor C. Harding
        State Bar No.:  01001754
        839 North Jefferson Street, Ste. 300
        Milwaukee, WI  53202
        414-276-4970  /  Fax: 414-276-5533
        Email:  vich@warshafsky.com

        Peter G. Earle, Esq.
        State Bar No.: 1012176
        LAW OFFICES OF PETER EARLE
        839 N. Jefferson Street, Suite 300
        Milwaukee, WI 53202
        Telephone: (414) 276-1076
        peterearle1950@gmail.com

        *Attorneys for Plaintiffs*

18

# EXHIBIT A

**FILED**
**06-02-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**
**Honorable Pedro Colon-18**
**Branch 18**

STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

                              Code:  30107

        Plaintiff,

   v.

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208,

        Defendants.

---

### SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a defendant:

     You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

     Within 45 days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The court may reject or disregard an Answer that does not follow the requirements of the statutes.  The Answer must be sent or delivered to the court, whose address is:

                    Clerk of Milwaukee Circuit Court
                         901 N. 9th Street
                     Milwaukee, WI 53233

and to Warshafsky, Rotter, Tarnoff & Bloch, S.C., plaintiff(s)' attorneys, whose address is:  839 North Jefferson Street, Suite 300, Milwaukee, Wisconsin 53202.

1

If you do not provide a proper Answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property. You may have an attorney help or represent you.

Dated: June 2, 2021

> WARSHAFSKY, ROTTER,
> TARNOFF & BLOCH, S.C.
> Attorneys for Plaintiffs
>
> *Electronically signed by Victor C. Harding*
>
> _____
>
> Victor C. Harding
> State Bar No. 01001754
>
> 839 North Jefferson Street, Ste. 300
> Milwaukee, WI 53202
> (414) 276-4970 / Fax: (414) 276-5533
> email: vich@warshafsky.com

2

FILED
06-02-2021
John Barrett
Clerk of Circuit Court
2021CV003276
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN    CIRCUIT COURT      MILWAUKEE COUNTY

ARRIEONA BEAL
2709 North 44th Street
Milwaukee, WI 53208,

       Plaintiff,

v.

HATTIE AND JERRY MITCHELL
2904 West State Street
Milwaukee, WI 53208;

       Defendants.

## COMPLAINT

Now comes the above-named Plaintiff, by her attorneys, for a cause of action against the above-named defendants, and alleges and shows to the Court as follows:

### I.    PARTIES

1.    The Plaintiff files this action pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 228 Wis.2d 44 (WI 1999). asserting her right to relief arising from her lead poisoning while residing as a child at the premises located at 1017 North 29th Street, said rights of relief giving rise to numerous common questions of law and fact as alleged below.

2.    Arrieona Beal was a resident of the State of Wisconsin at all times material to the Allegations in this Complaint, and currently resides at 2709 N. 44th Street, Milwaukee, WI. Plaintiff is a citizen of the State of Wisconsin. Plaintiff previously occupied the residence at 1017 N. 29th Street Milwaukee, WI, which contained surfaces which were coated with paint containing

3

white lead carbonate pigment. At the time that Plaintiff resided at said premises, the Plaintiff
was exposed to and did ingest said white lead carbonate and the Plaintiff continued to be
poisoned by the ongoing ingestion of said white lead carbonate pigments. Said lead poisoning
caused a peak elevated blood lead level of 20 on December 3, 2002.

3. Hattie and Jerry Mitchell, herein after "Landlords", are adult residents of the State of
Wisconsin, residing at 2904 W State St., Milwaukee, WI, and at all times material owned,
maintained, supervised, and had control of the property located at 1017 N. 29th Street,
Milwaukee, WI, said property having been constructed in approximately 1895, said date of
construction being prior to 1978.

## I.      THE FACTS

4.      Prior to her birth on August 28, 2001, Arieona Beal's family rented the property
located at 1017 N. 29th Street, Milwaukee, WI. Thereafter, the premises were occupied by the
minor Plaintiff and her parents until and after her subsequent elevated blood lead level on
October 28, 2003.

5. During the period that the minor Plaintiff resided at 1017 N. 29th Street, Milwaukee, WI,
the surfaces of the residence had previously been coated with residential paint products
containing white lead carbonate pigment, including but not limited to pre-mixed paints and white
lead-in-oil, thereby causing the minor Plaintiff to be exposed to and to ingest said white lead
carbonate. The presence of white lead carbonate on the painted surfaces of 1017 N. 29th Street,
Milwaukee, WI during the time that the minor Plaintiff resided in said premises was
unreasonably dangerous because the hidden risks of exposing children to white lead carbonate
causes the childhood disease of lead poisoning, as well as additional severe and permanent

4

injuries, including but not limited to learning disabilities, decrements in intelligence, and deficits

in a wide range of neuropsychological functioning, including visual motor skills, fine motor

skills, verbal skills, attention and concentration, memory, comprehension and impulse control.

Exposure of children to white lead carbonate can also cause coma, seizure and death.

6.      Although the use of all leaded pigments was banned in the United States in 1978,

white lead carbonate is still present in and on many homes throughout the State, including the

premises located at 1017 N. 29th Street, Milwaukee, WI, during the times that the Plaintiff was

exposed to and ingested white lead carbonate pigment.

7.      Beginning in 2002, the minor Plaintiff sustained lead poisoning from ingesting

white lead carbonate derived from painted surfaces on the interior and exterior of the residence

located at 1017 N. 29th Street, Milwaukee, WI, and contained in the household dust in and on the

interior of said premises, as well as the window wells and soil located immediately adjacent to

the exterior of said premises.

8. The minor Plaintiff's landlords, HATTIE AND JERRY MITCHELL, knew, or in the

course of exercising ordinary care should have known, that white lead carbonate derived from

painted surfaces on the interior and exterior of the residence located at 1017 N. 29th Street,

Milwaukee, WI was contained in the household dust in and on the interior of said premises, as

well as the window wells and soil located immediately adjacent to the exterior of said premises

This knowledge was obtained or should have been obtained prior to the minor Plaintiff's

occupancy of said premises, as well as on numerous occasions during the course of minor

Plaintiff's tenancy in said premises and remediated.

9.      HATTIE AND JERRY MITCHELL did not test for the presence of paints and

coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street,

Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

10. HATTIE AND JERRY MITCHELL did not warn or otherwise provide notice to the parents of the minor Plaintiff of the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

11. HATTIE AND JERRY MITCHELL did not abate the presence of paints and coatings containing white lead carbonate in and on the residence located at 1017 N. 29th Street, Milwaukee, WI at any time before the time that the minor Plaintiff ingested white lead carbonate at the residence located at 1017 N. 29th Street.

12.    The Plaintiff ingested white lead carbonate derived from all paint layers containing white lead carbonate pigments at the residence located at 1017 N. 29th Street, Milwaukee, WI, and said white lead carbonate was contained in the household dust in and on the interior of said premises, as well as the window wells and soil located immediately adjacent to the exterior of said premises. All the layers of paint containing white lead carbonate pigments, household dust and soil around the periphery of said residence containing said white lead carbonate combined to create a unified and indivisible risk of harm to the Plaintiff.

13. As a direct and proximate result of these and other wrongful actions by HATTIE AND JERRY MITCHELL, the Plaintiff has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, and impairment of Plaintiff's ability to learn, live and enjoy life, all in an unspecified amount pursuant to Wisconsin Statutes.

6

## CAUSE OF ACTION
### Negligence of the Landlords

14.  HATTIE AND JERRY MITCHELL, failed to exercise ordinary care and were negligent with regard to allowing the presence of paint containing white lead carbonate at the residence located at 1017 N. 29th St. Milwaukee, WI prior to and during the entire time that the minor Plaintiff resided at said property and was exposed to and ingested the white lead carbonate therein.

15.  Landlords' negligence included, but was not limited to, the manner in which they failed to maintain the premises and remediate the hazard resulting in the minor Plaintiff sustaining injury.

16.  Landlords were also negligent for failure to instruct or warn minor Plaintiff's parents of the existence of the hazard of lead as required by the Residential Lead-Based Hazard Reduction Act of 1992 (Title X) in order that minor Plaintiff's parents could take steps to protect their child or chose to live elsewhere.

17.  The negligence of the Landlords was a substantial contributing factor and a cause of the minor Plaintiff's injuries, all to his damage in sums to be deemed fair and reasonable by the trier of fact.

WHEREFORE the Plaintiff demands judgment against HATTIE AND JERRY MITCHELL, jointly and severally, as follows:

7

1. For the Plaintiff in an unspecified amount pursuant to Wisconsin Statutes, including but not limited to compensatory damages;

2. For pre-judgment and post-judgment interest, together with the costs, disbursements of this action;

3. For any other remedy the court deems just and equitable under the circumstances.

DATED at Milwaukee, Wisconsin this 2nd day of June, 2021.

> WARSHAFSKY, ROTTER,
> TARNOFF & BLOCH, S.C.
> Attorneys for Plaintiff
>
> By:  /s/ Victor C. Harding, Esq.
> Victor C. Harding
> State Bar No.: 01001754
> 839 North Jefferson Street, Ste. 300
> Milwaukee, WI 53202
> 414-276-4970 / Fax: 414-276-5533
> Email: vich@warshafsky.com
>
> *Attorneys for Plaintiffs*

8

**FILED**
**08-27-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

ARRIEONA BEAL,

        Plaintiff,

                                    Case No.: 2021CV3276
v.                                 Case Code: 30107

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO. and
HATTIE AND JERRY MITCHELL,

        Defendants.

---

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

**NOW COME** the Defendants Hattie and Jerry Mitchell, by and through their attorneys, Borgelt, Powell, Peterson & Frauen, S.C., on the merits *only*, and hereby Answer the Amended Complaint of the Plaintiff, Arrieona Beal, as follows:

1.      Answering Paragraph 1, these answering Defendants reallege and incorporate herein by reference as though fully set forth their Answers to the Plaintiff's Complaint, except as may be modified below.

2.      Paragraph 2 states conclusions of law for which no response is required. To the extent a response is required to Paragraph 2, these answering Defendants lack knowledge or information sufficient to form a belief as to the matters asserted; therefore, deny the same and put Plaintiff to her strict proof thereon.

3.     Answering Paragraph 3, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

4.     Answering Paragraph 4, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

5.     Answering Paragraph 5, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

6.     Answering Paragraph 6, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

7.     Answering Paragraph 7, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

8.     Answering Paragraph 8, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

9.     Answering Paragraph 9, these answering Defendants admit.

10.     Answering Paragraph 10, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

11.     Answering Paragraph 11, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

12.     Answering Paragraph 12, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

13.     Answering Paragraph 13, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

14.     Answering Paragraph 14, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

15.     Answering Paragraph 15, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

16.     Answering Paragraph 16, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

17.     Answering Paragraph 17, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

3

18.     Answering Paragraph 18, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

19.     Answering Paragraph 19, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

20.     Answering Paragraph 20, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

21.     Answering Paragraph 21, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

22.     Answering Paragraph 22, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

23.     Answering Paragraph 23, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

24.     Answering Paragraph 24, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

4

25.    Answering Paragraph 25, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

26.    Answering Paragraph 26, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

27.    Answering Paragraph 27, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

28.    Answering Paragraph 28, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

29.    Answering Paragraph 29, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

30.    Answering Paragraph 30, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

31.    Answering Paragraph 31, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

32.    Answering Paragraph 32, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

33.    Answering Paragraph 33, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

34.    Answering Paragraph 34, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

35.    Answering Paragraph 35, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

36.    Answering Paragraph 36, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

37.    Answering Paragraph 37, these answering Defendants deny.

38.    Answering Paragraph 38, these answering Defendants deny.

39.    Answering Paragraph 39, these answering Defendants deny.

40.    Answering Paragraph 40, these answering Defendants deny.

41.    Answering Paragraph 41, these answering Defendants deny.

6

42.     Answering Paragraph 42, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

43.     Answering Paragraph 43, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

44.     Answering Paragraph 44, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

45.     Answering Paragraph 45, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

46.     Answering Paragraph 46, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

47.     Answering Paragraph 47, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

48.     Answering Paragraph 48, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

7

49. Answering Paragraph 49, these answering Defendants reallege and incorporate herein by reference as though fully set forth their Answers to Paragraphs 1 through 48 as stated above.

50. Answering Paragraph 50, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

51. Answering Paragraph 51, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

52. Answering Paragraph 52, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

53. Answering Paragraph 53, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

54. Answering Paragraph 54, these answering Defendants reallege and incorporate herein by reference as though fully set forth their Answers to Paragraphs 1 through 53 as stated above.

55. Answering Paragraph 55, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

56.     Answering Paragraph 56, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

57.     Answering Paragraph 57, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

58.     Answering Paragraph 58, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

59.     Answering Paragraph 59, these answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted; therefore, deny the same and put the Plaintiff to her strict proof thereon.

## **<u>AFFIRMATIVE DEFENSES</u>**

As and for separate Affirmative Defenses, the Defendants allege and show to the Court as follows:

1.     Upon information and belief, Plaintiff has failed to state a claim upon which relief may be granted.

2.     Upon information and belief, there has been improper or incomplete service of process over these answering Defendants.

3.     Upon information and belief, this Court lacks personal jurisdiction over these answering Defendants.

9

4.    Upon information and belief, the Plaintiff's damages, if any, were caused by intervening or superseding causes.

5.    Upon information and belief, the Plaintiff's damages, if any, may have been caused by the actions or inactions of the Plaintiff.

6.    Upon information and belief, the Plaintiff's damages, if any, may have been caused by the actions or inactions of others, for whom these answering Defendants are not responsible.

7.    Upon information and belief, the injuries and damages, if any, suffered by the Plaintiff may have predated and pre-existed the accident herein complained of.

8.     Upon information and belief, the Plaintiff may have failed to mitigate her damages.

9.    Upon information and belief, the Plaintiff may have failed to name the necessary parties to this action.

10.    Upon information and belief, this action may be barred by the appropriate statute of limitations.

11.    For the purpose of following the applicable Wisconsin Statutes that obligate a defendant to preserve defenses in law or fact and/or affirmative defenses, allege all of the defenses and affirmative defenses required to be pled under §802.02(3) and §802.06(2), Wis. Stats. for the purpose of avoiding waiver of any such defenses, and further reserve the right to assert additional defenses and affirmative defenses as they are discovered during the course of this action.

**WHEREFORE**, the Defendants, Hattie and Jerry Mitchell, by and through their attorneys, Borgelt, Powell, Peterson & Frauen, S.C., on the merits *only*, demand judgment as follows:

A.  That the Plaintiff's Amended Complaint be dismissed on the merits and with judgment in favor of these Defendants;

10

B.  That these Defendants be awarded statutory costs and attorneys' fees; and

C.  That this Court grants whatever additional just and equitable relieve that it deems

proper.

Dated this 27th day of August, 2021

> **BORGELT, POWELL, PETERSON & FRAUEN, S.C.**
> Attorneys for Defendants, Hattie and Jerry Mitchell (merits counsel *only*)
> ***Electronically Signed By:***
>
> ***Andrea P. Goode***
> _____
> Andrea P. Goode (SBN 1049522)

P.O. ADDRESS
The Pabst Boiler House
1243 N. 10th Street
Suite 300
Milwaukee, WI 53205
Tel: (414) 276-3600
Fax: (414) 276-0172

11

**FILED**
**08-30-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Motion hearing**

| Date | Time | Location |
|------|------|----------|
| 09-15-2021 | 10:00 am | Milwaukee County Courthouse - Room 412 |
| **Circuit Court Judge/Circuit Court Commissioner** | | 901 N. Ninth Street |
| Pedro Colon-18 | | Milwaukee WI 53233 |
| **Re** | | |
| Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**\*\*PLEASE DO NOT APPEAR IN COURT\*\***

This hearing is being held via video and/or telephone conferencing.  You may join this hearing by video or phone

BY VIDEO:  https://zoom.us/join
BY PHONE:  1-312-626-6799 US (Chicago)

Join Zoom Meeting
https://wicourts.zoom.us/j/81804745271?pwd=ZFlsOEwyVXE3b0NTUGNGZUtFSU42UT09

Meeting ID: 818 0474 5271
Passcode: 922201
One tap mobile
+13126266799,,81804745271# US (Chicago)

If you have questions or problems connecting to zoom hearing, please call court at (414) 278-4519.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: August 30, 2021

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Armstrong Containers, Inc. | By its Registered Agent The Corporation Trust Co, 1209 Orange St, Wilmington, DE 19801 | Mail Notice |
| E.I. DuPont DeNemours & Co. | By its Registered Agent CT Corporation System, 301 S. Bedford St. Suite 1, Madison, WI 53703 | Mail Notice |
| The Atlantic Richfield Company | By its Registered Agent CT Corporation System, 301 S. Bedford St. Suite 1, Madison, WI 53703 | Mail Notice |
| The Sherwin Williams Company | By its Registered Agent Corporation Service Co, 8040 Excelsior Dr. Suite 400, Madison, WI 53717 | Mail Notice |

**This form shall not be modified. It may be supplemented with additional material.**

**FILED**
08-30-2021
John Barrett
**Clerk of Circuit Court**
2021CV003276

**Scheduling Conference Data Sheet- to be *Filed One Week Prior to Scheduling Conference***

**Print your Answers:**

| Court Branch **18** | Presiding Judge **Hon. Pedro Colon** | Room Number **412** | Scheduling Conference Date **9/7/21** | Case Number **2021-CV-3276** |
|---|---|---|---|---|

| Plaintiff(s)<br>Arrieona Beal | Attorneys(s) – name, address, bar number<br>Victor C. Harding<br>Warshafsky, Rotter, Tarnoff & Bloch, S.C.<br>839 N. Jefferson Street, Suite 300<br>Milwaukee, WI 53202<br>SBN: 01001754<br><br>Peter Earle<br>Law office of Peter Earle<br>839 N. Jefferson Street, Suite 300<br>Milwaukee, WI 53202<br>SBN: 1012176 |
|---|---|
| **Defendant(s)**<br>Hattie and Jerry Mitchell | Attorneys(s) – name, address, bar number<br>Andrea P. Goode (merits counsel)<br>Borgelt, Powell, Peterson & Frauen, S.C.<br>1243 N. 10th Street, Suite 300<br>Milwaukee, WI 53205<br>SBN: 1049522<br><br>Michael S. Murray<br>Kasdorf, Lewis & Swietlik, S.C.<br>11270 West Park Place, 5th Floor<br>Milwaukee, WI 53224<br>SBN: 1008851 |
| Armstrong Containers, Inc.<br>E.I. DuPont DeNemours & Co.<br>The Atlantic Richfield Company<br>The Sherwin Williams Company | No appearances |
| American Family Mutual Insurance Company, S.I. - Proposed Intervenor | Vicki L. Arrowood<br>Emile Banks & Associates, LLC<br>1200 North Mayfair Road, Suite 290<br>Milwaukee, WI 53226<br>SBN: 1009473 |
| **Subrogated Party(s)** | **Attorneys(s) – name, address, bar number** |

**General Nature of the Case:** (auto accident, other personal injury, money judgment, contract, etc.)
Alleged Lead Paint Exposure

**Issues Involved:**
Liability, Insurance Coverage, and Damages

**Please give a brief summary of the factual situation regarding the cause of action, or defense, including time, dates, location and ages of parties: claimed negligence, if tort action; claimed violation, if other action, etc.**

Plaintiff alleges she was exposed to lead paint while living at 1017 North 29th Street, Milwaukee, WI 53208 during 2001-2003, and is claiming injuries and damages therefrom.

**Please itemize claimed special damages:**

N/A

| Pleadings Completed: | Claim for Permanency | Med. Rpts Complted: | Med. Rpts Exchanged: | IME Anticipated: |
|---|---|---|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☐ No | ☐ Yes   ☒ No | ☐ Yes   ☒ No | ☒ Yes   ☐ No |

**Additional Comments: (use back if necessary)**

The complaint was recently amended to add various lead paint manufacturers.  American Family Mutual Insurance Company has filed a motion to intervene, bifurcate, and stay insurance coverage issues from the underlying merits.

**Submitted by:**  Andrea P. Goode (SBN 1049522)          **Date:**  8/30/21



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sheila L. Williams<br>The Sherwin-Williams Company<br>101 Prospect Avenue, N.W.<br>Cleveland, OH 44115-1093 |

| | |
|---|---|
| **Entity:** | The Sherwin-Williams Company<br>Entity ID Number  2470034 |
| **Entity Served:** | The Sherwin Williams Company |
| **Title of Action:** | Arrieona Beal vs. Hattie Mitchell |
| **Matter Name/ID:** | Arrieona Beal vs. Armstrong Containers, Inc (11523635) |
| **Document(s) Type:** | Notice of Hearing |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Milwaukee County Circuit Court, WI |
| **Case/Reference No:** | 2021CV003276 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 09/01/2021 |
| **Answer or Appearance Due:** | 09/15/2021 |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Clerk of Court<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | |
|---|---|
| **STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY** | **FILED**<br>08-30-2021<br>**John Barrett**<br>**Clerk of Circuit Court**<br>2021CV003276 |

Arrieona Beal vs. Hattie Mitchell et al       **Notice of Hearing**

Case No: 2021CV003276

> THE SHERWIN WILLIAMS COMPANY
> 8040 EXCELSIOR DR. SUITE 400
> BY ITS REGISTERED AGENT CORPORATION SERVICE CO
> MADISON WI 53717

This case is scheduled for: **Motion hearing**

| Date<br>09-15-2021 | Time<br>10:00 am | Location<br>Milwaukee County Courthouse - Room 412<br>901 N. Ninth Street<br>Milwaukee WI 53233 |
|---|---|---|
| Circuit Court Judge/Circuit Court Commissioner<br>Pedro Colon-18 | | |
| Re<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**\*\*PLEASE DO NOT APPEAR IN COURT\*\***

This hearing is being held via video and/or telephone conferencing.  You may join this hearing by video or phone

BY VIDEO:  https://zoom.us/join
BY PHONE:  1-312-626-6799 US (Chicago)

Join Zoom Meeting
https://wicourts.zoom.us/j/81804745271?pwd=ZFlsOEwyVXE3b0NTUGNGZUtFSU42UT09

Meeting ID: 818 0474 5271
Passcode: 922201
One tap mobile
+13126266799,,81804745271# US (Chicago)

If you have questions or problems connecting to zoom hearing, please call court at (414) 278-4519.

| | |
|---|---|
| **If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.** | Milwaukee County Circuit Court<br>Date: August 30, 2021 |

**DISTRIBUTION**

Victor c Harding

Andrea Pearson Goode

Michael Shawn Murray

Armstrong Containers, Inc.

E.I. DuPont DeNemours & Co.

The Atlantic Richfield Company

The Sherwin Williams Company

**STATE OF WISCONSIN, CIRCUIT COURT, <u>MILWAUKEE</u>_____ COUNTY**

# Instructions for How to Appear Remotely

Case No. _____

| Scheduled Activity | |
|---|---|
| SEE ATTACHED NOTICE OF HEARING | |

| Date | Time |
|---|---|
| | |

| **ZOOM MEETING INFORMATION** | |
|---|---|
| **Meeting Link:** | |
| **Meeting ID:** | |
| **Meeting Password:** | |

**Note: Zoom meeting information should be treated as confidential and not shared with anyone who is not a party to the case.**

## HOW TO APPEAR REMOTELY

Parties may appear at the hearing either by video or by phone using Zoom, a remote conferencing service provided for free.

### Instructions to Appear by Video Using a Computer

1. Copy and paste the Meeting Link shown above in your web browser <u>OR</u> go to <u>zoom.us</u>, click "JOIN A MEETING," and enter the Meeting ID shown above.

2. Enter the Meeting Password shown above.

**Note:** To appear by video using a computer, you are not required to download any software to use Zoom. You will need a web camera and microphone connected to your computer. If you <u>do not</u> have a microphone connected to your computer, follow the directions to appear by phone provided below. If you have a microphone connected to your computer, <u>do not</u> also call in by phone. Doing so will create audio feedback during the session.

### Instructions to Appear by Video Using a Smart Phone

1. Download the ZOOM Cloud Meetings app to your smartphone. (The app is free.)

2. Click "JOIN A MEETING."

3. Enter the Meeting ID shown above.

4. Enter the Meeting Password shown above.

**Note:** To appear using a smartphone, download the app in advance of the scheduled court hearing. Be sure your phone is adequately charged because using Zoom will significantly drain the phone's battery life.

### Instructions to Appear by Telephone Only

1. Call the following number: 1-312-626-6799  (phone number for the Zoom Central Time Zone)

2. Enter the Meeting ID shown above.

3. Enter the Meeting Password shown above.

4. If that phone number listed in Step 1 does not work, try one of the following numbers by location:
   a. 1-646-558-8656  US (New York)
   b. 1-346-248-7799 US (Houston)
   c. 1-669-900-9128 US (San Jose)



**JOHN BARRETT**  713 R8
CLERK OF CIRCUIT COURT
901 NORTH 9TH STREET · MILWAUKEE, WISCONSIN 53223

**ADDRESS SERVICE REQUESTED**



PRESORTED
FIRST CLASS

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 53233  $ 000.46¹
02 4W
0000377884 AUG 30. 2021

THE SHERWIN WILLIAMS COMPANY
8040 EXCELSIOR DR. SUITE 400
BY ITS REGISTERED AGENT CORPORATION
SERVICE CO
MADISON WI  53717

Case 2:22-cv-00378-PP   Filed 03/25/22   Page 131 of 399   Document 1-1

HZD-SAB  53717

FILED
09-02-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,              Case No. 2021CV003276

   vs.

                              Judge:  Pedro Colon

ARMSTRONG CONTAINERS, INC. ET AL.,

               Defendant.

## NOTICE OF APPEARANCE OF PAUL E. BENSON

PLEASE TAKE NOTICE that Paul E. Benson of Michael Best & Friedrich LLP has been retained as counsel for Defendant, E. I. du Pont de Nemours and Company, in connection with this lawsuit.  All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

Dated this 2nd day of September, 2021.

                        Respectfully submitted,

                        MICHAEL BEST & FRIEDRICH LLP

                        By:  ***Electronically signed by Paul E. Benson***
                            Paul E. Benson, #1001457
                            pebenson@michaelbest.com
                            790 North Water Street, Suite 2500
                            Milwaukee, WI 53202
                            Telephone: 414.271.6560
                            Facsimile: 414.277.0656

                        Attorney for Defendant E. I. du Pont de
                        Nemours and Company

**FILED**
**09-03-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

## Markley Investigations, Inc. • www.markleyinvestigations.com

515 North Court Street, #101, Rockford, IL 61103 • 3738 South Duggan Road, Beloit, WI 53511
(815) 316-1141 • shawn@markleyinvestigations.com • (608) 361-1520

I, _____Ramona Talvacchio_____, verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

### AFFIDAVIT
**Arrieona Beal**

**Milwaukee** County                      vs                      **State of Wisconsin**

**Armstrong Containers, Inc., et al.**

Case Number: **21CV3276**                                    **Check if NON-SERVE [ ]**

Type of document: **Amended Summons, Amended Complaint, Exhibit A, Summons, Complaint**

I served Armstrong Containers, Inc., c/o RA The Corporation Trust Company by giving a copy
to: _____Robin Huttbanks / Intake Specialist_____

Description of Person Served: Race_B__ Sex_F__ Hair_Blk_ Height_5'5"_ Weight_180_ Approx Age_59_
Date of Service:_____August 31, 2021_____ Time of Service:__11:05 AM_____AM/PM
Address of Service:_____1209 Orange St., Wilmington, DE 19801_____

[ ] A copy was also mailed, prepaid

Attempted Service Prior to Actual Service or Return for No-Service

1. Date/Time/Address:_____
Reason:_____
2. Date/Time/Address:_____
Reason:_____
3. Date/Time/Address:_____
Reason:_____
4. Date/Time/Address:_____
Reason:_____
5. Date/Time/Address:_____
Reason:_____
6. Date/Time/Address:_____
Reason:_____

Subscribed and Sworn to before me

this _31_ day of _AUGUST_, _2021_

My commission Expires: _MAY 14, 2023_

JOSEPH TALVACCHIO JR
Notary Public
State of Delaware
My Commission Expires on May 14, 2023

_____
Process Server Signature

Client #                                    Job # 80285

FILED
09-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

# Markley Investigations, Inc. • www.markleyinvestigations.com

515 North Court Street, #101, Rockford, IL 61103 • 3738 South Duggan Road, Beloit, WI 53511
(815) 316-1141 • shawn@markleyinvestigations.com • (608) 361-1520

I, __MARK MURPHY_____, verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

## AFFIDAVIT

**Milwaukee County**

**Arrieona Beal**
vs
**Armstrong Containers, Inc., et al.**

**State of Wisconsin**

Case Number: **21CV3276**                                          **Check if NON-SERVE [ ]**
Type of document: **Amended Summons, Amended Complaint, Exhibit A, Summons, Complaint**

I served The Atlantic Richfield Co., c/o RA CT Corp. System by giving a copy
to: __STEVE KNOTS — RESEARCH_____
Description of Person Served: Race __W__ Sex __M__ Hair __BLUE__ Height __60"__ Weight __160__ Approx Age __20S__
Date of Service: __8-27-21__                    Time of Service: __10:35AM__                    AM/PM
Address of Service: __301 SREDFORD ST #1) MADSNUT_____
[ ] A copy was also mailed, prepaid

### Attempted Service Prior to Actual Service or Return for No-Service
1. Date/Time/Address:_____
Reason:_____
2. Date/Time/Address:_____
Reason:_____
3. Date/Time/Address:_____
Reason:_____
4. Date/Time/Address:_____
Reason:_____
5. Date/Time/Address:_____
Reason:_____
6. Date/Time/Address:_____
Reason:_____

Subscribed and Sworn to before me

this __30th__ day of __August__, __2021__

_____
My commission Expires:_____

Process Server Signature

Client #                                          Job # 80287

FILED
09-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

## Markley Investigations, Inc. • www.markleyinvestigations.com
515 North Court Street, #101, Rockford, IL 61103 • 3738 South Duggan Road, Beloit, WI 53511
(815) 316-1141 • shawn@markleyinvestigations.com • (608) 361-1520

I, __MARK MURPHY__, verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

### AFFIDAVIT
**Arrieona Beal**

**Milwaukee** County

vs

**Armstrong Containers, Inc., et al.**

**State of Wisconsin**

Case Number: **21CV3276**

**Check if NON-SERVE [ ]**

Type of document: **Amended Summons, Amended Complaint, Exhibit A, Summons, Complaint**

I served E.I. Dupont Denemours & Co., c/o RA CT Corp. System by giving a copy
to: __STEVE  KARES- RESEARCH__
Description of Person Served: Race __W__ Sex __M__ Hair __BLUE__ Height __60"__ Weight __160__ Approx Age __20s__
Date of Service: __8-27-21__ Time of Service: __10:35 AM__ AM/PM
Address of Service: __301 SBEDFRD #1 MADISON WI 53703__
[ ] A copy was also mailed, prepaid

#### Attempted Service Prior to Actual Service or Return for No-Service
1. Date/Time/Address: _____
Reason: _____
2. Date/Time/Address: _____
Reason: _____
3. Date/Time/Address: _____
Reason: _____
4. Date/Time/Address: _____
Reason: _____
5. Date/Time/Address: _____
Reason: _____
6. Date/Time/Address: _____
Reason: _____

Subscribed and Sworn to before me

this __30th__ day of __August__, 2021

My commission Expires: __4-17-25__

Process Server Signature

Client #

Job # 80288

FILED
09-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

# Markley Investigations, Inc. • www.markleyinvestigations.com

515 North Court Street, #101, Rockford, IL 61101 • 3738 South Duggan Road, Beloit, WI 53511
(815) 316-1141 • shawn@markleyinvestigations.com • (608) 361-1520

I, MARK MURDON _____, verify that I have served the legal documents as indicated below. I verify that if this paper was sub-served that the person who received this paper was of legal age to receive paper and a co-resident. If this was a corporate serve, the person receiving the paper was authorized to accept service. I am over the age of 18, and not a party to the action, authorized to serve the paper, and did identify the named person or business at the time of service.

## AFFIDAVIT
### Arrieona Beal

**Milwaukee** County

vs

**State of Wisconsin**

### Armstrong Containers, Inc., et al.

Case Number: **21CV3276**

Check if NON-SERVE [ ]

Type of document: **Amended Summons, Amended Complaint, Exhibit A, Summons, Complaint**

I served The Sherwin-Williams Company, c/o RA CSC by giving a copy
to: JOHN LONG - CLERK

Description of Person Served: Race W Sex M Hair BALD Height 6'0" Weight 200 Approx Age 40s
Date of Service: 8-27-21 _____ Time of Service: 11:35 AM _____ AM/PM
Address of Service: 8040 EXCELSIOR Dr. # 400 MADISON WI 53717

[ ] A copy was also mailed, prepaid

Attempted Service Prior to Actual Service or Return for No-Service

1. Date/Time/Address:_____
Reason:_____
2. Date/Time/Address:_____
Reason:_____
3. Date/Time/Address:_____
Reason:_____
4. Date/Time/Address:_____
Reason:_____
5. Date/Time/Address:_____
Reason:_____
6. Date/Time/Address:_____
Reason:_____

Subscribed and Sworn to before me

this 30th day of August, 2021

My commission Expires:_____

Process Server Signature

Client # _____

Job # 80289

FILED
09-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

---

ARRIEONA BEAL,

      Plaintiff,

    v.                                                    Case No. 21-CV-003276

ARMSTRONG CONTAINERS, INC.,

E.I. DUPONT DE NEMOURS & CO.,

THE ATLANTIC RICHFIELD CO.,

THE SHERWIN-WILLIAMS CO.,

HATTIE AND JERRY MITCHELL,

      Defendants.

---

**NOTICE OF APPEARANCE**

---

PLEASE TAKE NOTICE that **Bascom, Budish & Ceman, S.C.**, by Timothy A. Bascom, has been retained as counsel of record for the Defendant, Armstrong Containers, Inc., in the above-captioned matter and requests that all future notices and pleadings be served upon the undersigned at the address set forth below.

Dated this 3rd day of September, 2021.

**[signature page to follow]**

**BASCOM, BUDISH & CEMAN, S.C.**
Attorneys for Defendant
Armstrong Containers

 /s/ *Timothy A. Bascom*
Timothy A. Bascom
tbascom@bbclaw.com
State Bar No. 1010017

**P. O. Address**:
Bascom, Budish & Ceman, S.C.
W193 N10975 Kleinmann Drive
Germantown, WI  53022
T: 414-476-0800

2

**STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

ARMSTRONG CONTAINERS, INC.
BY ITS REGISTERED AGENT THE CORPORATION TRUST CO
1209 ORANGE ST
WILMINGTON DE 19801

For 2021CV003276, the electronic notice preference for Paul E. Benson, Wisconsin attorney for E.I. DuPont DeNemours & Co., has changed.

Paul E. Benson has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 6, 2021

**STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Electronic Notice**
                                                           **Status Change**

                                                           Case No: 2021CV003276

THE ATLANTIC RICHFIELD COMPANY
BY ITS REGISTERED AGENT CT CORPORATION SYSTEM
301 S. BEDFORD ST. SUITE 1
MADISON WI 53703

For 2021CV003276, the electronic notice preference for Paul E. Benson, Wisconsin
attorney for E.I. DuPont DeNemours & Co., has changed.

Paul E. Benson has registered as an electronic notice party and has agreed to file any
documents and receive all communications from the court for this case electronically.
You will no longer need to provide traditional paper documents to this party. You still
need to provide traditional paper documents to the court and any other parties who are
not electronically filing.

If you have any questions regarding this notice, please contact our office at
414-278-4120.

                              Milwaukee County Circuit Court
                              Date: September 6, 2021

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al         **Electronic Notice**
**Status Change**

Case No: 2021CV003276

THE SHERWIN WILLIAMS COMPANY
BY ITS REGISTERED AGENT CORPORATION SERVICE CO
8040 EXCELSIOR DR. SUITE 400
MADISON WI 53717

For 2021CV003276, the electronic notice preference for Paul E. Benson, Wisconsin attorney for E.I. DuPont DeNemours & Co., has changed.

Paul E. Benson has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 6, 2021

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

THE ATLANTIC RICHFIELD COMPANY
BY ITS REGISTERED AGENT CT CORPORATION SYSTEM
301 S. BEDFORD ST. SUITE 1
MADISON WI 53703

For 2021CV003276, the electronic notice preference for Timothy Andrew Bascom, Wisconsin attorney for Armstrong Containers, Inc., has changed.

Timothy Andrew Bascom has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 6, 2021

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

THE SHERWIN WILLIAMS COMPANY
BY ITS REGISTERED AGENT CORPORATION SERVICE CO
8040 EXCELSIOR DR. SUITE 400
MADISON WI 53717

For 2021CV003276, the electronic notice preference for Timothy Andrew Bascom, Wisconsin attorney for Armstrong Containers, Inc., has changed.

Timothy Andrew Bascom has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 6, 2021

FILED
09-13-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,

     v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

               Defendants.

Case No. 2021CV003276

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE,** that the law office of Godfrey & Kahn, S.C., by Attorney

Daniel T. Flaherty, hereby enters an appearance in the above-captioned matter on behalf of

Defendant The Atlantic Richfield Company, and hereby requests that all pleadings or other

correspondence be provided to counsel through the Court's ECF system and, where required, at

their office at 100 West Lawrence Street, Appleton, WI  54911-5754.

Dated this 13th day of September, 2021.

GODFREY & KAHN, S.C.

By: _Electronically signed by Daniel T. Flaherty_
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

25896848.1

2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

THE SHERWIN WILLIAMS COMPANY
BY ITS REGISTERED AGENT CORPORATION SERVICE CO
8040 EXCELSIOR DR. SUITE 400
MADISON WI 53717

For 2021CV003276, the electronic notice preference for Daniel T. Flaherty, Wisconsin attorney for The Atlantic Richfield Company, has changed.

Daniel T. Flaherty has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 14, 2021

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al      **Electronic Notice**
**Status Change**

Case No: 2021CV003276

THE SHERWIN WILLIAMS COMPANY
BY ITS REGISTERED AGENT CORPORATION SERVICE CO
8040 EXCELSIOR DR. SUITE 400
MADISON WI 53717

For 2021CV003276, the electronic notice preference for Anthony Scott Baish, Wisconsin attorney for The Atlantic Richfield Company, has changed.

Anthony Scott Baish has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: September 14, 2021

This form shall not be modified. It may be supplemented with additional material.

FILED
09-14-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

                Defendants.

Case No. 2021CV003276

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE,** that the law office of Godfrey & Kahn, S.C., by Attorney Anthony S. Baish, hereby enters an appearance in the above-captioned matter on behalf of Defendant The Atlantic Richfield Company, and hereby requests that all pleadings or other correspondence be provided to counsel through the Court's ECF system and, where required, at their office at 833 East Michigan Street, Suite 1800, Milwaukee, WI  53202-5615.

Dated this 14th day of September, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by Anthony S. Baish*
     Daniel T. Flaherty
     State Bar No. 1011357
     Anthony S. Baish
     State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

25903087.1

2

FILED
09-14-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

     Plaintiff,     Case No. 2021CV003276

  v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

     Defendants.

## REQUEST FOR SUBSTITUTION OF JUDGE
## PURSUANT TO WIS. STAT. § 801.58(1)

TO: Clerk of Circuit Court
  Milwaukee County Circuit Court
  901. North 9th Street
  Milwaukee, WI  53203

  Pursuant to Wisconsin Statutes §801.58, Defendant The Atlantic Richfield Co. ("Atlantic Richfield"), by its undersigned counsel, hereby requests substitution of a new judge for the judge currently assigned to the above-captioned matter.  This request is made prior to the hearing of any preliminary contested matter, and not later than sixty days after the service of the Amended Summons and Amended Complaint on Atlantic Richfield.

Dated this 14th day of September, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by Daniel T.Flaherty*
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

25896944.1

2

FILED
09-14-2021
John Barrett
Clerk of Circuit Court
2021CV003276

BY THE COURT:

DATE SIGNED: September 14, 2021

Electronically signed by Honorable Pedro A. Colon
Circuit Court Judge

**State of Wisconsin     Circuit Court          Milwaukee County**

**Arrieona Beal,**
**Plaintiff**                                   **Reassignment and Exchange Form**
                                                **Case Number  21CV3276**
**Vs.**
                                                **Class Code  30107**

**Hattie Mitchell, et al.,**
**Defendant**

**A substitution, disqualification or recusal of judge has been filed in this action.**

**Reason for disqualification/recusal:  Defendant has filed a Request for Substitution of Judge.**

**The above entitled cause is to be reassigned according to the rules.**

**_____          _____**
**Chief Judge                               Circuit Court Judge**

**Dated_____**

**Reassigned to Br#_____, Judge_____**
**according to rules.**

**Assigned court may/may not return a like case to Branch_____:Case #_____**

FILED
09-14-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY
CIVIL DIVISION

ARRIEONA BEAL,

  Plaintiff,

 v.            Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

  Defendants.

## NOTICE OF APPEARANCE

 **PLEASE TAKE NOTICE** that Jeffrey K. Spoerk of Quarles & Brady LLP appears for and represents The Sherwin-Williams Co. in the above-entitled matter.  I respectfully request that all further notices, pleadings, proceedings, or other communications in this matter be served upon me at the addresses shown below.

 Dated this 16th day of September, 2021.

        *Electronically Signed by Jeffrey K. Spoerk*
        Jeffrey K. Spoerk, Esq. (1005405)
        Andrew T. Stoker, Esq. (1104067)
        QUARLES & BRADY LLP
        411 East Wisconsin Avenue, Suite 2400
        Milwaukee, WI  53202
        Telephone:  (414) 277-5000
        Fax:  (414) 271-3552
        Email:  jeff.spoerk@quarles.com
        Email:  andrew.stoker@quarles.com

        *Attorneys for Defendant The Sherwin-Williams Co.*

FILED
09-14-2021
John Barrett
Clerk of Circuit Court
2021CV003276

BY THE COURT:

DATE SIGNED: September 14, 2021

Electronically signed by Honorable Pedro A. Colon
Circuit Court Judge

State of Wisconsin    Circuit Court    Milwaukee County

Arrieona Beal,
Plaintiff                            Reassignment and Exchange Form
                                     Case Number  21CV3276
Vs.

                                     Class Code  30107

Hattie Mitchell, et al.,
Defendant

A substitution, disqualification or recusal of judge has been filed in this action.

Reason for disqualification/recusal:  Defendant has filed a Request for Substitution
of Judge.

The above entitled cause is to be reassigned according to the rules.

_____        _____
Chief Judge                            Circuit Court Judge

Dated __9/15/21__

Reassigned to Br# __14__, Judge __Foley__
according to rules.

Assigned court may/may not return a like case to Branch_____:Case #_____

**FILED**
**09-15-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**STATE OF WISCONSIN**　　　　**CIRCUIT COURT**　　　　**MILWAUKEE COUNTY**

---

Arrieona Beal vs. Hattie Mitchell et al　　　　　　**Notice of Hearing**

Case No: 2021CV003276

---

COURT ORIGINAL

This case is scheduled for: **Notice**

| Date<br>09-15-2021 | Time<br>09:00 am | Location<br>Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Christopher R. Foley-14 | | 901 N. Ninth Street<br>Milwaukee WI 53233 |
| **Re**<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

THIS IS ONLY A NOTICE, AN APPEARANCE IS NOT REQUIRED.

The above-entitled case has been transferred to Judge Foley for disposition due to the substitution/disqualification of Judge Colon. Any papers filed after the date of this Notice must be filed with the clerk of the newly assigned Judge.

PENDING DATES MUST BE RESCHEDULED WITH THE CLERK OF THE NEWLY ASSIGNED JUDGE.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: September 15, 2021

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Timothy Andrew Bascom | | Electronic Notice |
| Paul E. Benson | | Electronic Notice |
| Anthony Scott Baish | | Electronic Notice |
| Daniel T. Flaherty | | Electronic Notice |
| Jeffrey K. Spoerk | | Electronic Notice |

FILED
09-15-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN　　CIRCUIT COURT　　MILWAUKEE COUNTY
CIVIL DIVISION

ARRIEONA BEAL,

        Plaintiff,

    v.　　　　　　　　　　　　　　　　Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

        Defendants.

---

## NOTICE OF APPEARANCE

    **PLEASE TAKE NOTICE** that Andrew T. Stoker of Quarles & Brady LLP appears for and represents The Sherwin-Williams Co. in the above-entitled matter.  I respectfully request that all further notices, pleadings, proceedings, or other communications in this matter be served upon me at the addresses shown below.

    Dated this 14th day of September, 2021.

                *Electronically Signed by Andrew T. Stoker*
                Jeffrey K. Spoerk, Esq. (1005405)
                Andrew T. Stoker, Esq. (1104067)
                QUARLES & BRADY LLP
                411 East Wisconsin Avenue, Suite 2400
                Milwaukee, WI  53202
                Telephone:  (414) 277-5000
                Fax:  (414) 271-3552
                Email:  jeff.spoerk@quarles.com
                Email:  andrew.stoker@quarles.com

                *Attorneys for Defendant The Sherwin-Williams Co.*

**FILED**
**09-15-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT**<br>**CIVIL DIVISION** | **MILWAUKEE COUNTY** |

ARRIEONA BEAL,

        Plaintiff,

    v.                            Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

        Defendants.

---

## MOTION FOR ADMISSION *PRO HAC VICE*

---

The Sherwin-Williams Company, by its counsel, Quarles & Brady LLP, moves this Honorable Court to enter an Order admitting JENNIFER B. FLANNERY to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant The Sherwin-Williams Co. and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of JENNIFER B. FLANNERY attached hereto, and in support thereof, shows until this Honorable Court, as follows:

    1.    JENNIFER B. FLANNERY is an attorney at law, duly licensed and practicing as such in the State of Georgia.

    2.    We have conferred with all counsel and are authorized to state that they do not oppose the motion.

    3.    JENNIFER B. FLANNERY represents Defendant The Sherwin-Williams Co. in other matters concerning product liability allegations similar to those at issue in this matter.

4.    JENNIFER B. FLANNERY is not now, and has not been, under any disciplinary order of any state bar association.

5.    As to matters arising or pertaining to the above-entitled cause, JENNIFER B. FLANNERY subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

6.    I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this cause on behalf of the Defendant The Sherwin-Williams Co.

WHEREFORE, Defendant The Sherwin-Williams Co., respectfully requests that this Honorable Court grant the instant Motion and allow JENNIFER B. FLANNERY to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant The Sherwin-Williams Co.

Dated this 15th day of September, 2021.

> *Electronically Signed by Jeffrey K. Spoerk*
> Jeffrey K. Spoerk, Esq. (1005405)
> Andrew T. Stoker, Esq. (1104067)
> QUARLES & BRADY LLP
> 411 East Wisconsin Avenue, Suite 2400
> Milwaukee, WI 53202
> Telephone: (414) 277-5000
> Fax: (414) 271-3552
> Email: jeff.spoerk@quarles.com
> Email: andrew.stoker@quarles.com
>
> *Attorneys for Defendant The Sherwin-Williams Co.*

2

**STATE OF WISCONSIN, CIRCUIT COURT,**  Milwaukee    **COUNTY**

Case Caption: Arrieona Beal vs. Armstrong
Containers, Inc , E.I. DuPont
Denemours & Co., The Atlantic
Richfield Co., The Sherwin-Williams
Co., Hattie and Jerry Mitchell

**Application for
Pro Hac Vice Admission**

Case No.   2021CV003276

### I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   The Sherwin-Williams Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Georgia and Ohio

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Jeffrey K. Spoerk        , State Bar No. 1005405
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent The Sherwin-Williams Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case.  Thus, I seek to represent The Sherwin-Williams Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin [ 0 ] previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Jennifer B. Flannery     9/9/2021 8:33:17 AM | Telephone Number<br>404-581-8008 |
|---|---|
| Name Printed<br>Ms. Jennifer Flannery | Email Address (if any)<br>jbflannery@jonesday.com |
| Address of Principal Office<br>1221 Peachtree Street NE, Atlanta, GA, 30361, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                SCR 10.03(4)



**STATE BAR**
**OF WISCONSIN**

## Receipt:

Name on the card:              Ms. Jennifer Flannery

Payment Total:                          $250.00

Payment Date:              9/9/2021 8:33:17 AM

Payment Method:  Card ending with:          *1009

Transaction Number:          AR3E7A27CEE0

FILED
09-15-2021
John Barrett
Clerk of Circuit Court
2021CV003276

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |
|---|---|---|

ARRIEONA BEAL,

       Plaintiff,

   v.                              Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

       Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JENNIFER B. FLANNERY

     **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney JENNIFER B. FLANNERY *pro hac vice* by the attorney JEFFREY K. SPOERK and upon the Application for Admission *Pro Hac Vice* of JENNIFER B. FLANNERY and the Affidavit of JENNIFER B. FLANNERY and its accompanying attachments,

     **IT IS HEREBY ORDERED** that JENNIFER B. FLANNERY be admitted to practice before this Court *pro hac vice* for purposes of this matter.

FILED
09-15-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**
                            **CIVIL DIVISION**

ARRIEONA BEAL,

       Plaintiff,

      v.                                        Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

       Defendants.

---

### MOTION FOR ADMISSION *PRO HAC VICE*

The Sherwin-Williams Company, by its counsel, Quarles & Brady LLP, moves this Honorable Court to enter an Order admitting TRACY K. STRATFORD to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant The Sherwin-Williams Co. and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of TRACY K. STRATFORD attached hereto, and in support thereof, shows until this Honorable Court, as follows:

1.    TRACY K. STRATFORD is an attorney at law, duly licensed and practicing as such in the State of Ohio.

2.    We have conferred with all counsel and are authorized to state that they do not oppose the motion.

3.    TRACY K. STRATFORD represents Defendant The Sherwin-Williams Co. in other matters concerning product liability allegations similar to those at issue in this matter.

4.     TRACY K. STRATFORD is not now, and has not been, under any disciplinary order of any state bar association.

5.     As to matters arising or pertaining to the above-entitled cause, TRACY K. STRATFORD subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

6.     I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this cause on behalf of the Defendant The Sherwin-Williams Co.

WHEREFORE, Defendant The Sherwin-Williams Co., respectfully requests that this Honorable Court grant the instant Motion and allow TRACY K. STRATFORD to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant The Sherwin-Williams Co.

Dated this 15th day of September, 2021.

*Electronically Signed by Jeffrey K. Spoerk*
Jeffrey K. Spoerk, Esq. (1005405)
Andrew T. Stoker, Esq. (1104067)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone: (414) 277-5000
Fax: (414) 271-3552
Email: jeff.spoerk@quarles.com
Email: andrew.stoker@quarles.com

*Attorneys for Defendant The Sherwin-Williams Co.*

2

| STATE OF WISCONSIN, CIRCUIT COURT, Milwaukee | COUNTY |
|---|---|

| Case Caption: Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No.   2021CV003276PC |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   The Sherwin-Williams Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Ohio

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Jeffrey K. Spoerk          , State Bar No. 1005405
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent The Sherwin-Williams Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case. Thus, I seek to represent The Sherwin-Williams Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ⸤ 0 ⸥ previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Tracy K. Stratford        9/9/2021 11:58:18 AM | Telephone Number<br>216-586-7288 |
|---|---|
| Name Printed<br>Ms. Tracy Stratford | Email Address (if any)<br>tkstratford@jonesday.com |
| Address of Principal Office<br>901 Lakeside Ave, Cleveland, OH, 44114, United States | |

CA-180, 08/20 Application for Pro Hac Vice This form meets the requirements of Appendix A to SCR 10.03                SCR 10.03(4)



## Receipt:

Name on the card:            Ms. Tracy Stratford

Payment Total:                    $250.00

Payment Date:                9/9/2021 11:58:18 AM

Payment Method:  Card ending with:        *9000

Transaction Number:        AM3E3DC14ABF

FILED
09-15-2021
John Barrett
Clerk of Circuit Court
2021CV003276

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |
| --- | --- | --- |

ARRIEONA BEAL,

      Plaintiff,

    v.                                    Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

      Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY TRACY K. STRATFORD

      **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney TRACY K. STRATFORD *pro hac vice* by the attorney JEFFREY K. SPOERK and upon the Application for Admission *Pro Hac Vice* of TRACY K. STRATFORD and the Affidavit of TRACY K. STRATFORD and its accompanying attachments,

      **IT IS HEREBY ORDERED** that TRACY K. STRATFORD be admitted to practice before this Court *pro hac vice* for purposes of this matter.

**FILED**
**09-22-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Telephone motion hearing**

| Date<br>10-20-2021 | Time<br>03:00 pm | Location<br>Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Christopher R. Foley-14 | | 901 N. Ninth Street<br>Milwaukee WI 53233 |
| **Re**<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

Motion to Intervene, bifurcate and stay, filed on 8/16/2021 by American Family
PLEASE DO NOT APPEAR IN COURT. THIS MATTER WILL TAKE PLACE BY PHONE. PARTIES SHOULD ARRANGE A CONFERENCE CALL AND CALL THE COURT AT 414-278-4582.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: September 22, 2021

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Timothy Andrew Bascom | | Electronic Notice |
| Paul E. Benson | | Electronic Notice |
| Anthony Scott Baish | | Electronic Notice |
| Daniel T. Flaherty | | Electronic Notice |
| Jeffrey K. Spoerk | | Electronic Notice |
| Andrew T Stoker | | Electronic Notice |

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

FILED
09-22-2021
John Barrett
Clerk of Circuit Court
2021CV003276

Arrieona Beal vs. Hattie Mitchell et al     **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Telephone motion hearing**

| Date 10-20-2021 | Time 03:00 pm | Location Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Christopher R. Foley-14 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

Motion to Intervene, bifurcate and stay, filed on 8/16/2021 by American Family
PLEASE DO NOT APPEAR IN COURT. THIS MATTER WILL TAKE PLACE BY PHONE. PARTIES SHOULD ARRANGE A CONFERENCE CALL AND CALL THE COURT AT 414-278-4582.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: September 22, 2021

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Timothy Andrew Bascom | | Electronic Notice |
| Paul E. Benson | | Electronic Notice |
| Anthony Scott Baish | | Electronic Notice |
| Daniel T. Flaherty | | Electronic Notice |
| Jeffrey K. Spoerk | | Electronic Notice |
| Andrew T Stoker | | Electronic Notice |

**FILED**
**09-30-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

---

ARRIEONA BEAL,

             Plaintiff,            Case No. 2021CV003276

   vs.

                                 Judge: Pedro Colon

ARMSTRONG CONTAINERS, INC. ET AL.,

             Defendant.

---

### NOTICE OF APPEARANCE OF ALEXANDER M. DEGUIRE

---

PLEASE TAKE NOTICE that Alexander M. DeGuire of Michael Best & Friedrich LLP has been retained as counsel for Defendant, E. I. du Pont de Nemours and Company, in connection with this lawsuit.  All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

Dated this 30th day of September, 2021.

             Respectfully submitted,

             MICHAEL BEST & FRIEDRICH LLP

             By: ***Electronically signed by Alexander M. DeGuire***
                  Alexander M. DeGuire, #1097948
                  amdeguire@michaelbest.com
                  790 North Water Street, Suite 2500
                  Milwaukee, WI 53202
                  Telephone: 414.271.6560
                  Facsimile: 414.277.0656

             Attorney for Defendant E. I. du Pont de Nemours and Company

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: October 7, 2021

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |
| --- | --- | --- |

ARRIEONA BEAL,

     Plaintiff,

    v.                     Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

     Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY TRACY K. STRATFORD

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney TRACY K. STRATFORD *pro hac vice* by the attorney JEFFREY K. SPOERK and upon the Application for Admission *Pro Hac Vice* of TRACY K. STRATFORD and the Affidavit of TRACY K. STRATFORD and its accompanying attachments,

**IT IS HEREBY ORDERED** that TRACY K. STRATFORD be admitted to practice before this Court *pro hac vice* for purposes of this matter.

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: October 7, 2021

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY | |
|---|---|---|---|

ARRIEONA BEAL,

      Plaintiff,

    v.                           Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

      Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JENNIFER B. FLANNERY

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney JENNIFER B. FLANNERY *pro hac vice* by the attorney JEFFREY K. SPOERK and upon the Application for Admission *Pro Hac Vice* of JENNIFER B. FLANNERY and the Affidavit of JENNIFER B. FLANNERY and its accompanying attachments,

**IT IS HEREBY ORDERED** that JENNIFER B. FLANNERY be admitted to practice before this Court *pro hac vice* for purposes of this matter.

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

Case No. 2021CV003276

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

                Defendants.

## *MOTION FOR ADMISSION PRO HAC VICE*

Atlantic Richfield Company, by its counsel, Godfrey & Kahn, S.C., moves this Court to enter an Order admitting Matthew D. Grant to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of Mr. Grant attached hereto, and in support thereof states as follows:

1.      Mr. Grant is an attorney at law, duly licensed and practicing as such in the State of New York.

2.      Mr. Grant represents Defendant Atlantic Richfield Company in other matters concerning product liability allegations similar to those at issue in this matter.

3.      Mr. Grant is not now, and has not been, under any disciplinary order of any state bar association.

4.      As to matters arising or pertaining to the above-entitled case, Mr. Grant subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

5.      I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this case on behalf of the Defendant Atlantic Richfield Company.

WHEREFORE, Defendant Atlantic Richfield Company respectfully requests that the Court grant the instant Motion and allow Mr. Grant to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company.

Dated this 7th day of October, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by Anthony S. Baish*
  Daniel T. Flaherty
  State Bar No. 1011357
  Anthony S. Baish
  State Bar No. 1031577

*Attorneys for Defendant Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26011020.1

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee                    **COUNTY**

| Case Caption: Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No.   2021CV003276 |

## I DECLARE UNDER PENALTY OF PERJURY:

1.  That I seek to appear pro hac vice in order to represent
    Defendant Atlantic Richfield Company
    in the above-captioned matter;

2.  That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
    New York

3.  That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so,please explain):
    N/A

4.  That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):
    N/A

5.  That I am associated with Attorney Atty. Anthony Scott Baish          , State Bar No. 1031577
    an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6.  That I do not practice or hold out to practice law in the State of Wisconsin;

7.  That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8.  That I have complied fully with SCR Rule 10.03 (4);

9.  That I am applying for admission pro hac vice for the following reasons:
    I regularly represent The Atlantic Richfield Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case.  Thus, I seek to represent The Atlantic Richfield Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ⎡ 0 ⎤ previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney | Telephone Number |
|---|---|
| Matthew D. Grant        10/5/2021 12:14:26 PM | 212-836-8000 |
| Name Printed | Email Address (if any) |
| Mr. Matthew Grant | matthew.grant@arnoldporter.com |
| Address of Principal Office | |
| 250 West 55th Street, New York, NY, 10019, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                    SCR 10.03(4)



**STATE BAR OF WISCONSIN**

## Receipt:

Name on the card:        Mr. Matthew Grant

Payment Total:        $250.00

Payment Date:        10/5/2021 12:14:26 PM

Payment Method:  Card ending with:        *2390

Transaction Number:        AM0E3E1C3D16

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

          Plaintiff,

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

          Defendants.

Case No. 2021CV003276

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY MATTHEW D. GRANT

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

Attorney Matthew D. Grant *pro hac vice* by Attorney Anthony S. Baish, and upon the

Application for Admission *Pro Hac Vice* of Mr. Grant,

    **IT IS HEREBY ORDERED** that Matthew D. Grant be admitted to practice before this

Court *pro hac vice* for purposes of this matter.

Dated this _____ day of _____, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by DRAFT*
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

25914087.1

2

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT   :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

      v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

                Defendants.

Case No. 2021CV003276

---

## *MOTION FOR ADMISSION PRO HAC VICE*

Atlantic Richfield Company, by its counsel, Godfrey & Kahn, S.C., moves this Court to enter an Order admitting Sean Morris to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of Mr. Morris attached hereto, and in support thereof states as follows:

1.      Mr. Morris is an attorney at law, duly licensed and practicing as such in the State of California.  He also is a duly licensed member of the bar of the State of New York.

2.      Mr. Morris represents Defendant Atlantic Richfield Company in other matters concerning product liability allegations similar to those at issue in this matter.

3.      Mr. Morris is not now, and has not been, under any disciplinary order of any state bar association.

4.      As to matters arising or pertaining to the above-captioned case, Mr. Morris subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

5.      I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this case on behalf of the Defendant Atlantic Richfield Company.

WHEREFORE, Defendant Atlantic Richfield Company respectfully requests that the Court grant the instant Motion and allow Mr. Morris to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company.

Dated this 7th day of October, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by Anthony S. Baish*
        Daniel T. Flaherty
        State Bar No. 1011357
        Anthony S. Baish
        State Bar No. 1031577

*Attorneys for Defendant Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26011098.1

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee                    **COUNTY**

| Case Caption: Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
|---|---|---|
| | Case No.  2021CV003276PC | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Defendant Atlantic Richfield Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   California and New York

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):
   N/A

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):
   N/A

5. That I am associated with Attorney Atty. Anthony Scott Baish          , State Bar No. 1031577
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent the Atlantic Richfield Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case.  Thus, I seek to represent the Atlantic Richfield Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ☐ 0 previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Sean Morris          10/6/2021 7:30:33 PM | Telephone Number<br> 213-243-4000 |
|---|---|
| Name Printed<br> Mr. Sean Morris | Email Address (if any)<br> sean.morris@arnoldporter.com |
| Address of Principal Office<br> 777 S. Figueroa Street, Los Angeles, CA, 90017, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03          SCR 10.03(4)



## Receipt:

| | |
|---|---|
| Name on the card: | Mr. Sean Morris |
| Payment Total: | $250.00 |
| Payment Date: | 10/6/2021 7:30:33 PM |
| Payment Method:  Card ending with: | *1912 |
| Transaction Number: | AG0E5A2EC3D3 |

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

          Plaintiff,

Case No. 2021CV003276

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

          Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY SEAN MORRIS

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

Attorney Sean Morris *pro hac vice* by Attorney Anthony S. Baish, and upon the Application for

Admission *Pro Hac Vice* of Mr. Morris,

    **IT IS HEREBY ORDERED** that Sean Morris be admitted to practice before this Court

*pro hac vice* for purposes of this matter.

Dated this \_\_\_\_\_ day of _____, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by DRAFT*
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26032020.1

2

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

       v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

                Defendants.

Case No. 2021CV003276

---

### *MOTION FOR ADMISSION PRO HAC VICE*

Atlantic Richfield Company, by its counsel, Godfrey & Kahn, S.C., moves this Court to enter an Order admitting William H. Voth to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of Mr. Voth attached hereto, and in support thereof states as follows:

1.      Mr. Voth is an attorney at law, duly licensed and practicing as such in the State of New York.

2.      Mr. Voth represents Defendant Atlantic Richfield Company in other matters concerning product liability allegations similar to those at issue in this matter.

3.      Mr. Voth is not now, and has not been, under any disciplinary order of any state bar association.

4.      As to matters arising or pertaining to the above-entitled case, Mr. Voth subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

5.      I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this case on behalf of the Defendant Atlantic Richfield Company.

WHEREFORE, Defendant Atlantic Richfield Company respectfully requests that the Court grant the instant Motion and allow Mr. Voth to appear and practice before this Court *pro hac vice* on behalf of Defendant Atlantic Richfield Company.

Dated this 7th day of October, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by Anthony S. Baish*
        Daniel T. Flaherty
        State Bar No. 1011357
        Anthony S. Baish
        State Bar No. 1031577

*Attorneys for Defendant Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26010992.1

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee                    **COUNTY**

| Case Caption: Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
|---|---|---|
| | Case No.   2021CV003276PC | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Defendant Atlantic Richfield Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   New York

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):
   N/A

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):
   N/A

5. That I am associated with Attorney Atty. Anthony Scott Baish         , State Bar No. 1031577
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent the Atlantic Richfield Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case.  Thus, I seek to represent the Atlantic Richfield Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin  0  previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>William H. Voth          10/7/2021 7:41:33 AM | Telephone Number<br>212-836-8000 |
|---|---|
| Name Printed<br>Mr. William Voth | Email Address (if any)<br>william.voth@arnoldporter.com |
| Address of Principal Office<br>250 West 55th Street, New York, NY, 10019, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                    SCR 10.03(4)



## Receipt:

Name on the card:                          Mr. William Voth

Payment Total:                               $250.00

Payment Date:                              10/7/2021 7:41:33 AM

Payment Method:  Card ending with:          *1279

Transaction Number:                        AR0E7A8FDD23

FILED
10-07-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

        v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

                Defendants.

Case No. 2021CV003276

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY WILLIAM H. VOTH

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of Attorney William H. Voth *pro hac vice* by Attorney Anthony S. Baish, and upon the Application for Admission *Pro Hac Vice* of Mr. Voth,

**IT IS HEREBY ORDERED** that William H. Voth be admitted to practice before this Court *pro hac vice* for purposes of this matter.

Dated this _____ day of _____, 2021.

GODFREY & KAHN, S.C.

By: *Electronically signed by DRAFT*
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26032031.1

2

FILED
10-11-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**Quarles & Brady** LLP

411 East Wisconsin Ave
Suite 2400
Milwaukee, WI 53202-4426
Phone 414-277-5000
Fax    414-271-3552
www.quarles.com

Sender's email: andrew.stoker@quarles.com
Sender's direct dial: 414-277-3033

Attorneys at Law in
Chicago
Indianapolis
Madison
Milwaukee
Minneapolis
Naples
Phoenix
Scottsdale
Tampa
Tucson
Washington, D.C.

October 11, 2021

The Honorable Christopher R. Foley
Milwaukee County Courthouse
901 N. Ninth Street
Milwaukee WI 53233

Re:  Beal v. Mitchell et al., Case No. 2021CV003276

Dear Judge Foley:

I am counsel for defendant The Sherwin-Williams Company in the above captioned case and write to inform the Court of an agreed-upon extension of time in which to answer or otherwise plead.

On October 8, counsel for plaintiff Victor Harding consented to an extension of time in which to answer or otherwise plead for defendants The Sherwin-Williams Company, Armstrong Containers, Inc., E.I.Dupont Denemours & Co., and the Atlantic Richfield Co.  Your Honor has set a hearing for October 20 on the Insurer's Motion to Intervene, Bifurcate and Stay this matter. Counsel have agreed to meet and confer following that hearing to discuss an appropriate schedule.

Respectfully submitted,

Andrew T. Stoker

FILED
10-20-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: October 18, 2021**

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

          Plaintiff,

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

          Defendants.

Case No. 2021CV003276

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY WILLIAM H. VOTH

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of Attorney William H. Voth *pro hac vice* by Attorney Anthony S. Baish, and upon the Application for Admission *Pro Hac Vice* of Mr. Voth,

    **IT IS HEREBY ORDERED** that William H. Voth be admitted to practice before this Court *pro hac vice* for purposes of this matter.

Dated this _____ day of _____, 2021.

GODFREY & KAHN, S.C.

By: _Electronically signed by DRAFT_
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26032031.1

2

FILED
10-20-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: October 18, 2021

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,

     v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

               Defendants.

Case No. 2021CV003276

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY SEAN MORRIS

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of Attorney Sean Morris *pro hac vice* by Attorney Anthony S. Baish, and upon the Application for Admission *Pro Hac Vice* of Mr. Morris,

**IT IS HEREBY ORDERED** that Sean Morris be admitted to practice before this Court *pro hac vice* for purposes of this matter.

Dated this _____ day of _____, 2021.

GODFREY & KAHN, S.C.

By: _Electronically signed by DRAFT_
     Daniel T. Flaherty
     State Bar No. 1011357
     Anthony S. Baish
     State Bar No. 1031577

_Attorneys for Defendant The Atlantic Richfield Co._

<u>P.O. ADDRESS</u>:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

26032020.1

2

FILED
10-20-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: October 18, 2021

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

     v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DEEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

          Defendants.

Case No. 2021CV003276

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY MATTHEW D. GRANT

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of Attorney Matthew D. Grant *pro hac vice* by Attorney Anthony S. Baish, and upon the Application for Admission *Pro Hac Vice* of Mr. Grant,

**IT IS HEREBY ORDERED** that Matthew D. Grant be admitted to practice before this Court *pro hac vice* for purposes of this matter.

Dated this _____ day of _____, 2021.

GODFREY & KAHN, S.C.

By: _Electronically signed by DRAFT_
    Daniel T. Flaherty
    State Bar No. 1011357
    Anthony S. Baish
    State Bar No. 1031577

*Attorneys for Defendant The Atlantic Richfield Co.*

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone:  414-273-3500
Fax:  414-273-5198
DFlaherty@gklaw.com
ABaish@gklaw.com

25914087.1

2

FILED
10-21-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

---

ARRIEONA BEAL,

       Plaintiff,

vs.

HATTIE AND JERRY MITCHELL

       Defendants,

and,

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

       Intervening Defendant.

Case No. 21-CV-3276

Code No.  30107

---

## ORDER

---

The above-captioned matter having come before the court (via a telephone conference call) on the 20th day of October, 2021, the Honorable Christopher R. Foley presiding, to address American Family Mutual Insurance Company's Motion to Intervene, Bifurcate, and Stay, the plaintiff Arrieona Beal having appeared by Attorney Victor Harding, the defendants Hattie Mitchell and Jerry Mitchell having appeared by Attorney Andrea Goode (on the merits) and Attorney Adam Roznowski, the defendant Armstrong Containers, Inc. having appeared by Attorney Timothy Bascom, the defendant E.I. DuPont DeNemours & Company having appeared by Attorney Alexander DeGuire, the defendant the Atlantic Richfield Company having appeared

by Attorneys Daniel Flaherty and Shawn Morris, and the defendant the Sherwin Williams Company having appeared by Attorney Andrew Stoker, and the court having reviewed the materials on file and having heard the arguments of counsel, now, therefore,

IT IS ORDERED that American Family Mutual Insurance Company's Motion to Intervene, Bifurcate, and Stay is granted.

IT IS FURTHER ORDERED that American Family Mutual Insurance Company's Intervenor Complaint which was submitted with its motion papers is deemed by the court to be filed and served as of the date of the hearing on October 20, 2021.

IT IS FURTHER ORDERED that the case caption in this case be amended to include American Family Mutual Insurance Company as an Intervening Defendant.

IT IS FURTHER ORDERED that the defendants Armstrong Containers, Inc., E.I. DuPont DeNemours & Company, Atlantic Richfield Company, and Sherwin Williams Company shall have sixty (60) days from October 20, 2021 to file an Answer or otherwise plead in response to the plaintiff's Amended Complaint.

IT IS FURTHER ORDERED that a telephone status conference shall be held on January 4, 2022 at 9:00 a.m. Attorney Daniel Flaherty shall make arrangements for the placement of the call.

2

**FILED**
**10-22-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

---

ARRIEONA BEAL,

     Plaintiff,

  v.

    Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

    Judge: Hon. Christopher R. Foley

     Defendants.

---

## MOTION FOR ADMISSION *PRO HAC VICE*

---

Arrieona Beal, by her counsel, Warshafsky, Rotter, Tarnoff & Bloch, S.C., moves this

Honorable Court to enter an Order admitting HANNAH WERNER to appear and

practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal and only

in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of HANNAH

WERNER attached hereto, and in support thereof, shows unto this Honorable Court as

follows:

    1.  HANNAH WERNER is an attorney at law, duly licensed and practicing as

such in the State of South Carolina.

    2.  We have conferred with all counsel and are authorized to state that they do not

1

oppose this motion.

    3.   HANNAH WERNER represents other plaintiffs in matters concerning product liability allegations similar to those at issue in this matter.

    4.   HANNAH WERNER is not now and has not been, under any disciplinary order of any state bar association.

    5.   As to matters arising or pertaining to the above-entitled cause, HANNAH WERNER subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

    6.   I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this case on behalf of the Plaintiff Arrieona Beal.

    WHEREFORE, Plaintiff Arrieona Beal, respectfully requests that this Honorable Court grant the instant Motion and allow HANNAH WERNER to appear and practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal.

    DATED at Milwaukee, Wisconsin this 22nd day of October, 2021.

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

*Electronically signed by Victor C. Harding*

By: _____

Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-4970  /  Fax: 414-276-5533
email:  vich@warshafsky.com

*Attorneys for the Plaintiff Arrieona Beal*

2

**STATE OF WISCONSIN, CIRCUIT COURT, <u>MILWAUKEE</u> COUNTY**

| | |
|---|---|
| Case Caption:   Arrieona Beal vs. Armstrong Containers, Inc., E.I. DuPont Denemours & Co., The Atlantic Richfield Co., The Sherwin-Williams Co., and Hattie & Jerry Mitchell | **Application for Pro Hac Vice Admission** |
| | Case No. <u>2021-CV-003276</u> |

**I DECLARE UNDER PENALTY OF PERJURY:**

1. That I seek to appear pro hac vice in order to represent <u>Arrieona Beal</u> in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of <u>South Carolina</u>;

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain): _____;

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain): _____;

5. That I am associated with Attorney <u>Victor Harding</u>, State Bar No. <u>01001754</u>, an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons: <u>I regularly represent plaintiffs in disputes such as this lawsuit and possess specialized knowledge about the issues that will determine the case. Thus, I seek to represent Arrieona Beal as co-counsel in this case.</u>

I have applied for admission pro hac vice in the courts of the State of Wisconsin <u>0</u> times previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| | |
|---|---|
| Signature of Attorney<br>*Hannah Werner*    09/20/2021 | Telephone Number<br>843-216-9168 |
| Name Printed<br>Hannah Werner | Email Address (if any)<br>hwerner@motleyrice.com |
| Address of Principal Office<br>28 Bridgeside Blvd. Mount Pleasant, SC 29464 | |

CA-180, 08/20  Application for Pro Hac Vice This form meets the requirements of Appendix A to SCR 10.03            SCR 10.03(4)



## Receipt:

Name on the card:        Hannah Werner

Payment Total:        $250.00

Payment Date:        10/21/2021 10:25:59 AM

Payment Method:   Card ending with:        *7702

Transaction Number:        AQ1E7AC29D5A

FILED
10-22-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

v.                                                    Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.,            Judge:  Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

      Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY HANNAH WERNER

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

attorney Hannah Werner *pro hac vice* by the attorney VICTOR C. HARDING and upon the

Application for Admission *Pro Hac Vice* of HANNAH WERNER and the Affidavit of

HANNAH WERNER and it's accompanying attachments,

      **IT IS HEREBY ORDERED** that HANNAH WERNER be admitted to practice before

this Court *pro hac vice* for purposes of this matter.

1

**FILED**
**10-26-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.,　　　Judge: Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

　　　　Defendants.

---

## MOTION FOR ADMISSION *PRO HAC VICE*

---

Arrienoa Beal, by her counsel, Warshafsky, Rotter, Tarnoff & Bloch, S.C., moves this

Honorable Court to enter an Order admitting ROBERT J. MCCONNELL to appear and

Practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal and only

in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of ROBERT J.

MCCONNELL attached hereto, and in support thereof, shows unto this Honorable Court as

follows:

　　1.　ROBERT J. MCCONNELL is an attorney at law, duly licensed and practicing as

such in the State of Rhode Island.

　　2.　We have conferred with all counsel and are authorized to state that they do not

oppose this motion.

　　3.　ROBERT J. MCCONNEL represents other plaintiffs in matters concerning product

liability allegations similar to those at issue in this matter.

1

4.   ROBERT J. MCCONNELL is not now and has not been, under any disciplinary order of any state bar association.

5.   As to matters arising or pertaining to the above-entitled cause, ROBERT J. MCCONNELL subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6.   I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this cause on behalf of the Plaintiff Arrieona Beal.

WHEREFORE, Plaintiff Arrieona Beal, respectfully requests that this Honorable Court grant the instant Motion and allow ROBERT J. MCCONNELL to appear and practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal.

DATED at Milwaukee, Wisconsin this 26th day of October, 2021.

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

*Electronically signed by Victor C. Harding*

By: _____

Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-4970  /  Fax: 414-276-5533
email:  vich@warshafsky.com

*Attorneys for the Plaintiff Arrieona Beal*

2

**STATE OF WISCONSIN, CIRCUIT COURT, MILWAUKEE** _____ **COUNTY**

| Case Caption: Arrieona Beal vs. Armstrong Containers, Inc., E.I. DuPont Denemours & Co., The Atlantic Richfield Co., The Sherwin-Williams Co., and Hattie & Jerry Mitchell | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No. 2021-CV-003276 |

**I DECLARE UNDER PENALTY OF PERJURY:**

1. That I seek to appear pro hac vice in order to represent Arrieona Beal _____ in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of Massachusetts and Rhode Island _____;

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain): _____;

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain): _____;

5. That I am associated with Attorney Victor Harding _____, State Bar No. 01001754 _____, an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons: I regularly represent plaintiffs in disputes such as this lawsuit and possess specialized knowledge about the issues that will determine the case. Thus, I seek to represent Arrieona Beal as co-counsel in this case.

_____

I have applied for admission pro hac vice in the courts of the State of Wisconsin 0 times previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney | Telephone Number |
|---|---|
| | 401-457-7700 |
| Name Printed | Email Address (if any) |
| Robert J. McConnell | bmcconnell@motleyrice.com |
| Address of Principal Office | |
| 55 Cedar Street, Suite 100 Providence, RI 02903 | |

CA-180, 08/20  Application for Pro Hac Vice This form meets the requirements of Appendix A to SCR 10.03         SCR 10.03(4)



**STATE BAR OF WISCONSIN**

# Receipt:

Name on the card:        Robert J. McConnell

Payment Total:        $250.00

Payment Date:        10/21/2021 10:01:23 AM

Payment Method:  Card ending with:    *7702

Transaction Number:      AR1E7AC4B019

**FILED**
**10-26-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

   Plaintiff,

 v.           Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.,   Judge: Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

   Defendants.

**ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY ROBERT MCCONNELL**

  **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

attorney Robert McConnell *pro hac vice* by the attorney VICTOR C. HARDING and upon the

Application for Admission *Pro Hac Vice* of ROBERT MCCONNELL and the Affidavit of

ROBERT MCCONNELL and it's accompanying attachments,

  **IT IS HEREBY ORDERED** that ROBERT MCCONNELL be admitted to practice

before this Court *pro hac vice* for purposes of this matter.

1

FILED
10-26-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

  v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

      Defendants.

Case No.: 2021-CV-003276

Judge: Hon. Christopher R. Foley

---

## MOTION FOR ADMISSION *PRO HAC VICE*

---

Arrieona Beal, by her counsel, Warshafsky, Rotter, Tarnoff & Bloch, S.C., moves this

Honorable Court to enter an Order admitting FIDELMA L. FITZPATRICK to appear and

Practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal and only

in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of FIDELMA L.

FITZPATRICK attached hereto, and in support thereof, shows unto this Honorable Court as

follows:

    1.  FIDLEMA L. FITZPATRICK is an attorney at law, duly licensed and practicing as

such in the State of Rhode Island.

    2.  We have conferred with all counsel and are authorized to state that they do not

oppose this motion.

    3.  FIDELMA L. FITZPATRICK represents other plaintiffs in matters concerning

product liability allegations similar to those at issue in this matter.

1

4.   FIDELMA L. FITZPATRICK is not now and has not been, under any disciplinary order of any state bar association.

5.   As to matters arising or pertaining to the above-entitled cause, FIDELMA L. FITZPATRICK subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

6.   I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this cause on behalf of the Plaintiff Arrieona Beal.

WHEREFORE, Plaintiff Arrieona Beal, respectfully requests that this Honorable Court grant the instant Motion and allow FIDELMA L. FITZPATRICK to appear and practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal.

DATED at Milwaukee, Wisconsin this 26th day of October, 2021.

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

*Electronically signed by Victor C. Harding*

By: _____

Victor C. Harding
State Bar No.:  01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI  53202
414-276-4970  /  Fax: 414-276-5533
email:  vich@warshafsky.com

*Attorneys for the Plaintiff Arrieona Beal*

2

**STATE OF WISCONSIN, CIRCUIT COURT, <u>MILWAUKEE</u>_____ COUNTY**

| | |
|---|---|
| Case Caption:   Arrieona Beal vs. Armstrong Containers, Inc., E.I. DuPont Denemours & Co., The Atlantic Richfield Co., The Sherwin-Williams Co., and Hattie & Jerry Mitchell | **Application for Pro Hac Vice Admission** |
| | Case No. <u>2021-CV-003276</u> |

**I DECLARE UNDER PENALTY OF PERJURY:**

1. That I seek to appear pro hac vice in order to represent <u>Arrieona Beal</u>_____ in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of <u>District of Columbia, Massachusetts, New York and Rhode Island</u>_____;

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain): _____;

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain): _____;

5. That I am associated with Attorney <u>Victor Harding</u>_____, State Bar No. <u>01001754</u>_____, an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons: <u>I regularly represent plaintiffs in disputes such as this lawsuit and possess specialized knowledge about the issues that will determine the case. Thus, I seek to represent Arrieona Beal as co-counsel in this case.</u>

I have applied for admission pro hac vice in the courts of the State of Wisconsin <u>0</u> times previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| | |
|---|---|
| Signature of Attorney  *[signature]* | Telephone Number  401-457-7700 |
| Name Printed  Fidelma L. Fitzpatrick | Email Address (if any)  ffitzpatrick@motleyrice.com |
| Address of Principal Office  55 Cedar Street, Suite 100 Providence, RI 02903 | |

CA-180, 08/20  Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03          SCR 10.03(4)



**STATE BAR**
**OF WISCONSIN**

# Receipt:

Name on the card:              Fidelma L. Fitzpatrick

Payment Total:                        $250.00

Payment Date:              10/21/2021 10:22:08 AM

Payment Method:  Card ending with:        *7702

Transaction Number:        AK1E8F77B6A9

FILED
10-26-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

        Plaintiff,

  v.                                Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.,           Judge:  Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

        Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY FIDELMA FIT PATRICK

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Fidelma Fit patric *pro hac vice* by the attorney VICTOR C. HARDING and upon the Application for Admission *Pro Hac Vice* of FIDELMA FIT PATRICK and the Affidavit of FIDELMA FIT PATRICK and it's accompanying attachments,

**IT IS HEREBY ORDERED** that FIDELMA FIT PATRICK be admitted to practice before this Court *pro hac vice* for purposes of this matter.

1

FILED
10-26-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

    v.

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

      Defendants.

Case No.:  2021-CV-003276

Judge:  Hon. Christopher R. Foley

---

## MOTION FOR ADMISSION *PRO HAC VICE*

Arrienoa Beal, by her counsel, Warshafsky, Rotter, Tarnoff & Bloch, S.C., moves this

Honorable Court to enter an Order admitting EDWARD A. WALLACE to appear and

Practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal and only

in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of EDWARD A.

WALLACE attached hereto, and in support thereof, shows unto this Honorable Court as

follows:

    1.   EDWARD A. WALLACE is an attorney at law, duly licensed and practicing as

such in the State of Illinois.

    2.   We have conferred with all counsel and are authorized to state that they do not

oppose this motion.

    3.   EDWARD A. WALLACE represents other plaintiffs in matters concerning product

liability allegations similar to those at issue in this matter.

    4.   EDWARD A. WALLACE is not now and has not been, under any disciplinary

1

order of any state bar association.

5. As to matters arising or pertaining to the above-entitled cause, EDWARD A. WALLACE subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6. I am a member in good standing of the Wisconsin State Bar Association, who appears of record in this cause on behalf of the Plaintiff Arrieona Beal.

WHEREFORE, Plaintiff Arrieona Beal, respectfully requests that this Honorable Court grant the instant Motion and allow EDWARD A. WALLACE to appear and practice before this Honorable Court *pro hac vice* on behalf of Plaintiff Arrieona Beal.

DATED at Milwaukee, Wisconsin this 26th day of October, 2021.

WARSHAFSKY, ROTTER,
TARNOFF & BLOCH, S.C.
Attorneys for Plaintiff

*Electronically signed by Victor C. Harding*

By: _____

Victor C. Harding
State Bar No.: 01001754
839 North Jefferson Street, Ste. 300
Milwaukee, WI 53202
414-276-4970 / Fax: 414-276-5533
email: vich@warshafsky.com

*Attorneys for the Plaintiff Arrieona Beal*

2

**STATE OF WISCONSIN, CIRCUIT COURT, MILWAUKEE** _____ **COUNTY**

| Case Caption: Arrieona Beal vs. Armstrong Containers, Inc., E.I. DuPont Denemours & Co., The Atlantic Richfield Co., The Sherwin-Williams Co., and Hattie & Jerry Mitchell | **Application for Pro Hac Vice Admission** |
|---|---|
| | Case No. 2021-CV-003276 |

**I DECLARE UNDER PENALTY OF PERJURY:**

1. That I seek to appear pro hac vice in order to represent <u>Arrieona Beal</u> in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of <u>Illinois</u>;

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain): _____;

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain): _____;

5. That I am associated with Attorney <u>Victor Harding</u>, State Bar No. <u>01001754</u>, an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons: <u>I regularly represent plaintiffs in disputes such as this lawsuit and possess specialized knowledge about the issues that will determine the case. Thus, I seek to represent Arrieona Beal as co-counsel in this case.</u>

I have applied for admission pro hac vice in the courts of the State of Wisconsin <u>0</u> times previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney | Telephone Number |
|---|---|
| | 312-346-2222 |
| Name Printed | Email Address (if any) |
| Edward A. Wallace | eaw@wexlerwallace.com |
| Address of Principal Office | |
| 55 W. Monroe Street, Suite 300 Chicago, IL 60603 | |

CA-180, 08/20  Application for Pro Hac Vice This form meets the requirements of Appendix A to SCR 10.03    SCR 10.03(4)



## Receipt:

| | |
|---|---|
| Name on the card: | Edward A. Wallace |
| Payment Total: | $250.00 |
| Payment Date: | 10/21/2021 10:44:21 AM |
| Payment Method:  Card ending with: | *7702 |
| Transaction Number: | AR1E7AC4D868 |

FILED
10-26-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

        Plaintiff,

  v.                              Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.,           Judge:  Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

        Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY EDWARD A. WALLACE

      **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

attorney Edward A. Wallace *pro hac vice* by the attorney VICTOR C. HARDING and upon the

Application for Admission *Pro Hac Vice* of EDWARD A. WALLACE and the Affidavit of

EDWARD A. WALLACE and it's accompanying attachments,

      **IT IS HEREBY ORDERED** that EDWARD A. WALLACE be admitted to practice

before this Court *pro hac vice* for purposes of this matter.

1

FILED
10-27-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: October 26, 2021

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

---

ARRIEONA BEAL,

        Plaintiff,                          Case No. 21-CV-3276

vs.
                                         Code No.  30107

HATTIE AND JERRY MITCHELL

        Defendants,

and,

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Intervening Defendant.

---

## ORDER

---

The above-captioned matter having come before the court (via a telephone conference call) on the 20th day of October, 2021, the Honorable Christopher R. Foley presiding, to address American Family Mutual Insurance Company's Motion to Intervene, Bifurcate, and Stay, the plaintiff Arrieona Beal having appeared by Attorney Victor Harding, the defendants Hattie Mitchell and Jerry Mitchell having appeared by Attorney Andrea Goode (on the merits) and Attorney Adam Roznowski, the defendant Armstrong Containers, Inc. having appeared by Attorney Timothy Bascom, the defendant E.I. DuPont DeNemours & Company having appeared by Attorney Alexander DeGuire, the defendant the Atlantic Richfield Company having appeared

by Attorneys Daniel Flaherty and Shawn Morris, and the defendant the Sherwin Williams Company having appeared by Attorney Andrew Stoker, and the court having reviewed the materials on file and having heard the arguments of counsel, now, therefore,

IT IS ORDERED that American Family Mutual Insurance Company's Motion to Intervene, Bifurcate, and Stay is granted.

IT IS FURTHER ORDERED that American Family Mutual Insurance Company's Intervenor Complaint which was submitted with its motion papers is deemed by the court to be filed and served as of the date of the hearing on October 20, 2021.

IT IS FURTHER ORDERED that the case caption in this case be amended to include American Family Mutual Insurance Company as an Intervening Defendant.

IT IS FURTHER ORDERED that the defendants Armstrong Containers, Inc., E.I. DuPont DeNemours & Company, Atlantic Richfield Company, and Sherwin Williams Company shall have sixty (60) days from October 20, 2021 to file an Answer or otherwise plead in response to the plaintiff's Amended Complaint.

IT IS FURTHER ORDERED that a telephone status conference shall be held on January 4, 2022 at 9:00 a.m.  Attorney Daniel Flaherty shall make arrangements for the placement of the call.

2

FILED
11-08-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: November 8, 2021**

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

  v.                             Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.,          Judge: Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

      Defendants.

---

### ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY FIDELMA FIT PATRICK

---

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Fidelma Fit patric *pro hac vice* by the attorney VICTOR C. HARDING and upon the Application for Admission *Pro Hac Vice* of FIDELMA FIT PATRICK and the Affidavit of FIDELMA FIT PATRICK and it's accompanying attachments,

    **IT IS HEREBY ORDERED** that FIDELMA FIT PATRICK be admitted to practice before this Court *pro hac vice* for purposes of this matter.

1

**FILED**
**11-08-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

DATE SIGNED: November 8, 2021

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

  v.                                    Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.,          Judge: Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

       Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY ROBERT MCCONNELL

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of

attorney Robert McConnell *pro hac vice* by the attorney VICTOR C. HARDING and upon the

Application for Admission *Pro Hac Vice* of ROBERT MCCONNELL and the Affidavit of

ROBERT MCCONNELL and it's accompanying attachments,

    **IT IS HEREBY ORDERED** that ROBERT MCCONNELL be admitted to practice

before this Court *pro hac vice* for purposes of this matter.

1

FILED
11-08-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: November 8, 2021**

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

     Plaintiff,

  v.                                Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.,         Judge:  Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

     Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY EDWARD A. WALLACE

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Edward A. Wallace *pro hac vice* by the attorney VICTOR C. HARDING and upon the Application for Admission *Pro Hac Vice* of EDWARD A. WALLACE and the Affidavit of EDWARD A. WALLACE and it's accompanying attachments,

    **IT IS HEREBY ORDERED** that EDWARD A. WALLACE be admitted to practice before this Court *pro hac vice* for purposes of this matter.

1

FILED
11-08-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: November 8, 2021**

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

      Plaintiff,

    v.                                                         Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.,                    Judge:  Hon. Christopher R. Foley
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL

      Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY HANNAH WERNER

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Hannah Werner *pro hac vice* by the attorney VICTOR C. HARDING and upon the Application for Admission *Pro Hac Vice* of HANNAH WERNER and the Affidavit of HANNAH WERNER and it's accompanying attachments,

**IT IS HEREBY ORDERED** that HANNAH WERNER be admitted to practice before this Court *pro hac vice* for purposes of this matter.

1

FILED
11-15-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY
CIVIL DIVISION

ARRIEONA BEAL,

    Plaintiff,

v.                                          Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

    Defendants.

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that Tracy K. Stratford of Jones Day appears for and represents The Sherwin-Williams Co. in the above-entitled matter. I respectfully request that all further notices, pleadings, proceedings, or other communications in this matter be served upon me at the addresses shown below.

Dated this 15th day of November, 2021.

/s/ *Tracy K. Stratford*
Tracy K. Stratford, Esq. (0069457)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-7288
Fax: (216)579-0212
Email: tkstratford@jonesday.com

*Attorney for Defendant The Sherwin-Williams Co.*

NAI-1523010308v1

**FILED**
**12-03-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

                 Plaintiff,              Case No. 2021CV003276

     vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

                 Defendants.

## MOTION FOR ADMISSION *PRO HAC VICE* FOR CHRISTIAN E. HENNEKE

      E. I. du Pont de Nemours and Company, by its counsel, Michael Best & Friedrich LLP, moves this Honorable Court to enter an Order admitting CHRISTIAN E. HENNEKE to appear and practice before this Honorable Court *pro hac vice* on behalf of defendant E. I. du Pont de Nemours and Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of CHRISTIAN E. HENNEKE attached hereto, and in support thereof, shows until this Honorable Court, as follows:

      1.  CHRISTIAN E. HENNEKE is an attorney at law, duly licensed and practicing as such in the Commonwealth of Virginia.

      2.  We have conferred with all counsel and are authorized to state that they do not oppose the motion.

      3.  CHRISTIAN E. HENNEKE represents Defendant E. I. du Pont de Nemours and Company in other matters concerning product liability allegations similar to those at issue in this matter.

      4.  CHRISTIAN E. HENNEKE is not now, and has not been, under any disciplinary order of any state bar association.

5.   As to matters arising or pertaining to the above-titled cause, CHRISTIAN E. HENNEKE subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6.   I am a member in good standing of the Wisconsin State Bar Association who appears of record in this cause on behalf of Defendant E. I. du Pont de Nemours and Company.

WHEREFORE, Defendant E. I. du Pont de Nemours and Company, respectfully submits that this Honorable Court grant the instant Motion and allow CHRISTIAN E. HENNEKE to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant E. I. du Pont de Nemours and Company.

Dated this 3rd day of December, 2021.

**MICHAEL BEST & FRIEDRICH LLP**

By: *Electronically Signed by Paul E. Benson*
    Paul E. Benson, Esq. (1001457)
    Alexander M. DeGuire, Esq. (1097948)
    790 N Water Street, Suite 2500
    Milwaukee, WI 53202
    Telephone: (414) 271-6560
    Fax: (414) 277-0656
    Email: pebenson@michaelbest.com
    Email: amdeguire@michaelbest.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee    **COUNTY**

| Case Caption: Arrieona Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
|---|---|---|
| | Case No.  2021CV003276 | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   E. I. du Pont de Nemours and Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Virginia

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Paul E. Benson                , State Bar No. 1001457
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent E. I. du Pont de Nemours and Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case. Thus, I seek to represent E. I. du Pont de Nemours and Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ⬚0⬚ previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>  Christian C. Henneke          11/30/2021 10:55:16 AM | Telephone Number<br>  804-775-1050 |
|---|---|
| Name Printed<br>  Mr. Christian Henneke | Email Address (if any)<br>  chenneke@mcguirewoods.com |
| Address of Principal Office<br>  Gateway Plaza, Richmond, VA, 23219, USA | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03          SCR 10.03(4)



## Receipt:

| | |
|---|---|
| Name on the card: | Mr. Christian Henneke |
| Payment Total: | $250.00 |
| Payment Date: | 11/30/2021 10:55:16 AM |
| Payment Method:  Card ending with: | *8623 |
| Transaction Number: | AC1E4BBD13D6 |

FILED
12-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,              Case No. 2021CV003276

    vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

                Defendants.

## MOTION FOR ADMISSION *PRO HAC VICE* FOR JOY C. FUHR

E. I. du Pont de Nemours and Company, by its counsel, Michael Best & Friedrich LLP, moves this Honorable Court to enter an Order admitting JOY C. FUHR to appear and practice before this Honorable Court *pro hac vice* on behalf of defendant E. I. du Pont de Nemours and Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of JOY C. FUHR attached hereto, and in support thereof, shows until this Honorable Court, as follows:

1.   JOY C. FUHR is an attorney at law, duly licensed and practicing as such in the District of Columbia and the Commonwealth of Virginia.

2.   We have conferred with all counsel and are authorized to state that they do not oppose the motion.

3.   JOY C. FUHR represents Defendant E. I. du Pont de Nemours and Company in other matters concerning product liability allegations similar to those at issue in this matter.

4.   JOY C. FUHR is not now, and has not been, under any disciplinary order of any state bar association.

5.  As to matters arising or pertaining to the above-titled cause, JOY C. FUHR subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

6.  I am a member in good standing of the Wisconsin State Bar Association who appears of record in this cause on behalf of Defendant E. I. du Pont de Nemours and Company.

WHEREFORE, Defendant E. I. du Pont de Nemours and Company, respectfully submits that this Honorable Court grant the instant Motion and allow JOY C. FUHR to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant E. I. du Pont de Nemours and Company.

Dated this 3rd day of December, 2021.

**MICHAEL BEST & FRIEDRICH LLP**

By: *Electronically Signed by Paul E. Benson*
Paul E. Benson, Esq. (1001457)
Alexander M. DeGuire, Esq. (1097948)
790 N Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
Fax: (414) 277-0656
Email: pebenson@michaelbest.com
Email: amdeguire@michaelbest.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee **COUNTY**

| Case Caption: Arrieona Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
|---|---|---|
| | Case No.   2021CV003276 | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   E. I. du Pont de Nemours and Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Virginia, District of Columbia

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so,please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Paul E. Benson          , State Bar No. 1001457 an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent E. I. du Pont de Nemours and Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case. Thus, I seek to represent E. I. du Pont de Nemours and Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ☐ 0 previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Joy C. Fuhr          11/30/2021 1:21:02 PM | Telephone Number<br>804-775-4341 |
|---|---|
| Name Printed<br>Ms. Joy Fuhr | Email Address (if any)<br>jfuhr@mcguirewoods.com |
| Address of Principal Office<br>Gateway Plaza, Richmond, VA, 23219, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                                                    SCR 10.03(4)



## Receipt:

Name on the card:                                      Ms. Joy Fuhr

Payment Total:                                         $250.00

Payment Date:                              11/30/2021 1:21:02 PM

Payment Method:  Card ending with:                 *4005

Transaction Number:                       AH3E4B1B66B0

FILED
12-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,             Case No. 2021CV003276

   vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

               Defendants.

## MOTION FOR ADMISSION *PRO HAC VICE* FOR SYLVIA MACON KASTENS

E. I. du Pont de Nemours and Company, by its counsel, Michael Best & Friedrich LLP, moves this Honorable Court to enter an Order admitting SYLVIA MACON KASTENS to appear and practice before this Honorable Court *pro hac vice* on behalf of defendant E. I. du Pont de Nemours and Company and only in the above-titled cause, based on the Application for *Pro Hac Vice* Admission of SYLVIA MACON KASTENS attached hereto, and in support thereof, shows until this Honorable Court, as follows:

1.  SYLVIA MACON KASTENS is an attorney at law, duly licensed and practicing as such in the Commonwealth of Virginia.

2.  We have conferred with all counsel and are authorized to state that they do not oppose the motion.

3.  SYLVIA MACON KASTENS represents Defendant E. I. du Pont de Nemours and Company in other matters concerning product liability allegations similar to those at issue in this matter.

4.  SYLVIA MACON KASTENS is not now, and has not been, under any disciplinary order of any state bar association.

5.   As to matters arising or pertaining to the above-titled cause, SYLVIA MACON KASTENS subjects and submits herself to the full disciplinary powers of this Court to the same extent as if she were fully admitted to practice in this Court and the State of Wisconsin.

6.   I am a member in good standing of the Wisconsin State Bar Association who appears of record in this cause on behalf of Defendant E. I. du Pont de Nemours and Company.

WHEREFORE, Defendant E. I. du Pont de Nemours and Company, respectfully submits that this Honorable Court grant the instant Motion and allow SYLVIA MACON KASTENS to appear and practice before this Honorable Court *pro hac vice* on behalf of Defendant E. I. du Pont de Nemours and Company.

Dated this 3rd day of December, 2021.

**MICHAEL BEST & FRIEDRICH LLP**

By: _Electronically Signed by Paul E. Benson_
    Paul E. Benson, Esq. (1001457)
    Alexander M. DeGuire, Esq. (1097948)
    790 N Water Street, Suite 2500
    Milwaukee, WI 53202
    Telephone: (414) 271-6560
    Fax: (414) 277-0656
    Email: pebenson@michaelbest.com
    Email: amdeguire@michaelbest.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee                    **COUNTY**

| Case Caption: Arrieona Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
|---|---|---|
| | Case No.  2021CV003276 | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   E. I. du Pont de Nemours and Company
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Virginia

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Paul E. Benson            , State Bar No. 1001457
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I regularly represent E. I. du Pont de Nemours and Company in disputes such as this lawsuit, and possess specialized knowledge about the issues that will determine this case. Thus, I seek to represent E. I. du Pont de Nemours and Company as co-counsel in this case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ⬚ 0 ⬚ previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>Sylvia Macon Kastens     12/1/2021 3:40:34 PM | Telephone Number<br>757-640-3757 |
|---|---|
| Name Printed<br> Ms. Sylvia Macon Kastens | Email Address (if any)<br> skastens@mcguirewoods.com |
| Address of Principal Office<br> 101 W Main St, Norfolk, VA, 23510-1646, USA | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                    SCR 10.03(4)



## Receipt:

Name on the card:                    Ms. Sylvia Macon Kastens

Payment Total:                                    $250.00

Payment Date:                          12/1/2021 3:40:34 PM

Payment Method:  Card ending with:            *1250

Transaction Number:                   AI0EA3DC203D

FILED
12-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,          Case No. 2021CV003276

    vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

               Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* FOR SYLVIA MACON KASTENS

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney SYLVIA MACON KASTENS *pro hac vice* by attorney PAUL E. BENSON and under the Application for Admission *Pro Hac Vice* of SYLVIA MACON KASTENS and the Affidavit of SYLVIA MACON KASTENS and its accompanying attachments,

**IT IS HEREBY ORDERED** that SYLVIA MACON KASTENS be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
12-03-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

                    Plaintiff,                    Case No. 2021CV003276

          vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

                    Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* FOR JOY C. FUHR

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney JOY C. FUHR *pro hac vice* by attorney PAUL E. BENSON and under the Application for Admission *Pro Hac Vice* of JOY C. FUHR and the Affidavit of JOY C. FUHR and its accompanying attachments,

**IT IS HEREBY ORDERED** that JOY C. FUHR be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
12-16-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: December 16, 2021

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

                         Plaintiff,                    Case No. 2021CV003276
          vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

                    Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* FOR JOY C. FUHR

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney JOY C. FUHR *pro hac vice* by attorney PAUL E. BENSON and under the Application for Admission *Pro Hac Vice* of JOY C. FUHR and the Affidavit of JOY C. FUHR and its accompanying attachments,

**IT IS HEREBY ORDERED** that JOY C. FUHR be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
12-16-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: December 16, 2021

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

ARRIEONA BEAL,

                         Plaintiff,                    Case No. 2021CV003276
         vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

                         Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* FOR CHRISTIAN E. HENNEKE

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney CHRISTIAN E. HENNEKE *pro hac vice* by attorney PAUL E. BENSON and under the Application for Admission *Pro Hac Vice* of CHRISTIAN E. HENNEKE and the Affidavit of CHRISTIAN E. HENNEKE and its accompanying attachments,

**IT IS HEREBY ORDERED** that CHRISTIAN E. HENNEKE be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
12-16-2021
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: December 16, 2021

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,            Case No. 2021CV003276

   vs.

ARMSTRONG CONTAINERS, INC., ET AL.,

               Defendants.

## ORDER FOR ADMISSION *PRO HAC VICE* FOR SYLVIA MACON KASTENS

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney SYLVIA MACON KASTENS *pro hac vice* by attorney PAUL E. BENSON and under the Application for Admission *Pro Hac Vice* of SYLVIA MACON KASTENS and the Affidavit of SYLVIA MACON KASTENS and its accompanying attachments,

**IT IS HEREBY ORDERED** that SYLVIA MACON KASTENS be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
12-17-2021
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN　　:　　CIRCUIT COURT　　:　　MILWAUKEE COUNTY

---

ARRIEONA BEAL,

　　　Plaintiff,

　　　　　　　　　vs.

ARMSTRONG CONTAINERS, INC.; E. I.
DUPONT DE NEMOURS & COMPANY; THE
ATLANTIC RICHFIELD COMPANY; THE
SHERWIN-WILLIAMS COMPANY; HATTIE
AND JERRY MITCHELL;

　　　Defendants.

Case No. 21-CV-003276

Case Code 30107

---

## DEFENDANT ARMSTRONG CONTAINERS, INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

---

COMES NOW Defendant Armstrong Containers, Inc. ("Armstrong"), by and through its undersigned counsel, and submits its Answer and Defenses to Plaintiff's Amended Complaint, showing as follows:

### ANSWER

1.　　Armstrong responds that because Plaintiff's original complaint was not directed at Armstrong, the allegations therein require no response. To the extent a response is deemed required, Armstrong is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Plaintiff's original complaint, incorporated by reference into Paragraph 1 of the Amended Complaint, .

## I. PARTIES

2.      Paragraph 2 sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Armstrong admits that Plaintiff purports to file this action pursuant to the risk contribution theory as applied by the Wisconsin Supreme Court in *Thomas v. Mallett*, 2005 WI 129, and pursuant to *Antwuan A. v. Heritage Mutual Insurance Company*, 229 Wis. 2d 44 (WI 1999). Armstrong denies all other allegations contained in Paragraph 2 of the Amended Complaint.

3.      Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency, residential history, citizenship and medical history contained in Paragraph 3 of the Amended Complaint. Armstrong denies all other allegations contained in Paragraph 3 of the Amended Complaint.

4.      Armstrong admits that it is being sued in this action as the alleged successor-in-interest to the John R. MacGregor Lead Co. or the MacGregor Lead Company, but denies that it is the successor-in-interest to either of those companies. Armstrong admits that it is incorporated under the laws of the state of Delaware and that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Armstrong denies that it has and does substantial business in the City and County of Milwaukee, State of Wisconsin, and denies all other allegations contained in Paragraph 4 of the Amended Complaint.

5.      The allegations contained in Paragraph 5 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong

- 2 -

states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6. The allegations contained in Paragraph 6 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7. The allegations contained in Paragraph 7 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. With respect to the allegations contained in Paragraph 8 of the Amended Complaint that are directed toward Armstrong, Armstrong denies these allegations. With respect to the allegations contained in Paragraph 8 of the Amended Complaint that are directed toward the other defendants, Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

9. The allegations contained in Paragraph 9 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong

states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

## II.  THE FACTS

10.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Armstrong denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Armstrong denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.    The allegations contained in Paragraph 16 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.    The allegations contained in Paragraph 17 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent

it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Armstrong denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Armstrong denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22.    Armstrong is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Armstrong denies the allegations contained in Paragraph 23 of the Amended Complaint, including all subparts thereof.

24.    Armstrong denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Armstrong denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    Armstrong denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Armstrong denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Armstrong denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Armstrong denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Armstrong denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Armstrong denies the allegations contained in Paragraph 31 of the Amended Complaint, including all subparts thereof.

32.     The first sentence of Paragraph 32 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint. Armstrong denies the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.     Armstrong denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Armstrong denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Armstrong denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Armstrong denies the allegations contained in Paragraph 36 of the Amended Complaint.

## FIRST CAUSE OF ACTION
### Negligence of the Landlords

37.     The allegations contained in Paragraph 37 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

38.     The allegations contained in Paragraph 38 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     The allegations contained in Paragraph 39 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.     The allegations contained in Paragraph 40 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong

states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     The allegations contained in Paragraph 41 of the Amended Complaint are not directed toward Armstrong and thus Armstrong has no obligation to respond to them. To the extent it is deemed that Armstrong does have an obligation to respond to those allegations, Armstrong states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

## SECOND CAUSE OF ACTION
### General Negligence Liability of the Industry Defendants

42.     Armstrong hereby incorporates by reference its responses to the foregoing paragraphs 1–41 of the Amended Complaint above as if fully set forth herein verbatim.

43.     Armstrong denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Armstrong denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, it is hereby denied.

46.     Paragraph 46 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, it is hereby denied.

47.     Armstrong denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Armstrong denies the allegations contained in Paragraph 48 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### Strict Liability Failure to Warn of the Industry Defendants

49.    Armstrong hereby incorporates by reference its responses to Paragraphs 1–48 of the Amended Complaint above as if fully set forth herein verbatim.

50.    Armstrong denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.    Armstrong denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Armstrong denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.    Armstrong denies the allegations contained in Paragraph 53 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### Negligent Failure to Warn of the Industry Defendants

54.    Armstrong hereby incorporates by reference its responses to Paragraphs 1–53 of the Amended Complaint above as if fully set forth herein verbatim.

55.    Armstrong denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Armstrong denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Paragraph 57 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, it is hereby denied.

- 9 -

58.     Armstrong denies the allegations contained in Paragraph 58 of the Amended Complaint, including all subparts thereof.

59.     Armstrong denies the allegations contained in Paragraph 59 of the Amended Complaint.

Armstrong hereby denies any allegations contained in the Complaint not specifically responded to above. Armstrong denies that Plaintiff is entitled to any of the relief requested in her *ad damnum* clause, including all subparts thereof.

## DEFENSES

Armstrong sets forth the following affirmative and other defenses. Armstrong does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Armstrong.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or statute of repose, including but not limited to limitations on liability set forth in Wis. Stat. §§ 895.046 and 895.047.

### THIRD DEFENSE

Plaintiff's alleged damages were caused in whole or in part by misuse of lead-based paint by persons for whose conduct neither Armstrong nor its alleged predecessor is responsible.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of contributory negligence and/or comparative fault.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff expressly and impliedly assumed the risk of Plaintiff's alleged damages.

## SIXTH DEFENSE

Plaintiff's alleged damages resulted from superseding and/or intervening causes, including the conduct of Plaintiff and third parties.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

## EIGHTH DEFENSE

Paint pigments that the alleged predecessor of Armstrong may have sold were sold in bulk to sophisticated buyers who were at least as knowledgeable as Armstrong's alleged predecessor with respect to any alleged hazards relating to lead-based paint, and Armstrong's alleged predecessor discharged any duty to warn to those buyers.

## NINTH DEFENSE

Armstrong denies that it is liable to any other party for damages based on contribution and/or indemnification and/or any other basis.

## TENTH DEFENSE

The Court lacks personal jurisdiction over Armstrong.

## ELEVENTH DEFENSE

Armstrong is not a proper party to some or all of the claims asserted.

- 11 -

### TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to join parties indispensable to a just adjudication of this lawsuit.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

### FOURTEENTH DEFENSE

The toxicity of lead and the potential risk of harm from ingesting paint containing white lead carbonate pigments, which were never intended to be ingested, were known, open and obvious and therefore required no warning.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims. See, e.g., Pierringer v. Hogan, 124 N.W.2d 106, 21 Wis. 2d 182 (1963).

### SIXTEENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Armstrong is not responsible.

### SEVENTEENTH DEFENSE

Venue in this case may be improper and inconvenient as to Armstrong.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### NINETEENTH DEFENSE

Plaintiff impermissibly directs certain allegations toward the "Defendants" and "Industry Defendants" collectively, precluding Armstrong from assessing which allegations are directed toward it.

### TWENTIETH DEFENSE

Armstrong did not and does not manufacture, sell, market or distribute the subject paint pigment that is the basis of the Amended Complaint. Plaintiff's claims are barred, in whole or in part, because no product manufactured by Armstrong or its alleged predecessor reasonably could have contributed to Plaintiff's actual injuries or reasonably could have contributed to the risk of injury to Plaintiff.

### TWENTY-FIRST DEFENSE

Plaintiff's claims violate Armstrong's due process rights protected under the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 1 of the Wisconsin Constitution and Wisconsin common law.

### TWENTY-SECOND DEFENSE

Plaintiff's strict liability claim fails because lead is intrinsic to the product at issue, and therefore the product could not have been designed without lead.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred pursuant to Wis. Stat. §§ 895.046 and 895.047.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims fail because of the substantial change in the condition of the product from the time of sale to the time of alleged injury.

## TWENTY-FIFTH DEFENSE

Armstrong incorporates herein by reference each and every applicable defense permitted by law and pleaded by any other defendant in this case.

## TWENTY-SIXTH DEFENSE

Armstrong reserves the right to amend this answer to set forth any and all other defenses presently existing or that may be learned through discovery and/or further proceedings herein.

**WHEREFORE**, Armstrong demands judgment dismissing the Amended Complaint, on the merits, with costs and disbursements and such other relief as may be just or equitable.

Trial by a jury of 12 of all issues properly triable to a jury is hereby demanded.

Dated at Milwaukee, Wisconsin this 17th day of December, 2021.

**BASCOM, BUDISH & CEMAN, S.C.**
Electronically Signed by:

/s/ Timothy A. Bascom
     Timothy A. Bascom, Esq.
     Bar No. 1010017
     W193N10975 Kleinmann Drive
     Germantown, WI 53022

- 14 -

Of Counsel:

**MORRIS MANNING & MARTIN, LLP**

Robert P. Alpert
Jeffrey K. Douglass
Eric A. Larson
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326-1044

*Admission Pro Hac Vice Forthcoming*

**Attorneys for Defendant Armstrong
Containers, Inc.**

- 15 -

FILED
12-17-2021
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

| | |
|---|---|
| ARRIEONA BEAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARMSTRONG CONTAINERS, INC.; E.I. DU PONT DE NEMOURS AND COMPANY; ATLANTIC RICHFIELD COMPANY; THE SHERWIN-WILLIAMS COMPANY; and HATTIE AND JERRY MITCHELL,<br><br>　　　　　　Defendants. | Case No. 2021-cv-003276<br><br>**JURY TRIAL DEMANDED** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE SHERWIN-WILLIAMS COMPANY TO PLAINTIFF'S AMENDED COMPLAINT

Defendant The Sherwin-Williams Company submits its Answer to the Amended Complaint. Sherwin-Williams will respond to the allegations directed against it. It is without knowledge or information sufficient to form a belief as to the truth of the allegations made against other defendants. It denies all allegations directed against it that it does not expressly admit in this Answer.

1. The allegations in Paragraph 1 and Exhibit A to the Amended Complaint are not directed against Sherwin-Williams and require no response. To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations, denies that Plaintiff ingested or was injured by ingesting white lead carbonate pigments, denies that it is liable to Plaintiff, and asserts that defendants Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff.

2.      Sherwin-Williams denies the allegations in Paragraph 2 to the extent that those allegations are directed against it, and denies that the Wisconsin Supreme Court applied the risk-contribution theory to paint or white lead in oil.

3.      In response to the allegations in Paragraph 3, Sherwin-Williams denies that it made or marketed any product containing white lead carbonate pigments that was applied to Plaintiff's residence at 1017 N. 29th Street in Milwaukee, Wisconsin, denies that any product containing white lead carbonate made or marketed by it has injured Plaintiff, denies that Plaintiff ingested or was injured by ingesting white lead carbonate pigments, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

4.      The allegations in Paragraph 4 are not directed against Sherwin-Williams and require no response.  To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      The allegations in Paragraph 5 are not directed against Sherwin-Williams and require no response.  To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations.

6.      The allegations in Paragraph 6 are not directed against Sherwin-Williams and require no response.  To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations.

7.      Sherwin-Williams denies that it has done "substantial business" in the City and County of Milwaukee, Wisconsin with respect to residential products containing white lead carbonate pigments during the time period pertinent to the Amended Complaint (1910-1947).  It admits the remaining allegations in Paragraph 7.

8.      Sherwin-Williams denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are not directed against Sherwin-Williams and require no response.  To the extent that a response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations.  It further states that defendants Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff.

10.     Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and it further states that the potential risks of household dust containing lead were publicly available and commonly known before Plaintiff's alleged exposure.

11.     Sherwin-Williams denies that Plaintiff was exposed to or ingested white lead carbonate pigments, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.     Sherwin-Williams denies the allegations in Paragraph 12 directed against it.

13.     Sherwin-Williams denies the allegations in Paragraph 13 directed against it.

14.     Sherwin-Williams denies that "the use of all leaded pigments was banned in the United States in 1978," denies that Plaintiff ingested and was injured by ingesting white lead carbonate pigments, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15.     Sherwin-Williams denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 are not directed against Sherwin-Williams and require no response.  To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations, except Sherwin-Williams asserts that the potential risks of deteriorated lead-based paints, including household lead dust, were publicly available and commonly known before Plaintiff's alleged

exposure, and further asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff.

17.     The allegations in Paragraph 17 are not directed against Sherwin-Williams and require no response.  To the extent that any response is required, Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of those allegations, except Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff.

18.     Sherwin-Williams denies the allegations in Paragraph 18.

19.     Sherwin-Williams denies the allegations in Paragraph 19.

20.     Sherwin-Williams denies the allegations in Paragraph 20.

21.     Sherwin-Williams denies the allegations in Paragraph 21.

22.     Sherwin-Williams denies that "the use of all leaded pigments was banned in the United States in 1978," denies that Plaintiff was exposed to or ingested white lead carbonate pigments, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23.     Sherwin-Williams denies the allegations in Paragraph 23 directed against it, asserts that Plaintiff has taken out of context excerpts from the publications alleged in Paragraph 23, and denies that those publications discuss any health risks to children pertinent to Plaintiff's alleged exposure or unknown risk from lead pigments.

24.     Sherwin-Williams denies the allegations in Paragraph 24 directed against it.

25.     Sherwin-Williams denies the allegations in Paragraph 25 directed against it.

26.     Sherwin-Williams denies the allegations in Paragraph 26 directed against it.

27.    Sherwin-Williams denies the allegations in Paragraph 27 directed against it and states that intact, well-maintained interior and exterior residential paints containing white lead carbonate pigments are not a lead paint hazard according to federal and Wisconsin laws and regulations.

28.    Sherwin-Williams denies the allegations in Paragraph 28 directed against it.

29.    Sherwin-Williams denies the allegations in Paragraph 29 directed against it.

30.    Sherwin-Williams denies the allegations in Paragraph 30 directed against it.

31.    Sherwin-Williams denies the allegations in Paragraph 31 directed against it.

32.    Sherwin-Williams admits that the United States Bankruptcy Court has discharged certain liabilities of the Lead Industries Association, Inc. and denies the remaining allegations in Paragraph 32 directed against Sherwin-Williams.

33.    Sherwin-Williams denies the allegations in Paragraph 33 directed against it.

34.    Sherwin-Williams denies the allegations in Paragraph 34 directed against it and denies that Plaintiff ingested white lead carbonate pigments.

35.    Sherwin-Williams denies the allegations in Paragraph 35 directed against it.

36.    Sherwin-Williams denies the allegations in Paragraph 36 directed against it and denies that Plaintiff ingested and was injured from ingesting white lead carbonate pigments.

37.    In response to the allegations in Paragraph 37, Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff, denies that Plaintiff ingested and was injured by ingesting white lead carbonate pigments, and otherwise is without sufficient information or knowledge to form a belief as to the truth of the allegations.

38.    In response to the allegations in Paragraph 38, Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff, denies that Plaintiff

5

ingested and was injured by ingesting white lead carbonate pigments, and otherwise is without sufficient information or knowledge to form a belief as to the truth of the allegations.

39. In response to the allegations in Paragraph 39, Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff, denies that Plaintiff ingested and was injured by ingesting white lead carbonate pigments, and otherwise is without sufficient information or knowledge to form a belief as to the truth of the allegations.

40. In response to the allegations in Paragraph 40, Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff, denies that Plaintiff ingested and was injured by ingesting white lead carbonate pigments, and otherwise is without sufficient information or knowledge to form a belief as to the truth of the allegations.

41. In response to the allegations in Paragraph 41, Sherwin-Williams asserts that Hattie and Jerry Mitchell are responsible for any liability owed to Plaintiff, denies that Plaintiff ingested and was injured by ingesting white lead carbonate pigments, and otherwise is without sufficient information or knowledge to form a belief as to the truth of the allegations.

42. In response to the allegations in Paragraph 42, Sherwin-Williams incorporates the prior paragraphs in its Answer.

43. Sherwin-Williams denies the allegations in Paragraph 43 directed against it.

44. Sherwin-Williams denies the allegations in Paragraph 44 directed against it.

45. Sherwin-Williams denies the allegations in Paragraph 45 directed against it.

46. Sherwin-Williams denies the allegations in Paragraph 46 directed against it.

47. Sherwin-Williams denies the allegations in Paragraph 47 directed against it.

48. Sherwin-Williams denies the allegations in Paragraph 48 directed against it.

49.     In response to the allegations in Paragraph 49, Sherwin-Williams incorporates the prior paragraphs in its Answer.

50.     Sherwin-Williams denies the allegations in Paragraph 50 directed against it.

51.     Sherwin-Williams denies the allegations in Paragraph 51 directed against it.

52.     Sherwin-Williams denies the allegations in Paragraph 52 directed against it.

53.     Sherwin-Williams denies the allegations in Paragraph 53 directed against it.

54.     In response to the allegations in Paragraph 54, Sherwin-Williams incorporates the prior paragraphs in its Answer.

55.     Sherwin-Williams denies the allegations in Paragraph 55 directed against it.

56.     Sherwin-Williams denies the allegations in Paragraph 56 directed against it.

57.     Sherwin-Williams denies the allegations in Paragraph 57 directed against it.

58.     Sherwin-Williams denies the allegations in Paragraph 58, including in each subparagraph, directed against it.

59.     Sherwin-Williams denies the allegations in Paragraph 59 directed against it.

60.     Sherwin-Williams denies the allegations in the "Wherefore" paragraph, denies that Plaintiff is entitled to any judgment, damages, relief, remedy, interest, attorneys' fees, or award of costs against it, and further denies any joint and several liability for any judgment, damages, relief, or remedy.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, and reserving the right to plead in the alternative, Sherwin-Williams pleads its affirmative defenses to the Amended Complaint.  Sherwin-Williams reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

7

61.    For its first affirmative defense, Sherwin-Williams alleges that the Amended Complaint fails, in whole or in part, to state a claim on which relief can be granted.

62.    For its second affirmative defense, Sherwin-Williams alleges that Plaintiff's alleged injuries were solely caused by the acts or omissions of others (including without limitation, the lessors, landlords, property managers, and owners of Plaintiff's premises; governmental authorities having the responsibility to inspect and take action with respect to the safety of those premises; and Plaintiff's legal representatives, caregivers, and custodians) over which Sherwin-Williams had no control, and the acts or omissions of others therefore were the intervening and superseding causes of Plaintiff's alleged injuries and damages.

63.    For its third affirmative defense, Sherwin-Williams alleges that Plaintiff, or Plaintiff's legal representative or custodian, failed to mitigate damages.

64.    For its fourth affirmative defense, Sherwin-Williams alleges that Plaintiff has failed to join necessary and indispensable parties to this lawsuit.

65.    For its fifth affirmative defense, Sherwin-Williams alleges that neither pigment nor paint was intended or sold for ingestion, and Plaintiff's injuries, if any, were caused by misuse of the product in question.

66.    For its sixth affirmative defense, Sherwin-Williams alleges that Sherwin-Williams' white lead carbonate pigments were sold in bulk to sophisticated buyers who were knowledgeable about any hazards related to the use of lead pigments in paint.  Likewise, lead paints were used by purchasers and painters who knew or should have known of their potential hazards if misused and ingested.

67.    For its seventh affirmative defense, Sherwin-Williams alleges that information regarding the toxicity of lead and the potential risk of harm from ingesting paint containing white

8

lead carbonate pigments, which were never intended to be ingested, was publicly available, commonly known, open, and obvious, and therefore Sherwin-Williams had no duty to warn of that toxicity and potential risk.

68.    For its eighth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred because of the doctrine of unclean hands, including the failure to preserve relevant evidence.

69.    For its ninth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred because they do not meet the criteria of Wis. Stat. §§ 895.046(1)-(4) and 895.047(1)-(2) and the defenses in Wis. Stat. §§ 895.046(5) and 895.047(3)(b)-(d) and (5) apply.

70.    For its tenth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred because they impermissibly seek to impose liability on conduct protected from liability by the Free Speech, Petitioning the Government, and Association clauses of the United States and Wisconsin Constitutions.

71.    For its eleventh affirmative defense, Sherwin-Williams alleges that Plaintiff's claims violate the Due Process, Takings, Commerce, and Equal Protection clauses of the United States Constitution and the Due Process and Equal Protection clauses of the Wisconsin Constitution, in part because (a) Plaintiff cannot prove that any product made by Sherwin-Williams caused any injury to Plaintiff; (b) the risk-contribution theory does not apply by its terms to white lead carbonate pigments manufactured or sold by Sherwin-Williams; (c) Plaintiff seeks to apply the risk-contribution theory unfairly, selectively and discriminatorily against a few former, out-of-state manufacturers; (d) Plaintiff seeks to impose disproportionately unfair, arbitrary, and irrational liability on Sherwin-Williams without fair notice; and (e) the risk-

9

contribution theory as applied by Plaintiff creates an arbitrary and irrebuttable presumption of liability.

72.     For its twelfth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred in whole or in part by the Due Process clauses of the United States and Wisconsin Constitutions and by the equitable doctrine of laches due to the long lapse of time between Sherwin-Williams' alleged acts or omissions of which Plaintiff complains and the present time, which has resulted in the unavailability of documents, evidence, and witnesses necessary for Sherwin-Williams' defense.

73.     For its thirteenth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims violate the Due Process clauses of the United States and Wisconsin Constitutions due to the retroactive and *ex post facto* application of current principles of liability and fault to acts or omissions that allegedly occurred as long ago as the 1800s.

74.     For its fourteenth affirmative defense, Sherwin-Williams alleges that, at the time of their manufacture and sale, the products that allegedly caused injury to Plaintiff complied in all material respects with relevant standards, conditions, regulations, or specifications adopted or approved by federal, state, or local government entities or agencies.

75.     For its fifteenth affirmative defense, Sherwin-Williams alleges that, at the time of their manufacture and sale, the products that allegedly caused injury to Plaintiff were consistent with available technological, medical, scientific, and industrial state-of-the-art.

76.     For its sixteenth affirmative defense, Sherwin-Williams alleges that the alleged injury occurred long after the useful life of the product was exceeded.

77.     For its seventeenth affirmative defense, Sherwin-Williams alleges in the alternative, and solely in the event that Sherwin-Williams is found liable in any manner to

10

plaintiff, which Sherwin-Williams denies, that any damages attributable to any act or omission or any product manufactured by Sherwin-Williams are *de minimus* and not a substantial factor under the law.

78.     For its eighteenth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred because Plaintiff made no reasonable effort to identify the manufacturer or time of application of any white lead carbonate pigments or paint containing white lead carbonate pigments that she allegedly ingested.

79.     For its nineteenth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred by the applicable statutes of repose, including but not limited to limitations on liability specified in Wis. Stat. §§ 895.046(5) and 895.047(5).

80.     For its twentieth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred as a matter of public policy.

81.     For its twenty-first affirmative defense, Sherwin-Williams alleges that it had no duty to warn after it stopped making white lead carbonate pigments.

82.     For its twenty-second affirmative defense, Sherwin-Williams alleges that federal statutes preempt Plaintiff's claims against it in whole or in part.

83.     For its twentieth-third affirmative defense, Sherwin-Williams alleges that, pursuant to Wis. Stat. §§ 895.045(3) and 895.046(6), any liability by Sherwin-Williams (which is denied) is several, not joint, and must be apportioned among any responsible parties, persons, or entities by the fact finder.

84.     For its twenty-fourth affirmative defense, Sherwin-Williams alleges that Plaintiff's claims are barred to the extent Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised her claims.

85.    For its twenty-fifth affirmative defense, Sherwin-Williams alleges that this defendant is entitled to set-off, from any award of damages against it, the amount of any sums, damages, or settlement amounts that Plaintiff received or is entitled to receive, with respect to the same alleged injuries.

86.    For its twenty-sixth affirmative defense, Sherwin-Williams alleges the comparative or contributory negligence of other persons.

87.    For its twenty-seventh affirmative defense, Sherwin-Williams alleges that its white lead carbonate pigments could not have reasonably contributed to Plaintiff's alleged harm.

88.    For its twenty-eighth affirmative defense, Sherwin-Williams incorporates by reference each and every applicable defense permitted by law and pleaded by any other defendant in this case.

**WHEREFORE,** Sherwin-Williams asks the Court to enter judgment in its favor dismissing the Amended Complaint in its entirety with prejudice, awarding its costs and expenses, and granting it such other relief as the Court deems just and appropriate.

**A TRIAL BY A JURY OF 12 OF ALL ISSUES PROPERLY TRIABLE TO A JURY IS DEMANDED.**

Dated at Milwaukee, Wisconsin this 17th day of December, 2021.

Respectfully submitted,

By:    */s/  Jeffrey K. Spoerk*
Jeffrey K. Spoerk (1005405)
Andrew T. Stoker (1104067)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone:  +1.414.277.5000
Facsimile:  +1.414.271.3552
Email:      jeff.spoerk@quarles.com
            andrew.stoker@quarles.com

12

Tracy Stratford
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  +1.216.586.3939
Facsimile:   +1.216.579.0212
Email:        tkstratford@jonesday.com

Jennifer B. Flannery
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3053
Telephone:  +1.404.521.3939
Facsimile:   +1.404.581.8330
Email:        jbflannery@jonesday.com

***Attorneys for Defendant***
***The Sherwin-Williams Company***

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of December, 2021, I electronically filed the Answer and Affirmative Defenses of Defendant The Sherwin-Williams Company to Plaintiff's Amended Complaint, using the ECF system for the Milwaukee County Circuit Court.

Notice of filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

*Jeffrey K. Spoerk*_____

FILED
12-29-2021
Clerk of Circuit Court
2021CV003276

## Scheduling Conference Data Sheet- to be *Filed One Week Prior to Scheduling Conference*

### Print your Answers:

| Court Branch | Presiding Judge | Room Number | Scheduling Conference Date | Case Number |
|---|---|---|---|---|
| 14 | Christopher R. Foley | 414 | 01/04/2022 | 2021-CV-3276 |

| Plaintiff(s) | Attorneys(s) – name, address, bar number |
|---|---|
| Arrieona Beal | |

| Defendant(s) | Attorneys(s) – name, address, bar number |
|---|---|
| The Sherwin-Williams Company | Jeffrey Spoerk, 411 E. Wisconsin Ave, SBN#1005405 |

| Subrogated Party(s) | Attorneys(s) – name, address, bar number |
|---|---|
| | |

### General Nature of the Case: (auto accident, other personal injury, money judgment, contract, etc.)

Product Liability, Landlord Negligence

**Issues Involved:** Whether the landlord defendants were negligent; whether Plaintiff can prove that Defendants' white lead carbonate (WLC) paint pigments were defective and unreasonably dangerous due to a failure to warn; where Plaintiff cannot prove whose product allegedly injured her, can she utilize the "risk-contribution" theory *

**Please give a brief summary of the factual situation regarding the cause of action, or defense, including time, dates, location and ages of parties: claimed negligence, if tort action; claimed violation, if other action, etc.**

Plaintiff claims that she sustained a cognitive injury due to ingesting lead as a young child, while living at the apartment rented by the landlord defendants (Mitchells). She claims that the exposure occurred around 2002-03, when she was 1-2 years old. Plaintiff further claims that her lead exposure was from a paint pigment, white lead carbonate (WLC) that was manufactured by the manufacturer defendants at varying times between roughly 1910 and 1972, when lead paints were popular, lawful consumer products that were often governmentally required. Plaintiff claims that the landlords were negligent in allowing the paint in and on her apartment to fall into **

**Please itemize claimed special damages:**

Unknown.

| Pleadings Completed: | Claim for Permanency | Med. Rpts Complted: | Med. Rpts Exchanged: | IME Anticipated: |
|---|---|---|---|---|
| ( ) Yes  ( ) No | ( ) Yes  ( ) No | ( ) Yes  ( ) No | ( ) Yes  ( ) No | ( ) Yes  ( ) No |

**Additional Comments: (use back if necessary)**

This is not a typical personal injury claim. Plaintiff's alleged injury is not like a broken leg, in that it can be readily observed, and its cause easily determined. Plaintiff claims that her cognitive functioning is somehow not what it would have been, but for alleged lead exposure. Determining what would have been the expected "normal" for this particular individual, given her family background, environmental factors,***

**Submitted by:** Jeffrey K. Spoerk        **Date:** 12/28/2021

**Scheduling Conference Data Sheet (Page 2 of 2)**

Arrieona Beal
v.
The Sherwin-Williams Company, et al.          Case No. 2021-CV-3276

\* under Thomas; whether Wis. Stat. §895.046 bars Plaintiff's claims against the manufacturer defendants; whether she sustained a cognizable injury; whether any injury is from ingestion of WLC rather than other causes; and whether Wisconsin's public policy factors separately preclude liability.

\*\* disrepair and become available for Plaintiff to ingest. As to the manufacturer defendants, Plaintiff claims that their WLC was defective, and the defendants were negligent, for failing to adequately warn of the hazards of WLC pigments in residential paints. The Wisconsin Supreme Court negated design defect claims in a previous case (Godoy). In similar litigation involving these same plaintiffs' attorneys and manufacturer defendants, the 7th Circuit Court of Appeals concluded that these defendants did not have a duty to warn. Plaintiff also admits that she cannot prove if she actually ingested WLC made by any of these defendants, and she seeks to proceed under Wisconsin's unique "risk contribution" scheme. However, Plaintiff cannot meet the statutory requirements for proceeding under the risk contribution scheme.

\*\*\* participation in the educational process, and the impact of any of the hundreds of factors that affect cognitive development and performance, is an extremely complicated question that experts of many disciplines have wrestled with for decades. Experience with this type of claim, and the same attorneys and parties has shown that extensive discovery is required, including many non-party sources such as MPS, the MHD and Wisconsin DHS, Plaintiff's medical, providers, employers, family members, the landlords, teachers, and social service workers, among others. In similar cases, more than 15 experts in history, toxicology, medicine, paint chemistry, neuropsychology, economics, and warnings have all played important roles in resolving these issues. The first case of this type to be tried in state court (*Thomas*, with Judge Sankovitz) lasted more than a month and resulted in a defense verdict, concluding that the plaintiff had been exposed to but was not injured by WLC. Here, defendants anticipate multiple summary judgment and Daubert motions.

QB\71770321.1



**Michael Best & Friedrich LLP**
**Attorneys at Law**
**Paul E. Benson**
T 414.225.2757
E pebenson@michaelbest.com



FILED
12-29-2021
John Barrett
Clerk of Circuit Court
2021CV003276

December 29, 2021

**VIA ECF**

Honorable Christopher R. Foley
Milwaukee County Courthouse
901 N. Ninth St.
Milwaukee, WI 53202

Re:     *Beal v. Mitchell, et al.*
        Milwaukee County, Wisconsin Case No. 2021-CV-003276

Dear Judge Foley:

This office represents defendant, E.I. DuPont de Nemours & Co. ("DuPont"), in the above-referenced matter. DuPont joins the Scheduling Conference Data Sheet filed by co-defendant, The Sherwin-Williams Company.

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

*S/Paul E. Benson*

PEB:pb

cc:     All counsels of record (via electronic filing)

FILED
12-30-2021
John Barrett
Clerk of Circuit Court
2021CV003276



*Milwaukee Area Office*
**W193N10975 Kleinmann Drive, Suite B**
**Germantown, WI 53022**

**Timothy A. Bascom**
Direct Dial: 414-774-8835
Email: tbascom@bbclaw.com

Telephone: 414-476-0800
Facsimile: 414-476-8545

December 30, 2021

**VIA ECF**
Honorable Christopher R. Foley
901 N. 9th St.
Milwaukee, WI 53202

**Re:     *Arrieona Beal v. Hattie Mitchell et. al.***
         ***Case No. 2021CV003276***

Dear Judge Foley:

     I represent Armstrong Containers, Inc. in the above-referenced matter. Armstrong joins the Scheduling Conference Date Sheet filed by co-defendant, The Sherwin-Williams Company.

               Very truly yours,

               ***Timothy A. Bascom***

               Timothy A. Bascom

TAB/blh

cc: All Counsel (Via ECF)

FILED
01-03-2022
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al          **Notice of Hearing**

Case No: 2021CV003276

COURT ORIGINAL

This case is scheduled for: **Telephone scheduling conference**

| Date<br>01-04-2022 | Time<br>09:00 am | Location<br>Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Christopher R. Foley-14 | | 901 N. Ninth Street<br>Milwaukee WI 53233 |
| **Re**<br>Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

PLEASE DO NOT APPEAR IN COURT. THIS MATTER TO TAKE PLACE BY PHONE. PARTIES SHOULD ARRANGE A CONFERENCE CALL AND CALL THE COURT AT 414-278-4582.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: January 3, 2022

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Timothy Andrew Bascom | | Electronic Notice |
| Paul E. Benson | | Electronic Notice |
| Alexander M. DeGuire | | Electronic Notice |
| Anthony Scott Baish | | Electronic Notice |
| Daniel T. Flaherty | | Electronic Notice |
| Jeffrey K. Spoerk | | Electronic Notice |
| Andrew T Stoker | | Electronic Notice |
| Tracy K Stratford | | Electronic Notice |

**FILED**
**01-03-2022**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**



*Milwaukee Area Office*
**W193N10975 Kleinmann Drive, Suite B**
**Germantown, WI 53022**

Telephone: 414-476-0800
Facsimile: 414-476-8545

**Timothy A. Bascom**
Direct Dial: 414-774-8835
Email:  tbascom@bbclaw.com

December 31, 2021

**VIA ECF**
Honorable Christopher R. Foley
901 N. 9th St.
Milwaukee, WI 53202

*Re:*     *Arrieona Beal v. Hattie Mitchell et. al.*
     *Case No. 2021CV003276*

Dear Judge Foley:

    I represent Armstrong Containers, Inc. ("Armstrong") in the above referenced matter.  On behalf of defendants Armstrong, Atlantic Richield Company, E.I. du Pont de Nemours and Company, and the Sherwin-Williams Company (collectively, the "Product Defendants"), I am writing to advise the Court of discussions which have taken place among the parties concerning the status conference currently scheduled for January 4, 2022.

    In anticipation of the potential that the Court would consider a pretrial scheduling order during the status conference, counsel for Sherwin-Williams contacted Plaintiff's counsel and suggested that the parties attempt to agree to deadlines for inclusion in a proposed scheduling order.  Plaintiff's counsel responded with a proposed order, which is attached hereto.  Counsel for Sherwin-Williams replied with a proposal which slightly modified Plaintiff's proposed deadlines. A copy of this reply is also attached hereto.

    The parties' proposals are summarized as follows:

**Jury Fee and Amendment of Pleadings**

    The parties agree on February 4, 2022, as the deadline for the payment of the jury fee and the amendment of pleadings

**Designation of Witnesses**

Plaintiff proposed April 4, 2022, as the deadline for Plaintiff's designation of lay and expert witnesses, and July 4, 2022, as the deadline for the designation of defendants' lay and expert witnesses.

The Product Defendants proposed May 4, 2022, as the deadline for Plaintiff's lay and expert witnesses and August 5, 2022, as the deadline for the designation of defendants' lay and expert witnesses.

The Product Defendants' suggestion that the parties will require additional time to name lay and expert witnesses is based upon counsel's experience with the time it took to gather records from and schedule the depositions of representatives of healthcare providers, educational institutions, public health and other governmental agencies, employers, caregivers, etc., in other similar lead exposure cases in Milwaukee. Indeed, there may be delays in receiving essential documents and obtaining testimony from these entities beyond those previously encountered due to the ongoing pandemic and surging case counts.

**Discovery Deadline**

Plaintiff proposed October 3, 2022, as the discovery deadline and the Product Defendants proposed November 3, 2022, as the deadline.  The Product Defendants' suggested extension of the discovery deadline was based on the corresponding extension of the deadline for naming witnesses.

**Dispositive Motions**

Plaintiff proposed August 4, 2022, as the deadline for filing of all motions under Local Rules 3.14 and 3.15.

The Product Defendants proposed December 3, 2022, as the deadline for filing motions under Local Rules 3.14 and 3.15.  This date is 30 days after the proposed close of discovery, which will give the parties sufficient time after the close of discovery to prepare and file dispositive motions.  Based upon counsel's experience in other lead exposure cases in Milwaukee County and the Federal District Court for the Eastern District of Wisconsin, it is more efficient for the parties to file dispositive motions after, rather than before, the close of discovery.

**Pretrial Report/Pretrial Conference**

Plaintiff proposed that the Court schedule a pretrial conference on October 3, 2022, and that the parties file pretrial reports, along with exhibit lists, jury instructions, proposed verdicts, etc., on October 17, 2022.

The Product Defendants proposed that the parties file pretrial reports, along with trial related materials, and that the Court conduct a final pretrial conference on dates to be set by the

Court once it has issued rulings on the parties' dispositive and *Daubert* motions. It is likely that all parties will file numerous dispositive and *Daubert* motions. Neither the Court nor the parties will know what issues, if any, remain to be tried to the jury until after the Court has ruled on the parties' motions. For the sake of judicial economy and the expense to the parties, it simply makes more sense for the parties to draft and submit their final pretrial reports and related trial materials and for the Court to hold a final pretrial conference after ruling on dispositive and *Daubert* motions.

We look forward to discussing these issues with the Court further at the status conference.

Very truly yours,

**Timothy A. Bascom**

Timothy A. Bascom

TAB/blh

cc: All Counsel (Via ECF)

FILED
01-03-2022
John Barrett
Clerk of Circuit Court
2021CV003276

# Fw: Beal v. Armstrong et al: Case No. 2021-cv-003276

**From:** Thiermann, Jenny <jennifert@warshafsky.com>
**Sent:** Wednesday, December 22, 2021 12:44 PM
**To:** Isasi II, José A. <jisasi@jonesday.com>; Harding, Victor <vich@warshafsky.com>; Werner, Hannah <hwerner@motleyrice.com>; Flannery, Jennifer B. <jbflannery@jonesday.com>; jfuhr@mcquirewoods.com; Benson, Paul <PEBenson@michaelbest.com>; Morris, Sean <Sean.Morris@arnoldporter.com>; Voth, William H. <William.Voth@arnoldporter.com>; Jonathan.stern@apks.com; Stratford, Tracy K. <tkstratford@JonesDay.com>; Larson, Eric A <elarson@mmmlaw.com>; Michael Murray <mmurray@kasdorf.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; McConnell, Bob <bmcconnell@motleyrice.com>; Wallace, Edward <EAW@wexlerwallace.com>; n.leifer@ntllaw.com; peterearle1950 <peterearle1950@gmail.com>; Bascom (External), Tim <tbascom@bbclaw.com>; Spoerk, Jeffrey K. <jeff.spoerk@quarles.com>
**Subject:** RE: Beal v. Armstrong et al: Case No. 2021-cv-003276

** External mail **

Jose,
Attached please find Plaintiff's Proposed Scheduling Order. I noted that Attorney Michael Murray was not previously included in this email chain and I am adding him to this response. Please advise Victor Harding by next Wednesday, Dec. 29th if Plaintiff's dates work for Defendants. If not, please provide your proposed changes and we can take the matter before Judge Foley during the status conference on Jan 4th. JT

JENNY THIERMANN
WARSHAFSKY, ROTTER, TARNOFF & BLOCH, S.C.
839 N. Jefferson St. #300
Milwaukee, WI 53202
414-276-4970 / fax: 414-276-5533
email: jennifert@warshafsky.com

STATE OF WISCONSIN                CIRCUIT COURT                MILWAUKEE COUNTY

ARRIEONA BEAL
                                        Plaintiff(s)              **Case No. 21-CV-003276**

Vs.

ARMSTRONG CONTAINERS, et al.
                                        Defendant(s)

---

### CIVIL DIVISION PROPOSED SCHEDULING ORDER

---

Pursuant to Wis. Stat. § 802.10(3) and Local Rule 3.8.C., **IT IS HEREBY ORDERED:**

1.   All parties shall comply with all provisions of the Local Rules and SCR 62.02, the Standards of Courtesy and Decorum.   The Local Rules are available at http://www.county.milwaukee.gov/ChiefJudgeCircuitCou10519.htm

2.   On or before **February 4, 2022,** any amendments to the pleadings, including the naming of any additional parties shall be completed. If an additional party is named, a copy of this Order shall be served with the summons and complaint.

3.   On or before **February 4, 2022,** the jury fee shall be paid or, pursuant to Local Rule 3.9, all parties shall be deemed to have waived their right to a jury.

4.   On or before the dates set forth below, the parties shall serve, pursuant to Local Rule 1.13, (a) the names and addresses of lay witnesses and a brief summary of their anticipated testimony);  (b) the names, address, resume and written report of each expert witness named, with proposed dates for their depositions; and (c) an itemized statement of damages, including any claim of permanency:

     **April 4, 2022**   by Plainitff  **July 5, 2022**   by Defendant  **n/a**   by Third Party

**Witnesses and damage claims not disclosed in full compliance with this rule will be excluded from trial, unless good cause is shown.**

5.    On or before **October 3, 2022,** all discovery (except depositions for use at trial) shall be complete.  See Local Rule 3.21 (timely completion of discovery).

6.    On or before **August 4, 2022**, all dispositive motions governed by Local Rules 3.14 and 3.15 shall be filed.

The parties agree to comply with the filing deadlines set forth in Local Rule 3.15.

7.    On or before **September 15, 2022**, the parties shall complete mediation. _____ shall serve as mediator.  All fees shall be divided equally among the parties.  The parties and their attorneys shall participate in person.  Any corporate party or other organization shall appear, in addition to counsel of record, by an individual who shall have full authority to negotiate, unless the mediator permits otherwise.  Full authority means the authority to make or modify orders and to approve a final settlement without the need to seek authority from any other person.  A party who fails to comply with this provision of this order may be ordered to pay all costs of the mediation and be subject to further sanctions.

8.    The court will conduct a pretrial conference on **October 3, 2022**.  Counsel who actually will try the case shall be present and a trial date, if needed, shall be scheduled.

9.    On or before **October 17, 2022** each party shall file a pretrial report.  The report shall:

A.  Summarize in detail, no more than two pages, the facts of the case, issues and theories of liability or defense, and evidentiary issues;

B.  Identify each trial witness and summarize in detail his or her testimony;

C.  List all exhibits to be offered at trial.  The exhibits shall be made available for inspection upon the request of any other party as of the filing of the Exhibit List;

D.  Designate all portions of any deposition that will be read or displayed to the jury;

E.  State whether mediation is complete and if not, whether settlement negotiations are ongoing;

G.  Propose stipulations that resolve undisputed issues and that will save the jury and the court time and effort at trial;

10.  If a jury trial is requested, on or before **October 17, 2022** the parties shall file a list of all proposed jury instructions (numbers and titles only, unless requesting modified or special instructions), a proposed jury verdict form; and all motions *in limine.*

11.  If a court trial is requested, on or before **October 17, 2022** the parties shall file proposed findings of fact and conclusions of law.

12.   **The deadlines set forth in this order may not be extended without the consent of the court.**

13.  OTHER ORDERS:

**The court will sanction parties who fail to comply with the provisions of this order. Sanctions may include entering judgment or dismissing claims or defenses.** <u>See</u> Wis. Stats. §§ 804.12 and 805.03.

Dated: _____

BY THE COURT:

_____

Circuit Judge Christopher R. Foley
Branch 14

FILED
01-03-2022
John Barrett
Clerk of Circuit Court
2021CV003276

# Fw: Beal v. Armstrong et al: Case No. 2021-cv-003276

**From:** Isasi II, José A. <jisasi@jonesday.com>
**Sent:** Monday, December 27, 2021 3:58 PM
**To:** Thiermann, Jenny <jennifert@warshafsky.com>; Harding, Victor <vich@warshafsky.com>; Werner, Hannah <hwerner@motleyrice.com>; Flannery, Jennifer B. <jbflannery@jonesday.com>; jfuhr@mcquirewoods.com <jfuhr@mcquirewoods.com>; Benson, Paul <PEBenson@michaelbest.com>; Morris, Sean <Sean.Morris@arnoldporter.com>; Voth, William H. <William.Voth@arnoldporter.com>; Jonathan.stern@apks.com <Jonathan.stern@apks.com>; Stratford, Tracy K. <tkstratford@JonesDay.com>; Larson, Eric A <elarson@mmmlaw.com>; Michael Murray <mmurray@kasdorf.com>
**Cc:** Fitzpatrick, Fidelma <ffitzpatrick@motleyrice.com>; McConnell, Bob <bmcconnell@motleyrice.com>; Wallace, Edward <EAW@wexlerwallace.com>; n.leifer@ntllaw.com <n.leifer@ntllaw.com>; peterearle1950 <peterearle1950@gmail.com>; Timothy A. Bascom <tbascom@bbclaw.com>; Spoerk, Jeffrey K. <jeff.spoerk@quarles.com>
**Subject:** RE: Beal v. Armstrong et al: Case No. 2021-cv-003276

Counsel,

Thank you for your proposal.  The manufacturer-defendants have had an opportunity to confer and have the following proposed edits (see below) to plaintiff's draft Scheduling Order that we believe reflect the experiences we have all had with other Wisconsin WLC suits:

Paragraph 1:  No changes.
Paragraph 2:  No changes.
Paragraph 3:  No changes.
Paragraph 4:  Propose an additional month for the disclosures, changing plaintiff's disclosure date to May 4 and the defendants' disclosure date to August 5.
Paragraph 5:  Propose an additional month tracking the above changes, so discovery closes on November 3.
Paragraph 6:  Propose the deadline for dispositive motions be set for December 3--after the close of discovery, not prior to the close of discovery.
Paragraphs 7-11: Defendants propose that all subsequent deadlines related to the pretrial report and trial pleadings (including mediation) be set by the Court at a hearing after the rulings on the dispositive motions so that the scope of the trial, should any issues remain to be tried, is clearly defined for the parties before undertaking the substantial work required by these paragraphs.

Please let us know if this proposal is acceptable to plaintiff or if you would like to confer on the proposal this week in advance of the January 4, and thank you.

Best,

José A. Isasi, II (bio)
Partner
**JONES DAY® - One Firm Worldwide**℠
77 West Wacker Drive
Chicago, IL 60601
Office +1.312.269.4083
jisasi@jonesday.com

Admitted in Illinois and Florida

**FILED**
**01-04-2022**
**John Barrett**
**Clerk of Circuit Court**
**2021CV003276**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

---

Arrieona Beal vs. Hattie Mitchell et al          **Notice of Hearing**

Case No: 2021CV003276

---

COURT ORIGINAL

This case is scheduled for: **Pre-trial conference**

| Date 03-03-2023 | Time 09:00 am | Location Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Christopher R. Foley-14 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Other-Personal Injury | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: January 4, 2022

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Victor c Harding | | Electronic Notice |
| Andrea Pearson Goode | | Electronic Notice |
| Michael Shawn Murray | | Electronic Notice |
| Timothy Andrew Bascom | | Electronic Notice |
| Paul E. Benson | | Electronic Notice |
| Alexander M. DeGuire | | Electronic Notice |
| Anthony Scott Baish | | Electronic Notice |
| Daniel T. Flaherty | | Electronic Notice |
| Jeffrey K. Spoerk | | Electronic Notice |
| Andrew T Stoker | | Electronic Notice |
| Tracy K Stratford | | Electronic Notice |
| American Family | | No Notice |

This form shall not be modified. It may be supplemented with additional material.

FILED
01-04-2022
John Barrett
Clerk of Circuit Court
2021CV003276

BY THE COURT:

DATE SIGNED: January 4, 2022

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

STATE OF WISCONSIN                    CIRCUIT COURT                    MILWAUKEE  COUNTY

Arrieona Beal                                              **CIVIL DIVISION SCHEDULING ORDER**

     vs.                                                Case No: 21CV003276

Hattie Mitchell et al

---

Pursuant to Wis. Stat. § 802.10(3) and Local Rule 3.8.C., **IT IS HEREBY ORDERED:**

    All parties shall comply with all provisions of the Local Rules and SCR 62.02, the Standards of Courtesy and Decorum.  The Local Rules are available at http://www.county.milwaukee.gov/ChiefJudgeCircuitCou10519.htm

1. On or before  <u>March 4, 2022</u>,  any amendments to the pleadings, including the naming of any additional parties, shall be completed.   If any additional party is named, a copy of this Order shall be served with the summons and complaint.

2. On or before <u>See below</u> the jury fee shall be paid or, pursuant to Local Rule 3.9, all parties shall be deemed to have waived their right to a jury.

3. On or before the dates set forth below, the parties shall serve, pursuant to Local Rule 1.13,
       (a) the names and addresses of lay witnesses and a brief summary of their anticipated testimony;
       (b) the name, address, resume and written report of each expert witness (any witness who will give an expert
          opinion at trial on any subject); and
       (c) an itemized statement of damages, including any claim of permanency.
   No party is required to supply a separate report for an expert who's opinions at trial will be limited to and consistent with opinions that are stated in medical records previously generated by that witness.  The witness will be limited to opinions in those records.  The party intending to adduce such an opinion shall, on or before the date set below, summarize and identify where in the records the opinions are located.

    Plaintiff:  <u>May 4, 2022</u>, Defendant:  <u>September 6, 2022</u>,  Third Party: use if appropriate.:,

**Witnesses and damage claims not disclosed in full compliance will be excluded from trial, unless good cause is shown.**

4. On or before <u>November 15, 2022</u>, all discovery (except depositions for use at trial) shall be complete.  *See* Local Rule 3.21 (timely completion of discovery).

5. On or before, 12/15/22 all dispositive motions shall be filed.  The parties agree to the dispositive pretrial motion briefing schedules set forth in Local Rules 3.14 and 3.15.

6. On or before <u>final p/t</u> the parties shall complete mediation. Parties shall select a mediator by mutual agreement. In the absence of agreement  Parties to agree or contact court shall serve as mediator. All fees shall be divided equally among the parties.  The parties and their attorneys shall participate in person.  Any corporate party or other

organization shall appear, in addition to counsel of record, by an individual who shall have full authority to make or modify offers and to approve a final settlement without the need to seek approval from any other person., unless the mediator permits otherwise.   A party who fails to comply with this provision of this order may be ordered to pay all costs of the mediation and be subject to further sanctions.

**CIVIL DIVISION SCHEDULING ORDER**          Case No. 21CV003276

7.  The court will conduct a final pretrial conference at <u>3/3/23</u>, on <u>9 a.m</u>. Counsel who actually will try the case shall be

present. and a trial date, if needed, shall be scheduled.  A date for trial, if needed, will be set at the conference.

8.  At least TWO WEEKS before the pretrial conference, each party shall file a pretrial report.  The report shall:

A.  Summarize in detail in no more than 2 pages the facts of the case, issues and theories of liability or defense and evidentiary issues.

B.  Identify each trial witness and summarize in detail his or her testimony.

C.  List all exhibits to be offered at trial.  The exhibits shall be made available for inspection upon the request of any other party as of the filing of the Exhibit List.

D.  Designate all portions of any deposition that will be read or displayed to the jury.

E.  Include all motions in limine, including Daubert objections to any expert testimony, along with supporting briefs and affidavits.
F.  State that mediation is complete, and whether settlement negotiations are ongoing.

G.  Propose stipulations that resolve undisputed issues and that will save the jury and the court time and effort at trial.

H.  If a jury trial is requested, submit: (1) a list of all proposed jury instructions (numbers and titles only, unless requesting modified or special instructions); (2) a proposed verdict form;

I.  If a court trial is requested, submit proposed findings of fact and conclusions of law.

9 .  The deadlines set forth in this order may not be extended without the consent of the court.

10.  OTHER ORDERS:  P to pay jury fee by 3/4/22//D to pay (if P does not) by 4/4/22
Stay to resolve coverage issue as to AM Fam is continued for 30 days (anticipating it will be resolved by stip. Within that time)

**The court will sanction parties who fail to comply with the provisions of this order.  Sanctions may include entering judgment or dismissing claims or defenses.**  <u>See</u> Wis. Stats. §§ 804.12 and 805.03.

Dated: <u>January 4. 2022</u>,

BY THE COURT:

_____
Hon. Christopher Foley
Circuit Court Judge Branch 14

FILED
01-06-2022
John Barrett
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

ARRIEONA BEAL,

     Plaintiff,

  vs.

             Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

     Defendants.

## MOTION FOR ADMISSION *PRO HAC VICE* FOR ERIC A. LARSON

   Defendant Armstrong Containers, Inc. ("Armstrong") by its attorneys Bascom, Budish & Ceman, S.C., hereby moves the Court, pursuant to Wisconsin Supreme Court Rule 10.03(4), for an Order, without hearing, granting Eric A. Larson, of Morris, Manning & Martin, LLP, 3343 Peachtree Road, N.E., Atlanta, Georgia, permission to appear and participate in this matter *pro hac vice*, based on the Application for *Pro Hac Vice* Admission of Eric A. Larson attached hereto, and in support thereof, shows until this Honorable Court, as follows:

   1. Eric A. Larson is an attorney at law, duly licensed and practicing as such in the State of Georgia.

   2. We have conferred with all counsel and are authorized to state that they do not oppose the motion.

   3. Eric A. Larson represents Armstrong in other matters concerning product liability allegations similar to those at issue in this matter.

   4. Eric A. Larson is not now, and has not been, under any disciplinary order of any state bar association.

5. As to matters arising or pertaining to the above-titled cause, Eric A. Larson subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6. I am a member in good standing of the Wisconsin State Bar Association who appears of record in this case on behalf of Armstrong.

WHEREFORE, Armstrong respectfully submits that this Honorable Court grant the instant Motion and allow Eric A. Larson to appear and practice before this Honorable Court *pro hac vice* on behalf of Armstrong. A proposed Order also accompanies this motion.

Dated this 6th day of January 2022.

BASCOM, BUDISH & CEMAN, S.C.
Electronically Signed By:

_i o h     a co_
Timothy A. Bascom
State Bar No. 1010017
tbascom@bbclaw.com

**P.O. Address:**
W193N10975 Kleinmann Drive
Suite B
Germantown, WI 53022

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee | **COUNTY**

| Case Caption: Arrieona Beal v. Armstrong Containers, Inc. et al. | **Application for Pro Hac Vice Admission** |
| | Case No.   2021CV003276 |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Armstrong Containers, Inc.
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Georgia and Illinois

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Timothy A. Bascom         , State Bar No. 1010017
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I desire to represent Armstrong Containers, Inc. as co-counsel in the above-captioned matter due to my specialized knowledge and expertise in the issues presented in the case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ⬚ 0 ⬚ previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>/s Eric A. Larson          12/23/2021 10:44:21 AM | Telephone Number<br>404-495-3618 |
|---|---|
| Name Printed<br>Eric A. Larson | Email Address (if any)<br>elarson@mmmlaw.com |
| Address of Principal Office<br>3343 Peachtree Rd NE, Atlanta, GA, 30326-2400, USA | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03                                    SCR 10.03(4)



## Receipt:

Name on the card:                    Eric A. Larson

Payment Total:                       $250.00

Payment Date:                        12/23/2021 10:44:21 AM

Payment Method:  Card ending with:        *1002

Transaction Number:              AN3E4AF552EF

FILED
01-06-2022
John Barrett
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN            CIRCUIT COURT            MILWAUKEE COUNTY

ARRIEONA BEAL,

                 Plaintiff,

    vs.

                                     Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

                 Defendants.

## ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE*

     **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Eric A. Larson *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Eric A. Larson and the Affidavit of Eric A. Larson and its accompanying attachments,

     **IT IS HEREBY ORDERED** that Eric A. Larson be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
01-20-2022
John Barrett
Clerk of Circuit Court
2021CV003276

DATE SIGNED: January 19, 2022

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

---

ARRIEONA BEAL,

                Plaintiff,

    vs.

                                       Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

                Defendants.

---

**ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE***

---

       **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Eric A. Larson *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Eric A. Larson and the Affidavit of Eric A. Larson and its accompanying attachments,

       **IT IS HEREBY ORDERED** that Eric A. Larson be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
01-24-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: January 24, 2022**

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE
CIVIL DIVISION    COUNTY

---

ARRIEONA BEAL,

      Plaintiff,

     v.                              Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

      Defendants.

---

### ORDER FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JOSE A. ISASI

---

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney JOSE A. ISASI pro hac vice by the attorney ANDREW T. STOKER and upon the Application for Admission Pro Hac Vice of JOSE A. ISASI and its accompanying attachments,

    **IT IS HEREBY ORDERED** that JOSE A. ISASI be admitted to practice before this Court pro hac vice.

FILED
01-25-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**              **CIRCUIT COURT**              **MILWAUKEE COUNTY**

---

ARRIEONA BEAL,

        Plaintiff,

    vs.

                                   Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

        Defendants.

---

### MOTION FOR ADMISSION *PRO HAC VICE* FOR ROBERT P. ALPERT

---

Defendant Armstrong Containers, Inc. ("Armstrong") by its attorneys Bascom, Budish & Ceman, S.C., hereby moves the Court, pursuant to Wisconsin Supreme Court Rule 10.03(4), for an Order, without hearing, granting Robert P. Alpert, of Morris, Manning & Martin, LLP, 3343 Peachtree Road, N.E., Atlanta, Georgia, permission to appear and participate in this matter *pro hac vice*, based on the Application for *Pro Hac Vice* Admission of Robert P. Alpert attached hereto, and in support thereof, shows until this Honorable Court, as follows:

1. Robert P. Alpert is an attorney at law, duly licensed and practicing as such in the State of Georgia.

2. We have conferred with all counsel and are authorized to state that they do not oppose the motion.

3. Robert P. Alpert represents Armstrong in other matters concerning product liability allegations similar to those at issue in this matter.

4. Robert P. Alpert is not now, and has not been, under any disciplinary order of any state bar association.

5. As to matters arising or pertaining to the above-titled cause, Robert P. Alpert subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6. I am a member in good standing of the Wisconsin State Bar Association who appears of record in this case on behalf of Armstrong.

WHEREFORE, Armstrong respectfully submits that this Honorable Court grant the instant Motion and allow Robert P. Alpert to appear and practice before this Honorable Court *pro hac vice* on behalf of Armstrong.  A proposed Order also accompanies this motion.

Dated this 25th day of January, 2022.

BASCOM, BUDISH & CEMAN, S.C.


*Timothy A. Bascom*
Timothy A. Bascom
State Bar No. 1010017
W193N10975 Kleinmann Drive
Germantown, WI 53022
414-774-8835

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee                    **COUNTY**

| Case Caption: Arrieona Beal v. Armstrong Containers, Inc., et al. | **Application for Pro Hac Vice Admission** | |
| --- | --- | --- |
| | Case No. 2021CV003276 | |

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
Armstrong Containers, Inc.
in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
Georgia

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Timothy A. Bascom, State Bar No. 1010017 an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
I desire to represent Armstrong Containers, Inc., as co-counsel in the above-captioned matter due to my specialized knowledge and expertise in the issues presented in the case.

I have applied for admission pro hac vice in the courts of the State of Wisconsin ☐ 0 previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>/s/ Robert P. Alpert          1/12/2022 10:56:26 AM | Telephone Number<br>404-504-7692 |
|---|---|
| Name Printed<br> Mr. Robert P. Alpert | Email Address (if any)<br>ralpert@mmmlaw.com |
| Address of Principal Office<br> 3343 Peachtree Rd NE, Atlanta, GA, 30326-2400, USA | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03          SCR 10.03(4)



## Receipt:

Name on the card:                    Mr. Robert P. Alpert

Payment Total:                       $250.00

Payment Date:                  1/12/2022 10:56:26 AM

Payment Method:  Card ending with:        *1004

Transaction Number:           AI3EA4725B65

FILED
01-25-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **MILWAUKEE COUNTY**

ARRIEONA BEAL,

        Plaintiff,

  vs.

                         Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

        Defendants.

---

### ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE*

---

**PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Robert P. Alpert *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Robert P. Alpert and the Affidavit of Robert P. Alpert and its accompanying attachments,

**IT IS HEREBY ORDERED** that Robert P. Alpert be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
01-25-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

ARRIEONA BEAL,

        Plaintiff,

  vs.

                                  Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

        Defendants.

## MOTION FOR ADMISSION *PRO HAC VICE* FOR JEFFREY K. DOUGLASS

Defendant Armstrong Containers, Inc. ("Armstrong") by its attorneys Bascom, Budish & Ceman, S.C., hereby moves the Court, pursuant to Wisconsin Supreme Court Rule 10.03(4), for an Order, without hearing, granting Jeffrey K. Douglass, of Morris, Manning & Martin, LLP, 3343 Peachtree Road, N.E., Atlanta, Georgia, permission to appear and participate in this matter *pro hac vice*, based on the Application for *Pro Hac Vice* Admission of Jeffrey K. Douglass attached hereto, and in support thereof, shows until this Honorable Court, as follows:

1. Jeffrey K. Douglass is an attorney at law, duly licensed and practicing as such in the State of Georgia.

2. We have conferred with all counsel and are authorized to state that they do not oppose the motion.

3. Jeffrey K. Douglass represents Armstrong in other matters concerning product liability allegations similar to those at issue in this matter.

4. Jeffrey K. Douglass is not now, and has not been, under any disciplinary order of any state bar association.

5. As to matters arising or pertaining to the above-titled cause, Jeffrey K. Douglass subjects and submits himself to the full disciplinary powers of this Court to the same extent as if he were fully admitted to practice in this Court and the State of Wisconsin.

6. I am a member in good standing of the Wisconsin State Bar Association who appears of record in this cause on behalf of Armstrong.

WHEREFORE, Armstrong respectfully submits that this Honorable Court grant the instant Motion and allow Jeffrey K. Douglass to appear and practice before this Honorable Court *pro hac vice* on behalf of Armstrong.  A proposed Order also accompanies this motion.

Dated this 25th day of January, 2022.

BASCOM, BUDISH & CEMAN, S.C.

*Timothy A. Bascom*
Timothy A. Bascom
State Bar No. 1010017
W193N10975 Kleinmann Drive
Germantown, WI 53022
414-774-8835

2

**STATE OF WISCONSIN, CIRCUIT COURT,** Milwaukee    **COUNTY**

Case Caption: Arrieona Beal v. Armstrong Containers, Inc. et al

**Application for
Pro Hac Vice Admission**

Case No.   2021CV003276

## I DECLARE UNDER PENALTY OF PERJURY:

1. That I seek to appear pro hac vice in order to represent
   Armstrong Containers, Inc.
   in the above-captioned matter;

2. That I am admitted to practice law in the highest court(s) of the state(s) or country(ies) of;
   Georgia

3. That there are no disciplinary complaints filed against me for violation of the rules of those courts (if so, please explain):

4. That I am not suspended or disbarred from practice for disciplinary reasons or reason of medical incapacity in any jurisdiction (if yes, please explain):

5. That I am associated with Attorney Atty. Timothy A. Bascom        , State Bar No. 1010017
   an active member of the State Bar of Wisconsin (name the member of the State Bar of Wisconsin and provide his/her Member Number);

6. That I do not practice or hold out to practice law in the State of Wisconsin;

7. That I acknowledge the jurisdiction of the courts of the State of Wisconsin over my professional conduct, and I agree to abide by the rules of the relevant division of the Circuit Court of the State of Wisconsin, the Wisconsin Court of Appeals, the Wisconsin Supreme Court, and the Rules of Professional Conduct for Attorneys, if I am admitted pro hac vice;

8. That I have complied fully with SCR Rule 10.03 (4);

9. That I am applying for admission pro hac vice for the following reasons:
   I desire to represent Armstrong Containers, Inc. as co-counsel in the above-captioned matter due to my specialized knowledge and expertise in the issues presented in the case

I have applied for admission pro hac vice in the courts of the State of Wisconsin ☐ 0 previously in this calendar year.

I attach hereto evidence of my payment or prior payment of the pro hac vice fee.

| Signature of Attorney<br>/s Jeffrey K. Douglass    1/10/2022 1:26:56 PM | Telephone Number<br>404-504-7793 |
|---|---|
| Name Printed<br>Mr. Jeffrey Douglass | Email Address (if any)<br>jkd@mmmlaw.com |
| Address of Principal Office<br>1600 Atlanta Financial Center, Atlanta, GA, 30326, United States | |

CA-180, 08/20 Application for Pro Hac ViceThis form meets the requirements of Appendix A to SCR 10.03    SCR 10.03(4)



## Receipt:

Name on the card:            Mr. Jeffrey Douglass

Payment Total:                          $250.00

Payment Date:              1/10/2022 1:26:56 PM

Payment Method:  Card ending with:      *7000

Transaction Number:            AI3EA4680C9A

FILED
01-25-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

---

ARRIEONA BEAL,

               Plaintiff,

     vs.

                                    Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

               Defendants.

---

### ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE*

---

      **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Jeffrey K. Douglass *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Jeffrey K. Douglass and the Affidavit of Jeffrey K. Douglass and its accompanying attachments,

      **IT IS HEREBY ORDERED** that Jeffrey K. Douglass be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

PROPOSED

FILED
01-26-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

---

ARRIEONA BEAL,

             Plaintiff,                              Case No. 21-CV-3276

vs.
                                               Code No.  30107

HATTIE AND JERRY MITCHELL,
ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD COMPANY,
and THE SHERWIN WILLIAMS COMPANY

             Defendants,

and,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

             Intervening Defendant.

---

### STIPULATION

---

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1.     The plaintiff Arrieona Beal has filed a lawsuit against the defendants Hattie and Jerry Mitchell in Milwaukee County Circuit Court, Case No. 21-CV-3276.

2.     In her lawsuit, the plaintiff Arrieona Beal alleges that while she resided at a property owned by the defendants Hattie and Jerry Mitchell which was located at 1017 North 29th Street, Milwaukee, Wisconsin, she was exposed to and ingested white lead carbonate pigment which caused injury to her.

3.     American Family Mutual Insurance Company's Motion to Intervene in this case to address the issue of insurance coverage for the claims that the plaintiff has asserted against the

defendants Hattie and Jerry Mitchell was granted by the court.  The defendants Armstrong Containers, Inc., E.I. Dupont Denemours & Co., the Atlantic Richfield Company, and The Sherwin Williams Company have not filed any cross-claims against the intervening defendant American Family Mutual Insurance Company, or the defendants Hattie and Jerry Mitchell.  Plaintiff has not filed any claims against the intervening defendant American Family Mutual Insurance Company.

4.     American Family Mutual Insurance Company issued a Businessowners Policy to the defendants Hattie and Jerry Mitchell, policy number 48XM358901, which first went into effect on January 10, 2007.

5.     American Family Mutual Insurance Company did not issue any other policies of insurance to the defendants Hattie and Jerry Mitchell that were in effect and insured the property located at 1017 North 29th Street, Milwaukee, Wisconsin, prior to January 10, 2007.

6.     The Businessowners Policy that American Family issued to Hattie and Jerry Mitchell, policy number 48XM358901, does not provide insurance coverage for the claims that the plaintiff Arrieona Beal has asserted against the defendants Hattie and Jerry Mitchell in Milwaukee County Circuit Court, Case No. 21-CV-3276.

7.     American Family has no duty to defend or indemnify the defendants Hattie and Jerry Mitchell for the claims asserted against them in Milwaukee County Circuit Court, Case No. 21-CV-3276.

8.     Upon the signing of the Order, American Family Mutual Insurance Company shall be dismissed from Milwaukee County Circuit Court, Case No. 21-CV-3276 with prejudice, and without costs to any party.  In addition, American Family Mutual Insurance Company shall be removed from the case caption, and Attorney Andrea Goode shall be permitted to withdraw as counsel for the defendants Hattie and Jerry Mitchell.

WARSHAFSKY, ROTTER, TARNOFF
  & BLOCH, S.C.
Attorneys for Arrieona Beal

Dated: _____    By: *electronically signed Victor C. Harding*
1/11/22                               _____
                                      VICTOR C. HARDING
                                      State Bar No. 1001574


KASDORF, LEWIS & SWIETLIK, S.C.
Attorneys for Hattie and Jerry Mitchell

Dated: _____    By: *electronically signed Michael S. Murray*
1/21/22                               _____
                                      MICHAEL S. MURRAY
                                      State Bar No. 1008851


BORGELT, POWELL, PETERSON & FRAUEN
Attorneys for Hattie and Jerry Mitchell

Dated: _____    By: *electronically signed Andrea P. Goode*
1/24/22                               _____
                                      ANDREA P. GOODE
                                      State Bar No. 1049522


EMILE BANKS & ASSOCIATES, LLC
Attorneys for American Family Mutual
Insurance Company

Dated: _____    By: *electronically signed Vicki L. Arrowood*
1/26/22                               _____
                                      VICKI L. ARROWOOD
                                      State Bar No. 1009473

FILED
01-26-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

-------------------------------------------------------------------------------------------------------------------------

ARRIEONA BEAL,

    Plaintiff,             Case No. 21-CV-3276

vs.

                     Code No.  30107

HATTIE AND JERRY MITCHELL,
ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD COMPANY,
and THE SHERWIN WILLIAMS COMPANY

    Defendants,

and,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Intervening Defendant.

-------------------------------------------------------------------------------------------------------------------------

## ORDER

-------------------------------------------------------------------------------------------------------------------------

Based upon the Stipulation entered into by the parties and on file with the court,

IT IS ORDERED that the Businessowners Policy that American Family issued to Hattie

and Jerry Mitchell, policy number 48XM358901, does not provide insurance coverage for the

claims that the plaintiff Arrieona Beal has asserted against the defendants Hattie and Jerry Mitchell

in Milwaukee County Circuit Court, Case No. 21-CV-3276.

IT IS FURTHER ORDERED that the defendants Armstrong Containers, Inc., E.I. Dupont Denemours & Co., the Atlantic Richfield Company, and The Sherwin Williams Company have not filed any cross-claims against the intervening defendant American Family Mutual Insurance Company or the defendants Hattie and Jerry Mitchell.  Plaintiff has not filed any claims against the intervening defendant American Family Mutual Insurance Company.

IT IS FURTHER ORDERED that American Family has no duty to defend or indemnify the defendants Hattie and Jerry Mitchell for the claims asserted against them in Milwaukee County Circuit Court, Case No. 21-CV-3276.

IT IS FURTHER ORDERED that upon the signing of this Order, American Family Mutual Insurance Company shall be dismissed from Milwaukee County Circuit Court, Case No. 21-CV-3276 with prejudice, and without costs to any party.  In addition, American Family Mutual Insurance Company shall be removed from the case caption, and Attorney Andrea Goode shall be permitted to withdraw as counsel for the defendants Hattie and Jerry Mitchell.

FILED
01-27-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

DATE SIGNED: January 27, 2022

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

STATE OF WISCONSIN
CIRCUIT COURT
MILWAUKEE COUNTY

--------------------------------------------------------------------------------------------------------------------

ARRIEONA BEAL,

          Plaintiff,                                       Case No. 21-CV-3276

vs.

                                                  Code No.  30107

HATTIE AND JERRY MITCHELL,
ARMSTRONG CONTAINERS, INC.,
E.I. DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD COMPANY,
and THE SHERWIN WILLIAMS COMPANY

          Defendants,

and,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

          Intervening Defendant.

--------------------------------------------------------------------------------------------------------------------
## ORDER
--------------------------------------------------------------------------------------------------------------------

     Based upon the Stipulation entered into by the parties and on file with the court,

     IT IS ORDERED that the Businessowners Policy that American Family issued to Hattie

and Jerry Mitchell, policy number 48XM358901, does not provide insurance coverage for the

claims that the plaintiff Arrieona Beal has asserted against the defendants Hattie and Jerry Mitchell

in Milwaukee County Circuit Court, Case No. 21-CV-3276.

IT IS FURTHER ORDERED that the defendants Armstrong Containers, Inc., E.I. Dupont Denemours & Co., the Atlantic Richfield Company, and The Sherwin Williams Company have not filed any cross-claims against the intervening defendant American Family Mutual Insurance Company or the defendants Hattie and Jerry Mitchell.  Plaintiff has not filed any claims against the intervening defendant American Family Mutual Insurance Company.

IT IS FURTHER ORDERED that American Family has no duty to defend or indemnify the defendants Hattie and Jerry Mitchell for the claims asserted against them in Milwaukee County Circuit Court, Case No. 21-CV-3276.

IT IS FURTHER ORDERED that upon the signing of this Order, American Family Mutual Insurance Company shall be dismissed from Milwaukee County Circuit Court, Case No. 21-CV-3276 with prejudice, and without costs to any party.  In addition, American Family Mutual Insurance Company shall be removed from the case caption, and Attorney Andrea Goode shall be permitted to withdraw as counsel for the defendants Hattie and Jerry Mitchell.

FILED
01-27-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

                      Plaintiff,               Case No. 2021CV003276

      vs.

ARMSTRONG CONTAINERS, INC. ET AL.,

                      Defendant.

## NOTICE OF APPEARANCE OF JOY C. FUHR

       PLEASE TAKE NOTICE that Joy C. Fuhr of McGuireWoods, LLP has been retained as counsel for Defendant, E. I. du Pont de Nemours and Company, in connection with this lawsuit. All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

       Dated this 27th day of January, 2022.

                      Respectfully submitted,

                      MCGUIREWOODS, LLP

              By:     *Electronically signed by Joy C. Fuhr*
                      Joy C. Fuhr, Esq.,
                      Va. Bar No. #34359 (admitted *pro hac vice*)
                      MCGUIREWOODS LLP
                      Gateway Plaza
                      800 East Canal Street
                      Richmond, VA 23219-3916
                      (804) 775-4341 (phone)
                      (804) 698-2056 (fax)
                      jfuhr@mcguirewoods.com

                      ***Attorney for Defendant E. I. du Pont de Nemours and Company***

FILED
01-27-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

                    Plaintiff,                    Case No. 2021CV003276

         vs.

ARMSTRONG CONTAINERS, INC. ET AL.,

                    Defendant.

## NOTICE OF APPEARANCE OF CHRISTIAN E. HENNEKE

PLEASE TAKE NOTICE that Christian E. Henneke of McGuireWoods, LLP has been retained as counsel for Defendant, E. I. du Pont de Nemours and Company, in connection with this lawsuit. All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

Dated this 27th day of January, 2022.

                    Respectfully submitted,

                    MCGUIREWOODS, LLP


         By:    *Electronically signed by Christian E. Henneke*
                Christian E. Henneke,
                Va. Bar No. #45457 (admitted by *pro hac vice*)
                MCGUIREWOODS LLP
                Gateway Plaza
                800 East Canal Street
                Richmond, VA 23219-3916
                (804) 775-1050 (phone)
                (804) 698-2136 (fax)
                chenneke@mcguirewoods.com

*Attorney for Defendant E. I. du Pont de Nemours and Company*

**FILED**
**01-27-2022**
**Anna Hodges**
**Clerk of Circuit Court**
**2021CV003276**

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,           Case No. 2021CV003276

     vs.

ARMSTRONG CONTAINERS, INC. ET AL.,

               Defendant.

---

### NOTICE OF APPEARANCE OF SYLVIA MACON KASTENS

---

PLEASE TAKE NOTICE that Sylvia Macon Kastens of McGuireWoods, LLP has been retained as counsel for Defendant, E. I. du Pont de Nemours and Company, in connection with this lawsuit. All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

Dated this 27th day of January, 2022.

               Respectfully submitted,

               MCGUIREWOODS, LLP

               By:    *Electronically signed by Sylvia Macon Kastens*
                      Sylvia Macon Kastens,
                      Va. Bar No. #92375 (admitted *pro hac vice*)
                      MCGUIREWOODS LLP
                      World Trade Center
                      101 West Main Street, Suite 9000
                      Norfolk, VA 23510-1655
                      (757) 640-3757 (phone)
                      (757) 640-3967 (fax)
                      skastens@mcguirewoods.com

                      ***Attorney for Defendant E. I. du Pont de Nemours and Company***

FILED
01-27-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |

ARRIEONA BEAL,

       Plaintiff,

      v.                                                      Case No. 2021-CV-3276

ARMSTRONG CONTAINERS, INC.,
E.I.DUPONT DENEMOURS & CO.,
THE ATLANTIC RICHFIELD CO.,
THE SHERWIN-WILLIAMS CO., and
HATTIE AND JERRY MITCHELL,

       Defendants.

---

## NOTICE OF APPEARANCE

---

**PLEASE TAKE NOTICE** that Jennifer B. Flannery of Jones Day appears for and represents The Sherwin-Williams Co. in the above-entitled matter.  I respectfully request that all further notices, pleadings, proceedings, or other communications in this matter be served upon me at the addresses shown below.

Dated this 27th day of January, 2022.

                          /s/ *Jennifer B. Flannery*
                          Jennifer B. Flannery, Esq. (GA 738006)
                          JONES DAY
                          1221 Peachtree Street NE, Suite 400
                          Atlanta, GA  30361
                          Telephone:  (404) 521-3939
                          Fax:  (404) 581-8330
                          Email:  jbflannery@jonesday.com

                          *Attorney for Defendant The Sherwin-Williams Co.*

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al                    **Electronic Notice**
                                                           **Status Change**

                                                           Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Joy Fuhr, Pro hac vice
attorney for E.I. DuPont DeNemours & Co., has changed.

Joy Fuhr has registered as an electronic notice party and has agreed to file any
documents and receive all communications from the court for this case electronically.
You will no longer need to provide traditional paper documents to this party. You still
need to provide traditional paper documents to the court and any other parties who are
not electronically filing.

If you have any questions regarding this notice, please contact our office at
414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al          **Electronic Notice**
                                                 **Status Change**

                                                 Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Christian E Henneke, Pro hac vice attorney for E.I. DuPont DeNemours & Co., has changed.

Christian E Henneke has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Sylvia Kastens, Pro hac vice attorney for E.I. DuPont DeNemours & Co., has changed.

Sylvia Kastens has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice**
**Status Change**

Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Jennifer Flannery, Pro hac vice attorney for The Sherwin Williams Company, has changed.

Jennifer Flannery has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Matthew D Grant, Pro hac vice attorney for The Atlantic Richfield Company, has changed.

Matthew D Grant has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

**This form shall not be modified. It may be supplemented with additional material.**

FILED
01-28-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

      v.

ARMSTRONG CONTAINERS, INC., et al.,

                Defendants.

Case No. 2021CV003276

---

## NOTICE OF APPEARANCE OF MATTHEW D. GRANT

**PLEASE TAKE NOTICE,** that Matthew D. Grant of Arnold & Porter Kaye Scholer LLP has been retained as counsel for Defendant The Atlantic Richfield Company in connection with this lawsuit.  All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

Dated this 28th day of January, 2022.

ARNOLD & PORTER KAYE SCHOLER LLP

By: _Electronically signed by Matthew D. Grant_
     Matthew D. Grant (admitted _pro hac vice_)
     250 West 55th Street
     New York, NY 10019-9710
     (212) 836-8000
     matthew.grant@arnoldporter.com

_Attorneys for Defendant The Atlantic Richfield Co._

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Eric Larson, Pro hac vice attorney for Armstrong Containers, Inc., has changed.

Eric Larson has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: January 28, 2022

This form shall not be modified. It may be supplemented with additional material.

FILED
01-28-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

---

ARRIEONA BEAL,

       Plaintiff,

    v.                                                  Case No. 21-CV-003276

ARMSTRONG CONTAINERS, INC.,

E.I. DUPONT DE NEMOURS & CO.,

THE ATLANTIC RICHFIELD CO.,

THE SHERWIN-WILLIAMS CO.,

HATTIE AND JERRY MITCHELL,

       Defendants.

---

## NOTICE OF RETAINER

---

    PLEASE TAKE NOTICE that **MORRIS, MANNING & MARTIN, LLP** by Eric A. Larson, has been retained as counsel of record for the Defendant, Armstrong Containers, Inc., in the above-captioned matter and requests that all future notices and pleadings be served upon the undersigned at the address set forth below.

    Dated this 28th day of January, 2022.

**[signature page to follow]**

**MORRIS, MANNING & MARTIN, LLP**
Attorneys for Defendant
Armstrong Containers

 /s/ *Eric A. Larson*
Eric A. Larson
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, GA 30326
(404) 495-3618
elarson@mmmlaw.com

2

**STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al | **Electronic Notice**
**Status Change**

Case No: 2021CV003276

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for Sean Morris, Pro hac vice attorney for The Atlantic Richfield Company, has changed.

Sean Morris has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: February 7, 2022

This form shall not be modified. It may be supplemented with additional material.

FILED
02-07-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

               Plaintiff,

                       Case No. 2021CV003276

   v.

ARMSTRONG CONTAINERS, INC., et al.,

               Defendants.

## NOTICE OF APPEARANCE OF SEAN MORRIS

      **PLEASE TAKE NOTICE,** that Sean Morris of Arnold & Porter Kaye Scholer LLP has been retained as counsel for Defendant The Atlantic Richfield Company in connection with this lawsuit.  All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

      Dated this 28th day of January, 2022.

                             ARNOLD & PORTER KAYE SCHOLER LLP

                             By: *Electronically signed by Sean Morris*
                                 Sean Morris (admitted *pro hac vice*)
                               777 South Figueroa Street, 44th Floor
                               Los Angeles, CA 90017-5844
                               (213) 243-4000
                               sean.morris@arnoldporter.com

                             *Attorneys for Defendant The Atlantic Richfield Co.*

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

Arrieona Beal vs. Hattie Mitchell et al

**Electronic Notice
Status Change**

Case No: 2021CV003276

---

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

For 2021CV003276, the electronic notice preference for William H. Voth, Pro hac vice attorney for The Atlantic Richfield Company, has changed.

William H. Voth has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 414-278-4120.

Milwaukee County Circuit Court
Date: February 7, 2022

FILED
02-07-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN :   CIRCUIT COURT  :   MILWAUKEE COUNTY

ARRIEONA BEAL,

                Plaintiff,

      v.

ARMSTRONG CONTAINERS, INC., et al.,

                Defendants.

Case No. 2021CV003276

---

## NOTICE OF APPEARANCE OF WILLIAM H. VOTH

    **PLEASE TAKE NOTICE,** that William H. Voth of Arnold & Porter Kaye Scholer LLP has been retained as counsel for Defendant The Atlantic Richfield Company in connection with this lawsuit.  All pleadings, correspondence and communications of whatever kind must be served upon the undersigned at the address noted below.

    Dated this 28th day of January, 2022.

                ARNOLD & PORTER KAYE SCHOLER LLP

                By: *Electronically signed by William H. Voth*
                    William H. Voth (admitted *pro hac vice*)
                    250 West 55th Street
                    New York, NY 10019-9710
                    (212) 836-8000
                    william.voth@arnoldporter.com

                *Attorneys for Defendant The Atlantic Richfield Co.*

FILED
02-07-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

**DATE SIGNED: February 7, 2022**

<u>Electronically signed by Honorable Christopher R. Foley</u>
Circuit Court Judge

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **MILWAUKEE COUNTY**

---

ARRIEONA BEAL,

        Plaintiff,

   vs.

                         Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

        Defendants.

---

### ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE*

---

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Jeffrey K. Douglass *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Jeffrey K. Douglass and the Affidavit of Jeffrey K. Douglass and its accompanying attachments,

    **IT IS HEREBY ORDERED** that Jeffrey K. Douglass be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
02-07-2022
Anna Hodges
Clerk of Circuit Court
2021CV003276

DATE SIGNED: February 7, 2022

Electronically signed by Honorable Christopher R. Foley
Circuit Court Judge

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

ARRIEONA BEAL,

          Plaintiff,

   vs.

                          Case No. 2021CV003276

ARMSTRONG CONTAINERS, INC., ET AL.,

          Defendants.

---

### ORDER GRANTING MOTION FOR ADMISSION *PRO HAC VICE*

---

    **PLEASE TAKE NOTICE THAT** following a motion to this Court for admission of attorney Robert P. Alpert *pro hac vice* by attorney Timothy A. Bascom and under the Application for Admission *Pro Hac Vice* of Robert P. Alpert and the Affidavit of Robert P. Alpert and its accompanying attachments,

    **IT IS HEREBY ORDERED** that Robert P. Alpert be admitted to practice before this Court *pro hac vice* for the purposes of this matter.

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2021CV003276

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

| | |
|---|---|
| ARRIEONA BEAL,<br><br>              Plaintiff,<br><br>      v.<br><br>ARMSTRONG CONTAINERS, INC.; E.I.<br>DU PONT DE NEMOURS AND<br>COMPANY; ATLANTIC RICHFIELD<br>COMPANY; THE SHERWIN-WILLIAMS<br>COMPANY; and HATTIE AND JERRY<br>MITCHELL,<br><br>              Defendants. | Case No. 2021-cv-003276<br><br>**JURY TRIAL DEMANDED** |

### STIPULATION FOR PRODUCTION OF PAINT CHIP SAMPLES

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the respective parties, that Plaintiff shall deliver all paint chip samples to Dr. Christopher Palenik of Microtrace LLC, 790 Fletcher Drive, Elgin, IL 60123-4755 via courier pick-up at the office of Victor Harding, 839 North Jefferson Street, Suite 300, Milwaukee, WI. Defendants agree to bear the cost of splitting the samples collected by the Plaintiff and further agree to produce splits of any paint chip samples collected on Defendants' behalf, if any are collected, in accordance with this stipulation. Once in receipt of the paint chip samples Microtrace will follow the Protocol delineated below:

1.    Location.  This entire protocol shall be performed at Microtrace LLC in Elgin, IL.

2.    Chain of Custody.  Upon receipt of the paint chip samples, Microtrace shall photo-document the condition of the package before and after opening said package and prepare a chain of custody log upon which each step of the protocol shall be contemporaneously documented, said documentation to include the date and time that each step in the protocol was undertaken and identifying the person performing each step.

3.    Sample Designations. Each individual sample shall be inspected to ensure that a unique identifier is present. In the case of Arrieona Beal, the paint chip samples have the unique identifier of "212", and were taken on August 5, 2021, by Jon Halverson at 1017 North 29th Street in Milwaukee Wisconsin.

Three paint chip samples taken at each location.  They consist of:

212-1A, 212-1B, and 212-1C:  Upper Bedroom #1 B Window Casing
212-2A, 212-2B and 212-2C:  Upper Bedroom #2 B Baseboard
212-3A, 212-3B and 212-3C:  Upper Bedroom #3 A Door Jamb
212-4A, 212-4B, and 212-4C:  Lower Kitchen C Wainscoting
212-5A, 212-5B, and 212-5C:  Lower Kitchen C1 Window Casing
212-11A, 212-11B, and 212-11C: Exterior A1 Door Sill
212-12A, 212-12B, and 212-12C: Exterior A2 Window Casing

4.  Sample Documentation. Prior to opening an individual sample, its packaging shall be photo-documented. Each sample will then be opened and its contents will be placed onto a clean substrate. The contents shall be documented by macrophotography or stereomicroscopy to show the overall size and appearance of each portion of the sample prior to the preparation of any splits.

5.  Splitting Paint Chip Samples. The contents of each sample shall be split into two portions. This shall be completed using a fresh razor blade, forceps, and the aid of magnification (as necessary). Attempts shall be made to ensure that each split contains approximately 50 percent of the overall sample for each discernable paint chip and that each split contains a representative portion of the sample including any substrate that may be present in the sample. The splits of each chip shall be photo-documented to illustrate the appearance of both sides of each split side by side clearly showing the comparative distribution of substrate remaining on each split.  A chain of custody will be produced for both splits.

6.  Packaging. The two splits shall be individually packaged, sealed, and labeled with the unique sample name ("212-A" in the case of samples taken from 1017 North 29th Street) followed by the suffix "-P" or "-D" and both packaged splits will be photo documented.

7.  Sample Disposition. Microtrace shall retain the "-D" set of splits on behalf of McGuire Woods. The "-P" set shall be sent to Victor Harding, Warshafsky, Rotter, Tarnoff & Bloch, S.C., 839 North Jefferson Street, Suite 300, Milwaukee, WI 53202, via FedEx  Priority Overnight delivery service with receipt signature required within one business day of the completion of this protocol along with digital copies of all images collected during this protocol shall be provided in their raw form (e.g., .jpg or .tiff) and a copy of the chain of custody log described in paragraph 2 and 6 above shall also be provided at the same time.

Date: 2/26/2022

_____

Edward A. Wallace, Esq.
Wallace Miller LLP

111 West Jackson Boulevard
Suite 1700
Chicago, IL 60604
312-261-6193
eaw@wallacemiller.com

Peter G. Earle, Esq.
Law Offices of Peter Earle
839 North Jefferson Street
Suite 300
Milwaukee, WI 53202
414-276-1076
peter@earle-law.com

Robert J. McConnell, Esq.
Fidelma L. Fitzpatrick, Esq.
Jonathon D. Orent, Esq.
Motley Rice, LLC
321 South Main Street
Providence, RI 02940

*Attorneys for Plaintiffs*

/s/ Jennifer B. Flannery

Date: March 2, 2022

Jeffrey K. Spoerk (1005405)
Andrew T. Stoker (1104067)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Telephone: 1.414.277.5000
Facsimile: 1.414.271.3552
Email: jeff.spoerk@quarles.com
       andrew.stoker@quarles.com

Tracy K. Stratford (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   1.216.586.3939
Facsimile:   1.216.579.0212
Email:  tkstratford@jonesday.com

Jennifer B. Flannery (admitted *pro hac vice*)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone:   1.404.521.3939
Facsimile:   1.404.581.8330
Email:  jbflannery@jonesday.com

Jose A. Isasi II (admitted *pro hac vice*)
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL 60601
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585
Email:  jisasi@jonesday.com


*Attorneys for Defendant,*
*The Sherwin-Williams Company*

/s/ Eric Larson                                          Date:    March 2, 2022

Timothy A. Bascom, Esq.
Bascom, Budish & Ceman, S.C.
2600 North Mayfair Road, Suite 1140
Wauwatosa, WI 53226-1308
414-774-8835 / 414-476-8545 (fax)
tbascom@bbclaw.com

Robert P. Alpert (admitted *pro hac vice*)
Jeffrey K. Douglass (admitted *pro hac vice*)
Eric Larson (admitted *pro hac vice*)
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
404-233-7000 / 404-365-9532 (fax)
ralpert@mmmlaw.com


*Attorneys for Defendant*
*Armstrong Containers, Inc.*

/s/ Sean Morris

Date: March 2, 2022

Daniel T. Flaherty (State Bar No. 1011357)
Anthony S. Baish (State Bar No. 1031577)
GODFREY & KAHN, S.C.
833 East Michigan Street
Suite 1800
Milwaukee, WI 53202-5615
(414) 273-3500
dflaherty@gklaw.com
tbaish@gklaw.com


Sean Morris (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
sean.morris@arnoldporter.com


William H. Voth (admitted *pro hac vice*)
Matthew D. Grant (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
william.voth@arnoldporter.com
matthew.grant@arnoldporter.com


*Attorneys for Defendant*
*Atlantic Richfield Company*

/s/ Christian E. Henneke

Date: March 2, 2022

Paul E. Benson, Esq.
Michael Best & Friedrich
100 East Wisconsin Avenue #3300
Milwaukee WI 53202-4108
414-271-6560 / 414-277-0656 (fax)
pebenson@mbf-law.com

Joy C. Fuhr, Esq. (admitted *pro hac vice*)
Christian E. Henneke, Esq. (admitted *pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1000 (phone)
(804) 775-1061 (fax)
jfuhr@mcguirewoods.com
chenneke@mcguirewoods.com

Sylvia Macon Kastens, Esq. (admitted *pro hac vice*)
McGuireWoods LLP
World Trade Center
101 W Main Street
Suite 9000
Norfolk, VA 23510
(757) 640-3757
(757) 640-3967 (fax)
skastens@mcguirewoods.com

*Attorneys for Defendant*
*E.I. DuPont De Nemours and Co.*

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

ARRIEONA BEAL,

       Plaintiff,

v.

Case No.: 2021-CV-003276

ARMSTRONG CONTAINERS, INC.; E.I. DUPONT
DENEMOURS & CO.; THE ATLANTIC RICHFIELD
CO.; THE SHERWIN-WILLIAMS CO.; and HATTIE
AND JERRY MITCHELL,

Judge: Hon. Christopher R. Foley

       Defendants.

## NOTICE OF MOTION AND MOTION FOR DECLARATORY JUDGMENT

PLEASE TAKE NOTICE, that on the 29th day of April 2022 at 10:30 a.m. of said day or as soon thereafter as counsel may be heard, the plaintiffs will move before the Honorable Christopher R. Foley for an order for declaratory judgment.

This motion is being supported by affidavit and brief.

DATED at Milwaukee, Wisconsin, March 2, 2022.

       WARSHAFSKY, ROTTER,
       TARNOFF & BLOCH, S.C.
       Attorneys for Plaintiffs

       *Electronically signed by Victor C. Harding*

       _____
       Victor C. Harding
       State Bar No.: 01001754
       839 North Jefferson Street #300
       Milwaukee, WI 53202
       414-276-4970 / Fax: 414-276-5533
       email: vich@warshafsky.com

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2021CV003276

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY
CIVIL DIVISION, BRANCH 14

---

ARRIEONA BEAL,

       Plaintiff,

  v.                                                                          Case No.:  2021-CV-003276

ARMSTRONG CONTAINERS, INC.; E.I. DUPONT                     Judge:  Hon. Christopher R. Foley
DENEMOURS & CO.; THE ATLANTIC RICHFIELD
CO.; THE SHERWIN-WILLIAMS CO.; and HATTIE
AND JERRY MITCHELL

  and

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY,

      Intervening Defendant,

      Defendants.

---

**PLAINTIFF ARRIEONA BEAL'S MOTION FOR DECLARATORY JUDGMENT**

---

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………2-4

I.      INTRODUCTION…………………………………...…………………………..5

II.     BACKGROUND………………………………………………………………6

    1.  Risk-Contribution and Wisconsin Law………………………………………6

    2.   The federal courts' post-*Thomas* interpretation of Wisconsin risk-contribution law in lead paint cases……………………………………………………………9

    3.  Ms. Beal's Case……………………………………………………………12

III.    STANDARD OF LAW………………………………………………………13

    1.  This Court may issue a declaration as to the elements and scope of Plaintiff's case…………………………………………………………………………......13

    2.   This Court is bound by Wisconsin Supreme Court precedent, not the federal court's interpretation thereof…………………………………………………………13

IV.     ARGUMENT………………………………………………………………...14

    1.   An ordinary negligence claim is available without requiring proof of defect…………..14

    2.   Both Producers and Marketers of WLC can be liable under risk-contribution………....19

    3.  While failure to warn claims are not *identical* under Wisconsin negligence and strict-liability law—Plaintiff and other injured children have viable claims under both theories………………………………………………………………23

        A.  In a strict liability claim, the consumer contemplation test is applied at the time a product leaves the defendants' control…………………………………………24

        B.  Plaintiff need not show an individualized duty—owed by Defendants directly to her—in order to bring a negligent failure to warn claim……………………………26

V.      CONCLUSION………………………………………………………………28

# TABLE OF AUTHORITIES

## <u>Table of Cases</u>

*Allstate Ins. Co. v. Menards, Inc.,*285 F. 3d 630, 637 (7th Cir. 2002)……………………………14

*Alvarado v. Sersch,* 2003 WI 55…………………………………………………….……...27

*Behrendt v. Gulf Underwriters Ins. Co.,* 2009 WI 71……………………………………………27

*Burton v. Am. Cyanamid,* 334 F.Supp.3d 949 (E.D. Wis. 2018)…………………………*passim*

*Burton v. Am. Cyanamid,* 441 F.Supp.3d 712-713 (E.D. Wis. 2018)………….…………..*passim*

*Burton v. E.I. du Pont de Nemours & Co.,* 994 F.3d (7th Cir. 2021)………………………*passim*

*Brenner v. Amerisure Mut. Ins. Co.,* 2017 WI 38……………………………………………27

*Cincinnati v. Beretta Corp.,*768 N.E.2d 1136, 1140 (Ohio 2002)………………………………17

*Collins v. Eli Lilly Co.,*116 Wis.2d  (1984)…………………….…………………….…….…*passim*

*DeSantis v. Parker Feeders, Inc.* 547 F.2d (7th Circuit)……………………………………….28

*Fabick v. Evers,* 2021 WI 28…………………………………………………………………13

*Gallenberg Equipment Inc. v. Agromac Intern, Inc.,* 10 F. Supp. 2d 1050, 1052 (E.D. Wis. 1998)……………………………………………………………………………….……14

*Gibson v. American Cyanamid,* 760 F.3d (7th Cir. 2014)……………………..……..9, 24, 28

*Godoy v. E.I. du Pont de Nemours & Co.,* 2009 WI 78, 319 Wis 2s 91……………………*passim*

*Green v. Smith & Nephew AHP, Inc.,* 2001 WI 109……………………………………………23

*Greiten v. La Dow,* 235 N.W.2d 677, 685, 686 (1975)……………….………………….....15, 16

*Horst v. Deere & Co.,*2009 WI 75……………………………………………………24, 25

*Howes v. Deere & Co.,* 71 Wis. 2d 268, 274 (1976)………………………...………………15

*Ileto v. Glock, Inc.,*349 F.3d 1191, 1201 (9th Cir. 2003)……………….…………………17

*Martin by Scoptur v. Richards,*192 Wis 2d 156, 206 (1995)………..………………………24

*Matthies v. Positive Safety Mfg. Co.,* 244 Wis. 2d 720, 737-38 (2001)….………………24

3

*Mohr v. St. Paul Fire & Marine Ins. Co.,* 2004 WI App 5……………………………………..28

*Morden v. Cont'l AG,* 611 N.W.2d 659, 678 (Wis. 2000)………………..………………18, 19

*Murphy v. Columbus McKinnon Corp.,* 399 Wis. 2d 18, 44 (2021) ….…...…………………25

*Palsgraf v. Long Island Railroad,* 248 N.Y. 339 (N.Y. 1928)…………………………….…..27

*Papa v. Wisconsin Dept. of Health Services,* 2020 WI 66…………………………………....13

*Sharp v. Case Corp.*227 Wis. 2d 1, 17-18 (1999)……………………………………………16

*State v. King,* 205 Wis. 2d 81, 93 (Wis. Ct. App. 1996)…………………………………….13

*State v. Richard, A.P.,* 223 Wis.2d 777, 787 (Wis. Ct. App. 1998)……………………..…..13

*Thomas v. Mallet,* 2005 WI 129*, 285 Wis.2d 236*……..………..…………………*passim*

*Umansky v. ABC Ins. Co.,*2008 WI App….………………………………………………13, 28

### STATUTES CITED

§806.04, Wis. Stats…………………………………………………………………………13
§895.046, Wis. Stats…………………………………………………………………………9
§895.047, Wis. Stats………………………………………………………………………..24
§895.047(6), Wis. Stats……………………………………………………………………..24

### WISCONSIN CONSTITUTION

Article I, Sec. 9…………………………………..………………………………....…............7

## I. INTRODUCTION

This case arises from the childhood lead poisoning of Arrieona Beal (hereafter "Plaintiff" or "Arrieona") and is brought pursuant to the Wisconsin Supreme Court's seminal decision in *Thomas v. Mallett,* 2005 WI 129 (attached as Ex. A to Plaintiff's Appendix). First articulated by the Wisconsin Supreme Court in *Collins v. Eli Lilly Co.*, 116 Wis.2d 166 (1984) (attached as Ex. B to Plaintiff's Appendix), the risk-contribution theory of liability provides legal recourse, rooted in Constitutional protections and fundamental fairness, to innocent plaintiffs when precise identification of the tortfeasor is impossible for one of several factors, including the fungible nature of the product or the passage of time between wrongdoing and injury. At the heart of the doctrine is the concept that each of the defendants contributed to the risk of harm to the public from lead poisoning, and that each individual plaintiff was injured by the risk of harm.

As a child, Arrieona ingested paint containing white lead carbonate ("WLC") from household dust contaminated with WLC, accessible paint surfaces, paint chips, and/or paint flakes in her home, and consequently suffered lead poisoning resulting in neuropsychological damage. *See* Stellar Report, Ex. C to Plaintiff's Appendix. Plaintiff's story is unfortunately not unique. The fact pattern detailing her poisoning and injuries is nearly identical to the numerous other cases of lead poisoning in Milwaukee—a public health crisis which led to the extension of risk-contribution to lead poisoning cases by the *Thomas* court. In fact, 156 similar lead-poisoning risk-contribution lawsuits are currently pending in the United States District Court for the Eastern District of Wisconsin.

As discussed in detail below, the consolidated bellwether trial of three federal plaintiffs' cases resulted in a jury verdict against Defendants E.I. DuPont De Nemours and Company, The Sherwin-Williams Company, and Armstrong Containers, Inc. *See Burton v. E.I. du Pont de*

*Nemours & Co.*, 994 F.3d 791, 811 (7th Cir. 2021) (attached as Ex. D to Plaintiff's Appendix). Grounded in numerous incorrect interpretations of binding Wisconsin authority, the Seventh Circuit subsequently reversed those verdicts and remanded the bellwether cases back to the District Court. The panel's flawed rendering of Wisconsin law in *Burton* not only calls into question the legal standard that will be applied in Plaintiff's case, but it also threatens to deprive numerous other children injured by lead poisoning of the remedies to which they are entitled under the Wisconsin Constitution. The Seventh Circuit essentially rewrote the script of these risk-contribution cases by adding additional elements to those defined explicitly by *Thomas,* and thereby creating new and significant legal hurdles not found in the Wisconsin Supreme Court precedent. This warrants Plaintiff's request that this Court issue an opinion clarifying the Wisconsin law of risk-contribution in WLC cases and providing a proper legal framework for this and future cases.

As such, Arrieona comes before this Court today seeking a declaratory judgment on the following targeted issues of law:

1) Whether a negligence claim for breaching the duty of ordinary care is available under *Thomas* without requiring that Plaintiff also prove the existence of a product defect;

2) Whether *Thomas* allows for defendants to be held liable for producing *or* marketing WLC products;

3) Whether in a strict liability claim the consumer contemplation test is applied at the time a product leaves the defendant's control; and

4) Whether under Wisconsin negligence law Defendants had a duty to warn the children injured by WLC of the dangers of that product.

## II. BACKGROUND

### 1. Risk-Contribution and Wisconsin Law

Plaintiff proceeds pursuant to the risk-contribution theory of liability. The risk-contribution theory was specifically extended from the claims in *Collins* (for exposure to the drug, DES) to claims for lead poisoning from WLC—the exact claims brought by Arrieona in this case—by the Wisconsin Supreme Court in *Thomas*, 2005 WI 129.

In *Thomas,* the court considered the "problem" facing a lead-poisoning victim who is "unable to identify the precise producer of the white lead carbonate pigment he or she ingested at his or her prior residences due to the generic nature of the pigment, the number of producers, the lack of pertinent records, and the passage of time." 2005 WI 129, ¶27. Relying on much of the same evidence that will be entered in Arrieona's case, the court concluded that victims of childhood lead poisoning have a constitutional right to a remedy for the wrongs committed by the former producers or marketers of WLC pursuant to Article I, Sec. 9 of the Wisconsin Constitution. *Id.* at ¶131. The court explicitly permitted a risk-contribution claim against both the former producers and/or marketers of WLC, recognizing that "between the plaintiff, who probably is not at fault, and the defendants, who may have provided the product which caused the injury, the interests of justice and fundamental fairness demand that the latter should bear the cost of injury." *Id.* (quoting *Collins v. Eli Lilly, Co.,* 116 Wis.2d at 191) (citations omitted).

The *Thomas* court specifically enumerated the elements required for claims brought under both negligence and strict liability causes of action. Under *Thomas,* the elements of a negligence claim against the former producers and/or marketers of WLC are:

1.  That [plaintiff] ingested white lead carbonate;

2.  That the white lead carbonate caused [plaintiff s] injuries;

3.  That the Pigment Manufacturers *produced or marketed* the type of white lead carbonate [plaintiff] ingested; and

7

    4.      That the Pigment Manufacturers' conduct in producing or marketing the white lead carbonate constituted *a breach of a legally recognized duty* to [plaintiff].

*Id.* at ¶161 (emphasis added).  The court also concluded that "[b]ecause Thomas cannot prove the specific type of white lead carbonate he ingested, he need only prove that the Pigment Manufacturers *produced or marketed* white lead carbonate for use during the relevant time period: the duration of the houses' existence."  *Id.* (emphasis added).

    *Thomas* separately listed the distinct elements that a plaintiff must establish to support a strict product liability claim under risk-contribution:

    1.      That the white lead carbonate was defective when it left the possession or control of the pigment manufacturers;

    2.      That it was unreasonably dangerous to the user or consumer;

    3.      That the defect was a cause of [plaintiffs'] injuries or damages;

    4.      That the pigment manufacturer engaged in the business of *producing or marketing* white lead carbonate or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the pigment manufacturer; and

    5.      That the product was one which the company expected to reach the user or consumer without substantial change in the condition it was when sold.

*Id*. at ¶162 (emphasis added.)

    It is particularly notable that the *Thomas* court did not require a showing of a product defect when it defined the elements of a negligence claim as it did when it defined the elements of a strict product liability claim.  In fact, nothing in *Thomas* or *Collins* remotely implies that the court's adoption of risk-contribution alters the general rule that a negligence claim focuses on the conduct of the defendant, as opposed to the dangerousness of the product.

    Following the *Thomas* decision, the Wisconsin Supreme Court reaffirmed the application of risk-contribution to lead poisoning cases in *Godoy v. E.I. duPont de Nemours & Co.,* 2009

8

WI 78, ¶22 (attached as Ex. E to Plaintiff's Appendix). While the court concluded that the lead poisoned plaintiffs could not pursue *design* defect claims against the WLC producers or marketers because it is impossible to design WLC without lead, *see id.* at ¶37, it emphasized that its holding was narrow, stating that the "opinion today addresses only the defective design claims. [The *Godoy* plaintiff's] [o]ther claims remain pending at the circuit court and are not affected by this interlocutory appeal." *Id.* at n.2. Those "other claims" that were "not affected" by the interlocutory appeal in *Godoy* specifically included plaintiff's negligence claims.

The Wisconsin legislature attempted to curtail the application of risk-contribution to WLC claims when it passed § 895.046. However, Arrieona's claims, which accrued prior to the passage of the statute, are unquestionably viable. *See Gibson v. American Cyanamid*, 760 F. 3d 600, 609-10 (7th Cir. 2014) (attached as Ex. F to Plaintiff's Appendix).[1]

## 2. The federal courts' post-*Thomas* interpretation of Wisconsin risk-contribution law in lead paint cases.

Approximately 150 lawsuits filed by Wisconsin plaintiffs relying on the risk-contribution theory are currently pending against WLC manufacturers in the United States District Court for the Eastern District of Wisconsin. The first wave of trial-plaintiffs, Burton, Owens, and Sifuentes, proceeded to a month-long consolidated jury trial in May 2019 on ordinary negligence and strict-liability failure-to-warn claims, with the jury returning verdicts in the amount of $2,000,000 for each of the plaintiffs. *See* Ex. G (*Burton* verdict form).

Significant pretrial rulings—interpreting Wisconsin products liability law—shaped the trial of those cases. First, the district court issued summary judgment on plaintiffs' negligent

---

[1] In *Gibson,* the Seventh Circuit rejected the Defendants' challenge to the constitutionality of the risk-contribution claims created by *Thomas,* and also held that retroactive application of § 895.046 violated the Wisconsin constitution. *Gibson,* 760 F.3d at 600.

9

failure-to-warn claims based on its ruling—which is contested herein—that plaintiffs needed, but failed, to show that *they or their caregivers* were unaware of the dangers of lead paint at the time the injuries occurred, and warnings were therefore unnecessary. *Burton v. Am. Cyanamid*, 334 F.Supp.3d 949, 961 (E.D. Wis. 2018) (attached as Ex. H to Plaintiff's Appendix). The *Burton* plaintiffs, however, were allowed to proceed to trial under an *ordinary negligence* theory— which was not foreclosed by the district court's granting of summary judgment on the negligent failure to warn claim. *See Burton v. Am. Cyanamid Co*, 441 F. Supp. 3d 705, 712-13 (E.D. Wis. 2020) (attached as Ex. I to Plaintiff's Appendix); *see also* Ex. J (*Thomas* Hearing Tr. of March 15, 2007 at 4-5) (stating that no court has held that negligence claims against a manufacturer or supplier can *only* be based on a design, manufacturing, or warning defect). In accord with black letter Wisconsin negligence law, the district court held that the defendants were subject to an ordinary duty "to act reasonably to ensure that the product not be used for the purpose that carries the risk of harm." *Burton,* 441 F.Supp.3d at 712-13. And as proof of a product defect is not an element of a negligence claim it was (correctly) not required at trial. *Id*.

Second, the district court granted summary judgment on plaintiffs' strict liability failure-to-warn claims to the extent that the defendants "supplied WLC to other companies for integration into paint," *Burton,* 334 F.Supp.3d at 964, but held that the defendants could be liable for their conduct in both producing *or* marketing WLC under *Thomas*. *See* Ex. K, (*Burton* Hearing Tr. of March 26, 2019 at 25); *see also Burton*, 994 F.3d at 809.

Third, the District Court explained the requirements for causation on plaintiffs' strict liability failure-to-warn claims:

> [A] plaintiff must prove to the satisfaction of the trier of fact that the presence of inadequately-warned-about WLC on the market during the existence of the residence where the plaintiff ingested WLC was a substantial factor in causing the plaintiffs injury. Human behavior is implicated in the question of causation, in

10

addition to the medical and mechanical issues already built into the risk-contribution model of proof.

*Burton*, 334 F.Supp.3d at 967.

On appeal, the Seventh Circuit held that the District Court erred and reversed the jury's verdicts based, in part, upon the following three erroneous interpretations of Wisconsin law:

(1) Plaintiffs cannot bring negligence claims for breach of the long-established duty of "ordinary care," but must instead show a defect (in design, manufacturing, or warning) in all negligence cases arising from an injury caused by a product;

(2) *Thomas* did not intend to attach liability to defendants who "produced *or* marketed" WLC but instead only to defendants who produced WLC; and

(3) There is no material difference between failure to warn claims under the negligence and strict liability theories of liability adopted by the *Thomas* Court, and the duty element of both claims requires consideration of the knowledge of the community at the time of injury—not at the time the product leaves the defendant's control.

*Burton*, 994 F.3d at 821-825. Based upon these erroneous holdings, the Seventh Circuit remanded the bellwether cases with the requirement that those plaintiffs show a warning defect exists by establishing that: (1) the manufacturers knew of but failed to warn of the dangers presented by the product; and (2) *at the time of plaintiffs' injuries*, the manufacturers had no reason to think the ultimate consumers (*i.e.*, the plaintiffs or their caregivers) were unaware of all of the dangers of WLC. *Id.* at 823.

Following the Seventh Circuit's ruling in *Burton*, Defendants filed motions for summary judgment not only in the remanded case but also in each of the other federal cases.[2] They will no doubt also seek an application of *Burton's* erroneous rulings to Arrieona's case.

---

[2] Plaintiffs filed, and the federal court granted a motion under Federal Rules of Civil Procedures 56(d), which argued that the summary judgment motions in the non-remanded cases should be stayed until the remaining plaintiffs were able to take discovery as to the issue of whether defendants knew of dangers presented by the produce which were not know to consumers at the time of the injuries. Order Staying Non-Remanded Cases and Allowing Discovery, Aug. 24,

### 3. Ms. Beal's Case.

On June 2, 2021, Plaintiff, Arrieona Beal, filed her case against Armstrong Containers, Inc., E.I. DuPont De Nemours and Company, Atlantic Richfield Company, The Sherwin-Williams Company, and Hattie and Jerry Mitchell.  While discovery is ongoing, the fundamental facts of Arrieona's case mirror the tragic facts of the *Thomas*, *Godoy*, and *Burton* cases, along with those of the numerous other lead-poisoned Wisconsin children that are currently tied up in litigation. [3]  The poisonous substance—WLC—is the same; the methods of ingestion are identical; the wrongful conduct is the same; and the each of the Defendants in the current case was also named in *Thomas* and its progeny.

Arrieona ingested white lead carbonate derived from paint layers containing WLC pigments at her residence in Milwaukee, Wisconsin, causing a peak elevated blood lead level of 24 in 2002. (Ex. B).  That WLC was contained in the household dust in and on the interior of said premises, as well as the window wells and the soil located immediately adjacent to the exterior of her home.  Arrieona has suffered the injury of lead poisoning, as well as severe and permanent sequelae, including, but not limited to, great pain of body and mind and significant neuro-psychological deficits, past and future hospital and medical expenses, and impairment of her ability to learn, live, and enjoy life.

Plaintiff seeks a declaratory judgment on issues of important consequence to Arrieona's case—and the cases of all lead-poisoned plaintiffs.  She respectfully asks the Court to untangle

---

2021, Dkt. No. 1862, 07-cv-00303 (E.D. Wis.). Plaintiffs Consolidated Opposition to Defendants' Motions for Summary Judgment is still pending.

[3] *See Godoy, Thomas,* and *Burton* Complaints attached as Exs. L, M, and N to Plaintiff's Appendix.

12

precedent and provide her case, and all like it pending in the Eastern District of Wisconsin, with the correct legal framework for trial.

## III.    STANDARD OF LAW

### 1.    This Court may issue a declaration as to the elements and scope of Plaintiff's case.

During the January 4, 2022, telephonic status conference with the parties, the Court stated that it would like to determine these legal disputes at the outset of this case, so that the parties may better understand the legal standard that will be applied and can shape their discovery and trial preparation based upon that understanding.  Wisconsin law allows this Court to provide guidance on these issues of law.  *See e.g.,* WSA 806.04 (Uniform Declaratory Judgments Act) (abrogated in part not at issue herein); *see also Fabick v. Evers*, 2021 WI 28 ¶¶9-10 (holding that the Act allowed litigants to seek a declaration of the validity of a statute); *Papa v. Wisconsin Dept. of Health Services*, 2020 WI 66 ¶¶29-31.

### 2.    This Court is bound by Wisconsin Supreme Court precedent, not the federal court's interpretation thereof.

It is axiomatic that lower courts in Wisconsin are bound by the decisions of the Wisconsin Supreme Court.  *See Umansky v. ABC Ins. Co*., 2008 WI App 101 ¶22 ("This court is bound by supreme court decisions…we apply the binding precedent without further discussing the plaintiff's challenge to it.); *see also State v. Richard A.P*., 223 Wis.2d 777, 787 (Wis. Ct. App. 1998) (the court holding that it was "duty bound to follow decisions of [the Wisconsin] supreme court").[4]

Here, this Court is similarly duty bound to follow the precedent of the Wisconsin Supreme Court in *Thomas*, 2005 WI 129.  Plaintiff fully expects Defendants to ask this Court to

---

[4] Conversely, state courts *are not* bound by federal opinions, no matter how well-reasoned a state court might view them.  *See State v. King*, 205 Wis. 2d 81, 93 (Wis. Ct. App. 1996).

simply accept the Seventh Circuit's rulings on the theories on which they prevailed in *Burton,* 994 F. 3d 791.  However, to the extent they ground their arguments only in findings of the federal court in *Burton* that are inconsistent with *Thomas,* they must fail.

The Seventh Circuit was obligated as a court sitting in diversity to follow *Thomas* as it is written, not as it thinks it should have been written.  *See Gallenberg Equipment Inc. v. Agromac Intern., Inc*., 10 F. Supp. 2d 1050, 1052 (E.D. Wis. 1998) ("When a federal court sits in diversity jurisdiction pursuant to 28 USC § 1332, as here, it applies state substantive law."); *see also Allstate Ins. Co. v. Menards, Inc*., 285 F. 3d 630, 637 (7th Cir. 2002) ("the task of the federal court sitting in diversity is to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now.").  The Seventh Circuit did not meet this obligation in deciding *Burton.*

## IV.     ARGUMENT

### 1.   An ordinary negligence claim is available without requiring proof of defect.

Plaintiff first seeks a declaration of law that establishing a product "defect" is not a necessary element of a negligence claim alleging a breach of the "duty of ordinary care" under Wisconsin risk-contribution law.  Such a declaration is important in light of the Seventh Circuit's holding to the contrary in *Burton*—finding that a defendant cannot be liable in negligence for an injury caused by its product unless that injury is caused by a "defect" in the product.  994 F.3d at 817 (finding reversible error based on the district court's ruling that defendants "could face liability 'based on the general duty of ordinary care' even if its products were not defective.").

When clearly and concisely laying out what a plaintiff must establish for a negligence case under the risk-contribution theory in *Thomas,* the Wisconsin Supreme Court chose not to require proof of a defect.  2005 WI 129 ¶161.  Instead, *Thomas* required a plaintiff to establish

defendant's "conduct in producing or marketing the white lead carbonate constituted *a breach of a legally recognized duty* to [plaintiff]." *Id.*[5]

This is consistent with accepted Wisconsin negligence law, where liability lies when either "the method employed was undertaken with *a lack of ordinary care **or** the product was defective.*" *Greiten v. La Dow*, 235 N.W.2d 677, 685 (1975) (emphasis added). Product defect is just one route to recovery under negligence—not the exclusive one. A Wisconsin jury may also find negligence where the defendant's conduct did not satisfy its duty of ordinary care.[6] As Justice Heffernan's controlling concurrence[7] explains, the product defect concept of strict liability law is not a precondition for recovery in negligence:

> While I completely agree with the majority opinion that the proof [of negligence] was insufficient, I am satisfied that the threshold question is not whether the product was unreasonably dangerous but whether the defendant exercised ordinary care and whether that lack of ordinary care was the legal cause of the injuries.... We look in the ordinary negligence case not only to the result of the defendant's action, but rather to his conduct in attaining that result. It is, accordingly, erroneous to conclude that the threshold question in each case [strict liability and negligence] is whether the product is dangerously defective.

*Id*. at 686.

---

[5] The absence of any additional burden—i.e., proving a "defect" in a negligence claim—is further supported by *Thomas's* holding (as a matter of law) that all WLC is fungible and, as part of its reasoning, concluding that "all" WLC is "identically defective." 2005 WI 129 ¶148.

[6] For example, a manufacturer may breach the duty of ordinary care in the designing of a product—giving rise to design defect claims for injuries caused by that design defect—while in another context, that same manufacturer may separately breach its duty of ordinary care by marketing a product for a specific use it knows would create an unreasonable risk of harm. The former requires showing a defect in the design of the product while the latter does not.

[7] As the Wisconsin Supreme Court later explained in *Howes v. Deere & Co*., 71 Wis. 2d 268, 274 (1976): "in *Greiten v. La Dow, supra*, we observe the opinion of Mr. Justice Heffernan is identified as a concurring opinion and refers to the conclusion of the "majority." The opinion, in fact, represents the decision of a majority of the court and it is, therefore, the opinion of this court. The opinion of Mr. Justice Robert W. Hansen is the concurring opinion."

15

Subsequently, in *Sharp v. Case Corp.*, the Wisconsin Supreme Court declined to overrule Justice Heffernan's distinction between negligence and strict product liability with regard to whether a plaintiff needs to show the product is dangerously defective. 227 Wis.2d 1, 17-18 (1999) (acknowledging the argument by "courts in other jurisdictions and commentators" that "both strict liability and negligent design depend on the existence of a defective product" but stating "we decline at this time to reconsider and overrule the long-standing precedent of *Greiten*"). There simply is no Wisconsin law that provides product manufacturers immunity from negligence liability for *conduct* that foreseeably causes injuries to innocent consumers, separate and apart from a defect in the product itself.[8]

As such, by breaching their "duty of ordinary care," Defendants "breached a legally recognized duty" as required by *Thomas*. Whether the product was also "defective" is not a question that must be answered because *Thomas* excluded that requirement from the enumerated elements required for a negligence claim under risk-contribution. 2005 WI 129 ¶161.

The Seventh Circuit's reversal of the *Burton* plaintiffs' negligence verdicts rested on its erroneous conclusion that Wisconsin law *required* plaintiffs to establish that the product itself was "defective," and therefore, the district court erred as a matter of law in allowing defendants to "face liability 'based on the general duty of ordinary care.'" *Burton,* 994 F.3d at 817. The panel's decision on negligence requires the conclusion that Wisconsin law "does not recognize a negligence claim absent a product defect." *Id.* at 819. That holding is simply incorrect because it ignores settled Wisconsin law permitting negligence based upon a violation of the duty of ordinary care. There is a distinction between negligence for the distribution of a "defective"

---

[8] Likewise, to Plaintiff's knowledge, there are no published cases in Wisconsin that *limit* a manufacturer's liability in negligence to injuries narrowly attributable to the three categories of strict product liability.

16

product on the one hand and the distribution and promotion of a product in a negligent manner on the other.  *See e.g., Ileto v. Glock, Inc.*, 349 F.3d 1191, 1201 (9th Cir. 2003) (distinguishing "classic negligence" claim based upon "negligent distribution of a non-defective product" from product liability "defect" claim) (California law); *see also*, *Cincinnati v. Beretta Corp*., 768 N.E.2d 1136, 1140 (Ohio 2002) (discussing negligent conduct relating to creating a secondary market for guns) (Ohio law).  In the first instance, the negligence is tied to a defect in the product (i.e., the allegation that the product is defectively designed or is defective absent a warning), and in the second instance, the negligence is tied to a course of conduct—such as actively telling consumers to use WLC products in residential paint applications—for which it is foreseeable that harm would result if the product is used as promoted.[9]

The *Burton* appellate court assumed that a defect was necessary because "otherwise a defendant might be found negligent merely for making and selling a potentially dangerous product," or it would "allow[] a jury to find the defendant negligent in the absence of any actual negligence."  *Burton,* 994 F.3d at 818.  But that fear misapprehends both the jury's role in finding negligence and the general premise of the duty of ordinary care.  Defendants were not found liable in *Burton* simply because WLC was "not as safe as possible" (*id.*); they were liable because the jury determined that their *conduct* in continuing to market WLC pigment *for residential uses*, despite knowing the dangers that it posed to children like Plaintiffs, was a

---

[9] Although the precise issue presented by this motion was not before the *Thomas* court, the Wisconsin Supreme Court nevertheless extensively discussed the culpability of the defendants for creating the risk of harm to lead poisoned children in the context of their marketing and promotional activity.   *Thomas*, 205 WI 129 ¶¶49, 77, 86-98.

breach of their duty of ordinary care—*i.e.*, the jury found actual negligence. And that same determination must be available to the jury in Arrieona's case.[10]

The two cases cited by the Seventh Circuit panel—and which Defendants will also likely cite in their opposition to this Motion—do not require proof of "defect" in Plaintiff's negligence claims. *See Burton,* 994 F.3d at 818 (citing *Godoy*, 2009 WI 78 at n.7; and *Morden v. Cont'l AG*, 611 N.W.2d 659 (Wis. 2000)). Unlike the claims in *Burton* (and in Plaintiff's case), *Godoy*'s appeal to the Wisconsin Supreme Court was expressly limited to whether WLC was subject to design defect claims under Wisconsin product liability law. In fact, *Godoy* stressed that its decision had no effect on plaintiff's other pending claims, which included an ordinary negligence claim as well as negligence and strict product liability failure to warn claims. 2009 WI 78 at n.2 ("Our opinion today addresses *only* the defective design claims. Other claims remain pending at the circuit court and are not affected by this interlocutory appeal"); *see also* Ex. L, Complaint in *Godoy*. The *Godoy* Court concluded that *design defect* claims were not available because WLC cannot be made without lead. As framed, the *Godoy* court simply required the plaintiff to show the product at issue was "defective" under both a negligence and strict liability *design defect* claim. 2009 WI 78 ¶24. *Godoy* never references—nor addresses— negligence actions based upon a defendant's breach of its duty of ordinary care, as pled by Plaintiff.

---

[10] The Seventh Circuit again demonstrates its confusion of negligence and strict liability principles by later stating: "[s]etting aside the district court's failure to require a product defect, which impacts 'breach,' the court did not err in concluding that Sherwin-Williams had a 'legally recognized duty' to the plaintiffs. *Thomas* altered the causation standard, but it did not modify the duty of ordinary care." *Burton,* 994 F.3d at 820. In negligence, however, the question of whether defendant breached the duty of ordinary care focuses on its conduct—not purely the existence of a product defect. No Wisconsin case holds the only way a defendant can breach the duty of ordinary care is by producing a defective product.

18

Likewise, *Morden,* does not require a showing that a product is defective to establish negligence. 611 N.W.2d at 673 (finding of defect required under a defective design claim). In fact, *Morden* explicitly held the opposite: "[i]n a negligence action . . . it is not necessary to show that the condition of the product reached the level of unreasonable dangerousness . . . The principles of negligence law hinge on a defendant's conduct, and therefore the plaintiff must show that the defendant was at fault." *Id*.

In the end, it is undeniable that *Thomas* clearly and concisely laid out what Plaintiff must establish for her negligence case under the risk-contribution theory—and that does not *require* proving a defect. 2005 WI 129 ¶161. The Seventh Circuit cannot add new or additional elements to claims brought under established Wisconsin law, nor can it ignore *Thomas's* directive on those elements based upon its statement that "*Thomas* did not reach the merits; it considered only whether risk-contribution could apply." *Burton*, 994 F.3d at 819. Because while *Thomas* did not reach the ultimate merits of the plaintiff's claims, it certainly established what "[the plaintiff] bears the burden of proving." 2005 WI 129 at n.4. Moreover, the fact that *Thomas* permitted the plaintiff's negligence claims (under the risk-contribution theory) without even reaching the question of failure-to-warn only further proves that establishing such a "defect" is not a required element of Plaintiff's ordinary negligence claims. *Thomas*, 2005 WI 129 at n. 2.

### 2. Both Producers and Marketers of WLC can be liable under risk-contribution.

This Court is bound by *Thomas's* plain holding that among the elements to bring a claim for negligence under risk-contribution, a plaintiff must show, "[t]hat the Pigment Manufacturers' conduct in ***producing or marketing the [WLC]*** constituted a breach of a legally-recognized duty to Thomas." *Thomas*, 2005 WI 129 ¶161 (emphasis added.) Similarly, the elements of a strict

liability claim under risk-contribution permit a finding of liability against defendants "engaged in the business *of producing or marketing [WLC]*." *Id.* at ¶162 (emphasis added.). In so establishing, the *Thomas* court quite appropriately turned to *Collins* for guidance:

> This court [in *Collins*] recognized that the plaintiff had to prove a particular drug company produced or marketed the DES her mother took while pregnant in order to recover on her claim. Obviously, this posed an insurmountable obstacle for her.

*Thomas*, 2005 WI 129 ¶101 (citing *Collins*, 116 Wis. 2d at 177.) The *Thomas* court realized that, from its very inception, risk-contribution was fashioned to allow for liability against either the producer **or** the marketer of the substance in question—DES in *Collins,* WLC in *Thomas*—if the plaintiff can prove his claim according to the enumerated elements.

To find otherwise runs counter to the ultimate design of the risk-contribution theory, developed to hold accountable entities that "may have *provided the product* which caused the injury" and "*contributed* to the risk of injury to the public." *See Collins*, 116 Wis.2d at 188 (emphasis added). As *Collins* held: "there may be many companies, *both producers and marketers*, that share potential liability for the plaintiff's injuries." *Id.* at 180-181 (emphasis added). In fact, *Collins* applied risk-contribution liability to both bulk manufacturers and drug companies marketing DES. *Id.* That the *Thomas* court understood this very well is manifest in its opinion, which is replete with reference after reference to liability for both those who produce or those who market WLC, grounding itself repeatedly in *Collins. See Thomas*, 2005 WI 129 ¶101 (the court finding that *Collins* recognized that a plaintiff proceeding under risk-contribution had to prove a particular drug company produced or marketed the DES).[11]

---

[11] *See also Thomas*, 2005 WI 129 ¶104 (the court finding that *Collins* developed risk-contribution, in part, because multiple defendants "each shared some measure of culpability in producing or marketing the drug"); *see also id.* at ¶105 (finding that to prove liability for risk-contribution under *Collins*, the plaintiff had to show "defendant produced or marketed the type of DES taken by the plaintiff's mother, and that the defendant's conduct in producing or

Nevertheless, in *Burton,* the Seventh Circuit held that the district court impermissibly extended *Thomas*, in part, on the issue of whether risk-contribution applied to marketers, as well as producers.  *See Burton*, 994 F.3d at 814.  Although the Seventh Circuit stated that it "cannot accept" that the Wisconsin Supreme Court in *Thomas* was "sloppy with its language," *Burton*, 994 F.3d at 821, it for some reason questioned the *Thomas* court's purposeful use—on over two dozen occasions—of the phrase "*produced or marketed*."  *See id.* (emphasis added).[12]

In *Thomas*, however, a key component of the court's decision was that the full panoply of players in the supply chain can be held liable under risk-contribution, including producers, marketers, and promoters of WLC.  2005 WI 129 ¶104 (the court holding that risk-contribution provides a remedy for innocent plaintiffs who might not be able to prove the identity of the *manufacturers or promoters* of the WLC that caused their injuries).  If the Wisconsin Supreme Court had intended to limit liability only to those defendants who produced WLC, it would have said so; but it did not.  In fact, *Thomas* explicitly considered evidence of Sherwin-Williams's marketing of WLC-containing paint *after it had ceased manufacturing WLC*.  2005 WI 129 ¶89 ("When Sherwin-Williams ceased producing white lead carbonate in 1947, it continued to sell white lead carbonate and leaded paints by buying the product from National Lead.").

Despite its plain language, the Seventh Circuit rejected *Thomas's* creation of liability for "marketers" of WLC-containing products based on the court's alleged use of the term "Pigment Manufacturers" in the paragraphs discussing the required-showing for the plaintiff's risk-

---

marketing the DES constituted a beach of a legally recognized duty to the plaintiff") and *id.* at ¶106 (citing *Collins* for its finding that strict liability claims under risk-contribution will lie against producers or marketers).

[12] This is an especially pointed observation since the *Thomas* Court extensively discussed the disjunctive nature of the word "or" in its analysis of the scope of Wisconsin's constitutional right to a remedy clause.  *Thomas*, 2005 WI 129 ¶¶ 120-124.

contribution claims. *Burton*, 994 F.3d at 812 ("In *Thomas*, the court invariably referred to the defendants as 'pigment manufacturers.'"). However, the Seventh Circuit's quotation of *Thomas* was in error because it failed to capitalize the term "pigment manufacturers"—or to note the significance of that capitalization. The term "Pigment Manufacturers," as used in the majority opinion in *Thomas*, was a ***defined term*** used in reference to the defendants in that case.[13] *Thomas*, 2005 WI 129 ¶1 (identifying defendants as "collectively 'Pigment Manufacturers'"). So, when *Thomas* required plaintiff to prove "that the Pigment Manufacturers produced or marketed the type of white lead carbonate he ingested," it was not limiting the application of risk-contribution to just "pigment manufacturers"—it was simply requiring Mr. Thomas prove his case against the defendants (the "Pigment Manufacturers"). *See id.* at ¶161 (emphasis added).

As *Thomas* recognized, paint manufacturers decide which pigments, and what amount of pigment, to use when formulating their paints. *Id.* at ¶36. As a result, sellers who knowingly selected and marketed a toxin contributed to the risk of injury to the public. Moreover, as the panel acknowledged, due to the two-step analysis laid out in *Collins* (and then adopted by the Wisconsin Supreme Court in *Thomas*), the liability that attaches to marketers of WLC simply puts them in the "pool of defendants which can reasonably be assumed could have caused the plaintiffs injuries." *See Burton*, 994 F.3d at 804. The jury then decides how to apportion that culpability; and the jurors can—but are not required to—to find marketers faultless based upon the evidence presented at trial.

---

[13] Each of the Defendants in this case was a defendant in *Thomas*—and therefore falls under the court's definition of "Pigment Manufacturers." 701 N.W.2d at 527.

22

**3. While failure to warn claims are not *identical* under Wisconsin negligence and strict-liability law—Plaintiff and other injured children have viable claims under both theories.**

In explaining the fundamental difference between strict product liability and negligence claims the Wisconsin Supreme Court has stated:

> [F]oreseeable use must not be confused with foreseeable risk of harm. As explained above, in tort law, the former concept relates to the consumer's conduct and the defense of contributory negligence [to a strict liability claim]; the latter concept relates to the manufacturer's conduct and, hence, solely to negligence liability.

*Green v. Smith & Nephew AHP, Inc.*, 2001 WI 109 ¶60.[14]

Thus, the duty to warn in the negligence context is a duty grounded in Restatement (Second) §388 based on the foreseeability of the risk of harm. But in the context of strict liability under §402A as adopted by the Wisconsin Supreme Court, it is the status of the product as unreasonably dangerous under the consumer contemplation test that renders a product defective for want of an adequate warning. Under both theories of liability, however, Defendants had a duty to warn ordinary consumers of the dangers of their WLC and injured children may recover based upon Defendants' failure to do so. Unfortunately, the federal courts have erroneously concluded otherwise.

First, the Seventh Circuit incorrectly held that plaintiffs' strict liability failure-to-warn claims were "materially identical" to their negligent failure-to-warn claims. *Burton*, 994 F.3d at 822. While some of the elements of the claims overlap, the panel ignored crucial differences under Wisconsin law. More importantly, the Seventh Circuit incorrectly held that the consumer

---

[14] While the Wisconsin Supreme Court did not specifically address Defendants' duty to warn in *Thomas*, claims based upon the existence of such a duty were ultimately allowed to go to a jury. *Thomas*, 2005 WI 129 at n.2.

23

contemplation test required the jury to consider the knowledge of consumers "who consumed residential paint *when the plaintiffs (or their caregivers) did*"—as opposed to when the WLC left defendants' control. *Burton,* 994 F.3d at 823 (emphasis added).

Second, while the district court in *Burton* recognized that—at least in risk-contribution lead poisoning cases[15]—failure-to-warn cases differ under strict liability and negligence theories, it came to the wrong conclusion as to how or where those claims differ. Specifically, it incorrectly found that defendants owed no duty to the injured children (and/or their caregivers) to warn of the dangers of WLC. *Burton,* 334 F. Supp. 3d at 958.[16]

### A. In a strict liability claim, the consumer contemplation test is applied at the time a product leaves the defendants' control.

The Wisconsin Supreme Court has been clear that *all* pre-§895.047 strict product liability cases (such as this one)[17] are governed by the consumer contemplation test, including cases involving injuries to innocent bystander children like the Plaintiff. *Horst v. Deere & Co.*, 2009 WI 75 ¶82 ("We hold that the consumer contemplation test, and not a bystander contemplation

---

[15] The district court opined: "Courts applying Wisconsin law have often stated that, though failure-to-warn claims may sound in negligence or in strict liability, the proof requirements of the claims are essentially the same. While this is no doubt accurate in most cases, the risk-contribution theory's unique approach to causation reveals a salient difference between the duty element of strict liability and that of negligence such that the two failure-to-warn claims are best analyzed separately." *Burton,* 334 F. Supp. 3d at 958.

[16] The district court's summary judgment ruling on negligent failure to warn in *Burton* was not raised on appeal, and therefore, the Seventh Circuit did not address that ruling. 994 F.3d at 823

[17] Arrieona's strict liability failure to warn claim vested at the time of her injury, and therefore, Wisconsin's subsequent enactment in 2011 of Wis. Stat. §895.047 (adopting the Third Restatement's rules regarding strict liability claims) is not applicable to her claims. *Gibson*, 760 F.3d at 609 (quoting *Matthies v. Positive Safety Mfg. Co*., 244 Wis. 2d. 720, 737-38 (2001); *see also, Martin by Scoptur v. Richards*, 192 Wis. 2d 156, 206 (1995). But while Wisconsin's new product liability law is not applicable here, the fact that the legislature continues to explicitly distinguish between the requirements of a strict liability claim and one brought in negligence is instructive. Wis. Stat. § 895.047(6) ("This section does not apply to actions based on a claim of negligence or breach of warranty.").

test, governs all strict products liability claims in Wisconsin, including cases where a bystander is injured"); *see also Murphy v. Columbus McKinnon Corp*., 399 Wis. 2d 18, 44 (2021).

Under Wisconsin's strict liability failure-to-warn analysis, the consumer contemplation test is always based on "ordinary consumers" who purchased and used the products at the time the products left the control of the manufacturers—not those of subsequent innocent bystanders like Plaintiff and other children. *Horst*, 2009 WI 75 ¶82. In fact, just last year the Wisconsin Court of Appeals opined that the following "commentary in the Restatement (Second) [] is consistent with pre-Act 2 Wisconsin common law: 'The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer *who purchases it*, with the ordinary knowledge common to the community as to its characteristics.'" *Murphy*, 399 Wis. 2d at 44 (emphasis added) (citing Restat.2d Torts, §402A, cmt.i).

In the context of risk-contribution lead poisoning cases, the Wisconsin Supreme Court in *Thomas* repeatedly recognized the long passage of time between when the product left the defendants' control and the time of the plaintiff's injuries. *E.g.,* 2005 WI 129 ¶18. And *Thomas* therefore intentionally focused the strict liability inquiry on the time the WLC "left the possession or control" of Defendants. *Id.* at ¶162.

The district court in *Burton* correctly applied this standard, stating:

> Thus, establishing the existence of a product defect based on failure to warn in the strict liability context requires analysis of what the manufacturer knew and what potential consumers or users knew about the hazards of the product at the time that the product left the manufacturer's control.

*Burton*, 334 F. Supp. 3d at 958. That holding, however, was overturned on appeal. *Burton,* 994 F.3d at 823.

Despite the clear precedent above, the Seventh Circuit questioned the relevance of the consumer contemplation test to strict product liability failure-to-warn cases—hypothesizing that,

25

to the extent relevant, the "contemplation" to consider is that of those "ordinary consumers" "who consumed residential paint when the plaintiffs (or their caregivers) did," as opposed to ordinary consumers to whom Defendants actually marketed and sold their residential paints containing WLC. *Burton,* 994 F.3d at 823. The panel's consideration of the *Burton* plaintiffs' (or their caregivers') expectations was in error and this Court should clarify the requirements of Wisconsin law.

### B. Plaintiff need not show an individualized duty—owed by Defendants directly to her—in order to bring a negligent failure to warn claim.

Defendants were under a duty to warn because they knew of the harm WLC pigments caused and breached that duty when they continued production and promotion of the pigment for residential use without warning consumers they were purchasing a deadly cumulative poison.

While the *Burton* district court's analysis regarding countless complex issues of law and fact in these lead paint cases has been beyond reproach, Plaintiff contends that its ruling with respect to the *Burton* plaintiff's negligent failure to warn claims was incorrect. The district court held that while a duty to warn downstream (subsequently injured) individuals existed under strict liability law, in negligence, there was no duty to warn the individual children who were injured by ingesting Defendant's WLC because the level of consumer knowledge had changed[18] in between the time the WLC was produced and/or marketed and the time of the *Burton* plaintiffs' injuries:

---

[18] Plaintiffs dispute whether ordinary consumers contemplated the hidden dangers of WLC at the time of their injuries, and the district court has asked for additional briefing on that issue in the remaining federal cases. *See* Ex. O, Plaintiffs' Consolidated Opposition to Motions for Summary Judgment, and Motion to Reconsider the Court's Order on Summary Judgment on Wave 2 Plaintiffs' Negligence Failure to Warn Claims; *see also* Exs. P and Q, Expert Reports of Dr. Jacobs and Dr. Markowitz. However, those issues of fact in no way effect this Court's determination of the law on the present Motion.

For plaintiffs' negligent failure to warn claims to survive summary judgment, each plaintiff must establish that the defendant manufacturers owed a duty **to that plaintiff** to warn him or her (or his or her parents and caregivers) of the risks associated with WLC when used for residential paint . . . Thus, plaintiffs' claim here relies on showing that defendants "had no reason to believe" that plaintiffs or their caregivers would realize that the pigment on their walls was dangerous. This they cannot do: as plaintiffs acknowledge, Sherwin Williams and other paint manufacturers had issued product warnings since at least 1955, No. 07-CV-0303, ECF No. 797, ¶ 10, while federal, state and local governments have warned of risks of lead in the homes since the 1970s, *id.* at ¶ 31. Defendants therefore had ample reason to believe that persons residing in homes with older paint would be aware of the toxicity of the lead compounds possibly in the paint, and of the various mechanisms by which that lead might be ingested. Deposition testimony of plaintiffs' witnesses supports this point, as parents or caregivers of each plaintiff testified that they knew, before each plaintiff's lead exposure, that children should not eat paint chips because of the risk of lead exposure. I therefore conclude that the defendants did not owe a duty to plaintiffs or their caregivers to warn them directly of the risks associated with WLC in residential paint.

*Burton*, 334 F. Supp. 3d at 961 (emphasis original). As stated above, Plaintiff strongly disputes the district court's factual assertions (relating to consumer knowledge), *see supra* n.18; of relevance here, however, is the district court's conclusion of law that a separate duty must be established as to each individual plaintiff.

It is black-letter Wisconsin law that "everyone owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others." *Brenner v. Amerisure Mut. Ins. Co.*, 2017 WI 38, ¶27; *see also Alvarado v. Sersch*, 2003 WI 55, ¶16 ("In Wisconsin, one always owes a duty of care to the world at large"). "Wisconsin has long followed the minority view of duty set forth in the dissent of *Palsgraf v. Long Island Railroad,* 248 N.Y. 339 (N.Y. 1928)." *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶17. And as the *Palsgraf* dissent explained:

[d]ue care is a duty imposed on each one of us to protect society from unnecessary danger, not to protect A, B or C alone. . . Every one owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others. Such an act occurs. Not only is he wronged to whom

> harm might reasonably be expected to result, but he also who is in fact injured, even if he be outside what would generally be thought the danger zone. There needs be duty due the one complaining but this is not a duty to a particular individual because as to him harm might be expected. Harm to some one being the natural result of the act, not only that one alone, but all those in fact injured may complain.

248 N.Y. at 349-50.

Wisconsin law is clear that a warning is required when the seller has reason to anticipate that danger may result from the particular use. *Mohr v. St. Paul Fire & Marine Ins. Co.*, 2004 WI App 5, ¶ 32; *see also Godoy*, 2009 WI 78, ¶ 29. Even if the risks of use are not entirely latent, it does not follow that the manufacturer has no duty to warn the public of the precise nature of the dangers involved. *DeSantis v. Parker Feeders, Inc*., 547 F.2d 357, 363 (7th Cir. 1976). Here, WLC is a "dangerous" product under the law and Defendants, as a result, had a duty to warn the world—*including* Plaintiff—of its hazards under Wisconsin's negligence law. *See Gibson*, 760 F.3d at 613 (the court holding that WLC is "inherently hazardous"); *see also Thomas*, 2005 WI 129, ¶159.

## V.    CONCLUSION

In short, the federal opinions are inconsistent with the binding Wisconsin Supreme Court authority that this Court is required to follow. And while, normally, a federal court incorrectly interpreting Wisconsin law in a separate action would not be cause for great concern—as the Court's rulings in this case will be bound by the clearly-articulated standard set forth in *Thomas* and not the Seventh Circuit's subsequent interpretation of that standard (*see Umansky*, 313 Wis. 2d at 461)—Plaintiff believes it necessary to clarify those standards, here, as this Court's own view of *Thomas's* framework will shape the factual record that will need to be developed in discovery. As such, Plaintiff seeks a declaratory judgment as to three targeted issues of law discussed above.

28

Dated: <u>February 28, 2022</u>

Respectfully submitted,

By:        ***/s/ Fidelma L. Fitzpatrick***
Fidelma L. Fitzpatrick, Esq.
Robert J. McConnell, Esq.
MOTLEY RICE, LLC 55
Cedar Street, Suite 100
Providence, RI 02903
Telephone: (401) 457-7700
Facsimile: (401) 457-7708
<u>ffitzpatrick@motleyrice.com</u>
<u>bmcconnell@motleyrice.com</u>

Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-1076
<u>peter@earle-law.com</u>

Victor C. Harding, Esq.
WARSHAFSKY, ROTTER,
TARNOFF &
BLOCH
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-4970
<u>vich@warshafsky.com</u>

Neil T. Leifer, Esq.
NEIL T. LEIFER, LLC
20 Marion Street, Unit 2
Brookline MA 02446
Telephone: (616) 429-4892
<u>n.leifer@ntllaw.com</u>

Edward A. Wallace, Esq.
Mark Miller, Esq
WALLACE MILLER
111 West Jackson Blvd, Suite 1700,

29

Chicago, IL 60604
T 312-261-6193

*Attorneys for Plaintiffs*

30

**FILED**
**03-02-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2021CV003276**

# APPENDIX OF EXHIBITS

*Thomas v. Mallett,* 2005, WI 129……………………………………………EXHIBIT A

*Collins v. Eli Lilly Co.,* 116 WI.2d 166 (1984)……………………………….…EXHIBIT B

City of Milwaukee Stellar Lead Report…………………………………………..…EXHIBIT C

*Burton v. E.I. duPont de Nemours & Co.,* 994 F.3d 791 (7th Circuit 2021)………..EXHIBIT D

*Godoy v. E.I. duPont de Nemours & Co.,* 2009 WI 78……………………….…EXHIBIT E

*Gibson v. American Cyanamid,* 760 F. 3d 600, 609-610 (7th Cir. 2014)……………EXHIBIT F

*Burton* verdict form…………………………………………………………………EXHIBIT G

*Burton v. Am. Cyanamid,* 334 F. Supp. 3d 949, 961 (E.D. Wis. 2018)……………..EXHIBIT H

*Burton v. Am. Cyanamid Co.,* 441 F. Supp. 3d 705, 712-713 (E.D. Wis. 2020)…….EXHIBIT I

*Thomas* Hearing Tr. of March 15, 2007……………………………………………..EXHIBIT J

*Burton* Hearing Tr. of March 26, 2019……………………………………………EXHIBIT K

*Godoy* Complaint……………………………………………………………….…EXHIBIT L

*Thomas Complaint*……………………………………………………………….…EXHIBIT M

*Burton Complaint*……………………………………………………………….….EXHIBIT N

Plaintiffs' Consolidated Opposition to Motions for Summary Judgment, and Motion
To Reconsider the Court's Order on Summary Judgment on Wave 2 Plaintiff's
Negligent Failure to Warn Claims……………………………………………………EXHIBIT O

Expert Report of Dr. David Jacobs……………………………………………………EXHIBIT P

Expert Report of Dr. Gerald Markowitz……………………………………………....EXHIBIT Q

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2021CV003276

# EXHIBIT B

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...        file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276        Document 141        Filed 03-02-2022        Page 2 of 14

116 Wis.2d 166 (1984)

342 N.W.2d 37

**Therese Marie COLLINS, now known as Therese Marie Gastrow, Plaintiff-Appellant,**

v.

**ELI LILLY COMPANY; Rexall Drug Company; E.R. Squibb & Sons, Inc.; Abbott Laboratories; Boyle & Company; Cooper Laboratories, Inc. (formerly Brewer & Company, Inc., and Sherman Laboratories); Vale Chemical Company, Inc.; Upjohn Company; Cole Pharmacal Company; McNeil Laboratories, Inc.; Carnrick Laboratories, a division of G.W. Carnrick Company; Emons Industries, Inc. (formerly Amfre-Grant and Grant Chemical Company); E.S. Miller Laboratories, a division of Smith, Miller & Patch Products; Premo Pharmaceutical Laboratories, Inc.; Kremers-Urban Company; Merck, Sharp & Dohme; William A. Webster Company; and others, Defendants-Respondents.[†]**

No. 82-1844.

**Supreme Court of Wisconsin.**

Argued October 3, 1983.

Decided January 4, 1984.

172        *172 For the plaintiff-appellant there were joint briefs by *Thomas H. Bleakley, Richard J. Dimanin* and *Thomas H. Bleakley, P.C.,* Detroit, Michigan, and *Gerald J. Bloch* and *Phillips, Bloch and Donohue, S.C.,* Milwaukee, and oral argument by *Thomas H. Bleakley.*

For the defendants-respondents there was a joint brief by *Richard C. Ninneman* and *Whyte & Hirschboeck, S.C.,* Milwaukee, and *Hugh L. Moore* and *Lord, Bissell and Brook,* Chicago, Illinois, attorneys for Abbott Laboratories, and on behalf of: *Harold A. Dall, Joseph J. Ferris* and *Kasdorf, Dall, Lewis & Swietlik, S.C.,* Milwaukee, and *Lane D. Bauer, Leo P. Dreyer, Laura D. Stith* and *Shook, Hardy & Bacon,* Kansas City, Missouri, attorneys for Eli Lilly and Company; *Hanlin Hayes,* Milwaukee, attorney for E.R. Squibb and Sons, Inc., and Boyle and Company; *Irving W. Zirbel,* Milwaukee, attorney for Upjohn Company; *Robert W. Connell,* Milwaukee, attorney for Cooper Laboratories and E.S. Miller

173        Laboratories; *William F. Reilly,* Waukesha, attorney for Vale Chemical *173 Company, Cole Pharmacal Company and Carnrick Laboratories, Inc.; *Carl N. Otjen,* Milwaukee, attorney for Rexall Drug Company; *Edmund W. Powell,* Milwaukee, attorney for Kremers-Urban Company and McNeil Laboratories, Inc.; *Donald H. Carlson,* Milwaukee, attorney for Premo Pharmaceutical Laboratories, Inc.; *John A. Kluwin,* Milwaukee, attorney for Merck, Sharp & Dohme; and *Robert A. DuPuy,* Milwaukee, attorney for Emons Industries, Inc., and oral argument by *Hugh L. Moore* and *Lane D. Bauer.*

WILLIAM G. CALLOW, J.

This is an appeal from a judgment and an order of the circuit court for Milwaukee county, Judge Marvin C. Holz, granting summary judgment for the defendant drug companies and denying the plaintiff's motion to amend her second amended complaint to identify as a sole defendant Eli Lilly and Company. The plaintiff appealed and petitioned to bypass the court of appeals pursuant to sec. 808.05 and sec. (Rule) 809.60, Stats. We granted the petition to bypass. We reverse in part and affirm in part the judgment of the trial court granting summary judgment for the defendants, and we remand the case for further proceedings. We affirm the order of the trial court denying the plaintiff's motion to amend her second amended complaint.

The issues presented on appeal are whether the trial court erred in granting summary judgment for the defendants based upon its conclusion that no Wisconsin rule of law would permit the plaintiff to recover for her injuries stemming from her mother's ingestion of the drug diethylstilbestrol (DES), and whether the trial court erred in not permitting the plaintiff to amend her second amended complaint to name a single drug company, Eli Lilly and Company, as defendant.[1]

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...          file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276    Document 141    Filed 03-02-2022    Page 3 of 14

174    *174 In 1957 Mrs. Roseann Collins became pregnant with Therese Marie Collins, the plaintiff in this case. Because Mrs. Collins was having problems with spotting in the early stages of her pregnancy, she consulted her physician, Dr. William P. Wendt. Sometime in the course of his treatment of Mrs. Collins, Dr. Wendt prescribed DES, which he told her would prevent a miscarriage. Mrs. Collins took DES throughout her pregnancy. Mrs. Collins could not recall where she purchased the DES but did recall, without being certain, that "it was a little white [uncoated] pill ... smaller than an aspirin." Information adduced in the course of discovery revealed that the DES Mrs. Collins took was in the form of 25 milligram pills. The plaintiff was born March 11, 1958, in Milwaukee.

In June or July, 1975, the plaintiff began to experience longer than normal menstrual periods accompanied by severe cramping. On July 24, 1975, Mrs. Collins took the plaintiff to consult Dr. Wendt. During the examination Dr. Wendt discovered a visible lesion in the plaintiff's vagina. Dr. Wendt referred the plaintiff to Dr. William Fetherston for further diagnosis. After examining the plaintiff, Dr. Fetherston concluded that she was suffering from a full cell cancer of the vagina. On August 26, 1975, Dr. Fetherston performed surgery on the plaintiff, removing her uterus, part of her vagina, and a number of lymph nodes. Subsequent analysis by Dr. David Carlson, a pathologist at St. Mary's Hospital in Milwaukee, confirmed that the plaintiff had adenocarcinoma of the vagina and benign adenosis of the vagina.

175    Subsequent to the surgery, the plaintiff discovered that her *175 bladder had ceased functioning because of the radical cancer surgery.

On January 6, 1977, the plaintiff filed suit against twelve drug companies which allegedly produced or marketed DES. On November 21, 1977, Judge William R. Moser granted defendants Lilly, Rexall, Squibb, and Abbott's motion to dismiss on the grounds of improper service. On February 28, 1978, the plaintiff filed a second amended complaint, naming five additional drug companies as defendants, and this time effectuated proper service on all defendants.

The plaintiff's second amended complaint alleged five causes of action: that the defendants were negligent in producing and marketing DES for use by pregnant women; that the defendants were strictly liable because DES was a defective and unreasonably dangerous product; that the defendants misrepresented that DES was safe and efficacious for use by pregnant women; that the defendants conspired to misrepresent that DES was safe and efficacious for use by pregnant women; that the defendants acted as a class in manufacturing and marketing DES.[2] The plaintiff demanded $3 million in compensatory damages, together with $3 million in punitive damages.

On May 26, 1981, the defendants jointly moved the court, pursuant to sec. 802.08, Stats., for summary judgment in their favor alleging that there was no genuine issue as to any material fact and that Wisconsin law provided no remedy for the

176    plaintiff based upon the *176 factual record. The defendants also individually moved for summary judgment, variously alleging that the statute of limitations barred recovery, that the defendant drug company had not manufactured or marketed DES in the relevant form, time period, or geographical area, or that the plaintiff's theory of recovery was not recognized under current law.

On April 23, 1982, Judge Marvin C. Holz rendered a memorandum decision on the defendants' joint summary judgment motion. The court granted the motion for summary judgment after examining various theories proposed by the plaintiff to avoid the problem of the plaintiff's inability to identify which defendant drug company produced or marketed the DES taken by her mother. The court concluded that all the theories would necessitate a radical departure from current law, and that if such a departure were appropriate, it should be decided by this court. Accordingly, on September 16, 1982, the trial court entered judgment dismissing the plaintiff's second amended complaint.

On May 20, 1982, the plaintiff filed a motion requesting permission to amend her second amended complaint if she did not appeal from the summary judgment decision of April 23, 1982, or if she appealed and the summary judgment was affirmed. The plaintiff wanted to amend her second amended complaint to name Eli Lilly as the sole defendant on the grounds that there was a reasonable probability that it manufactured the DES taken by the plaintiff's mother. In a memorandum decision dated August 9, 1982, the trial court concluded that the requested amendment was not appropriate because the plaintiff was not alleging any new facts which would support her recently asserted allegation that one drug company manufactured DES. The trial court entered an order denying the plaintiff's motion to amend on

177    August 23, 1982. The plaintiff filed an appeal from the *177 judgment entered September 16, 1982, and the order entered August 23, 1982.

The problem facing Therese Collins, who alleges injury by in utero exposure to DES, is that she is unable to identify the

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...    file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276    Document 141    Filed 03-02-2022    Page 4 of 14

precise producer or marketer of the DES taken by her mother due to the generic status of some DES, the number of producers or marketers, the lack of pertinent records, and the passage of time. Several courts have applied existing theories of law or crafted new theories to permit DES plaintiffs to avoid the almost insurmountable obstacle of proving that a particular drug company produced or marketed the DES which caused them injury.[3] Other courts have simply denied DES plaintiffs recovery because existing tort law requires plaintiffs to prove that a particular defendant caused the plaintiffs' harm.[4] In determining our approach to this problem, it is appropriate to set forth the factual background against which the issues in this case must be analyzed.

DES is a synthetic estrogenic hormone which duplicates the activity of estrogen, a female sex hormone present in all women and, to a lesser extent, also in men. In women, estrogen is one of the hormones crucial to female sexual development and fertility.

178    In the late 1930's, DES was synthesized by a group of British medical researchers, but the drug formula was *178 not patented and, therefore, remained in the public domain. In 1939 and 1940, several drug companies became interested in producing and marketing DES. In order for these companies to produce and market DES for medical use in the United States, they had to file a New Drug[5] Application (NDA) with, and obtain approval of, the Federal Food and Drug Administration (FDA). *See* Federal Food, Drug, and Cosmetic Act, Pub. L. No. 717, 52 Stat. 1040, sec. 201(p) (1938).

By the end of 1940, ten drug companies had filed NDA's, requesting authorization to produce and market DES for four purposes: treatment of menopausal symptoms, senile vaginitis, gonorrheal vaginitis, and suppression of lactation. None of the purposes related to use in problems of pregnancy.

In late 1940, the FDA determined that it would be appropriate for the drug companies to pool their clinical data into a "master file" which the FDA would use as the data base for their decision on the NDA's for DES. Accordingly, in early 1941 several drug companies formed a "small committee" to collect the data accumulated by each of the drug companies filing an NDA for approval of DES. This joint clinical data was included in each company's resubmission of an NDA to produce and market DES for the above-mentioned purposes. In September 1941, the FDA approved the pending NDA's for the production and marketing of DES.

179    In the 1930's, independent researchers began conducting studies on the role of hormones in pregnancy. These *179 researchers found that the administration of estrogen in certain problem pregnancies appeared to help prevent miscarriages by keeping hormonal levels constant during pregnancy. Thus, when an inexpensive, abundant source of estrogen became available in the form of DES, the researchers switched from using natural estrogen to synthetic DES. Based on articles published in the early and mid-1940's containing these researchers' findings on the possible use of DES in preventing miscarriages in problem pregnancies, several drug companies became interested in producing and marketing DES for this newly discovered purpose.

During 1947 and 1948, several drug companies separately filed supplemental NDA's requesting the FDA's approval to produce and market a 25 milligram size of DES for use in problem pregnancies. Most, if not all, of the supplemental NDA's relied on clinical studies published in medical journals, but there is no indication that the companies had any direct connection with the independent researchers. Also, there is no indication that the drug companies worked closely together when they filed their supplemental NDA's. The first supplemental NDA's were reviewed and approved by the FDA during 1947; thereafter, as supplemental NDA's were filed, they were routinely approved. In 1952 the FDA decided that DES was no longer a "new drug," thereby permitting drug companies to produce and market DES for use in pregnancy without having to file NDA's.

DES was produced and marketed from 1947 to 1971. In 1971 medical researchers established a possible statistical link between fetal exposure to DES during pregnancy and the development many years later of adenocarcinoma of the vagina.[6] *See* Note, *Proof of Causation in* *180 *Multiparty Drug Litigation,* 56 Tex. L. Rev. 125, 126 n. 11 (1977); Note, *Market Share Liability: An Answer to the DES Causation Problem,* 94 Harv. L. Rev. 668, 669 n. 8 (1981) [hereinafter cited as Note, *Market Share Liability*]. In late 1971, the FDA ordered that drug companies label DES as contraindicated for use in pregnancy. 36 Fed. Reg. 21,537-38 (1971).

180

As noted earlier, the crux of the problem facing this DES plaintiff, and probably many others, is that she cannot identify the drug company that she alleges caused her injury. Numerous commentators and courts have identified several

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...        file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276    Document 141    Filed 03-02-2022    Page 5 of 14

reasons for this plight. First, DES was, for the most part, produced in a "generic" form which did not contain any clearly identifiable shape, color, or markings. DES was a fungible drug produced with a chemically identical formula, and often pharmacists would fill DES prescriptions from whatever stock they had on hand, whether or not a particular brand was specified in the prescription.

Second, it has been estimated that possibly as many as three hundred drug companies produced or marketed DES during the twenty-four years DES was on the market, with different companies entering and leaving the market throughout this period. In this case, the defendants have produced evidence that during 1957 and 1958, the years DES was prescribed for the plaintiff's mother, at least one hundred twenty companies marketed DES in the 25 milligram size. The plaintiff has countered with assertions that the bulk manufacture of DES was dominated by only a few companies.

181    Nevertheless, there may be many companies, both producers and marketers, *181 that share potential liability for the plaintiff's injuries.

Third, it appears that many drug companies may not have kept or may not be able to locate pertinent records as to when, where, and what type of DES they produced or marketed. Similarly, this plaintiff, and probably others, does not have records identifying the type of DES prescribed for and taken by her mother. These problems result from the passage of many years between the plaintiff's in utero exposure and the manifestation of cancer. During the intervening years, memories may have faded, medical and pharmaceutical records may have been lost or destroyed, and witnesses may have died.

By the time that DES was banned for use in pregnancy in 1971, many women already had been exposed to DES during their mothers' pregnancies.[7] Reliable estimates placed the number of individual or class action DES suits then pending at approximately 1,000. *See* Note, *Market Share Liability,* at 669. It is probable, given the sheer number of potential victims, that many more suits will arise. Thus, it is quite clear that in this case we are not dealing with an isolated, unique set of circumstances which will never occur again. We are faced with a choice of either fashioning a method of recovery for the DES case which will deviate from traditional notions of tort law, or permitting possibly negligent defendants to escape liability to an innocent, injured plaintiff. In the interests of justice and fundamental fairness, we choose to follow the former alternative.

182    We note at the outset that the common law tort rule requires that a plaintiff prove not only duty, breach of *182 duty, and injury, but also legal causation between a defendant's conduct and a plaintiff's injury. *See* <u>Fondell v. Lucky Stores, Inc.</u>, <u>85 Wis. 2d 220, 226-28, 270 N.W.2d 205 (1978)</u>. To recover, Therese Collins would have to prove that a particular drug company produced or marketed the DES taken by her mother. As we noted earlier, this proof is an insurmountable obstacle for Therese Collins even if she can establish all the remaining elements of her cause of action.

Article I, sec. 9 of the Wisconsin Constitution provides, in part, that "[e]very person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character." We have interpreted this provision of the constitution in the following manner: "'When an adequate remedy or forum does not exist to resolve disputes or provide due process, the courts, under the Wisconsin Constitution, can fashion an adequate remedy.'" *In Interest of D.H.,* <u>76 Wis. 2d 286, 294, 251 N.W.2d 196 (1977)</u> (citation omitted). We have recognized that:

"[i]nherent in the common law is a dynamic principle which allows it to grow and to tailor itself to meet changing needs within the doctrine of *stare decisis,* which, if correctly understood, was not static and did not forever prevent the courts from reversing themselves or from applying principles of common law to new situations as the need arose."

<u>Bielski v. Schulze,</u> <u>16 Wis. 2d 1, 11, 114 N.W.2d 105 (1962)</u>. Because we conclude Therese Collins is entitled to a remedy at law for her injuries, we now consider each of the theories proposed in this appeal to support her right to recovery.

183    Therese Collins first proposes that we adopt the "alternative liability" theory enunciated in <u>Summers v. Tice,</u> *183 <u>33 Cal. 2d 80, 199 P.2d 1 (1948)</u>, holding the defendants liable without requiring the plaintiff to prove the identity of a specific tortfeasor. In *Summers* two hunters negligently shot in the direction of the plaintiff, but it could not be ascertained which hunter's bullet injured the plaintiff. In response to the plaintiff's inability to identify the actual tortfeasor, the court developed a theory, which is summarized as follows:

"Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...          file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276          Document 141          Filed 03-02-2022          Page 6 of 14

one of them, but there is uncertainty as to which one of them has caused it, the burden is upon each such actor to prove that he has not caused the harm."

Restatement (Second) of Torts sec. 433B(3) (1965). Thus, under this theory when all defendants, although acting independently, have breached a duty of care toward the plaintiff but only one of them caused the injury, each defendant must prove that he or she did not cause the plaintiff's injury or be jointly and severally liable with all other defendants. In effect, the burden of proof as to causation shifts to each defendant who must prove that he or she did *not* cause the plaintiff's injuries. This rule represents a policy determination that an innocent plaintiff should not be without remedy because he or she is unable to prove which of the negligent defendants caused the harm. *See Summers,* 33 Cal. 2d at 86-88, 199 P.2d at 4-5.

We agree with the commentators and courts that have concluded the alternative liability theory does not present a viable theory for DES cases. First, the alternative liability theory is, in part, premised on the assumption the defendants will be "in a far better position [than the plaintiff] to offer evidence to determine which one caused the injury." *Summers,* 33 Cal. 2d at 86, 199 P.2d at 4. In this case, both the plaintiff and the defendants *184 have problems with access to information about DES production and marketing. Second, the alternative liability theory formulation contemplates that all negligent defendants will be joined in the suit. Thus, the court can be sure that at least one of the defendants was directly responsible for the plaintiff's harm. In a DES case, however, there may be hundreds of defendants that may be liable, and, therefore, the probability that any one defendant caused the plaintiff's harm may be correspondingly small. *See Sindell v. Abbott Laboratories,* 26 Cal. 3d 588, 602-03, 163 Cal. Rptr. 132, 139, 607 P.2d 924, 931 (1980). Moreover, it may be impossible to identify all DES producers or marketers because of the fluid nature of the market over the years DES was produced or marketed for use in pregnancy. Third, the alternative liability formula does not, in its pure form, provide a fair way to apportion damages among the defendants. Under the alternative liability theory, defendants that produced or marketed small amounts of DES and those that produced or marketed large amounts would be equally liable.

The plaintiff next asks this court to adopt the "concerted action" theory of liability. Under this theory there are three variants: pure concerted action, "enterprise liability," and, as the plaintiff has alleged in this case, civil conspiracy.

The concerted action theory of liability rests upon the principle that "those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there be a tacit understanding." W. Prosser, *Handbook of The Law of Torts,* sec. 46 at 292 *185 (4th ed. 1971) (footnotes omitted). *See also* Restatement (Second) of Torts sec. 876 (1979). Although this court has not explicitly adopted the Restatement rule, we have applied a variant of the theory in "drag racing" cases which imposed joint and several liability on all defendants participating in a drag race even if only one of the defendants actually caused the plaintiff harm. *See, e.g., Ogle v. Avina,* 33 Wis. 2d 125, 134-35, 146 N.W.2d 422 (1966).

Even assuming that the defendants acted tortiously toward the plaintiff, the plaintiff, under the concerted action theory of liability, must also be able to prove that there was an agreement or, at least, a tacit understanding among the defendants. In this case, the "gravamen of the charge of concert is that defendants failed to adequately test [DES] or to give sufficient warning of its dangers and that they relied upon the tests performed by one another and took advantage of each others' promotional and marketing techniques." *Sindell,* 26 Cal. 3d at 605, 607 P.2d at 932. We agree with the California court's conclusion in *Sindell* that such allegations do not support the theory that the defendants tacitly agreed to produce and market DES without adequately testing the drug or warning of its potential dangers. Although there was a substantial amount of parallel action by the defendants in producing and marketing DES for use in pregnancy, we conclude that this does not rise to the level of "acting in concert."

We also note that the conceptual underpinnings of the concerted action theory make it inapplicable to DES cases. The concerted action theory typically is applied to situations in which, unlike this DES case, a particular defendant is already identified as causing the plaintiff's harm, and the plaintiff desires to extend liability to those acting in league with that defendant. Comment, *Overcoming* *186 *coming the Identification Burden in DES Litigation: The Market Share Liability Theory,* 65 Marq. L. Rev. 609, 618 (1982). The theory rarely has been used to help plaintiffs avoid the identification requirement, Note, *DES: Judicial Interest Balancing and Innovation,* 22 B.C. L. Rev. 747, 759-60 (1981), and we decline

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...          file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276     Document 141     Filed 03-02-2022     Page 7 of 14

to do so in this case.

Another variant of the concerted action theory of liability is found in the concept of industrywide, or "enterprise liability," which was first suggested in _Hall v. E.I. Du Pont De Nemours & Co., Inc._, 345 F. Supp. 353 (E.D. N.Y. 1972). _Hall_ involved persons who had been injured by blasting caps manufactured by a limited number of defendants under substantially similar industry-imposed safety standards. The court reasoned that such evidence could support a finding that the defendants jointly controlled the risk of harm, and therefore, the issue of which defendant actually caused the plaintiff's harm became less important than the fact that the industry as a whole engaged in hazardous conduct. _Id._ at 374, 372. Under enterprise liability theory, it is the industry-wide standard that is the cause of injury, and each defendant that participates in perpetuating and using the inadequate standard has contributed to and is liable for the plaintiff's injury. _See_ Comment, _DES and A Proposed Theory of Enterprise Liability,_ 46 Fordham L. Rev. 963, 997 (1978).

187    We conclude that the enterprise liability theory should not be applied in this case. First, unlike _Hall,_ this case involves perhaps hundreds of potential defendant drug companies. Thus, the assumption that the defendants jointly controlled the risk of injury is necessarily weak given the fact that so many drug companies entered and *187 left the DES marketplace from 1947 to 1971.[8] Second, the drug industry operates under the control of the FDA, which sets the standards and conditions the drug industry must meet to produce and market a particular drug. It is less clear in DES cases than in _Hall_ that the defendant drug companies were each violating a standard of safety, whether federally imposed or industry imposed, in producing and marketing DES for use in pregnancy. We recognize, however, that adherence to FDA standards does not in itself absolve a drug company of liability. _See Stevens v. Parke, Davis & Co._, 9 Cal. 3d 51, 65, 107 Cal. Rptr. 45, 53, 507 P.2d 653, 661 (1973).

Finally, the plaintiff in this case relies on the theory of civil conspiracy, alleging that the defendants conspired to misrepresent that DES was safe and efficacious for use in pregnancy. A civil conspiracy is "a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful." _Radue v. Dill_, 74 Wis. 2d 239, 241, 246 N.W.2d 507 (1976) (citation omitted). The plaintiff asserts that the defendant drug companies formed and operated a conspiracy to gain FDA approval of DES in 1941 and then carried the conspiracy into seeking FDA approval in 1947 and 1948 for use of DES in problem pregnancies. Then, the plaintiff contends, the drug companies used the fruits of their conspiracy, i.e., FDA approval to produce and market DES for pregnancy, to misrepresent to *188 the public at large, including the plaintiff's mother, that DES was safe and efficacious.

188    We conclude that an action for civil conspiracy cannot be pursued on the allegations made in this case. As we noted earlier, the drug companies apparently engaged in parallel behavior in both 1941 and 1947, but parallel behavior alone cannot prove agreement. There is no indication in the record that the defendants either explicitly or tacitly collaborated to gain FDA approval so that they could in turn collaborate to misrepresent the safety and efficacy of DES for use in preventing miscarriages. Even assuming that there was close enough cooperation in 1941 to constitute an agreement, we cannot conclude that the agreement extended to the filing of supplemental NDA's in 1947 and 1948. Further, this theory becomes unworkable when we consider the fact that many drug companies entered the DES market well after FDA approval. These later entrants should not be charged with participation in or knowledge of the alleged 1941 and 1947 conspiracies.

189    The final theory proposed by the plaintiff is the "market share" theory adopted by the California Supreme Court in _Sindell v. Abbott Laboratories, supra_. _Sindell_ applied "a modification of the rule of _Summers_" and fashioned an apportionment of liability based on the relative market share of each of the liable defendants. In _Sindell_ the court held that, once the plaintiff joins manufacturers of a "substantial share" of the DES produced and marketed in the relevant area and proves a prima facia case on every element except identification of the direct tortfeasor, the burden of proof shifts to the defendants to prove that they did not cause the plaintiff's injuries. _Sindell_, 26 Cal. 3d at 612, 607 P.2d at 937. This can be done by each defendant demonstrating that *189 it could not have made the DES which caused the plaintiff's injuries. _Id._ Those defendants failing in this proof are held liable for the percentage of damages approximating their share of the relevant market. _Id._ The _Sindell_ court reasoned that it was fair to shift the burden of proof on causation to the defendants in light of the fact that each defendant's market share, and therefore its share of the damages, would approximate the probability that it caused the plaintiff's injuries. _Id._

Although we do not question the fundamental fairness of _Sindell's_ shifting the burden of proof to the defendants, we

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...        file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276     Document 141     Filed 03-02-2022     Page 8 of 14

conclude that the *Sindell* market share theory for apportioning damages should not be adopted in Wisconsin. The court in *Sindell* admitted that it was "not unmindful of the practical problems involved in defining the market and determining market share," but declined to use that as a reason for not adopting the market share theory. *Sindell, 26 Cal. 3d at 613, 607 P.2d at 937.* We conclude, however, that unalloyed market share theory does not constitute the most desirable course to follow in DES cases because the theory, while conceptually attractive, is limited in practical applicability.

The primary factor which prevents us from following *Sindell* is the practical difficulty of defining and proving market share. As noted earlier, it appears many drug companies simply do not have records available from which a fact finder could determine how much DES a given defendant produced or marketed, or when and where the DES was produced and marketed. Even assuming that some drug companies have records, the fact finder still may not be able to compose an accurate assessment of the total market of which those companies were a part. There are several reasons for this: The DES market apparently was quite fluid, with companies entering and leaving the market over the years; some

190  companies no longer exist and some that still exist may *190 not have relevant records; and apparently there are no accurate nationwide records pertaining to the overall production and marketing of DES. We view defining the market and apportioning market share as a near impossible task if it is to be done fairly and accurately in order to approximate the probability that a defendant caused the plaintiff's injuries.[9] Further, we conclude that the waste of judicial resources which would be inherent in a second "mini-trial" to determine market share militates against its adoption by this court. We emphasize, however, that we do not totally reject the market share theory. Rather, as we explain below, we consider market share, if determinable, to be a relevant factor in apportioning liability among defendants.

We recognize that DES cases pose difficult problems. The entirely innocent plaintiffs may have been severely harmed by a drug they had no control over, and they may never know or be able to prove with certainty which drug company produced or marketed the DES taken by their mothers. The defendants are faced with possible liability for DES which

191  they may not have produced or *191 marketed. We conclude, however, that as between the plaintiff, who probably is not at fault, and the defendants, who may have provided the product which caused the injury, the interests of justice and fundamental fairness demand that the latter should bear the cost of injury. Accordingly, we have formulated a method of recovery for plaintiffs in DES cases in Wisconsin. We note that this method of recovery could apply in situations which are factually similar to the DES cases.

Although the defendants in this case may not have acted in concert under the concert of action theory, all participated in either gaining approval of DES for use in pregnancy or in producing or marketing DES in subsequent years. Each defendant contributed to the *risk* of injury to the public[10] and, consequently, the risk of injury to individual plaintiffs such as Therese Collins. Thus each defendant shares, in some measure, a degree of culpability in producing or marketing

192  what the FDA, *192 many scientists, and medical researchers ultimately concluded was a drug with possibly harmful side effects. Moreover, as between the injured plaintiff and the possibly responsible drug company, the drug company is in a better position to absorb the cost of the injury. The drug company can either insure itself against liability, absorb the damage award, or pass the cost along to the consuming public as a cost of doing business. We conclude that it is better to have drug companies or consumers share the cost of the injury than to place the burden solely on the innocent plaintiff. Finally, the cost of damages awards will act as an incentive for drug companies to test adequately the drugs they place on the market for general medical use.[11] This incentive is especially important in the case of mass-marketed drugs because consumers and their physicians in most instances rely upon advice given by the supplier and the

193  scientific community and, consequently, are virtually helpless to *193 protect themselves from serious injuries caused by deleterious drugs.

Practical considerations favor permitting the plaintiff to proceed, at least initially, against one defendant. One alternative would be to require the plaintiff, as in *Sindell,* to join as defendants "a substantial share" of the producers and marketers of DES. We conclude that this is unworkable because of the problems we noted earlier inherent in trying to establish the relevant market and each defendant's share of that market. Another alternative would be to require the defendant to join a "reasonable number" of possibly liable defendants. We cannot, however, define what that "reasonable number" would be because there are so many potentially liable drug companies. Moreover, either alternative would waste judicial resources by requiring an initial determination of whether the plaintiff has joined a sufficient number of defendants. We also conclude that the defendant is in a better position than the plaintiff to determine which other drug companies may share liability. We recognize that many drug companies do not have relevant records, but they, as participants in the DES market, presumably have more information or potential access to relevant information than does the plaintiff.

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...     file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276     Document 141     Filed 03-02-2022     Page 9 of 14

Thus, the plaintiff need commence suit against only one defendant and allege the following elements: that the plaintiff's mother took DES; that DES caused the plaintiff's subsequent injuries; that the defendant produced or marketed the type of DES taken by the plaintiff's mother; and that the defendant's conduct in producing or marketing the DES constituted a breach of a legally recognized duty to the plaintiff. In the situation where the plaintiff cannot allege and prove what type of DES the mother took, as to the third element the plaintiff need only allege and prove that the defendant drug company

194   *194 produced or marketed the drug DES for use in preventing miscarriages during pregnancy. Applying the rules of liberal construction to complaints, we construe the plaintiff's second amended complaint as satisfying these required allegations.

At the trial of this case the plaintiff will have to prove each of these elements to the satisfaction of the trier of fact. We emphasize, however, that the plaintiff need not prove that a defendant produced or marketed the precise DES taken by the plaintiff's mother. Rather, the plaintiff need only establish by a preponderance of the evidence that a defendant produced or marketed the *type* (e.g., color, shape, markings, size, or other identifiable characteristics) of DES taken by the plaintiff's mother; the plaintiff need not allege or prove any facts related to the time or geographic distribution of the subject DES. If the plaintiff is able to prove these elements, the plaintiff may recover all damages from the one defendant. If, however, more than one defendant is joined, the plaintiff should recover from each defendant damages proportionate to the jury's assignment of liability under the comparative negligence scheme developed below.

Although we hold that it is sufficient for the plaintiff to sue only one defendant, We recognize that the plaintiff may find it preferable to sue as many defendants as can be identified as having possible liability. Simple self-interest should encourage the plaintiff to sue more than one defendant drug company. If the plaintiff cannot prove the case against the single defendant, an action against other potentially liable defendants may be barred by the statute of limitations. A suit against more than one defendant, besides giving the plaintiff more opportunities to establish liability, also ensures that the plaintiff will have a better chance of actually recovering damages because there is always the possibility that the single defendant will be judgment proof.

195   *195 We assume that the incentives identified above will encourage the plaintiff to sue a number of drug companies. However, in order to assure that liability in multiple defendant DES cases is equitably distributed among as many defendants as possible, any defendant may, pursuant to sec. 803.05, Stats., implead as third-party defendants other drug companies which it can allege produced or marketed the type of DES taken by the plaintiff's mother. This will permit any originally named defendant to share liability with other defendants, and will thereby result in damages being more equitably distributed among all those defendants found liable for the plaintiff's injuries. In this case, we believe it fair to direct the trial court to grant leave to the existing defendants to implead upon proper notice other possibly liable defendants. *See* sec. 803.05, Stats. After the trial court has given the defendants an opportunity to implead other defendants, Therese Collins' case may proceed to trial on two causes of action: negligence and strict products liability.

On a negligence theory, the plaintiff must prove that a defendant drug company had a duty of care and breached that duty of care when it produced or marketed DES. *See* Fondell, 85 Wis. 2d at 226-27. We note, however, that on the issue of identifying the defendant that caused the plaintiff's injury, the plaintiff need only prove by a preponderance of the evidence that an allegedly negligent defendant drug company produced or marketed the type of DES taken by the plaintiff's mother.

The plaintiff in this case may also proceed under a theory of strict products liability. In order to prevail on this theory, the

196   plaintiff must prove (1) that the DES was defective when it left the possession or control of *196 the drug company; (2) that it was unreasonably dangerous to the user or consumer; (3) that the defect was a cause of the plaintiff's injuries or damages; (4) that the drug company engaged in the business of producing or marketing DES or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the drug company; and (5) that the product was one which the company expected to reach the user or consumer without substantial change in the condition it was when sold. *See* Dippel v. Sciano,37 Wis. 2d 443, 460, 155 N.W.2d 55 (1967). We reiterate that on the issue of identifying the defendant that caused the plaintiff's injury, the plaintiff need only prove by a preponderance of the evidence that a defendant drug company produced or marketed the allegedly defective and unreasonably dangerous type of DES taken by the plaintiff's mother.

197   At oral argument, defendants' counsel claimed that drug companies can be held liable only on a negligence theory, not on a strict products liability theory. Support for this proposition is found in comment k to sec. 402A of the Restatement

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...    file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276      Document 141      Filed 03-02-2022      Page 10 of 14

(Second) of Torts (1965). Comment k identifies drugs as unavoidably unsafe products because "in the present state of human knowledge, [they] are quite incapable of being made safe for their intended and ordinary use." Under the premise that properly prepared drugs accompanied by proper directions and warnings are, therefore, not *unreasonably* dangerous, the comment concludes that the sellers of drug products should not be held strictly liable "for unfortunate consequences attending their use." The comment advances as a policy justification for this rule the necessity for some drugs to be put on the market without adequate testing because of the urgent need for treatment of a serious health hazard. The comment, however, recognizes *197 that such preparation and marketing requires that a proper warning be given if the provider is not to be held strictly liable.

Although we adopted sec. 402A in *Dippel v. Sciano, supra*, we specifically declined to accept or reject any of the comments. *Dippel*, 37 Wis. 2d at 459. We have not adopted comment k to sec. 402A, and we decline to do so in this case. We conclude that the rule embodied in comment k is too restrictive and, therefore, not commensurate with strict products liability law in Wisconsin.

Drug companies, like other sellers or manufacturers, have a duty to produce and market reasonably safe products. We recognize that in some exigent circumstances it may be necessary to place a drug on the market before adequate testing can be done. Insofar as these circumstances exist, we agree with the comment that strict liability should not be imposed. However, we find no exigent circumstances which would excuse DES producers or marketers from adequately testing DES before it was placed on the market. Although there was a societal interest in preventing miscarriages in pregnancy, alternative treatment was available, and the problem did not approach epidemic proportions. Even assuming there were exigent circumstances in 1947 necessitating the use of DES in pregnancy without adequate testing, an additional ten years had elapsed by the time the plaintiff's mother took DES. Thus, it would appear the drug companies had sufficient time, to test DES thoroughly even if the original need to place it on the market foreclosed adequate testing at that time. Accordingly, we hold that DES producers or marketers may be held strictly liable if the plaintiff establishes the five elements specified earlier.

198    Once the plaintiff has proven a *prima facie* case under either cause of action, the burden of proof shifts to the *198 defendant to prove by a preponderance of the evidence that it did not produce or market the subject DES either during the time period the plaintiff was exposed to DES or in the relevant geographical market area in which the plaintiff's mother acquired the DES. In utilizing these defenses, the defendant must establish that the DES it produced or marketed could not have reached the plaintiff's mother. We conclude that it is appropriate to shift the burden of proof on time and geographic distribution to the defendant drug companies because they will have better access to relevant records than the plaintiff. Further, if relevant records do not exist, we believe that the equities of DES cases favor placing the consequences on the defendants.

We believe that this procedure will result in a pool of defendants which it can reasonably be assumed could have caused the plaintiff's injuries. We note in this regard that, in cases where the plaintiff's mother took DES over a period of time and had the prescription refilled, it is possible that DES from several drug companies may have contributed to the plaintiff's injuries. This still could mean that some of the remaining defendants may be innocent, but we accept this as the price the defendants, and perhaps ultimately society, must pay to provide the plaintiff an adequate remedy under the law.[12]

199    Regardless of which causes of action the plaintiff in this case proceeds upon, the jury will have to apply Wisconsin's comparative negligence statute, sec. 895.045, *199 Stats.[13] Under Wisconsin's comparative negligence doctrine, the amount of liability—and hence, the proportion of the total damages—is determined in proportion to the percentage of causal negligence attributable to each defendant. *Bielski*, 16 Wis. 2d at 6. Comparative negligence will be determined by the trier of fact both under a negligence theory, *see generally Bielski v. Schulze, supra*, and under a strict products liability theory because of our "negligence per se" formulation of liability, *see Dippel*, 37 Wis. 2d at 460-62; *Greiten v. La Dow*, 70 Wis. 2d 589, 600, 235 N.W.2d 677 (1975).

After carefully weighing the alternatives, we conclude that the application of comparative negligence in DES cases provides the most equitable means to assign liability and apportion damages among the liable defendants. As this court has stated:

"... The apportionment of negligence is the peculiar province of the jury. The degree of negligence attributable to a party

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...          file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276     Document 141     Filed 03-02-2022     Page 11 of 14

is not to be measured by the character thereof nor by the number of respects in which he is found to have been at fault. It is the conduct of the parties considered as a whole which should control. In other words, once it has been established that each has been negligent, it is then the jury's function to weigh their respective contributions to the result, which will, regardless of the nature of their acts or omissions, determine which made the larger contribution and to what extent it exceeds or is less than that of the other."

200   *Taylor v. Western Casualty & Surety* Co., 270 Wis. 408, 411-12, 71 N.W.2d 363 (1955). In discussing the general *200 theory of comparative negligence, we have recognized that it "is an equitable doctrine based on natural justice." *Bielski*, 16 Wis. 2d at 7.

We believe that comparative negligence is a flexible doctrine which will permit the jury in DES cases equitably to apportion liability among the defendants that have been unable to exculpate themselves. In assigning a percentage of liability to each defendant, the jury may consider factors which include, but are not limited to, the following: whether the drug company conducted tests on DES for safety and efficacy in use for pregnancies; to what degree the company took a role in gaining FDA approval of DES for use in pregnancies; whether the company had a small or large market share in the relevant area; whether the company took the lead or merely followed the lead of others in producing or marketing DES; whether the company issued warnings about the dangers of DES; whether the company produced or marketed DES after it knew or should have known of the possible hazards DES presented to the public; and whether the company took any affirmative steps to reduce the risk of injury to the public. This list of factors is not exclusive, and the trial court may in its discretion permit the jury to consider other factors relevant to apportioning liability. Although the allocation of liability will present a difficult task for juries, we conclude that it is the best method to ensure that liability will be assigned equitably accorded to relative fault.[14]

201   *201 We recognize that under Wisconsin's strict products liability law the sale of a defective and unreasonably dangerous product constitutes, assuming all other elements are proven, negligence per se. *Greiten*, 70 Wis. 2d at 600. The plaintiff is relieved of proving specific acts of negligence on the part of the defendant, *Dippel*, 37 Wis. 2d at 460, because it is the nature of the product, not the degree of care, which gives rise to liability, *Greiten*, 70 Wis. 2d at 604. Therefore, the preceding factors need not be used to establish negligence because negligence per se can be proven through the five elements specified in our discussion concerning strict products liability in DES cases. However, the factors may properly be used to apportion liability among the defendants the jury determines to be strictly liable for the DES plaintiff's injuries.

A final element of damages merits discussion. The plaintiff in this case has sought punitive damages because the defendants allegedly recklessly disregarded the plaintiff's rights by their conduct associated with the production and marketing of DES. In order to recover punitive damages in Wisconsin, the injured party must show a wanton, willful, or reckless indifference to or disregard for the rights of others on the part of the wrongdoer. *Fahrenberg v. Tengel*, 96 Wis. 2d 211, 221, 291 N.W. 2d 516 (1980). Similarly, punitive damages may be awarded in products liability cases where it is shown that the defendant wantonly, willfully, or recklessly disregards the plaintiff's rights by selling a defective and unreasonably dangerous product. *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 308, 294 N.W.2d 437 (1980).

202   Punitive damages are designed to punish a wrongdoer and to serve as a deterrent. *Mid-Continent Refrigerator* *202 Co. v. Straka*, 47 Wis. 2d 739, 746, 178 N.W.2d 28 (1970). The concept of punitive damages embodies a rule for individualized punishment of a wrongdoer whose conduct toward the plaintiff is particularly outrageous. Implicit in this concept is the notion that, where punishment is to be exacted, it must be certain that the wrongdoer being punished because of his conduct actually caused the plaintiff's injuries. Under this rule Therese Collins who has sued multiple defendants and has represented that she cannot prove which defendant actually caused her injuries, may not recover punitive damages.

In her second amended complaint, the plaintiff alleged that the defendants had "intentionally, deceitfully, fraudulently, recklessly, or innocently" misrepresented that DES was safe and efficacious for use in preventing miscarriages during pregnancy. The plaintiff further alleged that Dr. Wendt, Mrs. Collins' physician, had relied upon these misrepresentations when prescribing DES for Mrs. Collins. However, in an affidavit submitted by the defendants in conjunction with their motions for summary judgment, Dr. Wendt stated that he relied only on general medical information and "did not use [DES] because of anything that any drug company had told me, and as a matter of fact, no drug company had called on me in respect to using this drug." Dr. Wendt confirmed this fact in his deposition taken July 22, 1981. The plaintiff did not

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...    file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276    Document 141    Filed 03-02-2022    Page 12 of 14

submit an affidavit or any other evidence controverting this fact. Even assuming that the defendants made misrepresentations concerning DES, since there was no reliance on those misrepresentations, there can be no recovery under this cause of action. *See* W. Prosser, *Handbook of The Law of Torts,* sec. 108 (4th ed. 1971); *Household Finance Corp. v. Christian,* 8 Wis. 2d 53, 55-56, 98 N.W.2d 390 (1959).

We have stated that:

203     *203 "... Pursuant to sec. 802.08(2), Stats., summary judgment shall be granted `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"

*Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500 (1980). Under this standard, the trial court was obliged to grant summary judgment in favor of the defendants on the plaintiff's third cause of action as set forth in her second amended complaint. Accordingly, we affirm the trial court's granting of summary judgment insofar as it relates to this cause of action.

In deciding a motion for summary judgment, the initial question is whether the complaint states a claim upon which relief can be granted. *See Prah v. Maretti,* 108 Wis. 2d 223, 228, 321 N.W.2d 182 (1982). The complaint should be dismissed as legally insufficient only if "`it is quite clear that under no circumstances can the plaintiff recover.'" *Id.* at 229 (citation omitted). We conclude that the plaintiff has stated a claim for which relief can be granted. Accordingly, we find that the trial court erred in granting summary judgment on the general issue of liability. We reverse the trial court's judgment and remand the case for trial on the causes of action approved in this opinion.

Several defendants have filed affidavits and other materials in support of their separate motions for summary judgment. The motions are based upon these defendants' contentions that for one reason or another they could not have produced or marketed the DES taken by the plaintiff's mother. In granting the defendants' joint motion for summary judgment, the trial court did not address the other individual motions. We determine that the trial court should, upon remand, consider

204     these *204 motions and decide whether summary judgment is appropriate based upon the holding of this opinion.

The remaining issue is whether the trial court erred in denying the plaintiff's motion to amend her second amended complaint. The trial court concluded that the plaintiff had not alleged any new facts, nor had the plaintiff shown sufficient reasons for permitting an amendment of her second amended complaint. Allowing a party to amend pleadings is within the trial court's discretion, *Gustavson v. O'Brien,* 87 Wis. 2d 193, 205, 274 N.W.2d 627 (1979), and will not be reversed unless there has been a manifest abuse of discretion, *Celmer v. Quarberg,* 56 Wis. 2d 581, 592, 203 N.W. 2d 45 (1973). The trial court carefully stated the grounds for its exercise of discretion and based its decision on factors we consider relevant to the determination. Accordingly, we find no manifest abuse of discretion in the trial court's denial of the plaintiff's motion to amend, and, therefore, we affirm the trial court's order.

*By the Court.*—Judgment reversed in part, affirmed in part, and cause remanded for trial and further proceedings consistent with this opinion; order affirmed.

SHIRLEY S. ABRAHAMSON, J. (concurring).

I agree with the majority's decision that the plaintiff's complaint states a cause of action. I am persuaded that a cause of action should be recognized on a risk contribution theory. I write separately for two reasons.

First, I believe the majority unnecessarily confuses the issue of apportionment of damages by saying that the "jury will have to apply Wisconsin's comparative negligence doctrine, sec. 895.045, Stats.," *supra,* p. 198. Because plaintiff need

205     not prove that the defendant's negligence or product caused her damage in order for the *205 defendant to be liable, sec. 895.045 is not really applicable here except by analogy. The doctrine of comparative negligence encompassed in "sec. 895.045, Stats., has been construed from its beginning to apply only to *causal* negligence. ..." *Lovesee v. Allied Devel. Corp.,* 45 Wis. 2d 340, 343, 173 N.W.2d 196 (1970) (emphasis added). See also *City of Franklin v. Badger Ford Truck Sales,* 58 Wis. 2d 641, 653-55, 207 N.W.2d 866 (1973) (products liability case). I believe the majority tries to fit apportionment of damages within the comparative negligence statute, even though the causal element is not an issue in this kind of case, because it wishes to use two concepts present in the doctrine of comparative negligence: jury apportionment of damages and jury consideration of the kind and character of the defendants' conduct. *Lovesee, supra,*

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...    file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276    Document 141    Filed 03-02-2022    Page 13 of 14

at 345.

Second, although I may not necessarily disagree with the discussion, I do not join the dictum concerning punitive damages. This issue is unnecessary for disposition of the case and was not briefed by the parties.

[†] Motion for reconsideration denied February 27, 1984.

[1] The defendants cross-appealed on the issue whether the plaintiff's cause of action was barred by the running of the statute of limitations, sec. 893.205, Stats., 1975. However, on August 4, 1983, the defendants, pursuant to sec. (Rule) 809.18, Stats., voluntarily dismissed their cross-appeal on the basis of this court's decision in *Hansen v. A.H. Robins Co., Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983).

[2] In her fifth cause of action, the plaintiff realleges her other causes of action and then alleged that all DES drug companies, whether joined in this case or not, engaged in similar actionable conduct in producing and marketing DES. We conclude that this cause of action does not state a separate claim upon which relief may be granted, and, therefore, the trial court correctly granted summary judgment as to the plaintiff's fifth cause of action.

[3] *See, e.g., Sindell v. Abbott Laboratories*, 26 Cal. 3d 588, 163 Cal. Rptr. 132, 607 P.2d 924 (1980); *McElhaney v. Eli Lilly & Co.*, 564 F. Supp. 265 (D. S.D. 1983); *Bichler v. Eli Lilly and Co.*, 55 N.Y.2d 571, 436 N.E.2d 182 (1982); *Abel v. Eli Lilly and Co.*, 94 Mich. App. 59, 289 N.W.2d 20 (1979).

[4] *See, e.g., Morton v. Abbott Laboratories*, 538 F. Supp. 593 (M.D. Fla. 1982); *Payton v. Abbott Labs.*, 512 F. Supp. 1031 (D. Mass. 1981); *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004 (D. S.C. 1981); *Lyons v. Premo Pharmaceutical Labs, Inc.*, 170 N.J. Super. 183, 406 A.2d 185 (1979); *Gray v. United States*, 445 F. Supp. 337 (S.D. Tex. 1978).

[5] The term "new drug" is defined as: "Any drug the composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety of drugs, as safe for use under the conditions prescribed, recommended, or suggested in the labeling thereof." Federal Food, Drug, and Cosmetic Act, Pub. L. No. 717, 52 Stat. 1040, 1041-42, sec. 201(p)(1) (1938) [codified as amended at 21 U.S.C. sec. 321(p)(1) (1976)].

[6] The claims that DES was effective in preventing miscarriages were questioned by later medical studies. *See, e.g.,* Dieckmann, Davis, Rynkiewicz and Pottinger, *Does the Administration of Diethylstilbestrol During Pregnancy Have Therapeutic Value?*, 66 Am. J. Obstet. & Gynec. 1062 (1953). Obviously, this information was available to the drug companies, but they nonetheless continued producing and marketing DES for use in pregnancy until it was banned in 1971.

[7] In this case alone, Dr. Wendt, the physician treating the plaintiff's mother, estimated that he had over the course of his career prescribed DES in five hundred pregnancies.

[8] Indeed, the court in *Hall* cautioned against using enterprise liability for large numbers of defendant companies, stating that "[w]hat would be fair and feasible with regard to an industry of five or ten producers might be manifestly unreasonable if applied to a decentralized industry composed of thousands of small producers." *Hall v. E.I. Du Pont De Nemours & Co., Inc.*, 345 F. Supp. 353, 378 (E.D. N.Y. 1972).

[9] We find a flaw in *Sindell's* reasoning in that it would appear to permit each defendant's market share to be increased proportionately to ensure that the plaintiff recovers her damages. *See Sindell*, 26 Cal. 3d at 612-13, 607 P.2d at 937; *see also id.* at 617, 607 P.2d at 940 (Richardson, J., dissenting). While we support the plaintiff's recovery of all her damages, requiring a defendant to pay more than its percentage of the market is directly contrary to the court's reasoning that percentage of the market approximates the probability that the defendant produced or marketed the subject DES. Furthermore, the *Sindell* court did not address itself to the problem of what is to be done with those defendants that do not have any records with which to establish their market share. Simply arbitrarily assigning the remaining percentage of the market to these defendants does not comport with probable liability. *See generally id.* and *Trends in Products Liability Litigation*, 16 Trial 82, 84 (Nov. 1980) (interview with Justice Stanley Mosk, author of the *Sindell* opinion).

[10] A "risk contribution" theory is proposed in Robinson, *Multiple Causation in Tort Law: Reflections on the DES Cases*, 68 Va. L. Rev. 713 (1982). Robinson argues that, from the standpoint of fairness in placing liability on the companies, "the critical point is the *creation of a risk* that society deems to be unreasonable, not whether anyone was injured by it." *Id.* at 739 (emphasis in original). Because all DES drug companies produced or marketed a "defective" product, Robinson contends, they all contributed to the risk of injury, even though they may not have contributed to the actual injury of a given plaintiff. *Id.* at 739-40. Using this premise, Robinson argues that the plaintiff's damages should be apportioned "among all defendants that created unreasonable risks according to the magnitude of the risks they created." *Id.* at 755. Although we find Robinson's "risk contribution" theory sound to the extent it recognizes that all DES drug companies contributed in some measure to the risk of injury, we do not agree that this is a sufficient basis in itself for liability. We still require it be shown that the defendant drug company reasonably could have contributed in some way to the actual injury.

Collins v. Eli Lilly & Co., 342 NW 2d 37 - Wis: Supreme Court 1984 - ...          file:///R:/scans/JLT/+LEADPAINT/+%20Cases%20against%20Paint%2...

Case 2021CV003276       Document 141       Filed 03-02-2022       Page 14 of 14

[11] In their briefs and at oral argument, the defendants contended that imposing liability on possibly innocent drug companies will discourage drug companies from producing or marketing generic drugs. It has been argued that society benefits from generic drugs because they are easier to produce and market and are, therefore, cheaper for the consumer. The defendants contend that, if liability were imposed on all defendants because the plaintiff cannot, due to the generic nature of DES, identify the exact producer or marketer, drug companies would seek to avoid future liability by not producing or marketing generic drugs.

While there may be some validity to the defendants' argument, we do not agree that imposing liability in this case will cause drug companies to cease producing or marketing generic drugs. We believe that this sort of liability will encourage drug companies to produce or market *safe* generic drugs. So long as drug companies properly test drugs and thereby produce or market a reasonably safe product, they need to fear liability under the rule of this case. Thus, it is not solely the generic status of the drug but the safety or efficacy of the drug, generic or otherwise, which may give rise to liability.

[12] The defendants argue that the plaintiff's remedy in this type of case should be fashioned by the legislature. The defendants cite as examples black lung legislation and the proposed fund for victims of asbestos-caused diseases. We disagree with this argument. It is the function of this court to modify the existing common law if that becomes necessary to promote justice under the law.

[13] Section 895.045, Stats., provides:

"Contributory negligence. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

[14] We note that in multiple tortfeasor cases the negligence of the plaintiff is compared to the negligence of each defendant. *Wisconsin Natural Gas v. Ford, Bacon & Davis Construction*, 96 Wis. 2d 314, 327, 291 N.W.2d 825 (1980). We cannot conceive, however, of any situation where the DES plaintiff, who was a fetus at the time the DES was taken, could be attributed with anything but zero percent negligence. Consequently, we presume that in all DES cases 100 percent of the liability will be apportioned only among the defendants.

Save trees - read court opinions online on Google Scholar.