UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARRIEONA BEAL,<br><br>   *Plaintiff*<br><br>v.<br><br>ARMSTRONG CONTAINER, INC.; E.I. DUPONT DE NEMOURS & CO.; THE ATLANTIC RICHFIELD CO.; THE SHERWIN-WILLIAMS CO., and HATTIE AND JERRY MITCHELL,<br><br>   *Defendants.* | Case No. 22-CV-0378 |

**PLAINTIFF'S NOTICE OF MOTION FOR FEES AND COSTS IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 54.**

     Plaintiff Arrieona Beal moves this Court to approve fees and costs in accordance with Federal Rule of Civil Procedure 54 as set forth in the Plaintiff's Memorandum in Support of Motion for Fees and Costs in Accordance with Federal Rule of Civil Procedure 54 and in the Declarations of Fidelma L. Fitzpatrick, Victor Harding, and Peter G. Earle, each filed contemporaneously with exhibits attached thereto. Plaintiff likewise moves that her motion for fees complies with this Court's Order of October 3, 2023. (Doc. 42.)

     This motion will be made and is based on this Notice of Motion and Motion, and upon such other matters as may properly come before the Court at the hearing thereof.

Date: October 19, 2023          By:  */s/ Fidelma L. Fitzpatrick*
                                                Fidelma L. Fitzpatrick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARRIEONA BEAL, <br><br> *Plaintiff* <br><br> v. <br><br> ARMSTRONG CONTAINER, INC.; E.I. DUPONT DE NEMOURS & CO.; THE ATLANTIC RICHFIELD CO.; THE SHERWIN-WILLIAMS CO., and HATTIE AND JERRY MITCHELL, <br><br> *Defendants.* | **Case No. 22-CV-0378** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR FEES AND COSTS IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 54.**

I. Introduction

Now comes Plaintiff Arrieona Beal ("Plaintiff" or "Ms. Beal") moving pursuant to Federal Rule of Civil Procedure 54 (d)(2)(A)(B) for the fees and costs awarded by this Court in its Order Granting Plaintiff's Motion for Remand (Dkt. No. 11), Awarding Plaintiff Costs and Actual Expenses Under 28 U.S.C. §1447(c), denying Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Dkt. No. 35) and Remanding Case to Milwaukee County Circuit Court, ("Remand Order") entered by the Court on October 3, 2023. (Dkt. No. 42) In so ordering, the Court denied Sherwin-Williams's ("Sherwin-Williams) Notice of Removal

1

("Removal Motion") (Dkt. No. 1) filed March 25, 2022,[1] finding that while the Removal Motion was not frivolous, it "lack[ed] an objectively reasonable basis, (Remand Order at 22-23) (internal quotation omitted) (citing in part 28 U.S.C. §1447(c);[2] *Martin v. Franklin Cap.*, 546 U.S. 141 (2005); *Jackson County Bank v. Du Sablan*, 915 F.3d 422, 424 (7th Cir. 2019)). Crucial to this motion, the Remand Order also specifically ordered Sherwin-Willams to pay the Plaintiff's reasonable costs and expenses in responding to Sherwin-Williams's Removal Motion. See Remand Order at 23. Plaintiff now so moves.

**II. Plaintiff's Attorneys Zealously Advocated on Her Behalf to Defeat Sherwin-Williams's Removal Motion and the Costs and Fees they Seek are Reasonable.**

Ms. Beal is represented by (1) Motley Rice, LLC; (2) Warshafsky, Rotter, Tarnoff,& Bloch; and (3) Law Offices of Peter G. Earle. (collectively "Plaintiff's Attorneys")[3] who expended 131.05 hours of collective effort zealously advocating on her behalf to defeat Sherwin-Williams's Removal Motion. See the Declarations of Fidelma L. Fitzpatrick, Victor Harding, and Peter G. Earle in support of this motion filed contemporaneously herewith, along with the exhibits attached thereto. Among their efforts, Plaintiffs' Attorneys researched, drafted, reviewed, and filed a Notice of Motion and Motion for Remand (Dkt. No. 11) ("Remand Motion") as well as a reply brief (Doc. 37). Additionally, Plaintiff's Attorneys expended

---

[1] While Ms. Beal moved in her remand motion against Armstrong Containers, Inc., E. I. DuPont de Nemours & Co., Jerry Mitchell, Hattie Mitchell, and Atlantic Richfield Company, in addition to Sherwin-Williams, this Court held that only Sherwin-Williams is subject to its order to pay Plaintiff's reasonable costs and expenses because it was Sherwin-Williams that filed the notice of removal. See Remand Order at 24-25. ("As the party who filed the notice of removal, the court will require only Sherwin-Williams to pay the plaintiff's costs and any actual expenses. Given the circumstances of this case, the court has determined it would not be reasonable to compel the other industry defendants, who only consented to removal to pay the plaintiff's costs and expenses.")(cite omitted.)

[2] 28 U.S.C. A. §1147(c) states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

[3] Ms. Beal is also represented by Wallace, Miller but the firm did not participate in efforts to defeat Sherwin-Williams's removal motion.

2

considerable time searching for evidence that Ms. Beal had no previous case go to judgment. Based on this proof, the Court soundly rejected Defendant's argument to the contrary. See Remand Order at 13-14. ("The industry defendants have not shown an identity of parties or the existence of a final judgment in the 2011 lawsuit.").

### A. Relevant Declarations of Plaintiff's Attorneys Support the Motion

In support of her motion, Ms. Beal files the declarations of Fidelma L. Fitzpatrick, Victor Harding, and Peter G. Earle, members of their respective firms, contemporaneously herewith. Each declaration is incorporated herein, along with its exhibits as though set forth in full.[4] The total lodestar requested per the Court's Remand Order by attorneys and staff at Motley Rice, LLC is $58,592.00 with $769.92 sought for the firm's actual costs in defeating Sherwin-Williams's Removal Motion. See Declaration of Fidelma L. Fitzpatrick and Exhibits 1 and 2 thereto. The total amount of lodestar requested per the Court's Remand Order by attorneys and staff at Warshofsky, Rotter, Tarnoff, and Bloch is $22,475.00 with $302.08 sought for the firm's actual costs in defeating Sherwin Williams's Removal Motion. See Declaration of Victor Harding and Exhibits 1 and 2 thereto. Finally, the total amount of lodestar requested by attorney Peter G. Earle is $12,757.50[5] sought for the effort to defeat Sherwin-Williams's Removal Motion. See Declaration of Peter G. Earle.

Each and every Plaintiff's Attorney made distinct contributions to the effort to defeat Sherwin-William's removal motion. Billing records have been carefully scrutinized to avoid any

---

[4] Ms. Fitzpatrick's and Mr. Harding's declarations attach relevant exhibit(s) summarizing the time billed by the declarant or by associates and staff under his or her supervision, applicable billing rates, and actual costs incurred. See the exhibits attached to the Declarations of Fidelma L. Fitzpatrick and Victor Harding filed contemporaneously herewith. Information relevant to determining the lodestar for Mr. Earle is in his declaration. See Declaration of Peter Earle, filed contemporaneously herewith. Itemized billing rates maintained by the firms in the ordinary course of business are available on request.
[5] In total, Plaintiff's Attorneys seek $94,896.50 in fees and costs.

3

duplicative billing. *See Crispin R, Jr. v. Board of Educ. Of the City of Chicago, District 299*, 2010 WL 3701328 at *2 (N.D. Ill. September 10, 2010) (citing *Schlacher v. Law Offices of Philip J. Rotche & Associates*, 574 F. 3d 852, 858 (7th Cir. 2009).

**B. The Fees, Costs, and Expenses Sought Are Reasonable**

In setting their respective lodestars, Plaintiff's Attorneys recognize the Seventh Circuit's holding that "there is no precise formula for determining a reasonable fee." *See e.g. Schlacher v. Law Offices of Philip J. Rotche & Associates*, 574 F. 3d 852, 856 (7th Cir. 2009.) Many courts find that the most efficient means of determining the proper figure is to use the "lodestar" method which results from "multiplying the reasonable number of hours worked by the market rate." *See Gautreaux v. Chicago Housing Authority*, 491 F. 3d 649, 659 (7th Cir, 2007.); *see also Schlacher*, 574 F. 3d at 856. That is precisely what Plaintiff's Attorneys do here.

Determining the reasonable hourly rate for the lodestar calculation requires some flexibility since lawyers charge for their services in a variety of ways, not only hourly, but also, as with most plaintiffs' lawyers, including Plaintiffs' Attorneys[6] here, on a contingency fee basis. Thus, courts consider a variety of factors when determining what a reasonable hourly rate is. The factors can include a previous attorney's fee award, *see e.g. Pickett v. Sheridan Healthcare Center*, 664 F. 3d 632, 646 (7th Cir. 2011) ("a previous attorney's fee award is useful for establishing a reasonable market rate for similar work whether it is disputed or not); *see also e.g. Nichols v. Illinois Dept. of Trans.*, 4 F. 4th 437, 442 (7th Cir. 2021) ("[r]ecent fee awards from an attorney's other cases provide a useful comparison when establishing that attorney's reasonable rate."). Courts can also use a calculation based on the local marketplace for the services

---

[6]For example, Motley Rice, LLC generally bills in Plaintiffs' cases on a contingency fee basis. However, it also sets billing rates for each of its attorneys and staff as a means of making sure that it sets its contingency fees for all of its clients in line with the experience and expertise of its attorneys, paraprofessionals, and clerical staff. Those numbers are used in establishing the lodestars in Exhibit 1 attached to the Declaration of Fidelma L. Fitzpatrick and filed contemporaneously herewith.

4

rendered. *See Gautreaux*, 491 F. 3d at 659 ("The reasonable hourly rate is the rate lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.") (citation and quotation omitted.)

There is no question here that the fees and costs Plaintiff seeks are in line with this Court's Remand Order and are reasonable. First, they were compiled based on contemporaneous records kept by Plaintiff's Attorneys and reviewed so that every hour billed is relevant solely to the effort to defeat Sherwin-Williams's Removal Motion against Ms. Beal. Additionally, the Court has a useful benchmark here for determining what constitutes reasonable hourly rates for all Plaintiff's Attorneys: those provided by Motley Rice LLC. See Exhibit 1 attached to the Declaration of Fidelma L. Fitzpatrick; see also *supra*. n.6. Motley Rice, LLC sets reasonable billing rates on a regular basis for all of its personnel to ensure that the contingency fees it charges its clients are in line with the experience and expertise of its attorneys, paraprofessionals, and clerical staff, along with its co-counsel and competitors. The rates set have been used by courts to establish lodestar for Motley Rice, LLC's cases, further establishing their reliability as a benchmark. *See State of Wash. V. McKesson Drug Corp., et. al.*, No. 19-2-06975, Findings of Fact and Conclusions of Law and Order Awarding Plaintiffs' Attorney Fees and Costs Associated With State's Fee Petition, at 5 (King Cnty. Super. Ct. September 1, 2021) (noting, "Motley Rice sets its hourly rate for attorneys practicing in complex civil litigation consistent with the rates charged nationally for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

### III. Conclusion

For reasons of the foregoing, Plaintiff moves for $94,896.50 in costs and expenses as ordered by the Court. See Remand Order at 23. These are supported in full by the Fitzpatrick, Harding, and Earle declarations along with the exhibits thereto.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of October, 2023.

By: _/s/ Fidelma L. Fitzpatrick_____
Fidelma L. Fitzpatrick, Esq.
Robert J. McConnell, Esq.
MOTLEY RICE LLC
55 Cedar St. Suite 100
Providence, RI 02903
Telephone: 401-457-7728
Fax: 401-457-7708
ffitzpatrick@motleyrice.com

Jennie Scudder-Levin, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9213
Fax: (843): 216-9450
jlevin@motleyrice.com

Victor C. Harding, Esq.
WARSHAFSKY, ROTTER, TARNOFF & BLOCH
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-4970
vich@warshafsky.com

Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Telephone: (414) 276-4970
peterearle1950@gmail.com

Neil T. Leifer, Esq.
Neil T. Leifer, LLC
20 Marion Street, Apt. 2
Brookline, MA 02446
Telephone: (617) 429
n.leifer@ntllaw.com

6

Edward A. Wallace, Esq.
Mark R. Miller, Esq.
Wallace Miller
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
eaw@wallacemiller.com
mrm@wallacemiller.com

*Attorneys for Plaintiffs*