UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARRIEONA BEAL,

    Plaintiff,

 v.              Case No. 22-cv-378-pp

ARMSTRONG CONTAINERS, INC., *et al.*,

    Defendants.

**ORDER REQUIRING PLAINTIFF TO SUPPLEMENT MOTION FOR ATTORNEY FEES AND COSTS (DKT. 43)**

On September 30, 2023, the court granted the plaintiff's motion to remand, and awarded the plaintiff the costs and actual expenses occurred in removal. Dkt. No. 42 at 23-24, 30. The court denied the plaintiff's motion for sanctions. Id. at 30.

Less than a month later, the plaintiff filed a motion for actual costs and attorney's fees in the amount of $94,896.50, calculated using the lodestar method of multiplying the reasonable numbers of hours worked by the market rate. Dkt. No. 43. Defendant Sherwin-Williams opposes the motion, arguing that 28 U.S.C. §1447(c) restricts fee awards to actual outlays and that the plaintiff did not incur actual outlays because she is represented by contingency-fee counsel. Dkt. No. 47 at 2. Sherwin-Williams contends that the proposed fees do not represent the market rate and lack the requisite detail about the work performed and the time spent opposing removal. Id. at 4-6.

1

Sherwin-Williams asks that if the court awards costs and fees, it reduce the requested award by at least 70% to be more in line with what the court previously had awarded. Id. at 7.

In its September 30, 2023 order, the court clearly expressed its intent to award costs and actual expenses (including fees). The court regrets the amount of time it has taken to address this motion, but it must require the plaintiff to supplement the motion because the plaintiff has not established that the hourly rate is the local market rate and has not provided sufficient detail regarding the expenses incurred.

I.  **Plaintiff's Motion for Fees and Costs (Dkt. No. 43)**

In the order remanding the case to Milwaukee Court, the court awarded costs and actual expenses under 28 U.S.C. §1447(c) after finding that the industry defendants lacked an "objectively reasonable basis" for seeking removal. Dkt. No. 42 at 23. The court's award tracks the language in the statute: the court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).

    A.    Contingency Fee Arrangement

Sherwin-Williams suggests that the plaintiff incurred no actual expenses because her counsel represents her on a contingency fee basis. The Seventh Circuit has not addressed the question of whether §1447(c) permits attorney fee awards for work performed on a contingency fee basis. See Ray v. Tabriz, Case No. 23 CV 1467, 2024 WL 4333247, *7 (7th Cir. Sept. 28, 2024) (citing

2

Case 2:22-cv-00378-PP    Filed 06/04/25    Page 2 of 8    Document 49

Teener v. Zurek, 168 F.3d 328, n.3 (7th Cir. 1999) (reserving for another day the appropriate application of §1447(c) in a contingency fee arrangement case)). At least one district court in the Seventh Circuit has canvassed cases and concluded that "existing Seventh Circuit and Supreme Court precedent analyzing the text and purpose of §1447(c)'s fee scheme supports the conclusion that §1447(c) does permit fee awards for work done on a contingency fee basis." Ray, 2024 WL 4333247, at *7 (collecting cases). Although the statute limits fee awards to actual outlays, Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 366–67 (7th Cir. 2000), district courts have reasoned that the statute awards the fees *incurred* rather than the fees *billed* to the client. Id. (citing Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC, 373 F. Supp. 3d 398, 401 (E.D.N.Y. 2019) (awarding fees where the client was represented by *pro bono* counsel); Simenz v. Amerihome Mortg. Co., LLC, 544 F. Supp. 2d 743, 746 (E.D. Wis. Mar. 28, 2008)). For example, Judge Lynn Adelman has held that actual expenses are incurred by contingency-fee counsel in challenging removal because counsel "forewent other paying work and paid costs out of pocket." Simenz, 544 F. Supp. 2d at 746. Judge Rudolph Randa similarly found that §1447(c) does not preclude an award where counsel handles the plaintiff's case on a contingency fee basis. Price v. Smith, Case No. 11-C-0763, 2012 WL 3647275, *2 (E.D. Wis. Aug. 22, 2012).

An award of costs and expenses is consistent with the rationale of fee-shifting rules. As the Seventh Circuit explained in Garber v. Daimler Chrysler

3

Corp., 211 F.3d 407 (7th Cir. 2000), "the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." Indeed, "unjustified removal complicates and extends litigation." Id. In Hotline Industries, 236 F.3d at 367, the Seventh Circuit concluded that the loser must expect to cover the "incremental costs" of wrongfully dragging the plaintiff into a second judicial system. In that case, incremental costs included a proportional share of the salaries of the government attorneys handling the case, along with the overhead costs. Id. Based on the reasoning of the courts in this circuit and the Seventh Circuit's holdings in Garber and Hotline Industries, the court finds that the plaintiff may recover costs and expenses even though her attorneys are representing her under a contingency fee arrangement.

B. Lodestar Method

In employing the loadstar method, the court first must determine a reasonable rate for this market. The plaintiff is represented by three different firms: Motley Rice, LLC; Warshafsky, Rotter, Tarnoff & Bloch; and the Law Offices of Peter J. Earle. Dkt. No. 43 at 3. Each firm requests a different amount. The Motley firm asks for $58,592 in attorney fees and $769.92 in actual costs; the Warshafsky firm requests $22,475 in attorney fees and $302.08 in costs; and Peter Earle asks for $12,757.50 in attorney fees. Id.

Attorney Fidelma Fitzpatrick of Motley Rice filed a declaration averring that she billed 10.90 hours at the rate of $1,250 per hour; her partner Robert McConnell billed 2.50 hours at the rate of $1,050 per hour; Jennie Scudder

4

Levin billed 45.40 hours at the rate of $800 per hour; and Hannah Werner billed 7.80 hours at the rate of $460 per hour. Dkt. No. 44 at ¶5. A paralegal, Laura Holcomb, expended .70 hours at the rate of $410 per hour, and an administrative assistant expended 11.30 hours at the rate of $190 per hour. Id. Fitzpatrick represents that the hourly rates are the current rates for the firm, id. at ¶6, and that they are comparable to the rates billed by her firm and accepted by courts in other fee applications. Id. at ¶10.

Similarly, Attorney Victor Harding of Warshafsky, Rotter, Tarnoff & Bloch, S.C. filed a declaration averring that he billed 16.2 hours at the rate of $1,050 per hour and that a paralegal, Jennifer Thiermann, expended 24.1 hours at the rate of $200 per hour. Dkt. No. 45 at ¶4. He, too, represents that these hourly rates are comparable to the "rates submitted by [his] firm and accepted by courts for lodestar cross-checks in other fee applications." Id. at ¶10.

Finally, Peter Earle filed a declaration averring that he expended 12.15 hours at the rate of $1,050, which he says is "consistent with the hourly rates charged by other attorneys of similar skill and experience in non-contingent complex litigation matters." Dkt. No. 46 at ¶5.

Sherwin-Williams argues that the plaintiff has not attempted to establish a market rate beyond submitting the "self-serving" declarations of counsel. Dkt. No. 47 at 4. It argues that the rates are significantly higher than what this court has determined to be a market rate. Id. at 5. It points out that in Currier v. Lawgix Lawyers, LLC, Case No. 21-cv -419, 2022 WL 11826245, at *2, this

5

Case 2:22-cv-00378-PP   Filed 06/04/25   Page 5 of 8   Document 49

court approved an unopposed hourly rate ranging from $425 to $550 per hour based on representations that the hourly rates fell within the range charged by class action attorneys practicing in Wisconsin and throughout the United States. Sherwin-Williams says that each of the attorneys talks about rates accepted by "other courts," but argues the only example they provided involved a decision from the Seattle market. Id. at 5.

The plaintiff has failed to support her motion. A reasonable hourly rate should reflect the local market rate. Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014). "The best evidence of the market rate is the amount the attorney actually bills for similar work," id., and "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). Each of the plaintiff's attorneys references fee requests that were submitted to—and approved by—by "other courts" but they make no attempt to address the prevailing rate. They do not identify these "other courts" or explain the rates they requested from those courts or what those courts decided. In fact, the only case cited by the plaintiff in support of the proposed market rate appears to be a decision from King County Superior Court in Seattle, Washington, and the plaintiff did not explain what rates the attorneys in that case used, what kind of case it was or whether the Washington court approved them. Dkt. No. 43 at 6. Regardless, there is no evidence that the "market rate"

6

in King County, Washington is the same as the "market rate" in Milwaukee County, Wisconsin.

In her reply, the plaintiff includes a footnote touting her attorneys as "nationally recognized leaders in litigating white lead carbonate cases on behalf of plaintiffs." Dkt. No. 48 at 5, n.6. The court has no basis for questioning the attorneys' experience or recognition, but the fact that a billing rate of over one thousand dollars per hour may be reasonable for a particular attorney does not establish the *market* rate for those services. In Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 566 (7th Cir. 1999), the Seventh Circuit explained that "[a]n attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." This court intended to award costs and fees, but the plaintiff has given no basis for establishing a lodestar. The court will allow the plaintiff to supplement her motion.

The court will require the plaintiff to provide additional information regarding the work performed to be able to determine whether that work was reasonable. Attorney Fitzpatrick says that she supervised the drafting of the motion to remand and the reply brief, and that she conducted frequent meetings to provide guidance. Dkt. No. 44 at ¶3. She doesn't explain what work was performed by her law partner; she adds that Scudder-Levin was the primary drafter with Werner assisting Scudder-Levin. Id. at ¶5. It's not clear what work the paralegal or the administrative assistant performed with respect to the motion. Similarly, Attorney Harding says that he and a paralegal billed a collective 40.3 hours but doesn't explain what work they performed or how it

7

was different than the work performed by Attorney Fitzpatrick and her firm (who worked on the same briefs). Dkt. No. 45. Finally, Attorney Earle asserts that he spent 12.15 hours at $1,050 per hour participating in investigating, reviewing, editing and filing the motion for remand. Dkt. No. 46. While the attorneys each assure the court that they have "carefully scrutinized" the billing, that the amounts are reasonable and that they not unnecessary or duplicative, dkt. no. 43 at 4, they have nonetheless presented the court with a request for $94,896.50 in costs and fees with very little information the court can use to assess that request.

## II. Conclusion

The court **ORDERS** that the plaintiff must supplement her motion for fees and costs. Dkt. No. 43. The plaintiff may submit additional materials in support of her motion by the end of the day on **June 25, 2025**. Any brief in opposition must be filed by the end of the day on **July 9, 2025**. If the court does not receive the plaintiff's additional materials by the end of the day on June 25, 2025, the court may deny the motion for costs and fees due to lack of support.

Dated in Milwaukee, Wisconsin this 4th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
